# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00041-JRG (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

                                                                                                                                              **Page**

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD...................................................................................................... 2

III. ARGUMENT................................................................................................................... 3

        A. GTP Fails to State a Claim for Direct Infringement Under § 271(a)..................... 3

                1. GTP's Allegations for the '924 Patent Are Not Sufficient ......................... 5

                2. GTP's Allegations for the '431 Patent Are Not Sufficient ......................... 6

                3. GTP's Allegations for the '949 Patent Are Not Sufficient ......................... 7

                4. GTP's Allegations for the '079 Patent Are Not Sufficient ......................... 8

        B. GTP Fails to State a Claim for Induced Infringement Under § 271(b) ................. 8

        C. GTP Fails to State a Claim for Willful Infringement Under § 284 ...................... 12

IV. CONCLUSION.............................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................................2, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................2, 11

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 10, 2018) ..........................2–5

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)...................................................................................................3, 8, 9

*Diem LLC v. BigCommerce, Inc.*,
   No. 6:17-CV-186-JRG-RDL, 2017 WL 9935521 (E.D. Tex. May 11, 2017)..........................2

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018).......................................................................................2, 5

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*,
   845 F.3d 1357 (Fed. Cir. 2017).....................................................................................3, 11

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)...........................................................................................................11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016)..............................................................................................3, 12, 13

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
   Nos. 2:16-cv-00052-JRG-RSP, et al., 2017 WL 1129951 (E.D. Tex. Feb. 21,
   2017) ..................................................................................................................................12

*Innova Hosp. San Antonio Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
   892 F.3d 719 (5th Cir. 2018) .......................................................................................10, 11

*Kimble v. Marvel Entm't, LLC*,
   576 U.S. 446 (2015)............................................................................................................12

*Motiva Patents, LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019).................................................................2, 3, 11, 13

*Opticurrent, LLC v. Power Integrations, Inc.*,
   No. 2:16-cv-325-JRG, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016) ................................3, 12

# TABLE OF AUTHORITIES
## (continued)
**Page(s)**

*Plano Encryption Techs., LLC v. Alkami Tech., Inc.*,
    Nos. 2:16-cv-1032-JRG, et al., 2017 WL 8727249 (E.D. Tex. Sept. 22, 2017) ...................... 12

*Uniloc USA, Inc. v. Motorola Mobility LLC*,
    No. 2:16-cv-992-JRG, *et al.*, 2017 WL 3721064 (E.D. Tex. May 15, 2017) ......................... 12

*VStream Techs., LLC v. PLR IP Holdings, LLC*,
    No. 6:15-cv-974-JRG-RDL, Dkt. 153 (E.D. Tex. Aug. 24, 2016) ........................................... 2

*Wolcott v. Sebelius*,
    635 F.3d 757 (5th Cir. 2011) ........................................................................................................ 10

*Wooten v. McDonald Transit Assocs., Inc.*,
    788 F.3d 490 (5th Cir. 2015) ........................................................................................................ 11

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................... 1, 2, 3, 13

35 U.S.C. § 271(b) .................................................................................................................. *passim*

35 U.S.C. § 284 ..................................................................................................................... 1, 3, 12, 13

**Other Authorities**

Rule 12(b)(6) ............................................................................................................................. 1, 2, 4

## I. INTRODUCTION

Plaintiff Gesture Technology Partners, LLC's ("GTP") Complaint accuses Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") of direct infringement, inducement, and willful infringement with respect to the Asserted Patents.[1] Samsung brings this motion to dismiss these claims pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted under the *Iqbal/Twombly* standard. GTP's Complaint is rife with legal conclusions, but devoid of factual allegations.

To begin, GTP's Complaint fails to plead facts sufficient to make a plausible claim of direct infringement of any of the Asserted Patents. GTP merely included screenshots purporting to show certain of Samsung's camera-related features and alleged that the Accused Products infringe. GTP's Complaint makes no attempt to explain ***how*** the screenshots support its allegation that the Accused Products and Accused Features embody individual claim elements. That is insufficient to sustain a claim under 35 U.S.C. § 271(a) in light of this Court's precedent.

In addition to the deficiencies in GTP's claims for direct infringement, GTP's claims for induced infringement and willful infringement are also deficient. Even considering all reasonable inferences in GTP's favor, there is no plausible allegation that Samsung became aware of the Asserted Patents before GTP filed its Complaint. And by the time GTP filed its Complaint, each of the Asserted Patents had expired and passed into the public domain. As a result, GTP has not (and cannot) plead facts that Samsung had the requisite knowledge and intent to sustain claims under 35 U.S.C. §§ 271(b) and 284.

Samsung respectfully requests that the Court dismiss GTP's claims of direct infringement, induced infringement, and willful infringement.

---

[1] U.S. Patent Nos. 8,194,924 ("the '924 Patent"); 7,933,431 ("the '431 Patent"); 8,553,079 ("the '079 Patent"); and 8,878,949 ("the '949 Patent") (collectively, "the Asserted Patents").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 826 (E.D. Tex. 2019). In evaluating a motion to dismiss, the Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *Id.* at 827 (citation omitted). The Court must then determine "whether those facts state a claim for relief that is plausible on its face." *Id.* (citation omitted). This "plausibility standard" is met when the complaint pleads enough facts to raise a reasonable expectation that discovery will reveal evidence in support of the alleged claims. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). It follows that a court should permit discovery to proceed "unless the complaint recites no more than sheer speculation" about the facts entitling plaintiff to relief. *Id.* "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In order to satisfy the *Iqbal/Twombly* pleading requirements for direct infringement under 35 U.S.C. § 271(a), a complaint must "provid[e] facts sufficient to create a plausible inference that each element of the claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186-JRG-RDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017). The "key to [pleading] patent infringement is not just identifying [accused] products, but identifying how those products allegedly infringe the Asserted Patent claims." *See VStream Techs., LLC v. PLR IP Holdings, LLC*, No. 6:15-cv-974-JRG-RDL, Dkt. 153 at 7 (E.D. Tex. Aug. 24, 2016). "[M]ere conclusory statement[s]" are insufficient. *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 10, 2018). A patent defendant is entitled to "fair notice of what the claim is and the ground upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (citation omitted).

To sustain a claim under 35 U.S.C. § 271(b), a complaint must plead facts alleging the defendant's "intent to induce infringement." *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017). "Specifically, 'induced infringement requires that the defendant knew about the patent and that the induced acts would amount to patent infringement.'" *Motiva Patents*, 408 F. Supp. 3d at 828 (citation omitted). *See also Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, at 637, 642 (2015) ("*Global-Tech* . . . requires proof the defendant knew the acts were infringing.").

Like § 271(b), a claim under 35 U.S.C. § 284 requires proof of the defendant's "knowledge" and "intent." The pleading requirement to allege facts as to the defendant's intent is slightly different under § 284, however. To sustain a claim under § 284, the complaint must plead facts alleging "conduct which could plausibly rise to the level of being characteristic of a pirate." *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-cv-325-JRG, 2016 WL 9275395, at *2 (E.D. Tex. Oct. 19, 2016) ("To recover enhanced damages on a claim for willful infringement, courts should consider the subjective willfulness of a patent infringer") (citation omitted); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) ("The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.").

### III. ARGUMENT

#### A. GTP Fails to State a Claim for Direct Infringement Under § 271(a)

This Court has dismissed complaints alleging direct infringement where "the Complaint does not contain materially more than . . . bare bones allegations . . . ." *Chapterhouse*, 2018 WL 6981828, at *2. In *Chapterhouse*, plaintiff alleged infringement of four patents which contained 13 independent claims covering both hardware and software involved in a single ecommerce system for electric transaction receipt systems. *Id.* at *2–3. Plaintiff's complaint broke out the

exemplary claim for each asserted patent into individual elements with "supporting screenshots" for each element, but did not provide any explanation linking the screenshot(s) to the claim element(s) they purportedly illustrated. *Id.* This Court granted defendant's motion to dismiss the direct infringement claims as to all four patents, holding that plaintiff failed to meet the Rule 12(b)(6) pleading standard. *Id.* ("While screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met.")

Here, the Complaint is even more deficient than the complaint in *Chapterhouse* and should similarly be dismissed. GTP asserts four patents, which contain ten independent claims purporting to cover both hardware and software involved in using mobile phone cameras to assist a user to interact with their phone. Compl. ¶ 21. GTP accuses at least five different series of Samsung mobile devices, and five different individual products.[2] GTP identifies 25 different camera-related features[3] without any further explanation. Compl. ¶¶ 24–25. The screen shots in GTP's Complaint relate to ***only four*** of the Accused Features. Compl. ¶¶ 25, 27–30.

Unlike the plaintiff in *Chapterhouse*, GTP does not break out the exemplary claim for each Asserted Patent with supporting screenshots, does not identify which features it believes infringe

---

[2] *See* Compl. ¶ 24 ("Exemplary accused infringing smartphones and tablets include, but are not limited to, the Samsung Galaxy Note Series, S Series, Z Series, A Series, M Series, Galaxy Tab S7/7+, S6, S5, and S4 . . . .") ("Accused Products").
[3] *See* Compl. ¶ 25 ("The Accused Products have features including, but not limited to, at least the following: Gesture Detection, Smile Shutter, Iris Scan Unlock, Face ID Unlock, Intelligent Scan Unlock, Tracking Autofocus, Selfie Focus, Smart OIS, Smart Stay, Smart Pause, Smart Scroll, Blur Background, Adjust Blur, Face Location, Active Shape Connection, Internet Transfer After Sense (E.G., QR Code), Bixby Vision, Control Exposure Based On Location, Live Masks Track/Apply, Live Stickers Track, AR Emoji, Beauty Mode, Portrait Mode, and Smile Shot . . . ." ("Accused Features").

which Asserted Patents, and does no more than provide a bare bones recitation of the claim while generally averring to the Accused Products and Features. *See, e.g.*, Compl. ¶¶ 35–41, 49–56, 64–72, 79–85. The only factual evidence GTP submits is four screenshots from Samsung's website covering only a fraction of the Accused Features. GTP does not allege *how* these screenshots meet the language of the exemplary claims, which claim elements the screenshots purportedly satisfy, or which features allegedly infringe which claims. The Complaint is so vague that Samsung cannot reasonably prepare an Answer – Samsung would have to guess which specific components of the Accused Products, and which specific Accused Features, are alleged to infringe which specific patents and which specific claims. This Court's holding in *Chapterhouse* is directly on point, and GTP's direct infringement allegations should similarly be dismissed here.

The examples below further demonstrate that GTP has failed to plead facts sufficient to give Samsung "fair notice of what the claim is ***and the ground upon which it rests***." *Disc Disease*, 888 F.3d at 1260 (emphasis added).[4]

### 1. GTP's Allegations for the '924 Patent Are Not Sufficient

GTP's factual allegations in support of its direct infringement claim for the '924 Patent are insufficient for at least two reasons:

First, Claim 1 (called out in GTP's Complaint at paragraph 35) requires "wherein the computer is adapted to perform a control function of the handheld device based on at least one of the first camera output and the second camera output." '924 Patent 26:62–64. The Complaint circularly references "the control functions associated with the Features," and refers to control functions such as "acquiring or taking images, reading things, determining data, transmitting data,

---

[4] GTP's infringement contentions are due to be served the day after the filing of this motion. Samsung proposed the parties request an agreed extension of the responsive pleadings deadline until after service of the infringement contentions to potentially resolve these issues without motion practice. GTP declined Samsung's proposal.

printing data, and actuating a vehicle or function." Compl. ¶¶ 41, 33. However, the Complaint does not tie these control functions to the Accused Features. It is impossible for Samsung to know what Accused Feature GTP accuses of "actuating a vehicle," for example, since the screenshots do not mention this control function at all. GTP's references to "reading *things*" and "transmitting *data*" are similarly vague and unknowable.

Second, the Complaint only vaguely references the claim limitations without identifying which of the 25 Accused Features supposedly perform each claim limitation. Claim 1 requires "wherein the first and second cameras include non-over lapping fields of view." '924 Patent 26:61–62. The Complaint merely repeats the claim language and does not identify a non-overlapping field of view. Compl. ¶ 40. The screenshots make no reference to overlapping fields of view and the Complaint does not identify which Accused Features supposedly utilize non-overlapping fields of view. Claim 1 also requires a "first camera output" and a "second camera output." '924 Patent 26:57–59. The Complaint never identifies the "camera output" other than to say it exists "when used." Compl. ¶¶ 38–39. The Complaint also does not identify which Accused Features require the use of two cameras.

### 2. GTP's Allegations for the '431 Patent Are Not Sufficient

GTP's factual allegations in support of GTP's direct infringement claim for the '431 Patent are also insufficient. Claim 7 of the '431 Patent (called out in GTP's Complaint at paragraph 50) requires "means for controlling a function of said apparatus using said information." '431 Patent 26:4–5. The Complaint states that "[t]he Accused Products use information about the object to control a function of the Accused Products, such as the functions associated with the Features." Compl. ¶ 56. As with the '924 Patent, the Complaint fails to tie the 25 Accused Features to the "functions" supposedly infringing the claim. This is particularly problematic given that this is a means plus function limitation, the scope of which is limited by the corresponding algorithm (if

any) disclosed in the specification. None of the control functions described by the screenshots (*e.g.*, turning the device off or muting alerts) are identified by the Complaint as the purported claimed "functions" for alleged infringement of this claim.

### 3. GTP's Allegations for the '949 Patent Are Not Sufficient

GTP's factual allegations in support of GTP's direct infringement claim for the '949 Patent are insufficient for several reasons:

First, Claim 1 of the '949 Patent (called out in GTP's Complaint at paragraph 66) requires a "device housing including a forward facing portion, the forward facing portion of the device housing encompassing an electro-optical sensor . . . and including a digital camera separate from the electro-optical sensor" '949 Patent 15:21–26. The Complaint fails to identify an "electro-optical sensor," which is not a commonly used term of art. Further, the Complaint fails to identify the "electro-optical sensor" that is "separate from" a digital camera, and instead abbreviates the claim language to eliminate that requirement: "The housing has a forward-facing portion that includes an electro-optical sensor . . . *and* a digital camera." Compl. ¶ 68 (emphasis added). The Complaint fails to identify an electro-optical sensor separate from a digital camera as required by the claim.

Claim 1 further recites that "the processing unit is adapted to: . . . control the digital camera in response to the gesture . . . *wherein the gesture corresponds to an image capture command*, and *wherein the image capture command causes the digital camera to store an image to memory*." '949 Patent 15:28–37 (emphasis added). The Complaint fails to plead allegations with respect to these claim limitations, instead abbreviating the claim language to eliminate these requirements and merely averring, "The processing unit of the Accused Products controls the digital camera in response to the gesture performed." Compl. ¶ 71.

#### 4. GTP's Allegations for the '079 Patent Are Not Sufficient

Lastly, GTP's factual allegations in support of its direct infringement claim for the '079 Patent are similarly insufficient. As an initial matter, GTP failed to attach the correct '079 Patent to the Complaint—attaching U.S. Patent No. 8,5**3**3,079 rather than the Asserted Patent—U.S. Patent No. 8,5**5**3,079.[5] Claim 11 of the '079 Patent (called out in GTP's Complaint at paragraph 81) requires, *inter alia*, "a light source adapted to illuminate a human body part within a work volume generally above the light source." '079 Patent 13:32–33. The Complaint merely repeats the claim language and identifies neither the light source nor the body part that is illuminated: "The Accused Products contain a light source that will illuminate a human body part." Compl. ¶ 83. The screenshots do not identify a "light source" or "body parts" that are specific to Claim 11. It is entirely unclear whether the alleged light source is found on the Accused Products, is natural light surrounding the human body part, or something else. It is also unclear what human body part is being illuminated, *e.g.*, the iris, the hands, or something else. Further, the Complaint does not identify what, in relation to the Accused Products, is the claimed "work volume." The Complaint also fails to identify which of the 25 Accused Features are allegedly covered by the claim.

### B. GTP Fails to State a Claim for Induced Infringement Under § 271(b)

Liability for induced infringement requires: (1) an act of direct infringement by a third party; (2) knowledge of the patent by the alleged inducer; and (3) knowledge by the alleged inducer that its conduct induced infringement of the patent. *See generally Commil USA*, 575 U.S. 632. GTP's Complaint does not set forth any factual basis to support a finding that Samsung had the requisite intent to induce infringement.

---

[5] A true and correct copy of the '079 Patent is attached as Exhibit 1.

In this case, all of the Asserted Patents expired many months before GTP filed its Complaint on February 4, 2021, and over a year before for one of the Patents.[6] Because the Asserted Patents had expired by the time GTP filed suit, there could be no act of direct infringement at any time after February 4, 2021, and any knowledge that Samsung had of the Asserted Patents on or after the filing of the Complaint is therefore irrelevant. GTP must therefore plead, at the very minimum, that Samsung possessed "pre-suit knowledge" of the Asserted Patents to sustain a cause of action for inducement. GTP's Complaint, however, failed to plead pre-suit knowledge and failed to plead any facts to support a plausible allegation that Samsung both (1) knew the Asserted Patents existed before GTP filed the Complaint, and (2) knew its conduct induced infringement of the Asserted Patents.

At most, GTP set forth bare legal conclusions that Samsung induced infringement for each Asserted Patent. *See* Compl. ¶¶ 46, 61, 76, 90. ("Samsung performed these steps, which constitute induced infringement with the knowledge of the [Asserted Patents] and with the knowledge that the induced acts constitute infringement."). Indeed, GTP's Complaint offers a singular allegation to support its claim for § 271(b) liability:

> Samsung has also indirectly infringed one or more claims of the [Asserted Patents] by inducing others to directly infringe the [Asserted Patents]. . . . Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause [end-users and other third-parties] to use the Accused Products in a manner that infringes one or more claims of the [Asserted Patents], . . . Samsung performed these steps, which constitute induced infringement with the knowledge of the [Asserted Patents] and with the knowledge that the induced acts constitute infringement.

*Id.* This allegation is nothing more than a recital of the cause of action for induced infringement. *See Commil USA*, 575 U.S. at 640 ("[L]iability for induced infringement can only attach if the

---

[6] The '924 and '431 Patents expired on July 7, 2020; the '949 Patent expired on May 11, 2020; and the '079 Patent expired on November 3, 2019.

defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement'") (citation omitted); *Iqbal*, 556 U.S. at 678 (holding that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). To survive a motion to dismiss, GTP's legal conclusion "must be supported by factual allegations." *Id.* at 679. But GTP's legal conclusion ***cannot*** be supported by any plausible factual allegation that Samsung had pre-suit knowledge of the Asserted Patents. Indeed, GTP only states that Samsung had knowledge of the Asserted Patents "***at least as of*** the filing of this Complaint." Compl. ¶¶ 45, 60, 75, 89 (emphasis added). If GTP had a good-faith basis to allege Samsung's pre-suit, it would have done so.[7] *See generally* Exhibit 2 (*GTP v. Apple Inc.*, No. 6:21-cv-00121-ADA (W.D. Tex.), Dkt. No. 1) ¶¶ 19–24 ("Discussions with Apple"); *Id.* ¶ 48 ("Apple had knowledge of the '924 patent at least as early as June 2016, when GTP contacted Apple in an attempt to license the Asserted Patents.").[8]

In *Motiva Patents*, this Court analyzed inducement allegations similar to those made here. *See* Exhibit 3 (No. 9:18-cv-00179-JRG-KFG, Dkt. No. 1) ¶¶ 68–69 ("Defendant performed these steps, which constitute induced infringement, with the knowledge of the Asserted Patents and with

---

[7] On the same day GTP filed this case against Samsung, it filed four nearly identical complaints in this Court and in the Western District of Texas against other defendants, alleging infringement of the same patents and raising the same exemplary claim for each patent. The complaints differ, however, in alleging **when** each defendant became aware of the Asserted Patents. *See, e.g.*, *GTP v. Huawei Device Co., et al.*, No. 2:21-cv-00040 (E.D. Tex.); *GTP v. Apple Inc.*, No. 6:21-cv-00121 (W.D. Tex.); *GTP v. Lenovo Grp. Ltd., et al.*, No. 6:21-cv-00122 (W.D. Tex.); and *GTP v. LG Elecs., Inc., et al.*, No. 6:21-cv-00123 (W.D. Tex.). On April 19, 2021, the Court consolidated the present case against Samsung with the case against Huawei. *See* No. 2:21-cv-00041, Dkt. No. 13.

[8] Samsung respectfully requests that the Court take judicial notice of GTP's complaint in the parallel case. *Innova Hosp. San Antonio Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (quoting *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011)).

the knowledge that the induced acts would constitute infringement.").[9] There, this Court determined that Motiva did not allege "actual knowledge for the pre-suit period." *Motiva Patents*, 408 F. Supp. 3d at 833. This Court held, however, that Motiva adequately pled defendant's knowledge for the pre-suit period because it alleged "willful blindness." *Id.* at 833–34; Exhibit 3 ¶¶ 71–73; *see also Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 768 (2011) (holding a defendant's "willful blindness" to infringing conduct supports a finding of § 271(b) liability). Here, as in *Motiva Patents*, the Complaint does not allege "actual knowledge for the pre-suit period" to sustain a claim for § 271(b) liability. 408 F. Supp. 3d at 834. And unlike the complaint in *Motiva Patents*, GTP does not (and has no basis to) allege that Samsung "has been willfully blind" to GTP's patents. *Id.* at 825. At bottom, GTP's Complaint does not set forth any "factual basis" to support a finding that Samsung had the "requisite intent to induce infringement." *Eli Lilly & Co.*, 845 F.3d at 1364. *Cf. Motiva Patents*, 408 F. Supp.3d at 833 (concluding that Motiva sufficiently alleged "a factual basis" for § 271(b) liability). Thus, GTP's allegation that Samsung induced infringement rests on "sheer speculation" that discovery will uncover the requisite knowledge to support § 271(b) liability. *Id.* at 827 (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)). That is not enough.

GTP's failure to plead facts to establish a "reasonable expectation" that Samsung had knowledge of the Asserted Patents ***before*** February 4, 2021 is fatal to GTP's claim because the patents had all expired before the Complaint was filed.[10] *See Twombly*, 550 U.S. at 556. And

---

[9] Samsung respectfully requests that the Court take judicial notice of the complaint filed in Case No. 9:18-cv-00179-JRG-KFG (E.D. Tex. filed Oct. 3, 2018). *See Innova Hosp.*, 892 F.3d at 726.
[10] For the '079 Patent, GTP alleges that "Samsung's inducement is ongoing." Compl. ¶ 90. This legal conclusion is likely a drafting error that appears to be repeated across each of GTP's five complaints. *See, e.g.*, Exhibit 2 ¶ 93 ("Apple has also indirectly infringed one or more claims of the '079 patent by inducing others to directly infringe the '079 patent. . . . Apple's inducement is ongoing.").

when a patent expires, the right to make or use the claimed invention "passes to the public." *Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 451 (2015). Simply put, Samsung could not possibly have infringed the Asserted Patents, or have had the "requisite intent to induce infringement" of the Asserted Patents, ***after*** February 4, 2021. GTP therefore cannot sustain a claim for § 271(b) liability for either the "pre-suit" or "post-suit" periods. *See Uniloc USA, Inc. v. Motorola Mobility LLC*, No. 2:16-cv-992-JRG, *et al.*, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017). ("Uniloc alleges post-filing knowledge of the patents-in-suit as its basis for induced infringement.").

Samsung respectfully requests that the Court dismiss GTP's claim for induced infringement because the allegations in the Complaint are insufficient to sustain a claim under § 271(b).

### C. GTP Fails to State a Claim for Willful Infringement Under § 284

GTP fails to state a claim for relief under § 284 for same reason it fails to state a claim under § 271(b). Similar to liability for induced infringement, culpability for willful infringement "can arise pre- or post-suit." *Huawei Techs. Co. v. T-Mobile US, Inc.*, Nos. 2:16-cv-00052-JRG-RSP, et al., 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017). GTP cannot possibly plead facts to support a finding of willful infringement after the Complaint was filed because the Asserted Patents had expired before February 4, 2021. *Cf. Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, Nos. 2:16-cv-1032-JRG, et al., 2017 WL 8727249, at *2 (E.D. Tex. Sept. 22, 2017) ("[P]ost-complaint knowledge has been found to be sufficient under *Halo* to assert a claim of willfulness").

In addition to its inability to establish "post-suit" willful infringement, GTP's Complaint does not set forth a factual basis for this Court to reasonably expect that discovery will reveal Samsung "intentionally" infringed the Asserted Patents ***before*** the filing of the Complaint. *Halo*, 136 S. Ct. at 1932; *see Opticurrent*, 2016 WL 9275395, at *2 (dismissing claim under § 284 because plaintiff made "no effort" to allege pre-suit conduct that could plausibly rise to the level

of being "characteristic of a pirate"). Instead, GTP merely sets forth a legal conclusion: "Samsung's direct and indirect infringement of the [Asserted Patents] was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent." Compl. ¶¶ 46, 61, 76, 90. Like its allegations of induced infringement, these allegations are no more than a bare recital of the elements giving rise to § 284 liability. Again, GTP does not set forth any facts to support this conclusory statement.

This Court's decision in *Motiva Patents* is instructive, and demonstrates the extent to which GTP's Complaint fails to meet the federal pleading requirements. There, Motiva provided in its complaint nearly identical allegations to those GTP makes here: "Defendant's direct and indirect infringement of the Asserted Patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Motiva's rights under the patent." Exhibit 3 ¶ 74. This Court found that this allegation did not sufficiently allege "actual knowledge for the pre-suit period." *Motiva Patents*, 408 F. Supp. 3d at 833. Here, like in *Motiva Patents*, GTP fails to set forth facts to support its theory that Samsung had culpable knowledge before GTP filed suit on February 4, 2021. *See Halo*, 136 S. Ct. at 1933 ("[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct.").

Samsung respectfully requests that the Court dismiss GTP's claim for willful infringement because the allegations in the Complaint are insufficient to sustain a claim under § 284.

## IV.     CONCLUSION

For the forgoing reasons, Samsung respectfully requests that the Court dismiss GTP's claims for direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and willful infringement under 35 U.S.C. § 284.

DATED:  April 27, 2021                            Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on April 27, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                     */s/ Christopher W. Kennerly*
                                                   Christopher W. Kennerly