# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff, <br> v. <br><br> APPLE INC., <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-00121 <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT <br><br> **<u>JURY TRIAL DEMANDED</u>** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Gesture Technology Partners, LLC ("GTP" or "Plaintiff") files this original complaint against Apple Inc. ("Apple") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**PARTIES**

1. Gesture Technology Partners, LLC is a limited liability company filed under the laws of the State of Ohio, with its principal place of business at 2815 Joelle Drive, Toledo, Ohio 43617.

2. Defendant Apple is a company incorporated in California. Apple designs, manufactures, makes, uses, imports into the United States, sells, and/or offers for sale in the United States Apple smartphones and tablets. Apple's smartphones and tablets are marketed, used, offered for sale, and/or sold throughout the United States, including within this district.

commanding missile teams supporting the Italian armed forces on a NATO anti-aircraft missile site, charged with guarding nuclear warheads and providing technical assistance to NATO.

15. Dr. Pryor is a named inventor on over 200 patents and patent applications. For the past four decades, he has been a pioneer in laser sensing technology, motion sensing technology, machine vision technology and camera-based interactive technology.

16. Since the 1970's, Dr. Pryor has founded and led three other operating companies: two small operating companies in the automotive parts inspection and robotics businesses, one company that developed new forms of vehicle instrument panel controls, and co-founded another company that utilized camera-based sensors for physical therapy. Dr. Pryor is responsible for a significant amount of the research and development for the technologies at these companies.

17. The patents-in-suit, U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent") (collectively, the "Asserted Patents"), are generally directed to innovations in using mobile phone cameras to assist a user to interact with their smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions.

18. Dr. Pryor conceived of the inventions embodied in the Asserted Patents in the mid- to late-1990s, when he was working on a variety of different projects related to imaging and computer control. Dr. Pryor describes the process as a brainstorm that led to several breakthrough moments, ultimately resulting in the Asserted Patents.

### DISCUSSIONS WITH APPLE

19. Dr. Pryor and his patents are well-known to Apple.

20. Indeed, Apple has purchased patents and technologies from Dr. Pryor in the past including his "multi-touch" patent portfolio in 2010. Dr. Pryor later assisted Apple in asserting the multi-touch portfolio against HTC.

21. After Dr. Pryor developed the technology embodied in the Asserted Patents, Dr. Pryor again approached Apple about acquiring or licensing rights to Asserted Patents.

22. GTP initiated a licensing discussion with Apple in June 2016 providing Apple with the Asserted Patents and describing the patented technology.

23. Apple responded to GTP in writing by letter dated December 5, 2016 and negotiations continued through March 27, 2017.

24. As a result of the correspondence described above and other negotiations, Apple was aware of the details of the Asserted Patents and was aware that Apple needed a license to practice the inventions in the Asserted Patents.

25. On information and belief, Apple did not take any steps to change their products or to inform its engineers and design team of the Asserted Patents to avoid infringing them.

**THE ACCUSED PRODUCTS**

26. GTP repeats and re-alleges the allegations in Paragraphs 1-25 as though fully set forth in their entirety.

27. Apple infringed the asserted patents by making, using, selling, offering to sell, and importing its smartphones and tablets including, but not limited to, Apple's iPhone models 5C, 5S, 6, 6 Plus, 6S, 6S Plus, SE (1st), 7, 7 Plus, 8, 8 Plus, X, XS, XS Max, XR, 11, 11 Pro, 11 Pro Max, SE (2nd), 12, 12 Mini, 12 Pro, and 12 Pro Max and Apple's iPad models iPad Mini 3, Air 2, Mini 4, Pro (1st, 12.9 in.), iPad Pro (1st, 9.7 in.), iPad (5th generation), iPad Pro (2nd, 10.5/12.9 in.), iPad (6th generation), iPad Pro (3rd, 11/12.9 in.), iPad Air (3rd generation), iPad Mini (5th generation),

45.	Plaintiff has been damaged as a result of the infringing conduct by Apple alleged above. Thus, Apple is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46.	Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '924 patent.

47.	Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '924 patent.

48.	==Apple had knowledge of the '924 patent at least as early as June 2016, when GTP contacted Apple in an attempt to license the Asserted Patents.==

49.	Apple has also indirectly infringed one or more claims of the '924 patent by inducing others to directly infringe the '924 patent. Apple has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '924 patent by using the Accused Products. Apple took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '924 patent, including, for example, Claim 1 of the '924 patent. Such steps by Apple included, among other things, advising or directing end-users and other third-parties to use the Accused Features in the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Apple performed these steps, which constitute induced infringement with the knowledge of the '924 patent and with the knowledge that the induced acts constitute infringement. Apple was aware that the normal and customary use of the Accused Products by others would infringe the

one or more claims of the '949 patent, including, for example, Claim 1 of the '949 patent. Such steps by Apple included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Apple performed these steps, which constitute induced infringement with the knowledge of the '949 patent and with the knowledge that the induced acts constitute infringement. Apple was aware that the normal and customary use of the Accused Products by others would infringe the '949 patent. Apple's direct and indirect infringement of the '949 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,553,079

80. GTP repeats and re-alleges the allegations in Paragraphs 1-79 as though fully set forth in their entirety.

81. GTP owns all substantial rights, interest, and title in and to the '079 patent, including the sole and exclusive right to prosecute this action and enforce the '079 patent against infringers, and to collect damages for all relevant times. The United States Patent and Trademark Office duly issued the '079 patent on October 8, 2013. A copy of the '079 patent is attached as Exhibit D.

82. The '079 patent is titled "More Useful Man Machine Interfaces and Applications." The '079 patent describes methods and apparatuses related to determining gestures illuminated by a light source of a computer by using a camera housed in the computer.

83. The claims of the '079 patent are not directed to an abstract idea.

84. Apple has directly infringed (literally or under the doctrine of equivalents) at least Claim 11 of the '079 patent. Apple has infringed the '079 patent by making, using, selling, offering for sale, and importing the Accused Products.

85. The Accused Products are computer apparatuses.

86. The Accused Products contain a light source that will illuminate a human body part within a work volume.

87. The Accused Products have one or more cameras. The one or more cameras have a fixed relation to the light source. The one or more cameras of the Accused Products are oriented to observe gestures performed by a human body part.

88. The Accused Products have one or more processors including, but not limited to, one or more System on Chips, that have been programmed to determine a gesture performed based on output from the one or more cameras.

89. Plaintiff has been damaged as a result of the infringing conduct by Apple alleged above. Thus, Apple is liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

90. Plaintiff has satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '079 patent.

91. Plaintiff has not offered for sale nor sold any product implicated by 35 U.S.C. § 287 with respect to the '079 patent.

92. Apple had knowledge of the '079 patent at least as early as June 2016.

93. Apple has also indirectly infringed one or more claims of the '079 patent by inducing others to directly infringe the '079 patent. Apple has induced end-users and other third-

parties to directly infringe (literally or under the doctrine of equivalents) the '079 patent by using the Accused Products. Apple took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '079 patent, including, for example, Claim 11 of the '079 patent. Such steps by Apple included, among other things, advising or directing end-users and other third-parties to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner. Apple performed these steps, which constitute induced infringement with the knowledge of the '079 patent and with the knowledge that the induced acts constitute infringement. Apple was aware that the normal and customary use of the Accused Products by others would infringe the '079 patent. ==Apple's inducement is ongoing.==

94. Apple's direct and indirect infringement of the '079 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

GTP requests that the Court find in its favor and against Apple, and that the Court grant GTP the following relief:

a. Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Apple or all others acting in concert therewith;

b. Judgment that Apple accounts for and pays to GTP all damages to and costs incurred by GTP because of Apple's infringing activities and other conduct complained of herein;

c. Judgment that Apple's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d. Pre-judgment and post-judgment interest on the damages caused by Apple's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award GTP its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 4, 2021  Respectfully submitted,

By: /s/ Fred I. Williams
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
Chad Ennis
Texas State Bar No. 24045834
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com
cennis@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner

Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff Gesture Technology Partners, LLC*