# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | |
|---|---|
| MOTIVA PATENTS, LLC, | CIVIL ACTION NO. 9:18-cv-179 |
| Plaintiff, | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| v. | |
| HTC CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Motiva Patents, LLC ("Motiva" or "Plaintiff") files this original complaint against HTC Corporation ("HTC" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1.      Motiva is a limited-liability company formed under the laws of the State of Texas, with its principal place of business at 2322 Pinehurst St., Tyler, Texas 75703.

2.      Defendant HTC Corporation is a corporation organized and existing under the laws of Taiwan, with its corporate headquarters located at No. 23, Xinghua Rd., Taoyuan Dist., Taoyuan City 330, Taiwan, R.O.C.

## JURISDICTION AND VENUE

3.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c)(3). HTC is a foreign corporation and may be sued in this judicial district.

67.     Motiva and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '659 Patent.

**ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT**

68.     Defendant has also indirectly infringed the Asserted Patents by inducing others to directly infringe the Asserted Patents. Defendant has induced the end-users, Defendant's customers, to directly infringe (literally and/or under the doctrine of equivalents) the Asserted Patents by using the accused products. Defendant took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the patents-in-suit, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent, Claim 32 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent. Such steps by Defendant included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the Asserted Patents and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the accused products by Defendant's customers would infringe the Asserted Patent. Defendant's inducement is ongoing.

69.     Defendant has also induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf, to directly infringe (literally and/or under the doctrine of equivalents) the Asserted Patents by importing, selling, or

16

offering to sell the accused products. Defendant took active steps, directly and/or through

contractual relationships with others, with the specific intent to cause such persons to import,

sell, or offer to sell the accused products in a manner that infringes one or more claims of the

patents-in-suit, including, for example, Claim 28 of the '151 Patent, Claim 44 of the '483 Patent,

Claim 32 of the '354 Patent, Claim 1 of the '325 Patent, and Claim 45 of the '659 Patent. Such

steps by Defendant included, among other things, making or selling the accused products outside

of the United States for importation into or sale in the United States, or knowing that such

importation or sale would occur; and directing, facilitating, or influencing its affiliates, or third-

party manufacturers, shippers, distributors, retailers, or other persons acting on its or their behalf,

to import, sell, or offer to sell the accused products in an infringing manner. Defendant

performed these steps, which constitute induced infringement, with the knowledge of the

Asserted Patents and with the knowledge that the induced acts would constitute infringement.

Defendant performed such steps in order to profit from the eventual sale of the accused products

in the United States. Defendant's inducement is ongoing.

70.     Defendant has also indirectly infringed by contributing to the infringement of the

Asserted Patents. Defendant has contributed to the direct infringement of the Asserted Patents by

the end-user of the accused products. The accused products have special features that are

specially designed to be used in an infringing way and that have no substantial uses other than

ones that infringe the Asserted Patents, including, for example, Claim 28 of the '151 Patent,

Claim 44 of the '483 Patent, Claim 32 of the '354 Patent, Claim 1 of the '325 Patent, and Claim

45 of the '659 Patent. The special features include, for example, a processing system that

receives wireless signals from a remote communication device and determines movement

information for the remote communication device that is used in a manner that infringes the

Asserted Patents. The special features constitute a material part of the invention of one or more of the claims of the Asserted Patents and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

71.     Defendant has knowledge of the Asserted Patents at least as of the date when it was notified of the filing of this action.

72.     Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Motiva's patent rights.

73.     Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

74.     Defendant's direct and indirect infringement of the Asserted Patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Motiva's rights under the patent.

75.     Motiva has been damaged as a result of the infringing conduct by defendant alleged above. Thus, Defendant is liable to Motiva in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Motiva hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Motiva requests that the Court find in its favor and against Defendant, and that the Court grant Motiva the following relief:

a.      Judgment that one or more claims of the Asserted Patents have been infringed,

either literally and/or under the doctrine of equivalents, by Defendant and/or all others acting in concert therewith;

b.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

c.      Judgment that Defendant accounts for and pays to Motiva all damages to and costs incurred by Motiva because of Defendant's infringing activities and other conduct complained of herein;

d.      Judgment that Defendant's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.      That Motiva be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Motiva its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.      That Motiva be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated: October 3, 2018                    Respectfully submitted,

                                          /s/ Matthew J. Antonelli
                                          Matthew J. Antonelli (lead attorney)
                                          Texas Bar No. 24068432
                                          matt@ahtlawfirm.com
                                          Zachariah S. Harrington
                                          Texas Bar No. 24057886
                                          zac@ahtlawfirm.com
                                          Larry D. Thompson, Jr.

Texas Bar No. 24051428
larry@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
The People's Petroleum Building
102 N College Ave., 13th Floor
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Motiva Patents, LLC*