# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | ) ) | Civil Action |
| | ) | No. 2:21-cv-00040-JRG (*Lead Case*) |
| Plaintiff, | ) ) | |
| | ) | Judge Rodney Gilstrap |
| v. | ) ) | |
| HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC., | ) ) | ***Electronically Filed*** |
| | ) ) | |
| Defendants. | ) ) | |
| | ) | Civil Action |
| GESTURE TECHNOLOGY PARTNERS, LLC, | ) ) | No. 2:21-cv-00041-JRG (*Member Case*) |
| | ) | |
| Plaintiff, | ) ) | Judge Rodney Gilstrap |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS HUAWEI DEVICE CO., LTD AND
## HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS
## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

**I.  INTRODUCTION AND STATEMENT OF ISSUES**

Defendants, Huawei Device Co., Ltd. ("Huawei Device") and Huawei Device USA, Inc. (collectively "Huawei"), respectfully request dismissal of Gesture Technology Partners, LLC's ("GTP") claims of induced infringement and willful infringement as to each asserted patent.  It is well established that both induced infringement and willful infringement require knowledge of the patent.  Here, GTP pleads that Huawei gained knowledge of each asserted patent through the filing

of the Complaint. However, at the time the Complaint was filed, each asserted patent had already expired. Thus, even taking GTP's allegations as true, Huawei could not possess the knowledge required to induce infringement or willfully infringe any of the asserted patents, and the allegations of induced infringement and willfulness should be dismissed.

## II. FACTUAL BACKGROUND

GTP filed its Complaint against Huawei on February 4, 2021. Dkt. 1. The Complaint alleges infringement of four patents – U.S. Patent Nos. 8,194,924 ("the '924 Patent"); 7,933,431 ("the '431 Patent"); 8,878,949 ("the '949 Patent"); and 8,553,079 ("the '079 Patent") (collectively, "the Asserted Patents"). Dkt. 1 at ¶¶ 18, 27-87. Copies of each patent were purportedly attached as Exhibits A-D, respectively, to the Complaint. *Id*. at ¶ 28, 44, 59, 74. However, Exhibit D is a different, unrelated patent – U.S. Patent No. 8,5**3**3,079. A copy of the '079 Patent is attached as Exhibit A to this Motion.

GTP alleges that Huawei has directly infringed at least one claim of each Asserted Patent by making, using, selling, offering for sale, and importing a litany of "Accused Products." Dkt. 1 at ¶ 21 (identifying Accused Products), ¶ 32 ('924 Patent), ¶ 46 ('431 Patent), ¶ 62 ('949 Patent), ¶ 77 ('079 Patent). GTP also asserts, for each Asserted Patent, that Huawei induced infringement by encouraging end users and other third parties to directly infringe, and that Huawei's infringement was "willful." *Id*. at ¶ 42 ('924 Patent), ¶ 57 ('431 Patent), ¶ 72 ('949 Patent), ¶ 86 ('079 Patent). In support of each such claim, GTP pleads the identical averment that "Huawei had knowledge of the [ ] patent at least as of the filing of this Complaint." *Id*. at ¶ 41 ('924 Patent), ¶ 56 ('431 Patent), ¶ 71 ('949 Patent), ¶ 85 ('079 Patent).

All of the Asserted Patents expired well before the Complaint was filed on February 4, 2021. Where a patent includes a specific reference to an earlier filed application under 35 U.S.C.

§§ 120, 121, 365(c), or 386(c), the term of the patent extends 20 years from the date on which the earliest such application was filed. *See* 35 U.S.C. § 154(a)(2). Each Asserted Patent, as noted on its face, includes a specific reference to earlier applications. As such, the expiration date of each Asserted Patent is as follows:

- The '924 Patent – expired July 7, 2020 (20 years from the filing of U.S. Patent Application No. 09/612,225 on July 7, 2000; *see* '924 Patent at cover (63));

- The '431 Patent – expired July 7, 2020 (20 years from the filing of U.S. Patent Application No. 09/612,225 on July 7, 2000; *see* '431 Patent at cover (63));

- The '949 Patent – expired May 11, 2020 (20 years from the filing of U.S. Patent Application No. 09/568,552 on May 11, 2000; *see* '949 Patent at cover (63)); and

- The '079 Patent – expired November 3, 1999 (20 years from the filing of U.S. Patent Application No. 09/433,297 on November 3, 1999; *see* '079 Patent at cover (63)).

## III. LEGAL STANDARDS

### A. Motions to Dismiss under Fed. R. Civ. P. 12(b)(6)

By written motion, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).

A motion to dismiss should be granted if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, well-pleaded factual allegations must "raise a right to relief above the speculative level."

*Cevallos v. Silva*, 541 F. App'x. 390, 392 (5th Cir. 2013) (citing *Twombly*, 550 U.S. at 555). Further, leave to amend should be denied if the claim is futile. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

### B. Induced Infringement

Induced infringement requires a defendant to have knowledge of the infringement prior to the patent's expiration. *See In re Bill of Lading Transmission and Processing System Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (To survive a motion to dismiss an induced infringement claim, plaintiff must allege "facts plausibly showing that [the defendant] specifically intended their customers to infringe the [patent at issue] and knew that the customer's acts constituted infringement."); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'"). An induced infringement claim cannot stand absent an allegation that defendant had the requisite knowledge "during the time the [ ] Patent was in force." *See Babbage Holdings, LLC v. Activision Blizzard, Inc*., No. 2:13-CV-750, 2014 WL 2115616, at *1-2 (E.D. Tex. May 15, 2014) (dismissing induced infringement claim where knowledge was based on the filing of the complaint and the patent expired a few days after the complaint was filed).

### C. Willful Infringement

Similar to inducement, willful infringement requires plausibly alleging that the infringement was "intentional or knowing." *See Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1930-33 (2016) (a plaintiff must allege facts plausibly demonstrating the infringement was "either known or so obvious that it should have been known to the accused infringer."). At a minimum, this requires plausible factual allegations that Defendant knew of the patent and its

alleged infringement "prior to the patent's expiration." *Clinicomp Int'l, Inc. v. Cerner Corp.*, No. 17cv2479-GPC(BLM), 2018 WL 2229364, at *2 (S.D. Cal. May 16, 2018); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (knowledge of patent a prerequisite for enhanced damages).

IV. **ARGUMENT**

GTP's inducement and willfulness claims must be dismissed because it has not pleaded facts that plausibly establish Huawei's knowledge of the Asserted Patents prior to their expiration. Both induced and willful infringement require, at a minimum, knowledge of the patent. *See Bill of Lading*, 681 F.3d at 1339; *Halo*, 136 S. Ct. at 1930-33. GTP's sole allegation with respect to Huawei's knowledge of the Asserted Patents is that "Huawei had knowledge of the [ ] patent at least as of the filing of this Complaint." Dkt. 1 at ¶ 41 ('924 Patent), ¶ 56 ('431 Patent), ¶ 71 ('949 Patent), ¶ 85 ('079 Patent). However, all of the Asserted Patents had already expired as of the filing of the Complaint. *See* Section II, *supra*. Indeed, the '079 Patent had been expired for over a year while the other Asserted Patents had been expired for at least six months. *Id.*

The facts of this case are nearly identical to those in *Babbage*, in which this Court dismissed an indirect infringement claim with prejudice. In *Babbage*, the plaintiff alleged that defendant knew of the asserted patent "at least as early as the filing of the original complaint." *Babbage*, 2014 WL 2115616, at *1-2. The complaint was filed only a few days before the patent expired and defendant was not served until after expiration. *Id.* at *2. Under these circumstances, this Court dismissed the indirect infringement claims with prejudice, noting that "Babbage's indirect infringement claims must fail for the lack of any plausible allegation of Defendants' actual knowledge of the [asserted] Patent while it was still in force." *Id.* The Court found Babbage's continued effort to enforce indirect infringement claims on expired patents so concerning that it

ordered Babbage to show cause why sanctions should not be imposed. *Id*. ("The circumstances surrounding this motion raise, in the Court's view, a real and legitimate concern that Babbage may have violated such duties [that its assertions are warranted by existing law].").

Here, like in *Babbage*, GTP asserts that Huawei has been on notice of the Asserted Patents "at least as of the filing of this Complaint." Dkt. 1 at ¶ 41 ('924 Patent), ¶ 56 ('431 Patent), ¶ 71 ('949 Patent), ¶ 85 ('079 Patent). GTP has not alleged any facts that plausibly support pre-suit knowledge or notice of the Asserted Patents. *See generally* Dkt. 1. And, because the Asserted Patents all expired before the filing of the Complaint, no factual allegations can support post-suit inducement or willful infringement.

If anything, the present case presents an even more compelling reason to dismiss the inducement and willfulness claims than in *Baggage*. Whereas, in *Baggage*, the complaint was filed a few days before expiration of the patent, here the Asserted Patents all expired at least six months ***before*** the Complaint was filed. Even assuming Huawei learned of the Complaint and the allegations against it on the day the Complaint was filed, as GTP alleges, this would not satisfy the knowledge requirement for inducement or willfulness as the Asserted Patents had already expired. Thus, like in *Babbage*, the Court should dismiss GTP's claims of induced infringement and willfulness with prejudice.

## V. CONCLUSION

For the foregoing reasons, the allegations of induced infringement and willful infringement as to each Asserted Patent should be dismissed with prejudice.

Dated: May 6, 2021                                  Respectfully submitted,


By: */s/ J. Mark Mann*
    J. Mark Mann
    State Bar No. 12926150
    mark@themannfirm.com
    G. Blake Thompson
    State Bar No. 24042033
    blake@themannfirm.com
    **MANN TINDEL & THOMPSON**
    201 E. Howard Street
    903.657.8540
    903.657.6003 (fax)

        *AND*

    Kent E. Baldauf, Jr. (PA ID No. 70793)
    Bryan P. Clark (PA ID No. 205708)
    **THE WEBB LAW FIRM**
    One Gateway Center
    420 Ft. Duquesne Blvd., Suite 1200
    Pittsburgh, PA 15222
    412.471.8815
    412.471.4094 (fax)
    kbaldaufjr@webblaw.com
    bclark@webblaw.com


    *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2021, I electronically filed the foregoing **DEFENDANTS HUAWEI DEVICE CO., LTD AND HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

                                                           */s/ J. Mark Mann*
                                                         **J. Mark Mann**