# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> C.A. NO. 2:21-cv-00040-JRG <br><br> LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**RESPONSE TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................... 1

II. LEGAL STANDARD ............................................................................................... 1

III. ARGUMENT ............................................................................................................ 4

    A. GTP Has Satisfied The Pleading Standard For Direct Infringement ....................... 4

    B. GTP's Induced Infringement Claims Should Not Be Dismissed. ............................ 9

    C. GTP's Willfulness Claim Should Not Be Dismissed. ............................................ 12

    D. If a More Definitive Statement Is Required, GTP Should Be Granted Leave to Amend. ................................................................................................... 13

IV. CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Alacritech Inc. v. Centurylink, Inc.*, No. 2:16-CV-00693,
   2017 U.S. Dist. LEXIS 155687 (E.D. Tex. Sept. 4, 2017) .................................................. 10, 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................................. 2

*Barry v. Medtronic, Inc.*, 914 F.3d 1310 (Fed. Cir. 2019) ................................................................. 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................. 4

*Cellular Comms. Equip. LLC v. HTC Corp.*, No. 6:13-CV-507,
   2015 U.S. Dist. LEXIS 179461 (E.D. Tex. Mar. 27, 2015) ............................................................ 9

*Chapterhouse, LLC v. Shopify, Inc.,* No. 2:18-CV-00300-JRG,
   2018 U.S. Dist. LEXIS 219072, (E.D. Tex. Dec. 10, 2018) ...................................................... 8, 9

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ........................................... 1

*Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015) ........................................................ 3

*Computer Acceleration Corp. v. Microsoft Corp.,*
   503 F. Supp. 2d 819 (E.D. Tex. Aug. 24, 2007) ........................................................................... 7

*Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127 (5th Cir. 2015) ............................................. 2

*Estech Sys., Inc. v. Wells Fargo & Co.*, No. 2:20-cv-00128-JRG-RSP,
   Report and Recommendation, Dkt. No. 75 (E.D. Tex. Aug. 27, 2020) ..................................... 10

*Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989,
   2013 WL 4766877 (N.D. Ca. Dept. 4, 2013) .............................................................................. 12

*Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc.*,
   655 F.3d 1291 (Fed. Cir. 2011) ................................................................................................... 13

*Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) ............................................... 3, 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) .................................................... 3, 4

*Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG,
   2012 U.S. Dist. LEXIS 112630 (E.D. Tex. Aug. 10, 2012) ........................................................... 9

*Iron Oak Techs., Inc. v. Acer Am. Corp.,* No. 6:17-cv-00143-RP-JCM, 2017 U.S. Dist. LEXIS
   221346 (W.D. Tex. Nov. 28, 2017) ............................................................................................... 7

*Jones v. Robinson Prop Grp., L.P.*,
 427 F.3d 987 (5th Cir. 2005) ........................................................................................... 2

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,
 677 F.2d 1045 (5th Cir. 1982) ......................................................................................... 1

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
 714 F.3d 1277 (Fed. Cir. 2013) ....................................................................................... 4

*Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242,
 2012 U.S. Dist. LEXIS 92924 (E.D. Tex. Jul. 5, 2012) .................................................. 9

*Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420 (5th Cir. 2004) ..................................... 2

*MAZ Encryption Techs. LLC v. BlackBerry, Ltd.,* No. 6:15- cv-1167-RWS-JDL,
 2016 U.S. Dist. LEXIS 191607 (E.D. Tex. Jun. 7, 2016) ......................................... 6, 7

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) ..................................... 4

*Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. 2019) ...................... 3, 11, 12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) .................................. 3

*Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815 (E.D. Tex. 2006) (Davis, J.) .......................... 7

*Parity Networks, LLC v. Cisco Sys.*, No. 6:19-cv-00207-ADA,
 2019 U.S. Dist. LEXIS 144094 (W.D. Tex. July 26, 2019) ....................................... 6, 9

*Raytheon Co. v. Cray, Inc.,* No. 2:16-cv-00423-JRG-RSP,
 2017 U.S. Dist. LEXIS 56729 (E.D. Tex. Mar. 13, 2017) ......................................... 5, 7

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928 (E.D. Tex. 2016) ................ 1, 2

*Skinner v. Switzer*, 562 U.S. 521 (2011) ........................................................................ 2

*Uniloc USA, Inc. v. Avaya Inc.,* No. 6:15-cv1168- JRG, 2016 U.S. Dist. 181826 (E.D. Tex. May
 13, 2016) .................................................................................................... 4, 5, 8

*Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*,
 406 F. Supp. 3d 585 (E.D. Tex. 2019) ....................................................................... 2, 13

**Statutes**

35 U.S.C. § 271(b) ........................................................................................................... 3

35 U.S.C. § 284 ............................................................................................................... 3

Fed. R Civ. P. 8(a)(2) ...................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1

Fed. R. Civ. P. 15(a) ....................................................................................................... 2

Fed. R. Civ. P.15(a)(2) .................................................................................................... 2

Plaintiff Gesture Technology Partners, LLC ("GTP") files this Response to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s ("Defendants") Motion to Dismiss GTP's Complaint (the "Motion" or "Mot."), Dkt. No. 23. For the following reasons, the Motion should be denied in its entirety.

## I. INTRODUCTION

The Motion fails for two primary reasons. First, Defendants inappropriately seek a level of detail about the Accused Products that exceeds the requirements of the Federal Rules of Civil Procedure. Defendants do not attempt to explain, let alone articulate, what additional information they think they need; instead, they summarily conclude that the Complaint is deficient because they want more information at the pleading stage. Second, Defendants inappropriately seek to parse GTP's induced infringement claims by improperly dividing the case into pre- and post-filing segments, but pre- and post-suit knowledge of the patents are not evaluated separately at the pleading stage. Defendants have inadequate legal support for such a proposed division at the pleadings stage and arrive at their position only by ignoring the law of this Court and the entirety of the Complaint's allegations. The Motion should therefore be denied.

## II. LEGAL STANDARD

*Rule 12(b)(6) – Motions to Dismiss*. In the Fifth Circuit, a "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (Bryson, J.) (quoting FED. R. CIV. P. 12(b)(6)). "The question resolved on a

motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'" *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . .'" *Id.* at 936 (quoting *Skinner*, 562 U.S. at 530; Fed. R Civ. P. 8(a)(2)) (alteration in original).

The plausibility standard is satisfied when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Id.* Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

*Rule 15(a) – Leave to Amend*. When deciding motions to dismiss, Federal Rule 15(a) instructs the courts to "freely give leave [to amend] when justice so requires," within the discretion of the Court. Fed. R. Civ. P. 15(a)(2); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593 (E.D. Tex. 2019) (Mazzant, J.). This Court has interpreted Federal Rule 15(a) to "evince[] a bias in favor of granting leave to amend." *Wapp Tech Ltd. P'ship*, 406 F. Supp. 3d at 593 (quoting *Jones v. Robinson Prop Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Indeed, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)) (internal citation omitted) (holding the district court abused its discretion in denying plaintiffs' request for leave to amend).

*Induced Infringement.* "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[I]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (citations omitted). Inducement also has a knowledge requirement—"liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the alleged infringer. *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019) (Gilstrap, C.J.) (collecting relevant Supreme Court and Federal Circuit cases). In order to prove knowledge by evidence of willful blindness, the patentee must show that (1) the defendant "subjectively believes that there is a high probability that a fact exists and (2) the defendant must have taken deliberate actions to avoid learning of that fact." *Global–Tech*. at 769 (citations omitted).

*Enhanced Damages.* "In a case of infringement, courts 'may increase the damages up to three times the amount found or assessed.'" *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928 (2016) (quoting 35 U.S.C. § 284). "[A] case presenting 'subjective bad faith' alone could 'sufficiently . . . warrant [an enhanced] fee award,'" *Halo*, 136 S. Ct. at 1933 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014)), as long as the patent infringer's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. This Court has found that "a well-pled claim for willful blindness is sufficient to state a claim for willful infringement." *See Motiva Patents*, 408 F. Supp. 3d at 836–38 (explaining that this determination is "squarely

3

consistent" with the Supreme Court's holdings in *Global-Tech* and *Halo* and to hold otherwise would present a "legal quagmire").

**III.     ARGUMENT**

    **A.     GTP Has Satisfied The Pleading Standard For Direct Infringement**

GTP has sufficiently identified the accused products in the Complaint and has met the plausibility standard by pleading "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of its alleged claims. *See Script Sec. Sols. L.L.C.,* 170 F. Supp. 3d 928, 935 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007)). Defendants' Motion expressly demands, at the pleading stage, the level of specificity that may not be required even in infringement contentions, *e.g.*, allegations "how . . . screenshots meet the language of the exemplary claims." Dkt. No. 23, Mot. at 5.  Defendants' demand is entirely contrary to controlling law.  *See K-Tech Telecomms. Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1284 (Fed. Cir. 2013)  ("It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend . . . Thus, ***a plaintiff in a patent infringement suit is not required to specifically include each element*** of the claims of the asserted patent") (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).  ) (emphasis added)); *Uniloc USA, Inc. v. Avaya Inc.,* No. 6:15-cv1168- JRG, 2016 U.S. Dist. 181826, at *14-17 (E.D. Tex. May 13, 2016) (Gilstrap, J.) (holding that the plausibility requirement of Rule 8 "is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged.") (quoting *Twombly,* 550 U.S. 544 at 556.  )).

    Defendants are, in effect, asking the Court to require that detailed infringement contentions be included in the Complaint:

- "The only **factual evidence** GTP submits is four screenshots from Samsung's website." Dkt. No. 23, Mot. at 5

- "GTP does not allege **how** these screenshots meet the language of the exemplary claims, which **claim elements** the screenshots purportedly satisfy, or which features allegedly infringe which claims." Dkt. No. 23, Mot. at 5.

- "[T]he Complaint **does not tie** these control functions **to the Accused Features**." Dkt. No. 23, Mot. at 6.

- "the Complaint only vaguely references the claim limitations without identifying which of the 25 Accused Features supposedly **perform each claim limitation.**" Dkt. No. 23, Mot. at 6.

- "[T]he Complaint **fails to tie the 25 Accused Features to the 'functions'** supposedly infringing the claim." Dkt. No. 23, Mot. at 6.

The pleading requirement that Defendants seek to impose would render infringement contentions superfluous and is contrary to well-established precedent. *See Uniloc USA, Inc.,* 2016 U.S. Dist. 181826, at *14-17 (recognizing the need for infringement contentions at an early stage in the litigation, and "declin[ing] to infuse [Federal Rule] 8(a)'s well-established pleading standard with such a heightened burden [of including infringement contentions withs the original complaint] at the initial pleading stage.").

Defendants do not deny that the Complaint identifies the specific patents, specific exemplary claims, and the Accused Products, including their features and capabilities. And the Complaint identifies those items with more than sufficient detail to state a plausible claim for relief. *See Raytheon Co. v. Cray, Inc.,* No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017) (Payne, J.) (denying a motion to dismiss when plaintiff

alleged infringement by a "specific supercomputer," and concluding that "factual assertions about what specific components, features, or capabilities the accused products have, let alone how they allegedly infringe [are] not required at the pleading [stage]"); *MAZ Encryption Techs. LLC v. BlackBerry, Ltd.,* No. 6:15- cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, at *9 (E.D. Tex. Jun. 7, 2016) (Love, J.) (denying a motion to dismiss when plaintiff alleged infringement of systems "such as the Blackberry Enterprise Solution," holding that "[a]llegations to the level of detail contained in infringement contentions are not required at the pleading stage."). Nothing more is required at the pleading stage. *See id.*; see also *Parity Networks, LLC v. Cisco Sys.*, No. 6:19-cv-00207-ADA, 2019 U.S. Dist. LEXIS 144094, at *4 (W.D. Tex. July 26, 2019) (Albright, J.) ("Plaintiff's pleadings are sufficient and . . . any deficiencies will necessarily be addressed when Plaintiff serves its infringement contentions as is required.").

The Complaint's allegations are thorough and detailed. Paragraph 21 of the Complaint provides an overview of the Asserted Patents. Paragraphs 23-24 put Defendants on notice of the Accused Products. Factual allegations of Defendants' infringement of each Asserted Patent are described in detail in Paragraphs 31-91, including an identification of a specific claim of each patent that is allegedly infringed by the accused products and features. The Complaint identifies and describes the specific accused products with screen shots, narrative explanations, and hyperlinks to additional supporting information (*see, e.g.*, Paragraphs 25-30). The Complaint also details how the accused products and features infringe each exemplary asserted claim and pleads factual information that more than sufficient to raise a plausible inference that all elements of the asserted claims are infringed. Nothing more is required.

Short of full-blown, element-by-element claim charting, which is undeniably not required at the pleading stage, it is difficult to see how a complaint could describe Defendants' alleged

infringement in greater detail. The Complaint's allegations are specific as to the features of the specific Accused Products and are alleged in greater specificity than those in many other patent infringement complaints that have been found to provide sufficient detail when challenged on a motion to dismiss. *See Raytheon Co. v. Cray, Inc.,* No. 2:16-cv-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729 at *10 (E.D. Tex. Mar. 13, 2017) (Payne, J.) (denying a motion to dismiss when plaintiff alleged infringement of a "specific supercomputer,"); *MAZ Encryption Techs. LLC,* No. 6:15- cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, at *9 (E.D. Tex. Jun. 7, 2016) (Love, J.) ("[a]llegations to the level of detail contained in infringement contentions are not required at the pleading stage.").

Defendants' demands for an "explanation linking the screenshot(s) to the claim element(s)" and more supporting "factual evidence" are mere attempts to impose a pleading standard beyond what the law requires--and, indeed, beyond what is required even of infringement contentions. *See* Dkt. No. 23, Mot. at 4-5; *see, also e.g., Iron Oak Techs., Inc. v. Acer Am. Corp.,* No. 6:17-cv-00143-RP-JCM, 2017 U.S. Dist. LEXIS 221346, at *7-8 (W.D. Tex. Nov. 28, 2017 , at *7-10 (denying motion to dismiss direct infringement claim when the defendant was on notice that "any non-Android Acer product utilizing the 'system and method for remote patching of operating code located in a mobile unit' would be directly infringing upon [the plaintiff's] patent.") (internal quotation marks and citation omitted). The courts allow a patent plaintiff to forgo describing how software infringes in initial infringement contentions and only require a detailed allegation after source code is produced by the defendant. *See, e.g., Computer Acceleration Corp. v. Microsoft Corp.,* 503 F. Supp. 2d 819 (E.D. Tex. Aug. 24, 2007) (Clark, J.) ("In software cases, the Court has recognized the pragmatic limitation on detailed [infringement contentions] when plaintiffs do not have the necessary access to non-public software, which is needed to make detailed

7

infringement contentions.") (quoting *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006) (Davis, J.). The allegations of GTP's Complaint far exceed that standard.

Finally, Defendants argue that the Complaint is insufficient because it does not explain how the Accused Instrumentalities infringe the Asserted Patents. *See* Dkt. No. 23, Mot. at 5 ("GTP does not allege ***how*** these screenshots meet the language of the exemplary claims.") (emphasis in original). But then Defendants fail to identify any case law requiring that a complaint provide such information. *See id.* That is because Defendants' attempt to impose a heightened requirement at the initial pleading stage in this case is unsupported by the law and far beyond the requirements of Rule 8. *See Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826, at *14-17 (E.D. Tex. May 13, 2016) (Gilstrap, J.) (recognizing the need for infringement contentions at an early stage in the litigation, and "declin[ing] to infuse [Federal Rule] 8(a)'s well-established pleading standard with such a heightened burden [of including infringement contentions with the original complaint] at the initial pleading stage."). To the extent Defendants are seeking to understand more particularly how they infringe the Asserted Patents, that additional has already been provided in GTP's infringement contentions, which were served on April 28, 2021.

Defendants' reliance on *Chapterhouse* is misplaced. *See* Dkt. 23, Mot. at 3-5 (citing *Chapterhouse, LLC v. Shopify, Inc.,* No. 2:18-CV-00300-JRG, 2018 U.S. Dist. LEXIS 219072, (E.D. Tex. Dec. 10, 2018) (Gilstrap, C. J.)). In that case, the plaintiff sued Shopify for infringement of four patents, including one system claim covering the generation of electronic receipts and initiating transactions. *See generally Chapterhouse,* No. 2:18-CV-00300-JRG, 2018 U.S. Dist. LEXIS 219072. In its motion to dismiss, Shopify argued that the plaintiff's infringement allegations were based on the integration of a third-party application into the Shopify system. *Id.*

8

at *7-8.  Shopify therefore successfully argued that its system did not provide one component of the claimed system, and the Court agreed that the plaintiff had not stated a plausible claim for direct infringement under a single entity theory.  *See Chapterhouse,* No. 2:18-CV-00300-JRG, 2018 U.S. Dist. LEXIS 219072 . at *7, 9.  Defendants do not allege that any similar single entity theory issues exist here, and for at least that reason *Chapterhouse* is easily distinguished from this case.  GTP has plainly satisfied the pleading standard by identifying the Accused Products, as described *supra*, and creating a plausible inference based on factual allegations that the Asserted Claims are infringed.  *See e.g., Parity Networks,* 2019 U.S. Dist. LEXIS (denying a motion to dismiss direct and indirect infringement claims when plaintiff accused numerous "[e]xemplary infringing products").  The Motion should therefore be denied.

**B.     GTP's Induced Infringement Claims Should Not Be Dismissed.**

Defendants argue that GTP's indirect infringement claims should be dismissed because the Complaint does not (1) sufficiently plead pre-suit knowledge of the Asserted Patents; and (2) allege the requisite intent.  Dkt. 23, Mot. at 9.  Those arguments fail.

First, the argument that the Complaint fails to plead pre-suit knowledge sufficiently (*see* Dkt. No. 23, Mot. at 9-10) fails because the Court has repeatedly held that "pre-suit" and "post-suit" indirect infringement claims should not be evaluated separately at the pleading stage.  For example, in *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. Jul. 5, 2012) (Gilstrap, J.), the Court declined to dismiss plaintiff's indirect infringement claims, even though plaintiff did not allege pre-suit knowledge of the asserted patents.  The Court rejected the defendants' argument that there was a "'pleading deficiency at least with respect to any allegedly infringing activities that pre-date the filing of the Original Complaint'" and denied defendants' motion to dismiss on that basis.  *Id.*; *see also Cellular Comms. Equip. LLC v. HTC Corp.*, No. 6:13-CV-507, 2015 U.S. Dist. LEXIS 179461, at *26-27

9

(E.D. Tex. Mar. 27, 2015) (Davis, J.) (denying motion to dismiss indirect infringement claims based on failure to allege pre-suit knowledge); *Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *3-4 (E.D. Tex. Aug. 10, 2012) (Gilstrap, J.) (same). The Court's subsequent jurisprudence confirms that there is no reason "to depart from the reasoning of these cases." *Alacritech Inc. v. Centurylink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 155687, at *8-9 (E.D. Tex. Sept. 4, 2017) (Payne, J.) (denying motion to dismiss pre-suit indirect infringement claims because plaintiff alleged knowledge of the asserted patents as of service of the complaint); *see also Estech Sys., Inc. v. Wells Fargo & Co.*, No. 2:20-cv-00128-JRG-RSP, Report and Recommendation, Dkt. No. 75 at 6-7 (E.D. Tex. Aug. 27, 2020) (Payne, J.) (denying motion to dismiss indirect infringement claim where plaintiff alleged defendant's knowledge of the asserted patents "at least as of the date when it was notified of the filing of this action."). As in those cases, the instant Complaint alleges for each Asserted Patent that "Samsung had knowledge of [the Asserted Patent] at least as of the filing of this Complaint. Compl. at ¶¶ 45, 60, 75, 89. This allegation is sufficient at the pleading stage under the Court's precedent.

Second, Defendants argue that the Complaint fails to allege any facts to show that Defendants had the requisite intent to induce infringement. *See* Dkt. No. 23, Mot. at 8. But GTP has properly pled that

- "Samsung took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims" of each Asserted Patent;

- Defendants took those active steps "with the knowledge of the '431 patent and with the knowledge that the induced acts constitute[d] infringement;" and

10

- Defendants' actions were "willful, intentional, deliberate, or in conscious disregard of the Plaintiff's rights" *See* Compl. ¶¶ 46, 61, 76, 91.

This Court has consistently found that such allegations satisfy the pleading requirements for intent and willfulness at the pleading stage. *See Estech Systems, Inc. v. Target Corporation et al.*, 2:20-cv-00123-JRG-RSP, Dkt. 75 at 13-14 ("Wells Fargo argues that Estech's claims of indirect and willful infringement fail because Estech does not allege that Wells Fargo had pre-suit knowledge of the Asserted Patents through either actual knowledge or willful blindness. . . Wells Fargo is prematurely trying to parse pre-filing scienter from post-filing scienter. . . Estech prevails here as it pleads all the elements needed to allege claims for induced, contributory, and willful infringement"); *see also Alacritech*, No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 155687, at *8-9 (E.D. Tex. Sept. 4, 2017) (Payne, J.) (denying motion to dismiss pre-suit indirect infringement claims because plaintiff alleged knowledge of the asserted patents as of service of the complaint).

Defendants' reliance on *Motiva Patents* is misplaced. As the Motion acknowledges, the Court there denied a motion to dismiss the plaintiff's induced infringement allegations because Motiva had properly pled that the defendant in that case was "willfully blind" to infringing conduct. Dkt. No. 23, Mot. at 10-11 (citing *Motiva Patents*, 408 F. Supp. 3d at 833–34). Defendants then argue that the Complaint does not allege "that Samsung 'has been willfully blind' to GTP's patents." *Id.* at p. 11. But the Complaint plainly alleges that Defendants' actions were "willful, intentional, deliberate, **or in conscious disregard** of the Plaintiff's rights." *See* Compl. ¶¶ 46, 61, 76, 91 (emphasis added). Defendants' argument is pure semantic gymnastics. While the Complaint does not use the exact phrase "has been willfully blind," its allegation of "conscious disregard of the Plaintiff's rights" is directly analogous to the allegations in *Motiva Patents* that

11

the Court found sufficient to support a pleading of induced infringement, and Defendants have not cited any case law to the contrary. Indeed, elsewhere in the Motion, Defendants concede that the relevant allegations in GTP's Complaint are "nearly identical" to those in the *Motiva Patents* complaint. Dkt. No. 23, p. 13.

Defendants' request to dismiss GTP's induced infringement claims should therefore be denied.

### C. GTP's Willfulness Claim Should Not Be Dismissed.

Defendants argue that GTP's claims for willful infringement should be dismissed because GTP failed to adequately plead pre-suit knowledge of the patent or set forth a factual basis that Defendants intentionally infringed the Asserted Patents before the Complaint was filed. These arguments also fail.

As described *supra*, GTP has properly pled that Defendants were willful in their infringement of the Asserted Patents prior to the filing of the lawsuit. *See* Compl. ¶¶ 46, 61, 76, 91. That is more than sufficient to satisfy the pleading standard. *See Estech*, 2:20-cv-00123-JRG-RSP, Dkt. 75 at 11-12 ("As described above, Estech properly pled that Wells Fargo was willfully blind. This is enough to show the intent element of willfulness at this stage. . . Accordingly, the Court finds Estech has alleged sufficient facts to support a plausible claim for willful infringement."). Moreover, courts have expressly held that pre-suit knowledge of an asserted patent is not required to state a claim for willful infringement even when the asserted patent expired before the complaint was filed. *Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989, *10, 2013 WL 4766877 (N.D. Ca. Dept. 4, 2013) ("The Court concludes that the **pre-suit expiration of a patent is not dispositive of a claim for willful infringement**. Indeed, 'an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286.' . . . the question of whether the alleged infringement occurred 'during the term of

the patent' as required by 35 U.S.C. § 271 is a question of fact that cannot be resolved on a motion to dismiss.") (quoting *Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (emphasis added)).

Defendants' request to dismiss GTP's willful infringement claims should therefore be denied.

### D. If a More Definitive Statement Is Required, GTP Should Be Granted Leave to Amend.

As shown above, GTP has satisfied the pleading requirements of the Federal Rules at this stage of the litigation. If, however, the Court finds that GTP's Complaint falls short in any way raised by the Motion, the appropriate remedy is not dismissal but rather an order that GTP be granted leave to amend the Complaint to remedy any ambiguity to the extent that information is publicly available. *See Wapp Tech L.P.*, 406 F. Supp. 3d at 600 (granting motion to dismiss and granting plaintiffs leave to amend).

### IV. CONCLUSION

For the foregoing reasons, GTP respectfully requests that the Motion be denied in its entirety. In the alternative, GTP respectfully requests that the Court grant GTP leave to amend its Complaint to cure any deficiencies.

Dated: May 11, 2021

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701

Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 11, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams