# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 2:21-cv-00040-JRG |
| | § | (Lead Case) |
| HUAWEI DEVICE CO., LTD., | § | |
| HUAWEI DEVICE USA, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 2:21-cv-00041-JRG |
| | § | (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. | § | |
| AND SAMSUNG ELECTRONICS | § | JURY TRIAL DEMANDED |
| AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

GTP's Response to Defendants' Motion to Dismiss does nothing to resolve GTP's failure to plead facts sufficient to provide fair notice of GTP's claims and the grounds on which they rest. Instead, GTP relies on an incorrect reading of case law to justify identifying 24 Accused Features but failing to provide notice as to how any, much less all, allegedly meet the claims of the Asserted Patents. Moreover, even taking all inferences in a light most favorable to GTP, no facts exist to allege Samsung's knowledge of the Asserted Patents *before* they expired, and none have been pleaded. Samsung requests that the Court dismiss GTP's claims for patent infringement.

## I.      GTP FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT

GTP's Complaint is so vague that Samsung does not have fair notice of the accused instrumentalities and cannot reasonably prepare an answer much less its defenses. GTP does no more than provide a bare bones recitation of the exemplary patent claim while generally averring to the Accused Products and Features. GTP only generally identifies 24 Accused Features in its Complaint. Some of these identified features, such as Adjust Blur, Smile Shot, and Active Shape Connect, are so vague that Samsung is unsure what the Accused Feature is, let alone how it might infringe. The four screenshots GTP does include do not identify how each illustrated feature allegedly meets the text of the exemplary claim nor even *which feature* each screenshot allegedly illustrates. Both this Court's holding in *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 10, 2018) and the cases cited in GTP's Response support the conclusion that GTP's factual allegations fail to provide Samsung with fair notice of the grounds on which GTP's direct infringement claim rests. The Court should dismiss GTP's allegations of direct infringement under § 271(a).

As an initial matter, GTP misreads this Court's reasoning and holding in *Chapterhouse*. GTP argues that because Samsung has not alleged a single entity theory for a patent with a system claim that "*Chapterhouse* is easily distinguished from this case." Response at 9. While it is true

that in *Chapterhouse* the Court dismissed the allegations of direct infringement for **one** of the four asserted patents on this basis, GTP ignores that the Court further dismissed direct infringement allegations for **all four** patents because—as in this case—plaintiff failed to provide a sufficient factual basis to establish a plausible allegation of patent infringement. *Compare Chapterhouse*, 2018 WL 6981828, at *2 ("Plaintiff must further allege how the screenshots meet the text of the exemplary claim . . . . Accordingly, as to direct infringement of the '087, '989, '356, and '698 Patents, the Court GRANTS the Motion.") *with id.* at *4 ("[T]here is no allegation that one entity performs every step . . . . Accordingly, the Court GRANTS the Motion as to the '356 Patent."). GTP also argues that Samsung fails to identify any case law requiring the Complaint to "explain how the Accused Instrumentalities infringe the Asserted Patents," appearing to suggest that GTP has no obligation to plead such allegations. Response at 8. GTP again ignores this Court's holding in *Chapterhouse* that the "Plaintiff must further allege **how** the screenshots meet the text of the exemplary claim . . . ." *Chapterhouse*, 2018 WL 6981828, at *2 (emphasis added). *Chapterhouse* is directly on point because, as in *Chapterhouse*, GTP failed to link its screen shots to the exemplary claim elements for even one Accused Feature, let alone all 24 Accused Features.

This conclusion is further supported by the other cases cited in GTP's Response. First, in those cases, the plaintiffs supplied a greater level of factual detail than GTP's Complaint and did not merely rely on screen shots to loosely couple a supposedly infringing product or function to an asserted patent. *See Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143-RP-JCM, 2017 U.S. Dist. LEXIS 221346, at *9–10 (W.D. Tex. Nov. 28, 2017) (finding the complaint sufficient because it identified the process "that allegedly infringe[d]," "compare[d] the process[] to the [asserted patent], and then gives specific examples of Acer product lines that allegedly directly infringe . . ."); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist.

LEXIS 181826, at *17 (E.D. Tex. May 13, 2016) (finding the complaint sufficient in part because the plaintiff "described the accused functionality within these products, and provided descriptive illustrations of these products and the accused functionality"). Unlike the cases GTP cites, GTP does not compare the Accused Features to the Asserted Patents nor explain how any feature allegedly infringes. Instead, GTP generally identifies 24 Accused Features, provides screenshots for only an unspecified four of them, and fails to provide any further information tying the features to the Asserted Patents.

Second, many of the cases GTP cites only involved a single accused product, without multiple accused features. *See Raytheon Co. v. Cray, Inc.*, No. 2:16-CV-00423-JRG-RSP, 2017 U.S. Dist. LEXIS 56729, at *10 (E.D. Tex. Mar. 12, 2017) (asserting four patents – identifying one product and no accused features); *Parity Networks, LLC v. Cisco Sys.*, No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094, at *4 (W.D. Tex. July 26, 2019) (asserting four patents – specifically identifying one representative system and representative product for each patent); *MAZ Encryption Techs. LLC v. BlackBerry Ltd.*, 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, at *8–9 (asserting one patent – identifying one system with four specifically identified subcomponents). Unlike such cases with single accused products and where plaintiff specifically identified functions or subcomponents, here GTP accuses at least five different series of Samsung mobile devices, five different individual products, and 24 different camera-related features. Yet, at best, GTP attempts to link (unsuccessfully) ***only four*** of the 24 Accused Features to the asserted claims by way of screenshots. GTP says nothing about the other features, many of which are so vague that Samsung is unsure what feature is implicated, let alone how it might infringe.[1]

---

[1] GTP points to its infringement contentions, served on April 28, 2021, as satisfying Samsung's need to "understand more particularly how they [Samsung] infringe the Asserted Patents." Response at 8. GTP's contentions, however, are equally deficient if not more so. Samsung

Contrary to GTP's assertion that Samsung is "in effect, asking the Court to require that detailed infringement contentions be included in the Complaint," Response at 4, Samsung is merely asking to enforce the "fair notice" standard that this and other courts have repeatedly upheld. GTP's own case citations confirm this conclusion. *See Raytheon*, 2017 U.S. Dist. LEXIS 56729, at \*10 ("*Lyda* appears to require factual allegations sufficient to give rise to a plausible inference that a device meets all elements of a specific claim.") (citation omitted); *Iron Oak*, 2017 U.S. Dist. LEXIS 221346, at \*7 ("However, [the 'fair notice' standard] does require a showing that 'each and every limitation set forth in a claim appears in the accused product.'") (internal citation omitted). GTP has failed to plead facts sufficient to give Samsung "fair notice of what the claim is ***and the ground upon which it rests***." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (emphasis added) (citation omitted).

## II. GTP CANNOT PLEAD FACTS TO SUPPORT ITS ALLEGATION THAT SAMSUNG KNEW OF, OR WAS WILLFULLY BLIND TO, THE ASSERTED PATENTS BEFORE THE PATENTS EXPIRED

GTP's claims under §§ 271(b) and 284 should be dismissed with prejudice because GTP cannot plead facts alleging Samsung's knowledge of the Asserted Patents ***before*** they expired. Mot. at 8–12. It is black letter law that a defendant cannot infringe what the plaintiff does not own, and GTP did not own a present interest in the Asserted Patents' claimed invention when it filed the Complaint on February 4, 2021. At most, GTP held an interest in recovery for alleged ***past infringement*** of the invention. Thus, alleging Samsung had knowledge of the Asserted Patents "as of the filing of this Complaint" is irrelevant. Because GTP can only speculate that Samsung knew of the Asserted Patents before they expired, and cannot plead any facts in support of such speculation, GTP's claims for induced infringement and willful infringement must fail.

---

informed GTP of these deficiencies in a letter dated May 7, 2021, five days prior to the filing of GTP's Response. GTP has not yet responded as to the substance of that letter.

### A. GTP Cannot Plead Facts to Support Its Allegation That Samsung Knew of the Asserted Patents Before the Patents Expired

GTP argues that alleging Samsung's knowledge "as of the filing of th[e] Complaint" is "sufficient at the pleading stage." Response at 10. GTP is incorrect. To sustain a claim for relief under §§ 271(b) and 284, GTP must plead that Samsung had knowledge of the Asserted Patents "for at least *some time* during the infringing period." *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-cv-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012) (emphasis added); *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-cv-507, 2015 WL 11118110, at *6 (E.D. Tex. Mar. 27, 2015) (noting that pleading defendant's knowledge for § 271(b) applies equally to § 284). GTP ignores this legal and factual reality, and instead quotes snippets from inapposite case law to argue that "pre-suit" and "post-suit" claims should not be evaluated separately. Response at 9–10. But the cases cited by GTP all involved patents that had not expired pre-suit, so "post-suit" claims under §§ 271(b) and 284 were still plausible at the pleading stage. In contrast here, Samsung's alleged culpability cannot possibly arise "post-suit" because the Asserted Patents were already expired. GTP's claims for relief therefore depend entirely on pleading facts alleging Samsung's "pre-suit" knowledge of the Asserted Patents—and GTP has none to offer.

GTP's reliance on *Lochner Technologies* is exemplary of its selective presentation of the case law. There, like GTP in the present case, plaintiff ("Lochner") alleged that "[e]ach defendant had knowledge of the [asserted patent] at least as early as the filing of the original complaint." Ex. 4 ¶ 19 (No. 2:11-cv-00242-JRG, Dkt. No. 64).[2] But unlike GTP, Lochner further alleged that "[e]ach defendant *has been and now is* jointly and indirectly infringing by way of inducing

---

[2] Samsung respectfully requests that the Court take judicial notice of Exhibit 4 and other publicly available filings in this District and in those cases cited by GTP in its Response. *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018); Mot. at nn.8–9. *See also* Exs. 5–8.

infringement by others." *Id.* (emphasis added). As GTP points out in its Response, this Court rejected defendant's arguments that there was a "pleading deficiency at least with respect to any allegedly infringing activities that pre-date the filing of the Original Complaint." Response at 9. GTP omitted the next sentence, though, which explained the Court's reasoning:

> However, this is not a basis to dismiss Lochner's indirect infringement claims; as it cannot be disputed that Lochner *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period.

*Lochner Techs.*, 2012 WL 2595288, at *3. In sum, this Court held that, despite the absence of facts as to pre-suit knowledge, Lochner's allegation of ongoing infringement after the filing of the complaint pled defendant's knowledge for "at least some time during the infringing period." Here, on the other hand, alleging Samsung knew of the Asserted Patents "at least as of the filing of this Complaint" does not plead Samsung's knowledge "for at least **some time** during the infringing period." Following the reasoning of *Lochner Technologies*, GTP's claims inescapably require facts alleging Samsung's "pre-suit" knowledge.

GTP omits the critical importance of pleading knowledge during the allegedly infringing period when citing its other cases, as well. For example, in *Cellular Communications Equipment LLC v. HTC Corp.*, plaintiff alleged that defendant Dell "***continues*** to directly and/or indirectly infringe," [3] and that the other defendants "garnered pre-suit knowledge by virtue of their involvements" with 3GPP. 2015 WL 11118110, at *4. *See also InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 WL 3283371, at *1 (E.D. Tex. Aug. 10, 2012) (citing complaint alleging that defendant "continues to infringe"); *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, 2020 WL 6534094, at *4 (E.D. Tex. Aug. 27, 2020) (citing complaint

---

[3] Ex. 5 ¶ 16 (No. 6:13-cv-00569-KNM, Dkt. No. 31) (emphasis added).

alleging that defendants "are performing these steps"). Indeed, even the plaintiff in *Alacritech Inc. v. CenturyLink, Inc.* recognized the legal import of expired patents on pleading defendant's knowledge. There, as in the other cases, plaintiff ("Alacritech") alleged a plausible claim for relief of post-filing induced infringement. Ex. 6 ¶ 41 (No. 2:16-cv-00696-RWS-RSP, Dkt. No. 29). Alacritech argued this in opposing defendant's motion to dismiss:

> [N]one of the asserted patents in this case have expired and they are all enforceable against post-filing indirect infringement. . . . [I]t cannot be disputed that Alacritech *does* sufficiently plead that CenturyLink had knowledge of the asserted patent for at least some time during the infringing period and, thus, an absence of allegations concerning pre-suit knowledge of the asserted patents is not a basis to dismiss . . . indirect infringement claims.

Ex. 7 at 9–10 (No. 2:16-cv-00693-RWS-RSP, Dkt. No. 60) (emphasis in original).

Here, "an absence of allegations concerning [Samsung's] pre-suit knowledge" cannot be saved by the generic allegation GTP sets forth in its Complaint, and which plaintiffs alleged in these other cases cited in GTP's Response (*i.e.*, that defendant had knowledge based on the filing of the complaint). *See also, e.g.*, *Uniloc USA, Inc. v. Motorola Mobility LLC*, No. 2:16-cv-992, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017) ("Uniloc alleges post-filing knowledge of the patents-in-suit as its basis for induced infringement"). Unlike those cases, the Asserted Patents' pre-suit expiration means that GTP cannot possibly state a plausible claim for post-suit infringement. As a result, in order to allege that Samsung knew of the Asserted Patents "for at least some time during the infringing period," GTP must necessarily plead facts of Samsung's "pre-suit" knowledge. *Compare* Mot. at 10 ("Apple had knowledge of the '924 patent as least as early as June 2016, when GTP contacted Apple in an attempt to license the Asserted Patents."). GTP's contrary arguments are unavailing. Response at 1, 9–10.

Finally, GTP relies on a 2013 opinion from the Northern District of California for the proposition that knowledge of expired patents can give rise to a claim for willful infringement.

But GTP's Response again addresses only a snippet of that case. *FuzzySharp Techs. Inc. v. Nvidia, Corp*, No. 3:12-cv-06375-JST, 2013 WL 4766877, at *3 (N.D. Cal. Sept. 4, 2013). In *FuzzySharp*, defendant ("NVIDIA") conceded it knew of the asserted patents well before the patents expired. *Id.*; Ex. 8 at 3 (No. 3:12-cv-06375-JST, Dkt. No. 31). It was against this backdrop that the court stated that "pre-suit expiration of a patent is not dispositive of a claim for willful infringement." *Id.* Response at 12. By not providing context to this quote, GTP obfuscates the legal requirement that liability for willful infringement (or induced infringement) requires knowledge of the patent "during the term of the patent." 35 U.S.C. § 271; *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 642 (2015). Unlike NVIDIA, Samsung never conceded that it knew of the Asserted Patents before their expiration—nor has GTP pled that Samsung had pre-expiration knowledge. GTP's claims for §§ 271(b) and 284 liability should be dismissed.

**B.      GTP Cannot Plead Facts to Support Its Allegation That Samsung Was Willfully Blind to the Asserted Patents Before the Patents Expired**

GTP argues that it properly alleged Samsung was willfully blind to the Asserted Patents' existence. Response at 11. GTP accuses Samsung of "semantic gymnastics," and represents that its willful blindness allegation "is directly analogous to the allegations in *Motiva Patents* that the Court found sufficient." *Id.* Not so.

In *Motiva Patents*, plaintiff ("Motiva") pled the following to support its allegation of defendant's willful blindness:

> 72.      Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Motiva's patent rights.

> 73.      Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

74. Defendant's direct and indirect infringement of the Asserted Patents is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Motiva's rights under the patent.

Mot. Ex. 3 ¶¶ 72–74. Of these three allegations, GTP's allegation is "analogous" to only ¶ 74. Response at 11–12, Mot. at 13 (describing how GTP's allegation is "nearly identical" to ¶ 74 of the Motiva complaint). But the Court in *Motiva Patents* determined that it was the facts alleged in ¶ 72 (and not the legal conclusions alleged in ¶ 74) that established "a factual basis for willful blindness." *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 833 (E.D. Tex. 2019) ("The Complaint includes two factual allegations addressed to willful blindness, each of which is independently sufficient to satisfy the plausibility standard under *Twombly*."). This Court noted that in ¶ 72, "Motiva alleges a specific policy which gives rise to willful blindness. . . . Creating a policy prohibiting review of patents is a specific kind of deliberate action to avoid learning of potential infringement." *Id.* (internal quotations omitted). Further, the Court determined that Motiva alleged "specific acts to implement and enforce its policy," which could "plausibly suggest that additional discovery will reveal evidence in support of Motiva's claim." *Id.* at 834 (quoting Motiva's complaint ¶ 72). As GTP cannot set forth any "factual basis" to allege Samsung's willful blindness, GTP's claims for §§ 271(b) and 284 liability should be dismissed.

## C. GTP Sets Forth Legal Conclusions, Not Facts

Lastly, GTP lists three bullet points to argue that it "properly pled" Samsung's "intent" to induce infringement. Response at 10–11. But these bullet points do not set forth any "factual basis" to allege that Samsung knew of the Asserted Patents to begin with. And if Samsung did not know of the patents, Samsung could not have had any "intent" to induce infringement. Moreover, the bullet points merely recite causes of action for induced infringement and willful infringement, and restate the same legal conclusions GTP made in its Complaint. *See* Mot. at 9-10, 13. But legal conclusions (*i.e.*, Samsung's actions were "willful") must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Merely alleging that Samsung acted "with the knowledge of the [Asserted Patents]" is not enough. *Cf.* Mot. at 10 ("Discussions with Apple"). *See also Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-cv-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) ("Meetrix's legal conclusion that Cisco 'was willfully blind to the Patents-in-Suit' lacks supporting factual allegations").

GTP again selectively quotes snippets from cases to argue that its legal conclusions meet the federal pleading standards. Response at 11. But the Court in *Estech Systems* found the complaint sufficient not just because plaintiff alleged "the elements" for §§ 271(b) and 284 liability, but also because plaintiff "provide[d] facts to support [its] allegations" of defendant's "knowledge of the patent." 2020 WL 6534094, at *4–5. Here, unlike the plaintiff in *Estech Systems*, GTP has not "provide[d] facts to support [its] allegations" of Samsung's knowledge. GTP's reliance on *Alacritech* is similarly misplaced, because there, plaintiff "[did] not contest it did not plead facts concerning pre-suit knowledge." 2017 WL 4230582, at *2. If GTP takes the same position, its claims for §§ 271(b) and 284 relief will necessarily fail.

## III. GTP SHOULD NOT BE GRANTED LEAVE TO AMEND

GTP has not satisfied its pleading obligations at this stage of the case and has not raised a plausible claim for relief. Samsung respectfully requests that the Court grant its Motion, and dismiss GTP's claims of patent infringement with prejudice. Alternatively, if the Court finds that GTP's Complaint may be remedied through Rule 15(a), Response at 13, Samsung requests that the Court permit GTP to amend only its direct infringement claims.

## IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in Samsung's Motion to Dismiss, GTP's complaint should be dismissed in its entirety.

DATED:  May 18, 2021                    Respectfully submitted,

By: _/s/ Christopher W. Kennerly_____
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on May 18, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
