# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 6:13-cv-569 |
| | | **JURY TRIAL DEMANDED** |
| DELL INC. | | |
| Defendant. | | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT
### FOR PATENT INFRINGEMENT

Plaintiff Cellular Communications Equipment LLC files this First Amended Complaint against Dell Inc. for infringement of U.S. Patent No. 6,819,923 ("the '9923 patent"), U.S. Patent No. 7,215,962 ("the '962 patent"), U.S. Patent No. 7,941,174 ("the '174 patent"), U.S. Patent No. 8,055,820 ("the '820 patent"), and U.S. Patent No. 6,810,019 ("the '019 patent").

### THE PARTIES

1.   Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2.   Dell Inc. ("Dell" or "Defendant") is a Delaware corporation with its principal place of business in Round Rock, Texas.  Defendant does business in the State of Texas and in the Eastern District of Texas. This Defendant has been served with process and has appeared.

10. Defendant has and continues to directly infringe one or more claims of the '9923 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 11, by, among other things, making, using, offering for sale, selling and/or importing Dell devices, including, for example: the XPS 10 Tablet, the DW5630 Mini Card (alone and included in Dell computer systems), the DW5560 Mini Card (alone and included in Dell computer systems), the DW5804 Mini Card (alone and included in Dell computer systems), and the DW5540 Mini Card (alone and included in Dell computer systems).  These devices are collectively referred to as the "'9923 Dell Devices."

11. Defendant directly infringes the apparatus claims of the '9923 patent by making, offering to sell, selling, and/or importing the '9923 Dell Devices.  Defendant is thereby liable for direct infringement.

12. CCE has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,215,962)

13. CCE incorporates paragraphs 1 through 6 herein by reference.

14. CCE is the assignee of the '962 patent, entitled "Method for an Intersystem Connection Handover," with ownership of all substantial rights in the '962 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '962 patent is attached as Exhibit B.

15. The '962 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

16. ==Defendant has and continues to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '962 patent== in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 2, 11, 12, and 13, by, among other things, making, using, offering for sale, selling and/or importing Dell mobile devices, including, for example: the XPS 10 Tablet, the DW5802 Mini Card (alone and included in Dell computer systems), the DW5804 Mini Card (alone and included in Dell computer systems), the DW5800 Mini Card (alone and included in Dell computer systems), the DW5630 Mini Card (alone and included in Dell computer systems), and the DW5540 Mini Card (alone and included in Dell computer systems). These devices are collectively referred to as the "'962 Dell Devices."

17. Defendant directly infringes the apparatus claims of the '962 patent by making, offering to sell, selling, and/or importing the '962 Dell Devices. Defendant also directly infringes the '962 patent by making, using, selling, offering to sell, and/or importing the '962 Dell Devices to practice the claimed methods. Defendant is thereby liable for direct infringement.

18. Additionally, Defendant is liable for indirect infringement of the '962 patent because it induces and/or contributes to the direct infringement of the patent by its customers and other end users who use the '962 Dell Devices to practice the claimed methods.

19. Dell has had knowledge of the '962 patent, at least as early as service of the Original Complaint in this action.

20. On information and belief, despite having knowledge of the '962 patent, Defendant has specifically intended and continues to specifically intend for persons who acquire and use the '962 Dell Devices, including Defendant's customers, to use such devices in a manner that infringes the '962 patent, including at least claims 1, 2, 11, 12, and 13. Defendant knew or

**Dated:  March 21, 2014**                              Respectfully submitted,

*/s/ Edward R. Nelson, III*
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgardner@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**