# Exhibit 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., *Plaintiff*, v. TIER 3, INC., SAVVIS COMMUNICATIONS CORP., CENTURYLINK COMMUNICATIONS, LLC, *Defendants*. | Civil Action No. 2:16-cv-693-JRG  JURY TRIAL DEMANDED |

**PLAINTIFF ALACRITECH'S RESPONSE IN OPPOSITION
TO THE CENTURYLINK DEFENDANTS' MOTION TO DISMISS
INDIRECT INFRINGEMENT CLAIMS PURSUANT TO RULE 12(B)(6)**

### I.    INTRODUCTION

Defendants Tier 3, Inc., Savvis Communications Corp., and CenturyLink Communications LLC (collectively "CenturyLink") assert three bases for dismissal of Alacritech's indirect infringement claims. None of CenturyLink's arguments warrants dismissal at this early pleading stage.

*First*, CenturyLink urges the Court to dismiss Alacritech's "pre-suit" indirect infringement claims because Alacritech does not allege that CenturyLink had knowledge of Alacritech's asserted network acceleration technology patents, as required to plead indirect infringement, prior to the filing and service of the original complaint. But CenturyLink does not dispute that Alacritech has explicitly and sufficiently alleged that CenturyLink has known of Alacritech's asserted patents since at least the filing and service of the original complaint in this action. As this Court has repeatedly found, this allegation is enough to allege the knowledge

and *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2-13-cv-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014)). But neither case supports its novel theory.

In *Bush Seismic*, this Court dismissed indirect infringement claims in an original complaint because there were no credible allegations of pre-suit knowledge *and* no allegations that the defendants indirectly infringed post-filing with knowledge of the asserted patents from the filing and service of the complaint because the patentee "could not have had a good faith basis to allege…induced infringement based on post-suit conduct that had not yet occurred." Declaration of Stephen Morton, Dkt. No. 44 ("Morton Decl.") Exh. 1 at 5. This Court explained: "A patentee should not prospectively allege post-filing conduct in an original complaint. Rather, if claims for…induced infringement arise after the lawsuit is filed, the patentee should amend its complaint to include such claims." *Id.* Thus, there were *no* credible allegations of knowledge—pre-suit or post-suit—at all in *Bush Seismic*, and this Court accordingly dismissed the patentee's indirect infringement claim without prejudice to permit later amendment. In contrast, CenturyLink here seeks to dismiss a portion of an indirect infringement claim in Alacritech's First Amended Complaint, where it was proper for Alacritech to allege knowledge based on the filing and service of the original complaint, which had already occurred.

Similarly, in *Babbage Holdings*, there were no allegations of pre-suit knowledge of the asserted patents *and* no plausible allegations of post-filing indirect infringement with knowledge based on the filing and service of the complaint; in that case, the plaintiff's patent expired less than one week after he filed the complaint and *before* the summons and complaint were served. *Babbage Holdings*, 2014 WL 2115616, at *1-2. ==The defendants in *Babbage Holdings* thus had no opportunity to knowingly infringe.== ==Thus, this Court dismissed that plaintiff's indirect==

- 9 -

infringement claim in its totality. *See id.* In contrast, none of the asserted patents in this case have expired and they are all enforceable against post-filing indirect infringement.

Unlike in *Bush Seismic* and *Babbage Holdings*, "it cannot be disputed that [Alacritech] *does* sufficiently plead that [CenturyLink] had knowledge of the asserted patent for at least some time during the infringing period" and, thus, an absence of allegations concerning pre-suit knowledge of the asserted patents "is not a basis to dismiss…indirect infringement claims." *Lochner*, 2012 WL 2595288, at *3. CenturyLink's motion to dismiss on this ground should be denied.

### B. Alacritech Sufficiently Alleges That CenturyLink Had Specific Intent To Induce Infringement

CenturyLink next argues that this Court should dismiss Alacritech's induced infringement claim for failure to allege specific intent. *See* Mot. at 5-7. In fact, the First Amended Complaint's specific intent allegations are more than sufficient to state a claim for induced infringement at the pleading stage.

"[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, --- U.S. ----, 135 S. Ct. 1920, 1926 (2015) (quoting *Global Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). "Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the defendant." *Script Security Solutions L.L.C. v. Amazon.com, Inc.*, No. 2:15-CV-1030, 2016 WL 1055827, at *6 (E.D. Tex. Mar. 17, 2016). However, "it is not necessary to provide detailed factual support for each and every element of inducement" at the pleading stage. *Brain Damage Films*, 2012 WL 3283371, at *3 (citing *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012)); *accord Motorola Mobility, Inc. v. Tivo Inc.*, No. 5:11-cv-053, 2012 WL 12840340, at *3 (E.D.

find that the First Amended Complaint's allegations are insufficient to state a claim, Alacritech respectfully requests that this Court dismiss without prejudice and grant leave to amend. CenturyLink has not requested dismissal with prejudice or without leave to amend.

## V. CONCLUSION

Alacritech's complaint sets forth sufficient allegations of indirect infringement to give CenturyLink fair notice of the claims against them. Together, these detailed allegations are sufficient to state plausible claims for relief. For these reasons, this Court should deny CenturyLink's motion. Should the Court determine that the allegations in the complaint are insufficient, Alacritech respectfully requests that this Court dismiss without prejudice and grant it leave to amend pursuant to Fed. R. Civ. P. 15.

Dated: October 3, 2016

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ Claude M. Stern (w/permission Andrea Fair)
Claude M. Stern
California State Bar No. 96737
*claudestern@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Joseph M. Paunovich
California State Bar No. 228222
*joepaunovich@quinnemanuel.com*
Jordan Brock Kaericher
California State Bar No. 265953
*jordankaericher@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor