# Exhibit 8

I. NEEL CHATTERJEE (STATE BAR NO. 173985)
nchatterjee@orrick.com
VICKIE L. FEEMAN (STATE BAR NO. 177487)
vfeeman@orrick.com
JESSE CHENG (STATE BAR NO. 259909)
jcheng@orrick.com
JAMES FREEDMAN (STATE BAR NO. 287177)
jfreedman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

Attorneys for Defendant
NVIDIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FUZZYSHARP TECHNOLOGIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Case No. 12-cv-6375-JST <br><br> **DEFENDANT NVIDIA CORPORATION'S MOTION TO DISMISS PLAINTIFF FUZZYSHARP'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** <br><br> Date: July 11, 2013 <br> Time: 2:00 p.m. <br> Dept: Courtroom 9, 19th Floor <br> Judge: Jon S. Tigar |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFENDANT NVIDIA'S MOTION TO DISMISS
PLAINTIFF FUZZYSHARP'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-CV-6375-JST

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **ISSUE STATEMENT PURSUANT TO L.R. 7-4(a)(3)**

1. Should Fuzzysharp's Amended Complaint be dismissed with prejudice for failure to state a claim because Fuzzysharp alleges only ongoing infringement of expired patents?

2. Should Count Two of Fuzzysharp's Amended Complaint be dismissed in its entirety with prejudice because Fuzzysharp disregarded this Court's prior Dismissal Order and failed to correct fatal errors in its pleadings?

3. Should Fuzzysharp's claims of willful infringement be dismissed with prejudice because Fuzzysharp was unable or unwilling to plead facts supporting its allegations as required by this Court's prior Dismissal Order?

II. **INTRODUCTION**

Fuzzysharp's Amended Complaint is its third attempt to allege colorable claims of patent infringement against NVIDIA. Two years after dismissing its first suit, Fuzzysharp initiated the present case with a complaint fraught with errors and unsupported by facts. Although Fuzzysharp has now dropped its inadequately pled claims of indirect infringement, its Amended Complaint is still fatally flawed, suffering from many of the same deficiencies that previously resulted in dismissal of its complaint.

Once again, Fuzzysharp alleges that NVIDIA (or Intel) "*is engaged* in wilful (sic) . . . infringement" of the asserted patents. Docket No. 29 (FAC) at ¶¶ 17, 19 (emphasis added). Such allegations should be dismissed for two reasons. First, Fuzzysharp cannot, as a matter of law, accuse NVIDIA of ongoing infringement because the asserted patents expired nearly six months before Fuzzysharp filed suit. Second, Fuzzysharp has not pled facts that show NVIDIA acted despite a high likelihood of infringing a known and valid patent, as required for willful infringement. In responding to this Court's determination that its willfulness pleadings were insufficient, Fuzzysharp simply added an incorrect allegation that it sued NVIDIA in this District on September 10, 2010. Docket No. 29 (FAC) at ¶ 15. Ignoring the errors in this statement, Judge Armstrong's ruling that the patents were invalid made mere notice of the patents

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

DEFENDANT NVIDIA'S MOTION TO DISMISS
PLAINTIFF FUZZYSHARP'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-cv-6375-JST

insufficient to support an inference that NVIDIA acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

Moreover, Count Two of Fuzzysharp's Amended Complaint still alleges infringement of an otherwise unidentified "'0479" patent by "Defendant Intel," a non-party to this action. *See* Docket No. 29 (FAC) at ¶ 19. Fuzzysharp should not be afforded yet another opportunity to articulate its claims at NVIDIA's expense when it is either unwilling or unable to cure previously-identified deficiencies.

### III.    FUZZYSHARP'S FAILED ATTEMPTS TO ASSERT CLAIMS AGAINST NVIDIA

As set forth in NVIDIA's prior motion, Fuzzysharp first sued NVIDIA on U.S. Patent Nos. 6,172,679 and 6,618,047 (the "'679 patent" and "'047 patent") on November 16, 2009, just one month before all asserted claims of those patents were found invalid by Judge Armstrong. *See* Freedman Decl., Ex. A (Docket Sheet for *Fuzzysharp Techs. Inc. v. NVIDIA et al.*, Case No. 5:10-cv-01844 (N.D. Cal. filed Nov. 16, 2009) ("*NVIDIA I*")); *see Fuzzysharp Techs. Inc. v. 3D Labs, Inc.*, No. C 09-5948 SBA, 2009 WL 4899215 (N.D. Cal. Dec. 11, 2009), at *5 ("*3DLabs*"), *vacated* 447 Fed. App'x. 182 (Fed. Cir. 2011); *see also* Docket No. 18 (Motion) at 13-14; Docket No. 24 (Reply) at 3-5.[1]  Following Judge Armstrong's invalidity ruling in *3DLabs*, NVIDIA twice requested that Fuzzysharp dismiss its claims. Each time, Fuzzysharp refused to do so, forcing NVIDIA to engage in a year of unnecessary litigation before Fuzzysharp finally voluntarily dismissed its case when faced with the possibility of sanctions. *See* Freedman Decl., Ex. A (*NVIDIA I* Docket Sheet); Ex. B (*NVIDIA I*, Docket No. 83 (Nov. 1, 2010 Notice of Voluntary Dismissal)); Ex. C (*NVIDIA I*, Docket No. 86 (Nov. 4, 2010 Order)); Ex. D (Transcript of Nov. 1, 2010 Proceedings Before Judge Ware in *NVIDIA I*) at 2-3, 10-11.

---

[1] To the extent necessary, NVIDIA respectfully requests that this Court take judicial notice of Plaintiff's prior litigation, including the proceedings of *NVIDIA I* and *3DLabs*.  *See Intrix-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotations omitted) (noting that "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute").

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

DEFENDANT NVIDIA'S MOTION TO DISMISS
PLAINTIFF FUZZYSHARP'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-cv-6375-JST

Cir. 2009)) (internal quotations and alterations omitted)).

## V. CONCLUSION

NVIDIA respectfully requests that the Court dismiss the entirety of Fuzzysharp's Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The Amended Complaint, which alleges only ongoing infringement of expired patents, should be dismissed with prejudice because it does not state a claim upon which relief can be granted. In the alternative, all claims of willful infringement should be dismissed with prejudice because Fuzzysharp has not and cannot allege facts to support such claims. Count Two should also be dismissed with prejudice because Fuzzysharp failed to correct the same errors that resulted in dismissal of its first complaint, and Fuzzysharp should no longer be permitted to assert the '047 patent against NVIDIA.

Dated: May 31, 2013                              Orrick, Herrington & Sutcliffe LLP


By: _____*/s/ I. Neel Chatterjee*_____
     I. NEEL CHATTERJEE
     Attorneys for Defendant
     NVIDIA CORPORATION

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

DEFENDANT NVIDIA'S MOTION TO DISMISS
PLAINTIFF FUZZYSHARP'S AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)
12-cv-6375-JST