# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>Plaintiff<br><br>v.<br><br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>C.A. NO. 2:21-cv-00040-JRG<br><br>LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**RESPONSE TO DEFENDANTS HUAWEI DEVICE CO., LTD AND HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS**

Plaintiff Gesture Technology Partners, LLC ("GTP") files this Response to Defendants Huawei Device Co., Ltd. and Huawei Device USA, Inc. (collectively, "Defendants") Motion to Dismiss GTP's Complaint (the "Motion" or "Mot."), Dkt. No. 28. For the following reasons, the Motion should be denied in its entirety.

## I. INTRODUCTION

The Motion fails for one primary reason: Defendants inappropriately seek to parse GTP's claims by dividing the case into a pre-filing phase and a post-filing phase. Defendants have inadequate legal support for their proposed division at the pleading stage and arrive at their position only by ignoring the Court's prior decisions and the entirety of the Complaint's allegations. The Motion should therefore be denied.

## II. LEGAL STANDARD

*Rule 12(b)(6) – Motions to Dismiss*. In the Fifth Circuit, a "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint 'fail[s] to state a claim upon which relief can be granted.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (Bryson, J.) (quoting FED. R. CIV. P. 12(b)(6)). "The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, 'but whether [the] complaint was sufficient to cross the federal court's threshold.'" *Id.* (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . .'" *Id.* at 936 (quoting *Skinner*, 562 U.S. at 530; Fed. R Civ. P. 8(a)(2)) (alteration in original).

The plausibility standard is satisfied when the complaint pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence" in support of the alleged claims. *Id*. Thus, particularly when the relevant information is beyond the plaintiff's access, the courts should generally permit discovery to proceed unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

*Rule 15(a) – Leave to Amend*. When deciding motions to dismiss, Federal Rule 15(a) instructs the courts to "freely give leave [to amend] when justice so requires," within the discretion of the Court. FED. R. CIV. P. 15(a)(2); *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593 (E.D. Tex. 2019) (Mazzant, J.). This Court has interpreted Federal Rule 15(a) to "evince[] a bias in favor of granting leave to amend." *Wapp Tech Ltd. P'ship*, 406 F. Supp. 3d at 593 (quoting *Jones v. Robinson Prop Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). Indeed, "district courts must entertain a presumption in favor of granting parties leave to amend." *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 129 (5th Cir. 2015) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)) (internal citation omitted) (holding the district court abused its discretion in denying plaintiffs' request for leave to amend).

*Induced Infringement.* "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). "[I]nducement can be found where there is [e]vidence of active steps taken to encourage direct infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (citations omitted). Inducement also has a knowledge requirement—"liability for inducing infringement attaches only if the defendant knew of the patent and that 'the

2

induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)). Knowledge of the patent can be shown directly or through evidence of willful blindness on the part of the alleged infringer. *See Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019) (Gilstrap, C.J.) (collecting relevant Supreme Court and Federal Circuit cases). In order to prove knowledge by evidence of willful blindness, the patentee must show that (1) the defendant "subjectively believes that there is a high probability that a fact exists and (2) the defendant must have taken deliberate actions to avoid learning of that fact." *Global–Tech*, 563 U.S. at 769 (citations omitted).

<u>*Enhanced Damages*</u>. "In a case of infringement, courts 'may increase the damages up to three times the amount found or assessed.'" *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928 (2016) (quoting 35 U.S.C. § 284). "[A] case presenting 'subjective bad faith' alone could 'sufficiently . . . warrant [an enhanced] fee award,'" *Halo*, 136 S. Ct. at 1933 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014)), as long as the patent infringer's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. This Court has found that "a well-pled claim for willful blindness is sufficient to state a claim for willful infringement." *See Motiva Patents*, 408 F. Supp. 3d at 836–38 (explaining that this determination is "squarely consistent" with the Supreme Court's holdings in *Global-Tech* and *Halo* and to hold otherwise would present a "legal quagmire").

### III. ARGUMENT

#### A. GTP Has Plausibly Pled Induced Infringement.

Defendants' argument that the Complaint fails to plead pre-suit knowledge sufficiently (*see* Dkt. No. 28, Mot. at 5-6) lacks merit because the Court has repeatedly held that "pre-suit" and

3

"post-suit" indirect infringement claims should not be evaluated separately at the pleading stage. For example, in *Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. Jul. 5, 2012) (Gilstrap, J.), the Court declined to dismiss the plaintiff's indirect infringement claims, even though plaintiff did not allege pre-suit knowledge of the asserted patents. The Court rejected the defendants' argument that there was a "'pleading deficiency at least with respect to any allegedly infringing activities that pre-date the filing of the Original Complaint'" and denied defendants' motion to dismiss on that basis. *Id.*; *see also Cellular Comms. Equip. LLC v. HTC Corp.*, No. 6:13-CV-507, 2015 U.S. Dist. LEXIS 179461, at *26-27 (E.D. Tex. Mar. 27, 2015) (Davis, J.) (denying motion to dismiss indirect infringement claims based on failure to allege pre-suit knowledge); *Inmotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 U.S. Dist. LEXIS 112630, at *3-4 (E.D. Tex. Aug. 10, 2012) (Gilstrap, J.) (same). The Court's subsequent jurisprudence confirms that there is no reason "to depart from the reasoning of these cases." *Alacritech Inc. v. Centurylink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 155687, at *8-9 (E.D. Tex. Sept. 4, 2017) (Payne, J.) (denying motion to dismiss pre-suit indirect infringement claims because plaintiff alleged knowledge of the asserted patents as of service of the complaint). As in those cases, the instant Complaint alleges for each Asserted Patent that "Huawei had knowledge of [the Asserted Patents] at least as of the filing of this Complaint. Compl. at ¶¶ 41, 56, 71, 85.

Furthermore, by alleging that Defendants had knowledge "at least as of the filing of this Complaint," GTP has described pre-suit knowledge by Defendants; "[t]he implication is that [Defendant] induced infringement before the complaint was filed. Viewing the facts in the light most favorable to [Plaintiff], the complaint describes pre-suit conduct." *Estech Sys., Inc. v. Target Corp.,* 2020 U.S. Dist. LEXIS 209893, at *17 (Aug. 27, 2020) (Payne, J.) (denying motion to

dismiss indirect infringement claim where plaintiff alleged defendant's knowledge of the asserted patents "at least as of the date when it was notified of the filing of this action."). Viewing the facts in the light most favorable to GTP, the complaint describes pre-suit knowledge that extends to a period prior to the expiration of the patents-in-suit. This allegation is sufficient at the pleading stage under the Court's precedent.

Defendants argue that GTP's claims for willful infringement should be dismissed for the same reason. This argument should also fail. GTP has properly pled that Defendants were willful in their infringement of the Asserted Patents before the lawsuit was filed. *See* Compl. ¶¶ 42, 57, 72, 87. That is more than sufficient to satisfy the pleading standard. Courts have expressly held that pre-suit knowledge of an asserted patent is not required to state a claim for willful infringement even when the asserted patent expired before the complaint was filed. *Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989, *10, 2013 WL 4766877 (N.D. Ca. Dept. 4, 2013) ("The Court concludes that the **pre-suit expiration of a patent is not dispositive of a claim for willful infringement**. Indeed, 'an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286.' . . . the question of whether the alleged infringement occurred 'during the term of the patent' as required by 35 U.S.C. § 271 is a question of fact that cannot be resolved on a motion to dismiss.") (quoting *Genetics Inst., LLC v. Novartis Vaccines & Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) (emphasis added)).

Defendants' request to dismiss GTP's inducement and willful infringement claims should therefore be denied.

### B. If a More Definitive Statement Is Required, GTP Should Be Granted Leave to Amend.

As shown above, GTP has satisfied the pleading requirements of the Federal Rules at this stage of the litigation. If, however, the Court finds that GTP's Complaint falls short in any way

raised by the Motion, the appropriate remedy is not dismissal but rather an order that GTP be granted leave to amend the Complaint to remedy any ambiguity to the extent that information is publicly available. *See Wapp Tech L.P.*, 406 F. Supp. 3d at 600 (granting motion to dismiss and granting plaintiffs leave to amend).

## IV. CONCLUSION

For the foregoing reasons, GTP respectfully requests that the Motion be denied in its entirety. In the alternative, GTP respectfully requests that the Court grant GTP leave to amend its Complaint to cure any deficiencies.

Dated: May 20, 2021

Respectfully submitted,
By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373

johnw@wsltrial.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 20, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams