# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> C.A. NO. 2:21-cv-00040-JRG <br><br> LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | C.A. NO. 2:21-cv-00041-JRG |

## PLAINTIFF GESTURE TECHNOLOGY PARTNERS' SUR-REPLY TO DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS

Plaintiff Gesture Technology Partners, LLC ("GTP") files this sur-reply to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s ("Defendants") Motion to Dismiss GTP's Complaint (the "Motion" or "Mot."), Dkt. No. 23. For the following reasons, the Motion should be denied in its entirety.

## I. ARGUMENT

GTP has plainly identified Defendants' Accused Products in its Complaint, as well as made factual allegations of Defendants' infringement relating to each Asserted patent. Defendants even admit this, stating that GTP links "Accused Features to the asserted claims by way of screenshots," but they argue that GTP was "unsuccessful" for unspecified reasons. Reply at 3. Defendants rely on *Chapterhouse* for their argument that more is required, but they ignore factual allegations made throughout the Complaint that were of the type found to be missing in *Chapterhouse*. Furthermore, while the Court has consistently refused to parse pre-suit knowledge and post-suit knowledge at the pleading stage, Defendants ignore that GTP has pled allegations from which an inference of pre-suit knowledge can be drawn. For at least these reasons, GTP respectfully requests that the Court deny Defendants' motion in its entirety.

### A. GTP Has Satisfied The Pleading Standard For Direct Infringement.

Defendants now claim that Samsung cannot "prepare an answer much less its defenses" due to lack of notice of the accused instrumentalities. Reply at 1. But that is plainly incorrect. In an area of law known for its complexity, the Court's instructions on identifying Accused Instrumentalities at the pleading stage are notable for their clarity: "The pleading requirements set forth in *Twombly* and *Iqbal* do not require a patentee to identify specific products or services by name in the complaint." *Lodsys, LLC v. Brother Int'l Corp.,* No. 2:11-cv-90-JRG, 2012 U.S. Dist. LEXIS 31456 at *13 (E.D. Tex. Mar. 8, 2012) (Gilstrap, J.) (emphasis added) (collecting cases). And GTP has more than met the Court's established pleading requirement, by specifically

identifying the Accused Products in its Complaint. *See* Compl. ¶¶23-24. The Complaint even identifies and describes specific <u>features</u> of the Accused Products with screen shots, narrative explanations, and hyperlinks to additional supporting information (*see, e.g.*, Compl. ¶¶25-30). GTP has clearly identified the Accused Instrumentalities for each asserted patent.

Defendants also assert that they lack fair notice because "GTP has failed to link its screenshots to exemplary claim elements." Reply at 2. That demand is entirely contrary to controlling law. *See K-Tech Telecomms.,* 714 F.3d 1277, 1284 ("It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend . . . Thus, ***a plaintiff in a patent infringement suit is not required to specifically include each element*** of the claims of the asserted patent") (quoting *McZeal*, 501 F.3d at 1357) (emphasis added)). But GTP has provided even more detail regarding how the Accused Products infringe— information that Defendants ignore. Factual allegations of Defendants' infringement of each Asserted Patent are described in detail in Paragraphs 31-91 of the Complaint, including an identification of a specific claim of each patent that is allegedly infringed by the accused products.

Defendants' misplaced attempt to hold GTP to a heightened pleading standard is based on *Chapterhouse, LLC v. Shopify, Inc.,* No. 2:18-CV-00300- JRG, 2018 WL 6981828 (E.D. Tex. Dec. 10, 2018). In that case, the Court's ruling was based on the plaintiff pleading <u>no</u> "accompanying factual allegations." *Id.* at 5. In contrast, GTP's Complaint details how the accused products infringe each exemplary asserted claim and pleads factual information that is more than sufficient to raise a plausible inference that all elements of the asserted claims are infringed. *See* Compl. ¶¶25-91. Nothing more is required. *See Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG, 2016 U.S. Dist. LEXIS 181826, at *14-17 (E.D. Tex. May 13, 2016) (Gilstrap, J.).

To the extent Defendants are seeking to understand more particularly how they infringe the Asserted Patents, that additional information has already been provided in GTP's infringement contentions, which were served on April 28, 2021. *See, e.g., Pers. Audio, LLC v. Google, Inc.,* No. 1:15-cv-350, 2017 U.S. Dist. LEXIS 122635, at *11-12 (E.D. Tex. May 15, 2017) (Clark, J.) (denying a motion to dismiss and "acknowledg[ing] a relationship between the plausibility analysis and early service of infringement contentions"); *MAZ Encryption Techs. LLC,* 2016 U.S. Dist. LEXIS 191607, at *9 ("Allegations to the level of detail contained in infringement contentions are not required at the pleading stage. Indeed, the local rules of this Court require Plaintiff to serve its infringement contentions upon Defendants shortly after the complaint is served and the initial scheduling conference is set."). The accused instrumentalities are fully identified in the Complaint, and Defendants have been provided fair notice. GTP respectfully submits that the Motion should be denied.

### B. GTP Has Plausibly Pled Induced Infringement.

Defendants' argument that the Complaint fails to plead pre-suit knowledge sufficiently (*see* Reply at 4) lacks merit because the Court has repeatedly held that "pre-suit" and "post-suit" indirect infringement claims should not be evaluated separately at the pleading stage. *See, e.g, Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. Jul. 5, 2012) (Gilstrap, J.); *see also Cellular Comms. Equip. LLC v. HTC Corp.*, No. 6:13-CV-507, 2015 U.S. Dist. LEXIS 179461, at *26-27 (E.D. Tex. Mar. 27, 2015) (Davis, J.).

But Defendants also assert that GTP "cannot plead facts alleging Samsung's knowledge of the Asserted Patents before they expired." Reply at 4 (emphasis added). GTP can and has pled an implication of presuit knowledge on the part of Defendants. By alleging that Defendants had knowledge "at least as of the filing of this Complaint," GTP has described pre-suit knowledge by Defendants: "The implication is that [Defendant] induced infringement before the complaint was

filed. Viewing the facts in the light most favorable to [Plaintiff], the complaint describes pre-suit conduct." *Estech Sys., Inc. v. Target Corp.,* 2020 U.S. Dist. LEXIS 209893, at \*17 (Aug. 27, 2020) (Payne, J.) (denying motion to dismiss indirect infringement claim where plaintiff alleged defendant's knowledge of the asserted patents "at least as of the date when it was notified of the filing of this action."). Viewing the facts in the light most favorable to GTP, the complaint describes pre-suit knowledge that extends to a period before the patents-in-suit expired. *See* Compl. ¶¶45, 60, 75, 89 (alleging knowledge by Defendants "at least as of the filing of this Complaint."). This allegation is sufficient at the pleading stage under the Court's precedent. Defendants' request to dismiss GTP's inducement and willful infringement claims should therefore be denied.

### C. If a More Definitive Statement Is Required, GTP Should Be Granted Leave to Amend.

As shown above, GTP has satisfied the pleading requirements of the Federal Rules at this stage of the litigation. If, however, the Court finds that GTP's Complaint falls short in any way raised by the Motion, the appropriate remedy is not dismissal but rather an order that GTP be granted leave to amend the Complaint to remedy any ambiguity to the extent that information is publicly available. *See Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC,* 406 F. Supp. 3d 585, 600 (E.D. Tex. 2019) (Mazzant, J.). (granting motion to dismiss and granting plaintiffs leave to amend).

## II. CONCLUSION

For the foregoing reasons, GTP respectfully requests that the Motion be denied in its entirety. In the alternative, GTP respectfully requests that the Court grant GTP leave to amend its Complaint to cure any deficiencies.

Dated: May 25, 2021                    Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 25, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams