# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.** **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party.  Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

  ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)   provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.   Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.   Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a)   <u>Definitions.</u> For purpose of this Paragraph, "Plaintiff" refers to Gesture Technology Partners LLC; its officers, directors, owners, managers, and employees.  For purposes of this Paragraph, "Defendants" refers to Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively the "Samsung Defendants"); Huawei Device Co., Ltd., and Huawei Device USA, Inc. (collectively the "Huawei Defendants"); and their respective officers, directors, owners, managers, and employees. For purposes of this Paragraph, "Side" means a party or group of parties with a common interest with respect to this lawsuit, with one Side consisting of at least Plaintiff and another Side consisting of at least Defendants.

(b)   <u>Interrogatories.</u> Each Side may serve twenty-five (25) interrogatories on the other Side.  Of the twenty-five interrogatories, the Samsung Defendants and the Huawei Defendants may each serve up to five (5) individual interrogatories, the remaining interrogatories being

joint interrogatories. Of the twenty-five interrogatories, Plaintiff may serve up to five (5) individual interrogatories to the Samsung Defendants and up to five (5) individual interrogatories to the Huawei Defendants, the remaining interrogatories being joint interrogatories. The parties agree to provide initial answers to interrogatories in good faith and to the extent not objected to within thirty (30) days of receipt.

(c) <u>Requests for Admission.</u>  Each side may each serve forty (40) requests for admission. Requests that a party admit to the authenticity of a document or thing that party produced shall not count against the total requests for admission; such authentication requests for admission must be clearly labelled as relating to authentication and the deadline to respond shall be thirty (30) days; the parties are required to meet and confer in good faith prior to serving any such authentication request for admission, and specifically to consider a stipulation regarding authentication as an alternative to use of such requests for admission.

(d) <u>Party Depositions.</u>  Plaintiff may take up to thirty-five (35) total hours of deposition testimony of the Samsung Defendants and Plaintiff may take up to thirty-five (35) total hours of deposition testimony of the Huawei Defendants (inclusive of both Rule 30(b)(1) and Rule 30(b)(6) depositions). Defendants may take up to thirty-five (35) hours of deposition testimony of Plaintiff (inclusive of both Rule 30(b)(1) and Rule 30(b)(6) depositions), with the time to be divided as Defendants deem appropriate. For party witnesses, no more than seven (7) hours of fact deposition shall be taken of any natural person deposed in his or her personal capacity (i.e., not as a designee of an entity under Fed. R. Civ. P. 30(b)(6)). Each natural person providing deposition testimony in his or her capacity as a designee of an entity under Fed. R. Civ. P. 30(b)(6) shall simultaneously testify as to information within his or her personal knowledge. No more than seven (7)

hours of fact deposition may be taken of one person in one day without the consent of the deponent. The parties shall meet and confer in good faith to schedule depositions under Fed. R. Civ. P. 30(b)(6) at a time and place that is convenient for the deponent and the parties. Depositions may be conducted virtually, through remote video, if both parties consent or if necessary to comply with public health orders, including those related to the COVID-19 pandemic. In-person depositions will be conducted at a location that is convenient for the witnesses, or as otherwise agreed upon by the parties. If an interpreter is necessary for a deposition, that witness may be deposed for an additional amount of time up to one half of the standard deposition time.[2] GTP reserves the right to seek additional time for translation-time issues that may arise, and Defendants agree to negotiate those requests in good faith to avoid burdening the court with such a dispute.

(e) <u>Expert Depositions.</u> Each expert may be deposed for up to seven (7) hours per report. If an expert submits a report on a single topic that is common to multiple parties (for example, relating to invalidity), then the other Side shall be entitled to only seven (7) total hours of deposition for that report. (If there are multiple parties on such other Side, they may divide the time as they deem appropriate.) If a Party uses the same expert but submits two reports on two different topics (for example, one relating to infringement and one relating to invalidity), then the other Side shall be entitled to fourteen (14) total hours of deposition of that expert (still limited to seven (7) hours per report). (If there are multiple parties on such other Side, they may divide the time as they deem appropriate.) If an expert submits a single report on two different topics (for example, relating to both infringement by

---

[2] The limitation on the maximum hours any deponent may deposed in one day still applies; a deposition requiring longer than 7 actual hours shall continue to the next day unless otherwise agreed by the parties.

Huawei and infringement by Samsung) the report will be deemed to be two reports and the other Side will be entitled to fourteen (14) total hours of deposition of that expert (still limited to seven (7) hours per report). (If there are multiple parties on such other Side, they may divide the time as they deem appropriate.) These examples are meant to be illustrative for clarification purposes and are not meant to be exhaustive. No more than seven (7) hours of deposition may be taken of one person in one day without the consent of the deponent. The number of expert deposition hours may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular deposition or if any side seeks more than the number of designated hours set forth herein, the parties agree to meet and confer in a good faith attempt to resolve the issue without the need for intervention by the Court.

(f) <u>Non-party Depositions.</u> Each side shall be limited to sixty (60) hours of non-party depositions. If an interpreter is necessary for a deposition, that witness may be deposed for an additional amount of time up to one-half of the deposition time.

(g) E-Discovery. The parties believe entry of an Order Regarding E-Discovery in Patent Cases is appropriate and will be submitting such an order to the Court which will govern all discovery and production of Electronically Stored Information.

Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without

revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written

statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.** The parties stipulate and agree as follows:

a. <u>Service by Electronic Mail.</u> The parties will make every effort to serve by email all documents filed under seal within two (2) hours. A party may serve all documents by e-mail on another party by sending the documents to the email group address designated by a party, or if no such group is designated, to email address for all counsel of record for the party.[3] Documents e-mailed by 11:59 p.m. CT shall be deemed timely served.

---

[3] Service via FTP site with emailed link and (if applicable) password information or other appropriate electronic means shall be deemed to comport with the requirements of electronic service.

b. <u>Production of Materials Obtained Via Third-party Subpoena.</u> A party who intends to serve a subpoena on a third party shall serve a notice and a copy of the subpoena on each other party before it is served on the person to whom the subpoena is directed. A party who receives documents from a third party pursuant to a subpoena will endeavor in good faith to reproduce those documents to the other party within three (3) business days. Where reproduction of documents within 3 business days is not reasonably practicable, the party who received the documents will provide prompt notice to the other party (within 3 business days) and will work in good faith to resolve the issue on a case-by-case basis. The parties agree to consult with each other before scheduling any third-party deposition or inspection and to provide at least five (5) business days' notice to allow for the coordination of the depositions or inspections.

c. <u>Expert Disclosures.</u> The parties agree that the protections provided in FRCP 26(b)(4)(B) and (C) will apply equally to expert declarations as they do to expert reports, including both drafts of declarations and communications related to declarations. Pursuant to FRCP 26(b)(4), draft expert reports, outlines, notes, and any other writings leading up to an expert's final report(s) are exempt from discovery. In addition, all communications with and all materials generated by an expert with respect to his or her work on this action are exempt from discovery unless considered by the expert in forming his or her opinions. The materials exempt from discovery listed in this subsection do not need to be logged in a privilege log. If an expert produces a report, the expert must produce his or her final report and all materials which the expert relied on, to the extent they have not already been produced.

d. <u>Non-Waiver of Privilege.</u>  A party's inadvertent production of materials covered by the attorney-client privilege, work-product protection, common interest privilege, or similar exemption from discoverability is not a waiver in the pending case or any other federal or state proceeding.  For example, the mere production of privileged or work-product protected documents in this case as part of a larger production is not itself a waiver in this case or any other federal or state proceeding.  A producing party may assert privilege or work product protection over any produced documents after becoming aware of the production by notifying the receiving party of the assertion of privilege or protection in writing.  For any document produced for which such notice is given, the producing party must promptly supply a privilege log supporting the claim of privilege with respect to the documents at issue, thereby enabling the receiving party to dispute the assertion of privilege or protection in accordance with Paragraph 6 above.  In response to such notice, the receiving party shall promptly return and/or destroy the produced materials, and destroy any copies and/or work product created from such materials, within at most three (3) days.

e. <u>Privilege Log.</u>  The parties agree that, except as provided in Paragraph 12(d) above, the parties shall not be required to log (1) any privileged document or communication created on or after February 4, 2021 (the filing date of the Original Complaint in this case) or (2) any communication relating to the subject matter of this case that includes outside counsel of record in this case.  The parties reserve all rights to seek discovery relating to communications created before the filing of this lawsuit.

**13. Standing Orders.**  The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at  [http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17](http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=17).  The

substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.