# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:21-cv-00040-JRG |
| v. | ) ) | |
| HUAWEI DEVICE CO., LTD., and HUAWEI DEVICE USA, INC., | ) ) ) ) | (*Lead Case*) |
| Defendants. | ) ) | |
| GESTURE TECHNOLOGY PARTNERS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:21-cv-00041-JRG |
| v. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | ) ) ) ) | (*Member Case*) |
| Defendants. | ) | |

**DEFENDANTS HUAWEI DEVICE CO., LTD AND HUAWEI
DEVICE USA, INC.'S REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO
DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

In its Response to Defendants' Partial Motion to Dismiss (Dkt. No. 35), Gesture Technology Partners, LLC ("GTP") does not, and cannot, explain how its inducement and willfulness claims survive despite the undisputed fact that each Asserted Patent was expired when Huawei allegedly first learned of the Asserted Patents through the filing of the Complaint. This fact undercuts GTP's argument and distinguishes this case from the cases cited by GTP. A plausible claim of inducement or willfulness requires, at a minimum, that Huawei had knowledge of the Asserted Patents before expiration. The Complaint does not plead any facts that would support such a claim. Thus, GTP's inducement and willfulness claims should be dismissed.

## I. GTP HAS NOT PLED A PLAUSIBLE CLAIM OF INDUCED INFRINGEMENT

GTP does not dispute that all of the Asserted Patents expired before the Complaint was filed. GTP also acknowledges that a plausible claim for induced infringement "attaches only if defendant knew of the patent and that 'the induced acts constitute patent infringement.'" Dkt. No. 35 at 2-3 (quoting *Commil USA, LLC. v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)). Nonetheless, GTP alleges that its inducement claim should proceed because "the Court has repeatedly held that 'pre-suit' and 'post-suit' indirect infringement claims should not be evaluated separately at the pleading stage." *Id*. at 3-4.

GTP's argument misses the point. To support a claim of inducement, the complaint must allege that the defendant "had knowledge of the asserted patent ***for at least some time during the infringing period***." *See Lochner Techs., LLC v. AT Labs Inc*., No. 2:11-cv-242-JRG, 2012 WL 2595288, at *3 (E.D. Tex. July 5, 2012) (emphasis added). In the cases cited by GTP, the Court declined to dismiss an indirect infringement claim due to a lack of pre-suit knowledge of the patent because the defendant's alleged ongoing (post-suit) infringement was sufficient to support an inducement claim. Hence, there was no reason to separate pre- and post-filing inducement since

either was sufficient to support the claim. Here, in contrast, there can be no post-suit inducement because the Asserted Patents expired before the Complaint was filed. Thus, unlike the cases cited by GTP, GTP's inducement claim cannot survive based on post-suit inducement alone.

For example, in *Lochner*, the complaint alleged that "[e]ach defendant **has been and now is** jointly and indirectly infringing by way of inducing infringement." 2012 WL 2595288, at *1 (emphasis added). The defendants argued that the operative complaint was deficient "with respect to any allegedly infringing activities that pre-date the filing of the Original Complaint." *Id*. at *3. The Court declined to dismiss the inducement claim because "it cannot be disputed that [Plaintiff] *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent ***for at least some time during the infringing period***." *Id*. (emphasis in bold italics added). Here, on the other hand, alleging that Huawei knew of the Asserted Patents "at least as of the filing of this Complaint" does not plead knowledge "for at least some time during the infringing period" since the Complaint was filed well after any "infringing period."

Similarly, in *Cellular Communications Equipment LLC v. HTC Corp*., the complaint alleged that the defendants "**have and continue** to actively induce infringement." No. 6:13-cv-507, 2015 WL 11118110, at *3 (emphasis added). The Court declined to dismiss the inducement claim in view of plausible post-suit inducement and, additionally, because plaintiff alleged specific facts regarding how some defendants gained pre-suit knowledge of the asserted patents. *Id.* at *4. Like *Lochner*, this case would support GTP's position if there was a viable claim for post-suit inducement against Huawei, which there is not.

A similar analysis applies in the other cases cited by GTP. *See InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-cv-414-JRG, 2012 WL 3283371, at *1 (E.D. Tex. Aug. 10, 2012) (complaint alleges that defendant "has infringed **and continues to infringe** one or more

claims of the '291 patent") (emphasis added); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-00693-RWS-RSP, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017) (Payne, J.) (denying motion to dismiss based on an alleged lack of pre-suit knowledge when post-suit knowledge presents viable inducement claim);[1] *see also Estech Sys., Inc. v. Wells Fargo & Co.*, No. 2:20-cv-00128-JRG-RSP, 2020 WL 6534094, at *5 (E.D. Tex. Aug. 27, 2020) (Payne, J.) (denying motion to dismiss indirect infringement claim where "the complaint describes pre-suit conduct ***that continued after the complaint was filed***.") (emphasis added).

This Court's decision in *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-cv-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) is far more analogous. *Babbage* was discussed throughout Huawei's Motion. *See* Dkt. No. 28 at 5-6. Yet, it is not even mentioned in GTP's Response. In *Babbage*, unlike in the cases cited by GTP, the complaint was not served until after the patent expired. *Id.* at *2. Because the filing of the complaint was the only fact pled to support defendant's knowledge of the patent, the indirect infringement claims were dismissed with prejudice. *Id.* ("Babbage's indirect infringement claims must fail for the lack of any plausible allegation of Defendants' actual knowledge of the [asserted] Patent while it was still in force.").

GTP also alleges that "by alleging that Defendants had knowledge 'at least as of the filing of this Complaint,' GTP has described pre-suit knowledge by Defendants." Dkt. No. 35 at 4. GTP is incorrect. This statement does not describe ***any*** facts regarding pre-suit knowledge by Huawei. At most, it asserts that knowledge came from the Complaint itself. However, knowledge gained from the filing of the Complaint is insufficient since the patents were expired at that time. *See*

---

[1] The briefing in *Alacritech* confirms that the patents in that case had not expired at the time of the Complaint. *See* Alacritech's Opposition (Dkt. No. 60) at 10 ("none of the asserted patents in this case have expired and they are all enforceable against post-filing indirect infringement.") This Opposition is attached here as Exhibit A.

*Babbage*, 2014 WL 2115616 at *2. Indeed, an identical averment in *Babbage* was insufficient to support an inducement claim. *Id*. The *Estech* case cited by GTP (Dkt. No. 35 at 4-5) also does not support its position. As mentioned above, *Estech* involved alleged continuing infringement that post-dated the complaint. *Estech*, 2020 WL 6534094, at *5.

## II. GTP HAS NOT PLED A PLAUSIBLE CLAIM OF WILLFUL INFRINGEMENT

GTP's willfulness claim fails for the same basic reason: GTP has not raised a plausible claim that Huawei had knowledge of the Asserted Patents, much less its alleged infringement, at any point before the Asserted Patents expired. *See Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1930-33 (2016) (willful infringement is that which is "intentional or knowing").

GTP's reliance on a 2013 opinion from the Northern District of California for the proposition that knowledge of expired patents can give rise to a claim for willful infringement is misplaced. *See* Dkt. No. 35 at 5 (citing *FuzzySharp Techs. Inc. v. Nvidia Corp*., No. 3:12-cv-06375-JST, 2013 WL 4766877, at *10 (N.D. Cal. Sept. 4, 2013)). In *FuzzySharp*, defendant ("NVIDIA") conceded it knew of the asserted patents well before the patents expired. *Id*. at *3 ("NVIDIA does not dispute that it had knowledge of the '679 patent or that FuzzySharp sued NVIDIA for patent infringement of the '679 patent in this district prior to the filing of this action."). It was against this backdrop that the court stated that "pre-suit expiration of a patent is not dispositive of a claim for willful infringement." *Id*. By not providing context to this quote, GTP obfuscates the legal requirement that liability for willful infringement requires knowledge of the patent during the term of the patent. *Commil USA, LLC v. Cisco Sys., Inc*., 575 U.S. 632, 642 (2015). Unlike NVIDIA, Huawei never conceded that it knew of the Asserted Patents before their expiration, nor has GTP pled that Huawei had pre-expiration knowledge.

## III. GTP SHOULD NOT BE GRANTED LEAVE TO AMEND

GTP should not be given leave to amend. GTP already had ample opportunity, first in its Complaint and then in opposing this motion, to provide a basis to allege that Huawei had knowledge of the Asserted Patents prior to their expiration sufficient to support either inducement or willful infringement. GTP failed to do so. Huawei respectfully requests that the Court dismiss GTP's claims of patent infringement with prejudice. *See Babbage*, 2014 WL 2115616, at *2 (dismissing inducement claim with prejudice under similar circumstances).

## IV. CONCLUSION

For the foregoing reasons, the allegations of induced infringement and willful infringement as to each Asserted Patent should be dismissed with prejudice.

Dated: May 27, 2021

Respectfully submitted,

By:   */s/ J. Mark Mann*
    J. Mark Mann (TX ID No. 12926150)
    mark@themannfirm.com
    G. Blake Thompson (TX ID No. 24042033)
    blake@themannfirm.com
    **MANN | TINDEL | THOMPSON**
    201 E. Howard Street
    Henderson, TX 75654
    903.657.8540
    903.657.6003 (fax)

    Kent E. Baldauf, Jr. (PA ID No. 70793)
    Bryan P. Clark (PA ID No. 205708)
    **THE WEBB LAW FIRM**
    One Gateway Center
    420 Ft. Duquesne Blvd., Suite 1200
    Pittsburgh, PA 15222
    412.471.8815
    412.471.4094 (fax)
    kbaldaufjr@webblaw.com
    bclark@webblaw.com

    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2021, I electronically filed the foregoing **DEFENDANTS HUAWEI DEVICE CO., LTD AND HUAWEI DEVICE USA, INC.'S REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of Court using the CM/ECF system which sent notification to all counsel of record.

                                                    s/ *J. Mark Mann*
                                                    **J. Mark Mann**