# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

## JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER

Defendants Huawei Device Co., LtD., Huawei Device USA, Inc. (together "Huawei"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together "Samsung") (collectively "Defendants") and Plaintiff Gesture Technology Partners, LLC ("Plaintiff" or "GTP") (collectively "the Parties") submit the Proposed Disputed Protective Order Attached as **Exhibit A** (the Parties' respective proposals with respect to disputed provisions being indicated with Plaintiff's Proposal and Defendants' Proposal). Through their meet and confer efforts, the Parties were able to reach agreement on almost all provisions of the Protective Order, but were

-1-

unable to reach agreement and have a dispute regarding (1) the copying and printing of source code detailed in ¶¶ 10(b), (g), and (m); and (2) the length of the prosecution bar detailed in ¶ 11. The Parties' competing proposals and arguments are presented below:

I.  **PLAINTIFF'S POSITION**

   A.  **Source Code Printing ¶ 10(b)**

GTP believes that Defendants' proposal would impose unreasonable restrictions on GTP's ability to conduct discovery. GTP has accused numerous features of Defendants' many devices and applications for which source code will likely cover hundreds of continuous blocks and thousands of pages. Consistent with the model order's provision for reasonable numbers of printouts, GTP believes that its proposed limitations of 100 pages of continuous blocks of source code and 2,500 pages is reasonable and proportional to the needs of the case. Furthermore, Defendants' proposed restrictions would give Defendants the right to unilaterally determine whether requested printouts are excessive or unreasonable. Defendants' position would essentially allow Defendants to dictate the scope of discovery to GTP and restrict its ability to work with its experts and counsel.

Defendants' position seeks to impose burden on GTP, which is inconsistent with prior rulings in this District. "The producing party should bear the burden of showing why it should not comply with a request for additional pages." *Smartflash LLC v. Apple Inc.*, No. 6:13cv447, 2014 U.S. Dist. LEXIS 185186, at *18 (E.D. Tex. May 12, 2014). "Generally, the party seeking to limit discovery bears the burden of showing good cause." *Id*. citing *GeoTag v. Frontier Commn's Corp., et al.*, No. 10-cv-00570, 2013 U.S. Dist. LEXIS 25774, *2 (E.D. Tex. Jan. 8, 2013). Defendants have offered no reason why the burden should be shifted to the Plaintiff, nor have they shown good cause.

### B. Source Code Printing ¶ 10(g)

As with paragraph 10(b), GTP believes that its proposal allowing for 500 total lines of code is reasonable and proportional to the needs of the case. Defendants' proposal would unreasonably and arbitrarily limit GTP's access to and use of source code in the case.

### C. Source Code Printing ¶ 10(m)

As with paragraphs 10(b) and 10(g), Defendants are improperly shifting the burden to GTP and limit discovery. GTP believes it should be allowed to make a reasonable number of printouts and photocopies of source code, yet Defendants seek to place additional burden on GTP for requesting this discovery. Under Defendants' proposal, Defendants could arbitrarily dictate what they believe constitutes a reasonable need for GTP's source code discovery. This is inconsistent with the model order and prior rulings of the Court.

### D. Prosecution Bar ¶ 11

GTP believes that Defendants' proposals would place an unnecessary burden on the prosecution of any potential patent well beyond the conclusion of this case. A one-year prosecution bar is appropriate, sufficient, and accords with the Court's precedent. Defendants bear the burden of justifying a more onerous prosecution bar, and they must demonstrate good cause for such a bar. *See In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. May 27, 2010). They have not carried that burden to show that good cause exists here for a multi-year bar.

## II. DEFENDANTS' POSITION

### A. Source Code Printing

Defendants respectfully request that the Court limit (i) the printing of source code to 50 continuous pages and no more than 1,250 total pages of source code in ¶ 10(b); and (ii) the copying of source code by experts to 250 total lines of code in ¶ 10(g). This Court has previously upheld much lower limitations in the interest of preventing inadvertent disclosure of highly sensitive

source code. *See E-Contact Techs. LLC v. Apple Inc.*, No. 1:11-cv-426, 2012 WL 11924448 at *3 (E.D. Tex. June 19, 2012) (determining that 10 continuous pages and 500 total pages of source code permits "reasonable accountability for the review and printing of source code"). As in *E-Contact*, here Defendants have agreed to allow for the additional printing of source code, in good faith should Plaintiff articulate a reasonable request for permission to print the extra pages. Further, in line with this Court's holding in *E-Contact*, Defendants originally proposed 15 continuous pages, 400 total pages, and 50 total lines of source code. Defendants have twice increased those proposed limits in an effort to reach a compromise agreement. Plaintiff, however, has steadfastly refused to decrease its proposed limits. The limits proposed by Defendants are more than sufficient in this case, even considering the multiplicity of camera-related functions accused by Plaintiff.

It is undisputed that source code is critically important, is sensitive enough to warrant its own section in the Protective Order, is offered greater protection than any other designation in the Protective Order, and cannot be disclosed even among all the Parties in this action. Defendants will provide GTP access to the necessary source code in a convenient manner, but cannot agree to terms that prevent reasonable accountability for the review and printing of its highly sensitive and proprietary information. Plaintiff's proposal on printed pages is ***more than ten times*** what this Court found appropriate in *E-Contact*, and double what Defendants proposed in an effort to reach a compromise agreement.

Lastly, Defendants request reasonable restrictions to minimize the risk of inadvertent disclosure of source code. Defendants propose two additional requirements in ¶ 10(b): (i) the requesting Party must articulate a reasonable need to print additional source code pages beyond the agreed upon total; and (ii) if the producing Party believes the printed source code pages are

excessive or not printed for a permitted purpose, the Parties will promptly meet and confer to resolve any objections before source code is produced. Similarly, in ¶ 10(m), Defendants propose that the producing Party will provide in good faith a reasonable number of additional source code printouts once the requesting Party articulates a reasonable need for additional printouts. These provisions ensure that GTP can access the information it needs to pursue its case, while ensuring reasonable accountability for the review and printing of source code. *See E-Contact Techs. LLC v. Apple Inc.*, No. 1:11-cv-426, 2012 WL 11924448 at *3-4 (E.D. Tex. June 19, 2012) ("Although Defendants' proposal may make the process more time-consuming, the Court balances this cost against Defendants' interest in the confidentiality of their source code and permits reasonable accountability for the review and printing of the source code.")

### B. Prosecution Bar

Defendants respectfully request that the Court impose a two-year prosecution bar given the quantity and sensitivity of the source code involved. Such a provision is necessary to protect against the inadvertent disclosure of Defendants' highly sensitive proprietary information. The Federal Circuit has recognized that attorneys and retained experts cannot always separate what they learned from legitimate sources from, instead, what they learned by analyzing a defendant's confidential information. *See In re Deutsche Bank Trust Co. Am*., 605 F.3d 1373, 1378 (Fed. Cir. 2010). This Court routinely imposes two-year prosecution bars when there is a high quantity and sensitivity of material. *See Karamelion LLC v. ADT LLC*, No. 2:18-cv-00330, Dkt No. 36 (Jan. 24, 2019) (ordering a two-year prosecution bar and stating that in "[b]alancing the rights of the Defendants to protect their confidential information against the Plaintiff's right to innovate, the Court finds that the quantity and sensitivity of Defendants' confidential and proprietary information indicates that an upward departure of the standard 1-year prosecution bar is justified"). Here, GTP is accusing a multitude of camera-related accused features and over 40 mobile devices,

implicating large swaths of sensitive and proprietary source code, and GTP is further requesting to be allowed to print thousands of pages of source code.  The high quantity and sensitivity of information requires more than a one-year bar.  Further, as in *Karamelion*, Defendants originally proposed a 3-year bar and as a compromise now propose a 2-year bar.  Plaintiff, however, has steadfastly refused to compromise.  Defendants respectfully request this Court impose the two-year prosecution bar as requested.

| | |
|---|---|
| Date: June 3, 2021 | Respectfully submitted, |
| | |
| /s/ Fred I. Williams | /s/ Christopher W. Kennerly |
| Fred I. Williams | Christopher W. Kennerly (TX Bar No. 00795077) |
| Texas State Bar No. 00794855 | chriskennerly@paulhastings.com |
| Michael Simons | Radhesh Devendran (*pro hac vice*) |
| Texas State Bar No. 24008042 | radheshdevendran@paulhastings.com |
| Jonathan L. Hardt | PAUL HASTINGS LLP |
| Texas State Bar No. 24039906 | 1117 S. California Avenue |
| WILLIAMS SIMONS & LANDIS PLLC | Palo Alto, CA 94304 |
| 327 Congress Ave., Suite 490 | Telephone: (650) 320-1800 |
| Austin, TX 78701 | Facsimile: (650) 320-1900 |
| Tel: 512-543-1354 | |
| fwilliams@wsltrial.com | Allan M. Soobert |
| msimons@wsltrial.com | allansoobert@paulhastings.com |
| jhardt@wsltrial.com | PAUL HASTINGS LLP |
| | 2050 M Street NW |
| Todd E. Landis | Washington, D.C. 20036 |
| State Bar No. 24030226 | Telephone: 202-551-1700 |
| WILLIAMS SIMONS & LANDIS PLLC | Facsimile: 202-551-1705 |
| 2633 McKinney Ave., Suite 130 #366 | |
| Dallas, TX 75204 | Elizabeth L. Brann |
| Tel: 512-543-1357 | elizabethbrann@paulhastings.com |
| tlandis@wsltrial.com | PAUL HASTINGS LLP |
| | 4747 Executive Drive, 12th Floor |
| John Wittenzellner | San Diego, CA 92121 |
| Pennsylvania State Bar No. 308996 | Telephone: (858) 458-3000 |
| WILLIAMS SIMONS & LANDIS PLLC | Facsimile: (858) 458-3005 |
| 1735 Market Street, Suite A #453 | |
| Philadelphia, PA 19103 | Robert Laurenzi |
| Tel: 512-543-1373 | robertlaurenzi@paulhastings.com |
| johnw@wsltrial.com | PAUL HASTINGS LLP |
| | 200 Park Avenue |
| *Attorneys for Plaintiff* | New York, NY 10166 |
| *Gesture Technology Partners, LLC* | Telephone: (212) 318-6000 |
| | Facsimile: (212) 319-4090 |
| | |
| | Melissa R. Smith (TX Bar No. 24001351) |
| | GILLAM & SMITH, LLP |
| | 303 S. Washington Ave. |
| | Marshall, TX 75670 |
| | Telephone: (903) 934-8450 |
| | Facsimile: (903) 934-9257 |
| | melissa@gillamsmithlaw.com |

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN TINDEL & THOMPSON**
201 E. Howard Street
903.657.8540
903.657.6003 (fax)
*AND*
Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

*Attorneys for Defendants Huawei Device Co., LtD., Huawei Device USA, Inc.,*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on June 2, 2021 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

             */s/ Christopher W. Kennerly*
             Christopher W. Kennerly

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 3, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                        */s/ Christopher W. Kennerly*
                                                        Christopher W. Kennerly