# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>      Plaintiff<br><br>  v.<br><br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>      Defendants. | **JURY TRIAL DEMANDED**<br><br>C.A. NO. 2:21-cv-00040-JRG<br><br>LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>      Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**PLAINTIFF GESTURE TECHNOLOGY PARTNERS, LLC' SUR-REPLY TO DEFENDANTS HUAWEI DEVICE CO., LTD AND HUAWEI DEVICE USA, INC.'S PARTIAL MOTION TO DISMISS**

Plaintiff Gesture Technology Partners, LLC ("GTP") files this sur-reply on Defendants Huawei Device Co., Ltd. ("Huawei Device") and Huawei Device USA, Inc.'s ("Huawei USA") (collectively "Huawei" or "Defendants") Partial Motion to Dismiss Plaintiff's Original Complaint for Patent Infringement (the "Motion" or "Mot."), Dkt. No. 28. For the following reasons, the Motion should be denied in its entirety.

I.  ARGUMENT

Huawei's Reply reiterates the Motion's insupportable argument that the Complaint's claims of pre-suit indirect and willful infringement should be dismissed. *See* Reply at 2-5; Mot. at 5-6. Both of those arguments are unsupported by the law of this Court. GTP has made sufficient factual allegations of Huawei's infringement relating to each Asserted Patent to support its claims for induced and willful infringement. While the Court has consistently refused to parse pre-suit knowledge and post-suit knowledge at the pleading stage, Huawei ignores that GTP has pled allegations from which an inference of pre-suit knowledge can be drawn. For at least these reasons, GTP respectfully requests that the Court deny Huawei's motion in its entirety.

   A.  **GTP Has Plausibly Pled Induced Infringement.**

Huawei's argument that the Complaint fails sufficiently to plead pre-suit knowledge (*see* Reply at 2) lacks merit because the Court has repeatedly held that "pre-suit" and "post-suit" indirect infringement claims should not be evaluated separately at the pleading stage. *See, e.g, Lochner Techs., LLC v. AT Labs Inc.*, No. 2:11-CV-242, 2012 U.S. Dist. LEXIS 92924, at *9-10 (E.D. Tex. Jul. 5, 2012) (Gilstrap, J.); *see also Cellular Comms. Equip. LLC v. HTC Corp.*, No. 6:13-CV-507, 2015 U.S. Dist. LEXIS 179461, at *26-27 (E.D. Tex. Mar. 27, 2015) (Davis, J.).

1

Huawei argues that GTP has not pled facts that Huawei had knowledge of the Asserted Patents before they expired.  Reply at 2.  GTP, however, can and has sufficiently pled pre-suit knowledge by Huawei.  For example, with regards to the '924 patent, GTP has pled as follows:

> Huawei has also indirectly infringed one or more claims of the '924 patent by inducing others to directly infringe the '924 patent.  Huawei has induced end-users and other third-parties to directly infringe (literally or under the doctrine of equivalents) the '924 patent by using the Accused Products.  <u>Huawei took active steps</u>, directly or through contractual relationships with others, <u>with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '924 patent, including, for example, Claim 1 of the '924 patent</u>.  Such steps by Huawei included, among other things, advising or directing end-users and other third-parties to use the Accused Features in the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide end-users and other third-parties to use the Accused Products in an infringing manner.  Huawei performed these steps, which constitute induced infringement with the knowledge of the '924 patent and <u>with the knowledge that the induced acts constitute infringement</u>.  Huawei was aware that the normal and customary use of the Accused Products by others would infringe the '924 patent.  Huawei's direct infringement of the '924 patent was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

Compl., ¶42 (emphasis added).  GTP has made similar allegations for the other Asserted Patents.  *See* Compl., ¶¶57, 72, 86.  These are the exact same type of allegations that the Court has previously found sufficient to support claims for induced infringement. *See Estech Sys., Inc. v. Target Corp.,* 2020 U.S. Dist. LEXIS 209893, at *16-17 (Aug. 27, 2020) (Payne, J.) (denying motion to dismiss indirect infringement claim where plaintiff alleged defendant's knowledge of the asserted patents "at least as of the date when it was notified of the filing of this action.").  By alleging that Defendants had knowledge "at least as of the filing of this Complaint," GTP has described pre-suit knowledge by Defendants:  "The implication is that [Defendant] induced infringement before the complaint was filed.  Viewing the facts in the light most favorable to [Plaintiff], the complaint describes pre-suit conduct." *Id*. at *17.  Viewing the facts in the light most favorable to GTP, the complaint describes pre-suit knowledge that extends to a period prior

2

to the expiration of the patents-in-suit. *See* Compl. ¶¶41, 56, 71, 85 (alleging knowledge by Defendants "at least as of the filing of this Complaint."). This allegation is sufficient at the pleading stage under the Court's precedent.

### B. GTP Has Plausibly Pled Willful Infringement.

Huawei argues that GTP's claims of willful infringement should be dismissed for the same reasons as the induced infringement claims. Reply at 5. That argument should also fail. As GTP cited in its Response brief, courts have held that pre-suit knowledge of an asserted patent is not required to state a claim for willful infringement even when the asserted patent expired before the complaint was filed. *Fuzzysharp Techs. Inc. v. Nvidia Corp.*, 2013 U.S. Dist. LEXIS 126989, *10, 2013 WL 4766877 (N.D. Cal. Dept. 4, 2013). Huawei attempts to differentiate *Fuzzysharp* by arguing that it has not conceded knowledge of the Asserted Patents as *Nvidia* did. Reply at 5. But whether Huawei concedes knowledge of the Asserted Patents at the pleading stage is not determinative. GTP has only to make a plausible allegation that Huawei had pre-suit knowledge of the Asserted Patents before their expiration. *See Addiction and Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed App'x. 934, 936 (Fed. Cir. 2015) ("Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument.") (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). GTP has explicitly pleaded that Huawei's direct infringement "was willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent." Compl. at ¶¶57, 72, 86.

### C. If a More Definitive Statement Is Required, GTP Should Be Granted Leave to Amend.

As shown above, GTP has satisfied the pleading requirements of the Federal Rules at this stage of the litigation. If, however, the Court finds that GTP's Complaint falls short in any way

3

raised by the Motion, the appropriate remedy is not dismissal but rather an order that GTP be granted leave to amend the Complaint to remedy any ambiguity to the extent that information is publicly available. *See Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC,* 406 F. Supp. 3d 585, 600 (E.D. Tex. 2019) (Mazzant, J.). (granting motion to dismiss and granting plaintiffs leave to amend).

## II. CONCLUSION

For the foregoing reasons, GTP respectfully requests that the Motion be denied in its entirety. In the alternative, GTP respectfully requests that the Court grant GTP leave to amend its Complaint to cure any deficiencies.

Dated: June 3, 2021

Respectfully submitted,

By: */s/ Todd E. Landis*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC

1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

/s/ Todd E. Landis
Todd E. Landis