# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| Plaintiff | § | |
| v. | § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| Plaintiff | § | |
| v. | § § | CASE NO. 2:21-cv-00041-JRG (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**SAMSUNG DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND/OR COMPEL INFRINGEMENT CONTENTIONS COMPLYING WITH THE COURT'S PATENT RULES**

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND ................................................................................................... 2

III.   APPLICABLE LAW ........................................................................................... 5

IV.   ARGUMENT ....................................................................................................... 6

     A.    GTP's AICs Should be Supplemented or Stricken under Patent Rule 3-1(c) for Failure to Provide GTP's Theory of Infringement as to Each Asserted Feature As Used By the Accused Products............................................................ 6

          1.    GTP's AICs Fail to Provide Full and Fair Notice of GTP's Theory of Infringement for Each Accused Feature ............................... 8

          2.    GTP's AICs Only Provide Adequate Notice for One Claim .................... 9

          3.    GTP's AICs Fail to Identify the Claimed "Gesture" for Three of the Asserted Patents ............................................................... 10

          4.    GTP's AICs Make No Allegation as to Representativeness.................... 12

     B.    The Court Should Strike GTP's AICs as to Products For Which GTP Has Not Obtained Leave and as to Non-Samsung Features ....................................... 13

          1.    Accused Products for which GTP has not obtained leave ...................... 13

          2.    Non-Samsung Accused Features ........................................................... 14

     C.    GTP's Failure to Comply with P.R. 3-1(c) Materially Prejudices Samsung ....... 14

V.    CONCLUSION................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Connectel, LLC v. Cisco Sys.*,
    391 F. Supp. 2d 526 (E.D. Tex. 2005) ..............................................................................2, 5, 7

*Rapid Completions LLC v. Baker Hughes Inc.*,
    No. 6:15-CV-724, 2016 U.S. Dist. LEXIS 80327 (E.D. Tex. June 21, 2016) ..................2, 6, 9

*Scorpcast, LLC v. Boutique Media*,
    No. 20-cv-00193-JRG-RSP, Dkt. No. 152, slip op. (E.D. Tex. Mar. 26, 2021) .......................6

*UltimatePointer, LLC v. Nintendo Co.*,
    No. 6:11-CV-496, 2013 U.S. Dist. LEXIS 200122 (E.D. Tex. May 28, 2013) ..................5, 10

*Uniloc 2017 v. Google*,
    No. 2:18-cv-00491-JRG-RSP (E.D. Tex. Mar. 27, 2020) ......................................................13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................3

Patent Rule 3-1 ...........................................................................................................................5, 7

Patent Rule 3-1(b) ............................................................................................................................5

Patent Rule 3-1(c) ..................................................................................................................... *passim*

Patent Rule 3-6(b) ..........................................................................................................................14

## I.    INTRODUCTION

Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully request the Court to order Plaintiff Gesture Technology Partners, LLC ("GTP") to comply immediately with Patent Rule 3-1(c) by providing a chart "identifying specifically where *each* element of *each* asserted claim is found *within each* Accused Instrumentality"—*i.e.*, how each Accused Instrumentality allegedly satisfies each element of each asserted claim—sufficient to give Samsung full and fair notice of GTP's theory of infringement for each Accused Instrumentality.

The four Asserted Patents relate generally to the use of one or more cameras and separate sensors to assist users in interacting with their mobile devices. GTP's Amended Infringement Contentions ("AICs") identify 33 Accused Products (various Samsung smartphones and tablets) as allegedly infringing by using one or more of 18 Accused Features. GTP's AICs fail to provide a chart identifying specifically where each element of each Asserted Claim is found within "*each* Accused Instrumentality"—*i.e.*, *each* Accused Feature as used by the Accused Products—as required by Patent Rule 3-1(c).

For example, GTP's AICs allege that Iris Scan Unlock (which utilizes a scan of a user's iris to determine whether to unlock a phone), Bixby Vision (which provides a user information about objects around them, such as restaurant recommendations), and QR Codes (barcodes that can be only be decoded by QR scanners) are features of the Accused Products that infringe all four Asserted Patents. Each of these Accused Features is unique, with its own individual functions and operation; Iris Scan identifies a portion of the user's eye, Bixby Vision identifies objects around the user such as restaurants, and QR Codes identifies and decodes a barcode. Despite their widely varied functions, GTP's AICs provide *no* information describing these features, *no* description of the allegedly infringing operation of these features, and, most crucially, *no* infringement analysis

whatsoever for these features. GTP's AICs are similarly deficient for almost all of the 18 Accused Features.

GTP's failure to provide sufficient information regarding its theory of infringement for each Accused Feature as used by the Accused Products significantly hampers Samsung's ability to identify and provide discovery and to prepare its defenses in this case. These deficiencies are particularly acute as to three of the four Asserted Patents, whose Asserted Claims explicitly require a "gesture" to be performed. GTP accuses all 18 Accused Features, including the three exemplary features discussed above, of infringing the "gesture" claims. After diligent investigation, however, Samsung is unable to discern how a human eye, a restaurant, or a barcode—let alone each of the 18 Accused Features—can perform a "gesture" sufficient to satisfy these claims. Samsung has requested clarification from GTP for months, in letters, emails, and meet and confer discussions, as to how the Accused Features allegedly infringe or what alleged "gesture" each Accused Feature performs. GTP's AICs fail to resolve or even address these serious deficiencies. Accordingly, GTP's AICs are inadequate under Patent Rule 3-1(c) and should be supplemented or stricken. *See Connectel, LLC v. Cisco Sys.*, 391 F. Supp. 2d 526, 527–28 (E.D. Tex. 2005); *Rapid Completions LLC v. Baker Hughes Inc.,* No. 6:15-CV-724, 2016 U.S. Dist. LEXIS 80327, at *21 (E.D. Tex. June 21, 2016).

## II. BACKGROUND

The Accused Products are Samsung smartphones and tablets that use one or more cameras and separate sensors to assist users in interacting with their mobile devices. GTP filed five nearly identical Complaints against various Defendants, each alleging infringement of the same Asserted Patents—U.S. Patent Nos. 8,194,924 ("'924 Patent"); 7,933,431 ("'431 Patent"); 8,553,079 ("'079 Patent"); and 8,878,949 ("'949 Patent"). GTP filed two of the cases in the Eastern District of

Texas, against Huawei and Samsung, which have been consolidated. *See* Dkt. No. 14. GTP filed the other three cases in the Western District of Texas.

On April 23, 2021, Samsung sent GTP an email identifying various deficiencies in GTP's Complaint regarding its direct, indirect, and willful infringement claims, and proposing an agreed extension of Samsung's responsive pleading deadline until after service of GTP's Preliminary Infringement Contentions ("PICs"). GTP declined that proposal. *See* Dkt. No. 23 at 5 n. 4. On April 27, Samsung filed a motion to dismiss pursuant to Rule 12(b)(6). Dkt. No. 23. On April 28, GTP served PICs identifying 41 Accused Products using 24 Accused Features.

On May 7, 2021, Samsung sent GTP a letter identifying deficiencies in GTP's PICs, and requesting a meet and confer to potentially avoid the need for motion practice.[1] The May 7 letter notified GTP that (among other issues) each Accused Feature is different and that the PICs do not provide detail on how ***each*** Accused Feature allegedly infringes the claim elements of the Asserted Patents. GTP did not respond. One week later, on May 14, Samsung followed up with GTP by email to reiterate Samsung's request for a meet and confer. GTP responded and the parties agreed to meet and confer on May 19.

On May 19, 2021, Samsung sent GTP a second letter identifying further deficiencies in GTP's PICs for discussion during the scheduled meet and confer; for example, several of the 24 Accused Features are not available on ***any*** Samsung devices, but only on devices produced by other manufacturers.[2] Later that day, the parties met and conferred and GTP requested more time to review Samsung's two letters. GTP sent a letter response on May 25 disagreeing that its PICs were deficient, and the parties had a further meet and confer on May 26.[3]

---

[1] Attached as Exhibit 1 is a true and correct copy of the May 7, 2021 letter.
[2] Attached as Exhibit 2 is a true and correct copy of the May 19, 2021 letter.
[3] Attached as Exhibit 3 is a true and correct copy of the May 25, 2021 letter.

On May 28, 2021, GTP reiterated its position from the May 26 meet and confer that its PICs complied with the Court's local rules but confirmed it would serve Amended Infringement Contentions ("AICs") by June 4.[4] In an email the same day, Samsung agreed to wait for the AICs before considering motion practice. Samsung also notified GTP that 11 of the Accused Products are not, and never have been, sold in the United States and requested that GTP withdraw those products from the list of Asserted Products.[5]

GTP did not serve its AICs on June 4, 2021. On June 8, after Samsung followed up with GTP about the delay, GTP explained that counsel had an unexpected family medical issue and that GTP would serve the AICs by June 11. Naturally, Samsung accepted this explanation.[6]

GTP did not serve its AICs on June 11, 2021. On June 16, after Samsung again followed up with GTP about the delay, GTP served its AICs.[7] GTP's AICs identify 33 Accused Products using 18 Accused Features, withdrawing 10 Accused Products and 6 Accused Features from its PICs, and *adding* 2 Accused Products that were not in its PICs. While the AICs addressed some of the concerns Samsung raised regarding GTP's PICs, the fundamental deficiencies of the PICs remain unaddressed in the AICs—GTP still fails to set forth its theory of infringement as to *each* Accused Feature as used by the Accused Products.

On June 21, 2021, Samsung sent GTP a third letter identifying again the still-unresolved deficiencies in GTP's AICs and requesting that GTP further amend its contentions to address them or, if GTP is unwilling to do so, confirm the parties are at an impasse.[8] The letter requested that

---

[4] Attached as Exhibit 4 is a true and correct copy of the May 28, 2021 email correspondence.
[5] *Id.*
[6] Attached as Exhibit 5 is a true and correct copy of the June 8, 2021 email correspondence.
[7] Attached as Exhibit 6 is a true and correct copy of GTP's AICs served on June 16, 2021. Attached as Exhibit 7 is a true and correct copy of the June 16, 2021 email correspondence.
[8] Attached as Exhibit 8 is a true and correct copy of the June 21, 2021 letter.

GTP respond by June 23. GTP did not do so. On June 25, Samsung's counsel followed up on the June 21 letter leaving voice messages for GTP's lead counsel and another of GTP's counsel requesting a commitment to resolve the matters raised in this motion by June 28.

On June 28, 2021, GTP sent a letter response disagreeing that its AICs are deficient, making clear that GTP opposes the relief requested by this motion, and confirming that the parties are at an impasse.[9] Samsung's repeated good faith efforts to resolve the matters raised in this motion have been unsuccessful, and GTP has not budged on its position as to these matters. Accordingly, Samsung files this Motion to Compel and/or Strike as to GTP's AICs.

## III. APPLICABLE LAW

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *Connectel*, 391 F. Supp. 2d at 527. Patent Rule 3-1(c) requires "[a] chart identifying specifically where *each* element of *each* asserted claim is found *within each* Accused Instrumentality." P.R. 3-1(c) (emphasis added). Accused Instrumentalities include "*each* accused apparatus, product, device, *process, method, act*, or other instrumentality." P.R. 3-1(b) (emphasis added). Infringement contentions "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with Patent Rule 3–1" and "the Court has never condoned lower standards." *Connectel*, 391 F. Supp. 2d at 527–28. This Court has held that "broad conclusory allegations that the products are similar do not allow Plaintiffs to circumvent the Local Rules. Plaintiff must provide an explanation of the technical and functional identity of the products represented." *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 U.S. Dist. LEXIS 200122, at *14–16 (E.D. Tex. May 28, 2013); *see*

---

[9] Attached as Exhibit 9 is a true and correct copy of the June 28, 2021 letter.

*also Scorpcast, LLC v. Boutique Media*, No. 20-cv-00193-JRG-RSP, Dkt. No. 152, slip op. at 2 (E.D. Tex. Mar. 26, 2021).

## IV.    ARGUMENT

### A.    GTP's AICs Should be Supplemented or Stricken under Patent Rule 3-1(c) for Failure to Provide GTP's Theory of Infringement as to *Each* Asserted Feature As Used By the Accused Products

GTP's AICs fail to provide full and fair notice to Samsung of GTP's theory of infringement for *each* Asserted Feature as used by the Accused Products, by failing to describe how each feature allegedly satisfies the claim elements of the Asserted Patents.  P.R. 3-1(c).  In its Complaint, its PICs, and its AICs, GTP purports to identify a disparate collection of Accused Features[10] which, when used by the Accused Products, allegedly infringe.  Yet GTP describes the Accused Features in such vague terms, all but a few without any documentary support, and ***without any infringement analysis whatsoever***, that it is impossible for Samsung to know how GTP alleges each Accused Feature meets the claims of the Asserted Patents.  Patent Rule 3-1(c) requires more.

Patent Rule 3-1(c) dictates that GTP must provide specificity as to exactly what features or operation of the Accused Products (which have hundreds of user features) are alleged to meet the limitations of the Asserted Claims and how they are alleged to meet those limitations.  *See Rapid Completions LLC*, 2016 U.S. Dist. LEXIS 80327 at *21 ("It is not a defendant's job to assume how a plaintiff believes each claim element is met or to assume how a plaintiff alleges the Accused Instrumentality infringes. [Plaintiff's] inclusion of screenshots of block quotes, diagrams from

---

[10] Under the heading, "Examples of Samsung's Marketing of the Accused Features," GTP states: "The Accused Products have features including, but not limited to, at least the following: Gesture Detection, Smile Shutter, Iris Scan Unlock, Face ID Unlock, Intelligent Scan Unlock, Tracking Autofocus, Selfie Focus, Smart OIS, Smart Stay, Smart Pause, Smart Scroll, Blur Background, Adjust Blur, Face Location, Active Shape Connection, Internet Transfer After Sense (e.g., QR Code), Bixby Vision, Control Exposure Based On Location, Live Masks Track/Apply, Live Stickers Track, AR Emoji, Beauty Mode, Portrait Mode, and Smile Shot."  Dkt. No. 1 ¶ 24.

Defendants' documents, and links to video clips made by defendants are similarly deficient in providing notice to defendants as to what [plaintiff's] theories of infringement are and how [plaintiff] alleges *each* of the Accused Instrumentalities meets *each* claim element.") (emphasis added). GTP's mere vague descriptions regarding general camera operations or image processing techniques are insufficient under Patent Rule 3-1(c) and have significantly hampered Samsung's ability to identify and provide discovery and prepare its defenses. "PICs providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with Patent Rule 3-1." *Connectel*, 391 F. Supp. 2d at 527–28 (holding the local rules require PICs to be "more than a perfunctory submission. . . . Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement").

GTP attempts to excuse its failure to provide sufficient notice of its theory of infringement by claiming it has not labeled anything as an "Accused Feature" in its PICs/AICs and that "the features are merely examples." Ex. 9 at 1. That argument misses the mark. GTP's Complaint lists all 24 Accused Features under the heading "Examples of Samsung's Marketing of the *Accused Features*." Dkt. No. 1 ¶ 25 (emphasis added). Further, GTP's Complaint also accuses Samsung of infringing the '924 Patent by "advising or directing end users and other third-parties *to use the Accused Features* in the Accused Products in an infringing manner." Dkt. No. 1 ¶ 46 (emphasis added). GTP PICs re-use the 24 Accused Features and, after negotiated withdrawal of six Accused Features, its AICs re-use the remaining 18 Accused Features. GTP's argument that it does not allege infringement by the Accused Features as used by the Accused Products conflicts with the evidence. Moreover, if GTP's infringement allegations were not specific to the Accused

Features, its infringement contentions as to the Accused Products would be even more deficient, providing even less notice of its theory of infringement.

### 1. GTP's AICs Fail to Provide Full and Fair Notice of GTP's Theory of Infringement for Each Accused Feature

GTP's AICs merely mimic the claim language, and for 24 of the Asserted Claims the AICs list all 18 Accused Features without providing **any** documentation or explanation as to how each Accused Feature allegedly infringes.[11] With one exception, the only documentation GTP provides regarding the Accused Features, for any of the Asserted Claims, is the same three website links, without specifying which feature(s) the links relate to or how the links show **each** Accused Feature allegedly infringes. *See* Ex. 6, Ex. A at 2; Ex. B at 4; Ex. C at 1; Ex. D at 2. Specifically, the first link relates to "Use of Facial recognition security on your Galaxy Phone."[12] The second and third links do not identify **any** of the Accused Features by name. The second link states that "Air Gestures let you control your mobile device,"[13] but "Air Gestures" is not one of the 18 Accused Features. The third link describes "[h]ow to use Palm Gesture to take [a] Selfie,"[14] but neither the AICs nor the link identifies which of the 18 Accused Features to which the "Air Gesture" or "Palm Gesture" allegedly relate so as to meet the claim limitations. Even assuming that the first link relates to the Face Recognition (face unlock) Accused Feature, and the "Air Gesture" and "Palm Gesture" identified in the second and third links, respectively, relate to the Gesture Detection Accused Feature (which GTP does not make clear), the AICs still fail to provide any

---

[11] GTP alleges that all 18 Accused Features as used by the Accused Products infringe Claims 1[d], 6, and 9 of the '924 Patent; Claims 3, 7[b], 9, 14[c], 14[d], 15-18, and 21 of the '431 Patent; Claims 1[c], 1[d], 8[b], 8[c], 13[c], and 13[d] of the '949 Patent; Claims 1[c], 8, 11[b], 11[c], and 21[a] of the '079 Patent. *See* Ex. 6.

[12] https://www.samsung.com/us/support/answer/ANS00062630/

[13] https://www.samsung.com/ie/support/mobile-devices/how-can-i-control-galaxy-s5-using-physical-gestures-instead-of-just-touch-or-voice/

[14] https://www.samsung.com/sg/support/mobile-devices/how-to-use-palm-gesture-to-take-selfie-on-samsung-mobile-device/

documentation or explanation for the other 16 Accused Features, much less GTP's theory of infringement as to *each* Accused Feature as used by the Accused Products.

For example, GTP provides **no** documentation and **no** theory of infringement as to how the Iris Scan Unlock, Bixby Vision, or QR Codes Accused Features meet **any** of the limitations of the Asserted Claims. None of these three features use or include Facial Recognition (face unlock), "Air Gesture," or "Palm Gesture." None of the three weblinks identifies Iris Scan Unlock, Bixby Vision, or QR Codes by name. GTP's AICs are similarly deficient for almost all of the other Accused Features. GTP's continued failure to provide documentation or explanation sufficient to provide notice to Samsung of GTP's theory of infringement for **each** Accused Feature violates Patent Rule 3-1(c). *See Rapid Completions LLC*, 2016 U.S. Dist. LEXIS 80327, at *21.[15] Further with respect to the asserted method claims, GTP's AICs fail to identify how the Accused Features "when used allegedly result in the practice of the claimed method or process" as required by Patent Rule 3-1(c).

### 2. GTP's AICs Only Provide Adequate Notice for One Claim

The only exception to these over-arching deficiencies is a single Asserted Claim for which GTP (1) specifically identifies one Accused Feature, (2) provides sufficient detail to put Samsung on notice of GTP's theory of infringement, and (3) provides a link to Samsung's website that details how **that** Accused Feature functions in an allegedly infringing manner as to **that** Asserted Claim. Specifically, dependent Claim 22 of the '431 Patent recites "[a] method according to claim 21, wherein a virtual image on said display is moved or changed." '431 Patent at Claim 22. GTP's AICs for Claim 22 specifically identify one Accused Feature (AR Emoji), provide sufficient detail

---

[15] The AICs cover pleading likewise fails to provide any notice regarding GTP's infringement theories for the Accused Features. The cover pleading provides a collection of website links for device specifications, teardown reports, and Wikipedia entries, none of which are specific to or include descriptions of the Accused Features.

to put Samsung on notice of GTP's theory of infringement ("[T]he Accused Products control a display a [sic] virtual image include, but not limited to: AR Emoji"), and provide a link[16] to Samsung's website that details an allegedly infringing use of the Accused Feature (customizing an AR Emoji as "a virtual image wherein the display is changed"). *See* Ex. 6, Ex. B at 19. For this claim alone, GTP does not indiscriminately list *all* Accused Features, but rather provides documentation that names the specific feature, and provides sufficient detail to inform Samsung of GTP's theory of infringement. For all other Asserted Claims, even where GTP only accuses a subset of the 18 Accused Features, GTP merely reuses one of the same three weblinks discussed above. This fails to provide requisite notice of GTP's theories of infringement as to *each* Accused Feature.

The fact that GTP provided a requisite level of detail for *one* Accused Feature for *one* Asserted Claim highlights how lacking the AICs are with respect to *each* Accused Feature and *each* Asserted Claim. "[T]he breadth of the accused products does not excuse Plaintiff from the duty of providing infringement contentions that are reasonably precise and detailed to provide defendants with adequate notice of the plaintiff's theories of infringement." *UltimatePointer*, 2013 U.S. Dist. LEXIS 200122, at *15–16 (holding that plaintiff must supplement its infringement contentions to include a description of how *each* accused instrumentality meets *each* claim limitation). GTP's AICs fall well short of Patent Rule 3-1(c)'s requirements, and should be supplemented or stricken accordingly.

### 3.    GTP's AICs Fail to Identify the Claimed "Gesture" for Three of the Asserted Patents

GTP's failure to identify its theory of infringement for each Accused Feature as used by the Accused Products is particularly acute as to the Asserted Claims that require a "gesture" to be

---

[16] https://www.samsung.com/au/support/mobile-devices/how-to-use-ar-emoji/

performed. Three of the four Asserted Patents include claims explicitly reciting such a "gesture."[17]

Yet, GTP's AICs simply aver that the claims are met by "gestures associated with" each of the 18

Accused Features, without identifying a single purported gesture for **any**, let alone **each**, Accused

Feature. The AICs thus fail to explain in any way how each of the Accused Features as used by

the Accused Products allegedly satisfies the "gesture" claim limitations:

| Patent Claim | Evidence[18] |
|---|---|
| ['949 Claim 1[c]]: ***determine a gesture has been performed*** in the electro-optical sensor field of view based on the electro-optical sensor output, and | . . . ***The gestures*** that can be determined by the Accused Products include, but are not limited to ***gestures associated with***: [Listing all 18 Accused Features] <br><br> *See, e.g.,* [3 web links] |
| ['079 Patent Claim 1[c]]: ***determining, using the camera, the gesture performed*** in the work volume and illuminated by the light source. | . . . ***The gestures performed*** in the work volume and illuminated by the light source that can be determined by the Accused Products include those associated with, but not limited to, ***gestures associated with***: [Listing all 18 Accused Features] <br><br> *See, e.g.,* [3 web links] |
| ['924 Patent Claim] 6. The handheld device of claim 1 wherein the computer is operable to ***determine a gesture*** based on at least one of the first camera output and the second camera output. | . . . ***The gestures*** that can be determined by at least the output of either the first camera or the second camera in the Accused Products include gestures associated with, but not limited to, ***gestures associated with***: [Listing all 18 Accused Features] <br><br> *See, e.g.,* [3 web links] |

As these excerpts demonstrate, the AICs do not identify a single gesture by name; rather,

for each patent the AICs merely list all Accused Features and provide the same three website links

discussed above, without any further explanation. The first link, detailing facial recognition, does

---

[17] A "gesture" is recited in Claims 1, 4, 5, 11, 18–21, 24, and 25 of the '079 Patent; Claims 1–3, 8–10, and 13–15 of the '949 Patent; and Claims 6 and 9 of the '924 Patent.
[18] *See* Ex. 6.

not include any information regarding a "gesture."[19]  The second and third links relate to gestures, but do not identify which of the listed Accused Features utilize those gestures or, crucially, ***how*** they allegedly use those gestures.  Even assuming "Air Gesture" and/or "Palm Gesture" relate to the Gesture Detection Accused Feature and GTP alleges (without stating so) that they constitute the claimed "gesture" for that Accused Feature, the AICs still fail to identify a single alleged gesture for any of the other Accused Features.

For example, none of GTP's links identifies any "gesture" for the Iris Scan Unlock, Bixby Vision, or QR Codes Accused Features, and the AICs do not identify how these Accused Features allegedly involve any gesture so as to infringe.  After a diligent investigation, Samsung is unable to discern how a human eye, a restaurant in the world, or a barcode—let alone each of the 18 Accused Features—can perform a "gesture" sufficient to satisfy the Asserted Claims.  Samsung has sought clarification from GTP for months, in letters, emails, and meet and confer discussions, as to how the Accused Features allegedly infringe or what alleged "gesture" each Accused Feature performs.  GTP's AICs fail to resolve or even address these serious deficiencies.

Accordingly, the Court should compel GTP to provide AICs that comply with Patent Rule 3-1(c) by identifying at least one "gesture" for each Accused Feature, or strike all allegations in the AICs as to the Asserted Claims of the '949, '079, and '924 Patents that require a "gesture" to be performed.

### 4.     GTP's AICs Make No Allegation as to Representativeness

Each Accused Feature is unique, with its own individual functions and operations.  As previously discussed, Iris Scan Unlock, which utilizes a scan of a user's iris to determine whether to unlock a Samsung phone, is entirely different from Bixby Vision, which allows users to secure

---

[19] https://www.samsung.com/us/support/answer/ANS00062630/

information about an object by focusing the phone's camera on it. GTP's AICs do not allege that any Accused Feature is representative of any others (and could not, given the marked differences between the Accused Features), such that its bare-bone allegations relating to a small handful of the Accused Features bears no relevance to the many other features for which GTP provides **no infringement analysis whatsoever**. This Court's reasoning in *Uniloc 2017 v. Google* —striking uncharted products from the infringement contentions—is instructive:

> The patent local rules require that the accused products be charted. There is some leeway for use of representative products, but there is a requirement that the Plaintiff not simply identify the other uncharted products. The ***Plaintiff must also use some reasonable diligence to use the publicly available information to explain how the infringement theory that is charted would apply to uncharted products***. In this case, the Court does not find that there has been any effort to accomplish that to demonstrate that the charted products are reasonably similar through the use of publicly available information to show a basis for the same theory to be applied. It is therefore ORDERED that the uncharted products are hereby stricken from Uniloc's infringement contentions and that those uncharted products are no longer at issue in the case.

*Uniloc 2017 v. Google*, No. 2:18-cv-00491-JRG-RSP (E.D. Tex. Mar. 27, 2020) (emphasis added). In *Uniloc*, plaintiff failed to provide any infringement analysis for accused products using readily available public information. Analogously here, GTP has failed to use reasonable diligence to locate and provide publicly available information to help explain its theory of infringement for *each* of the Accused Features as used by the Accused Products.

**B. The Court Should Strike GTP's AICs as to Products For Which GTP Has Not Obtained Leave and as to Non-Samsung Features**

**1. Accused Products for Which GTP has not Obtained Leave**

GTP's AICs improperly (and without notice to Samsung) purport to add two previously unaccused products, the Galaxy S5 and the Galaxy Tab A 8.0. The local rules, however, require that "supplementation of any Infringement Contentions . . . may be made only by order of the

Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). As GTP has not obtained (nor even sought) leave of Court and no exceptions to that requirement apply, GTP's purported addition of these products is improper and it should be stricken.

### 2. Non-Samsung Accused Features

To the best of Samsung's knowledge, the Live Masks Track/Apply Accused Feature is not a Samsung feature but rather a ***Facebook*** feature. "Facebook (FB) is . . . adding 'Live Masks,' Snapchat-like lenses that allow users to use special effects during broadcasts."[20] Both GTP's PICs and AICs fail to provide any documentation for this feature. Notably, GTP withdrew infringement allegations for the Motion Sense and Smile Shutter Accused Features because they were features of ***Google*** and ***Sony*** products, respectively, not Samsung products. Similarly, GTP's allegations with respect to the Live Masks Track/Apply Accused Feature should be stricken. Alternatively, GTP should be ordered to supplement its AICs sufficient to provide full and fair notice of its theory of infringement as to this non-Samsung feature (*i.e.*, why GTP believes in good faith that Samsung has any infringement liability with respect to this non-Samsung feature).

### C. GTP's Failure to Comply with P.R. 3-1(c) Materially Prejudices Samsung

GTP's failure to provide sufficient information regarding its theory of infringement for each Accused Feature as used by the Accused Products significantly hampers Samsung's ability to identify and provide discovery and to prepare its defenses in this case. Samsung has been and continues to be materially prejudiced by GTP's failure to comply with the local rules by having to take positions regarding claim construction, invalidity, and patent ineligibility without full and fair notice of GTP's infringement allegations. Although Samsung has been diligent in complying with the Court's Docket Control Order, GTP's failures as detailed herein may necessitate amendment

---

[20] https://fortune.com/2016/10/27/facebook-live-masks/

and/or supplementation of Samsung's positions on such issues, based on any further information GTP provides. Samsung is mindful of the Court's requirements in that regard.

## V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court compel GTP to supplement its AICs to comply with Patent Rule 3-1(c), by providing reasonable notice of GTP's theory of infringement for *each* Accused Feature as used by the Accused Products, or strike all allegations that do not so comply. Samsung further respectfully requests that the Court strike all allegations as to newly-added Samsung products for which GTP has not obtained the requisite leave of Court and non-Samsung Accused Features.

DATED:  June 29, 2021

Respectfully submitted,

By:  _/s/ Christopher W. Kennerly_
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), Defendants sent a letter to Plaintiff on May 7, 2021 regarding various deficiencies of Plaintiff's Preliminary Infringement Contentions ("PICs"), including the matters raised in this motion. Defendants met and conferred with Plaintiff on May 19, Plaintiff sent a responsive letter to Defendants on May 25 disagreeing with Defendants that the PICs were deficient, and the parties again met and conferred on May 26. Defendants' good faith attempts to resolve the deficiencies of the PICs were unsuccessful as to the matters raised in this motion.

In the May 26, 2021 meet and confer, however, Plaintiff committed to serving Amended Infringement Contentions ("AICs") by June 4 and reiterated this commitment in an email on May 28. Also on May 28, Defendants responded to Plaintiff's email, identifying 11 Accused Products not sold in the United States and requesting that Plaintiff withdraw those products. After Plaintiff did not serve its AICs on June 4, Defendants sent follow-up emails to Plaintiff on June 8 and June 16 requesting the AICs. Plaintiff thereafter served its AICs on June 16; however, the AICs did not include amendments that resolved (or addressed) the matters raised in this motion.

Defendants sent a letter to Plaintiff on June 21, 2021 regarding still-unresolved deficiencies of Plaintiff's AICs, including the matters raised in this motion. The June 21 letter requested a meet and confer on or before June 23. Plaintiff did not respond. On June 25, Defendants' counsel left voice messages for Plaintiff's lead counsel Fred Williams and Plaintiff's counsel Todd Landis, following up on the June 21 letter and requesting a commitment to resolve the matters raised in this motion by June 28. On June 28, Plaintiff sent a responsive letter disagreeing with Defendants that the AICs are deficient, making clear that GTP opposes the relief requested by this motion, and confirming the parties are at an impasse.

Accordingly, Defendants' repeated good faith efforts to resolve the matters raised in this motion, beginning no later than Defendants' May 7, 2021 letter and continuing to this day, have been unsuccessful. Plaintiff opposes the relief requested by this motion, the parties are at an impasse with respect to the matters raised in this motion, and these matters are now ripe for the Court's determination.

 <i>/s/ Christopher W. Kennerly</i>
 Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on June 29, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

 <i>/s/ Christopher W. Kennerly</i>
 Christopher W. Kennerly