# Exhibit 1



May 7, 2021

**VIA E-MAIL**

Fred Williams
Williams Simons & Landis PLLC
327 Congress Ave., Suite 490
Austin, TX 78701

Re: *Gesture Technology Partners LLC v. Samsung Electronics Co. LTD., et al.*, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions

Counsel:

On behalf of Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung"), we write regarding GTP's continued failure to satisfy the requirements of the federal and local rules to provide full, fair, and timely notice to Samsung of GTP's infringement allegations with respect to U.S. Patents 8,194,924 ("'924 Patent"); 7,933,431 ("'431 Patent"); 8,878,949 ("'949 Patent"); and 8,553,079 ("'079 Patent") (together, the "Asserted Patents").

You will recall my e-mail correspondence of April 23, 2021 and Samsung's subsequent motion to dismiss filed April 27, 2021 regarding the failure of GTP's Complaint to sufficiently plead GTP's allegations of infringement under 35 U.S.C. §§ 271(a), 271(b), and 284. Those deficiencies remain unaddressed.

Most recently, GTP's P.R. 3-1(b) infringement contentions served on April 28, 2021 fail to provide the requisite detail required by the local rules. The Patent Rules for the Eastern District of Texas specifically require that GTP disclose "for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality" and that "[e]ach method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process." P.R. 3-1 (b). The Patent Rules further require "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). The Court has held that "broad conclusory allegations that the products are similar do not allow Plaintiffs to circumvent the Local Rules…. Plaintiff must provide an explanation of the technical and functional identity of the products represented." *UltimatePointer, LLC v. Nintendo Co., No.* 6:11-CV-496, 2013 U.S. Dist. LEXIS 200122, at *14-16 (E.D. Tex. May 28, 2013), *see also Scorpcast, LLC v. Boutique Media et al.*, 20-cv-00193-JRG-RSP, Dkt No. 152, slip op. at 2 (E.D. Tex. Mar. 26, 2021) (ordering plaintiff to amend infringement contentions to identify how claim limitation is met by the accused product.) As GTP's infringement allegations in its Complaint fail to meet the federal pleading standards, so also do GTP's infringement contentions fail to meet the local rules' requirements.



As detailed below, GTP's infringement contentions against 24 Accused Features[1] across multiple families of Accused Products[2] are woefully deficient and leave Samsung unable to prepare its defenses or to identify and provide discovery. Each Accused Feature is unique, with its own individual functions and operations. For example, Iris Scan Unlock is an entirely different feature from Bixby Vision. GTP's infringement contentions do not allege that any Accused Feature is representative of others, nor would such an allegation be proper. It is improper for infringement contentions to call out and provide detail for only a small fraction of the Accused Features when those features each behave differently according to their individual functions and operations. Samsung objects to GTP's attempt to accuse products and functionalities without explaining how they allegedly infringe the particular claim elements of the Asserted Patents. Samsung requests a meet and confer to discuss the material deficiencies of GTP's infringement contentions and the need for prompt supplementation to resolve them. If GTP does not agree to promptly provide such supplementation, Samsung will have no option other than to bring a Motion to Strike and/or Compel Supplementation of GTP's Infringement Contentions.

*First*, the claim charts for the Asserted Patents provide **no** evidence (*e.g.*, not even website links) and **no** theories of infringement for at least 11 of the 24 Accused Features: Selfie Focus, Smart OIS, Smart Pause, Smart Scroll, Blur Background, Internet Transfer After Sense (*e.g.*, QR Code), Bixby Vision, "Live Masks Track/Apply, Live Stickers Track," Beauty Mode, and Portrait Mode. *See Rapid Completions LLC v. Baker Hughes Inc.,* No. 6:15-CV-724, 2016 U.S. Dist. LEXIS 80327, at *21 (E.D. Tex. June 21, 2016) ("It is not a defendant's job to assume how a plaintiff believes each claim element is met or to assume how a plaintiff alleges the Accused Instrumentality infringes. [Plaintiff's] inclusion of screenshots of block quotes, diagrams from Defendants' documents, and links to video clips made by defendants are similarly deficient in providing notice to defendants as to what [plaintiff's] theories of infringement are and how [plaintiff] alleges each of the Accused Instrumentalities meets each claim element.") The cover pleading for the infringement contentions likewise fails to provide any notice regarding GTP's infringement theories for these 10 Accused Features. The cover pleading provides a collection of website links for device specifications, teardown reports, and Wikipedia entries, none of which are specific to these 11 Accused Features. GTP's infringement contentions fail to identify how these 11 Accused Features "when used allegedly result in the practice of the claimed method or process" as required by the Patent Rules.

*Second*, the claim charts and cover pleading are so vague and general for a further 7 of the 24 Accused Features that it is impossible for Samsung to know what feature GTP is actually referring to, let alone how the feature relates to the claims of the Asserted Patents. These Accused Features are: Smile Shutter, Smile Shot, Adjust Blur, Face Location, Active Shape Connection, Tracking Autofocus, and Control Exposure Based on Location.[3] GTP must provide specificity as to exactly what features or operation of the Accused Products are alleged to meet the claim elements and why GTP contends they infringe. Mere reference to general camera operation, divorced from the Accused Products, fails to place Samsung on

---

[1] Gesture Detection, Smile Shutter, Iris Scan Unlock, Face ID Unlock, Intelligent Scan Unlock, Tracking Autofocus, Selfie Focus, Smart OIS, Smart Stay, Smart Pause, Smart Scroll, Blur Background, Adjust Blur, Face Location, Active Shape Connection, Internet Transfer After Sense (*e.g.*, QR Code), Bixby Vision, Control Exposure Based On Location, Live Masks Track/Apply, Live Stickers Track, AR Emoji, Beauty Mode, Portrait Mode, and Smile Shot.

[2] P.R. 3-1 Disclosures, *see* cover pleading.

[3] Similarly, the cover pleading references hardware that has no discernable relation to any of the 24 Accused Features. Specifically, it is completely unclear why a "Rear Heart rate sensor" is relevant to any of the Accused Features. Cover Pleading at 3–5.



notice of why it allegedly infringes the Asserted Patents and does not meet GTP's obligations under the Patent Rules.

*Third*, the infringement claim chart for the '079 Patent fails to identify "each accused apparatus, product, device, process, method" for key claim limitations and similarly fails to specify how the Accused Features allegedly meet these claim limitations. For example, Claim 1 of the '079 Patent requires "providing a camera oriented to observe a gesture performed in the work volume, the camera being fixed relative to the light source." '079 Patent claim chart at 1. Claims 11 and 21 have similar limitations. GTP's claim chart fails to specify the "gesture performed in the work volume" for the Accused Features. For example, the claim chart does not identify the gesture performed by the Iris Scan Unlock or Adjust Blur features.

Similarly, the '079 Patent infringement claim chart fails to identify which "light source" or "display" from the myriad purported light sources and displays listed in the infringement contention cover pleading Samsung allegedly utilizes in an infringing manner for each of the 24 Accused Features. *See* '079 Claim Chart at 2. Instead, the claim chart merely lists all 24 Accused Features collectively. It is impossible for Samsung to know which "light source" GTP alleges to be infringing for any of the Accused Features.

*Fourth*, the infringement claim chart for the '949 Patent fails to identify "each accused apparatus, product, device, process, method" for key claim limitations and similarly fails to specify how the Accused Features allegedly meet these claim limitations. Claim 1 of the '949 Patent requires "a digital camera separate from the electro-optical sensor." '949 Patent claim chart at 1. Claims 8 and 13 have similar limitations. GTP's infringement contentions fail to specify or otherwise identify the hardware purportedly compromising the claimed "digital camera" and the separate "electro-optical sensor." Instead GTP's claim chart refers back to the cover pleading's listing of "Camera and Sensors" in the second column of the table identifying Accused Products. Cover pleading at 2–19. Most of the entries in that column identify "front cameras" or "rear cameras." The contentions do not make clear which is the purported "camera" and which is the purported separate "electro-optical sensor" among the hardware listed for each device.

Similarly, Claim 6 of the '949 Patent is a dependent claim requiring that "the electro-optical sensor defines a resolution less than a resolution defined by the digital camera." '949 Patent claim chart at 5. Claims 12 and 17 have similar limitations. The claim chart for Claim 6 merely repeats the claim language that "[t]he electro-optical sensors of the Accused Products define a resolution less than a resolution defined by the digital camera" and references the cover pleading. *Id.* The cover pleading, in the second column of the table identifying Accused Products, merely lumps together purported "cameras" and "sensors" and fails to identify the claimed "electro-optical sensor" with a "resolution less than … the digital camera."

Claim 1 of the '949 Patent further includes the step "determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output." '949 Patent claim chart at 1. Claims 8 and 13 have similar limitations. The claim chart fails to identify the purported gesture performed for each of the 24 Accused Features and additionally fails to explain how each Accused Feature "determine[s] a gesture has been performed… based on the electro-optical sensor output." '949 Patent claim chart at 1. For example, the infringement contentions do not identify the gesture performed by the Iris Scan Unlock or Adjust Blur Accused Features and provide no information as to how determination of that gesture (whatever it may be) relates to the output of the (unidentified) electro-optical sensor.

Similarly, Claim 1 of the '949 Patent further requires that "control the digital camera in response to the gesture performed in the electro-optical sensor field of view, wherein the gesture corresponds to an image capture command, and wherein the image capture command causes the digital camera to store an



image to memory." '949 Patent claim chart at 2. Claims 8 and 13 have similar limitations. The claim chart and cover pleading fail to specify the purported image that is captured for each of the listed 24 Accused Features. For example, the infringement contentions do not explain what image is captured in the process of using Iris Scan Unlock or Bixby Vision, nor do they explain what gesture causes the purported image capture as required by the claim.

*Fifth*, the '924 Patent infringement claim chart fails to identify "each accused apparatus, product, device, process, method" for key claim limitations and similarly fails to specify how the Accused Features allegedly meet these claim limitations. For example, Claim 1 of the '924 Patent includes the limitation "the computer is adapted to perform a control function of the handheld device based on at least one of the first camera output and the second camera output." '924 Patent claim chart at 2. The infringement contentions, however, fail to identify the purported control function for at least the following 20 Accused Features: Smile Shutter, Tracking Autofocus, Selfie Focus, Smart OIS, Smart Stay, Smart Pause, Smart Scroll, Blur Background, Adjust Blur, Face Location, Active Shape Connection, Internet Transfer After Sense (*e.g.*, QR Code), Bixby Vision, Control Exposure Based On Location, Live Masks Track/Apply, Live Stickers Track, AR Emoji, Beauty Mode, Portrait Mode, and Smile Shot.

Claim 4 of the '924 Patent includes the limitation "the second camera is adapted to acquire an image of the object." '924 Patent claim chart at 4. The infringement contentions claim chart for the '924 Patent repeats the claim language that the "second camera of the Accused Products is adapted to acquire an image of the object" and cites to a YouTube video. *Id.* That video appears to demonstrate ways to use Emoji stickers at 2:14, but neither the video nor any allegation in the infringement contentions identifies what "object" is the alleged subject acquired by the second camera. Similarly, the infringement contentions provide no identification of the "object" for the other Accused Features. Claim 5 is similar to Claim 4, except that it recites acquisition of a video. The cited YouTube video shows no video used with AR Emojis and, similarly, the infringement contentions never identify the object that is supposedly the subject of the video for the other Accused Features.

Claim 6 of the '924 Patent includes the limitation "wherein the computer is operable to determine a gesture based on at least one of the first camera output and the second camera output." '924 Patent claim chart at 4. Here again, the claim chart fails to specify the purported gesture performed for each of the 24 Accused Features. For example, the infringement contentions do not identify the gesture performed by the Iris Scan Unlock or Adjust Blur Accused Features and provide no information regarding how determination of that gesture (whatever that gesture may be) relates to the output of the first or second camera.

Claim 8 of the '924 Patent recites "wherein the computer is adapted to determine at least one of the position and the orientation of the object based on the second camera output." '924 Patent claim chart at 6. The infringement claim chart for Claim 8 does not identify the claimed "object" for any of the 10 Accused Features alleged to infringe this claim. It is not clear whether GTP alleges that the claimed "object" is the same as the claimed "user" in Claim 1, from which Claim 8 depends.

Claim 9 of the '924 Patent requires that "the gesture is performed by a person other than the user of the handheld device." '924 Patent claim chart at 6. The infringement contentions fail to explain how the Accused Features allegedly meet this limitation. For example, it is not clear how Face ID Unlock allegedly utilizes, let alone requires, that a gesture be performed by anyone other than a user of the device.

Claim 14 of the '924 Patent requires "the computer is adapted to transmit information over an internet connection." '924 Patent claim chart at 9. Rather than identifying the alleged claimed information



transmitted over the internet by the Accused Features, the infringement contentions merely cite to general specifications for two of the Accused Products with no further detail.

*Sixth*, the '431 Patent infringement claim chart fails to identify "each accused apparatus, product, device, process, method" for key claim limitations and similarly fails to specify how the Accused Features allegedly meet these claim limitations. As an example, Claim 1 of the '431 Patent recites "using said sensed finger movement information, controlling said device in accordance with said command." '431 Patent claim chart at 3. Claims 7 and 13 have similar limitations. The infringement contentions fail to identify the alleged claimed "finger movement" and the alleged claimed "controlling" operation. The infringement claim chart for Claim 1 of '431 Patent merely states that "[t]he commands used and the controls achieved within each Accused Product by sensing the movement of at least one finger in space are commands and controls associated with but are not limited to the following features of the Accused Products" and then lists 12 of the 24 Accused Features. *Id.* This language fails to disclose GTP's infringement theory. As an example, it is not clear what GTP alleges is the finger movement and related controlling operation for Bixby Vision or Smart Stay.

Claim 25 of the '431 Patent requires "transmitting data to a further device." '431 Patent claim chart at 20. Like Claim 14 of the '924 Patent, the infringement claim chart for Claim 25 of the '431 Patent fails to identify the alleged claimed information transmitted over the internet by the Accused Features and instead merely cites generally to specifications for two of the Accused Products with no further detail.[4]

As Samsung would strongly prefer to resolve these issues without seeking the Court's assistance, we are optimistic that GTP will accept Samsung's request for a meet and confer to discuss the material deficiencies of GTP's infringement contentions and the need for prompt supplementation to address them. As noted above, however, absent GTP's agreement to promptly provide such supplementation, Samsung expects to bring a Motion to Strike and/or Compel.

Regards,

Chris Kennerly
of PAUL HASTINGS LLP

---

[4] GTP's repeated statements in its infringement contentions that its theories "*may* also be informed by source code" and that it reserves the right to assert additional theories in response to "the production of source code for software-based limitations" are ineffectual and irrelevant. The deficiencies noted herein are not source code-related. Moreover, while § 3(a) of Chief Judge Gilstrap's Sample Discovery Order for Patent Cases permits deferral of infringement contentions until after initial production of source code where "a party claiming patent infringement asserts that a claim element ***is a software limitation***," GTP has (appropriately) not invoked this provision.