# Exhibit 8

# PAUL HASTINGS

June 21, 2021

**VIA E-MAIL**

Fred Williams
Williams Simons & Landis PLLC
327 Congress Ave., Suite 490
Austin, TX 78701

Re: *Gesture Technology Partners LLC v. Samsung Electronics Co. Ltd., et al.*, Plaintiff's Amended Infringement Contentions

Counsel:

On behalf of Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung"), we write regarding GTP's Amended Infringement Contentions as to U.S. Patents 8,194,924 ("'924 Patent"); 7,933,431 ("'431 Patent"); 8,878,949 ("'949 Patent"); and 8,553,079 ("'079 Patent") (together, "Asserted Patents"), served on June 16, 2021. More specifically, we write regarding what we believe are continued, material failures to satisfy the requirements of the federal and local rules to provide full, fair, and timely notice to Samsung of GTP's infringement allegations in this case.

You will recall our letters of May 7 and May 19, our email of May 28, and multiple meet and confer discussions detailing what we believe are serious deficiencies of GTP's Infringement Contentions. GTP's Amended Infringement Contentions address some of the concerns Samsung raised, namely, withdrawing most (but not all) Accused Products not sold in the United States by Samsung, and withdrawing certain (but not all) Accused Features offered by manufacturers other than Samsung. However, several of the serious deficiencies we raised remain unaddressed.

*First*, in our May 28 email Samsung identified 11 Accused Products that are not sold in the United States. GTP's Amended Infringement Contentions withdraw and no longer accuse 10 of these 11 Accused Products. However, GTP continues to accuse the Galaxy Note Fan Edition. Samsung reiterates that the Galaxy Note Fan Edition is not sold in the United States and GTP's allegations against that product should be withdrawn. Please confirm that GTP will do so. If GTP believes it has a good faith basis for continuing to accuse this product, please provide it for our consideration.

*Second*, GTP's Amended Infringement Contentions improperly add a new, previously unaccused product, the Galaxy S5. As you know, pursuant to the local rules "supplementation of any Infringement Contentions ... may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). As GTP has not sought (much less obtained) leave of Court and no exceptions to that requirement apply, the addition of this product is improper and should be withdrawn. Please confirm that GTP will do so. If GTP believes it has a good faith basis for seeking leave of Court for the addition of this product, please provide it for our consideration.

*Third*, to the best of Samsung's knowledge, the "Live Masks Track/Apply" Accused Feature is not a Samsung feature but rather a ***Facebook*** feature. "Facebook (FB) is ... adding "Live Masks," Snapchat-

like lenses that allow users to use special effects during broadcasts."[1] Accordingly, GTP's allegations with respect to "Live Masks Track/Apply" should be withdrawn. Please confirm that GTP will do so. If GTP believes it has a good faith basis for maintaining its allegations with respect to this feature, please provide it for our consideration.

*Fourth*, GTP's Amended Infringement Contentions continue to fail to provide documentation or other identifying information regarding each Accused Feature sufficient to allow Samsung to understand what GTP is actually accusing. GTP's continued allegations with respect to **Facebook's** "Live Masks Track/Apply" feature, and GTP's recently-withdrawn allegations with respect to **Google's** "Motion Sense" and **Sony's** "Smile Shutter" features, illustrate the necessity for GTP to provide documentation or other identifying information for each Accused Feature. Each Accused Feature is unique, with its own individual functions and operations. GTP's Amended Infringement Contentions, however, are unchanged in this regard, and fail to address in any way Samsung's previously articulated concerns. *See, e.g.*, May 7, 2021 Letter from C. Kennerly to F. Williams at 2. GTP's failure to provide documentation or other identifying information for each Accused Feature continues to significantly hamper Samsung's ability to identify and provide discovery or to prepare its defenses in this case.

In particular, three of the four Asserted Patents require a "gesture" as an explicit claim limitation, yet GTP's Amended Infringement Contentions fail to identify the purported "gesture" for each Accused Feature. GTP's Amended Infringement Contentions do not identify a single gesture by name – rather, for each patent they merely list Accused Features and provide the same three website links, without any explanation relating the links to the Accused Features. More specifically, the first link does not include any information regarding gestures, but relates to "Use of Facial recognition security on your Galaxy Phone."[2] Even assuming this link relates to the "Facial Recognition (face unlock)" feature, the Amended Infringement Contentions still fail to identify the claimed "gesture" for this Accused Feature. The second and third links may relate to gestures, but do not identify any of the Accused Features that supposedly utilize a gesture. The second link discusses how "Air Gestures let you control your mobile device,"[3] but "Air Gestures" is not one of the Accused Features. The third link describes "[h]ow to use Palm Gesture to take [a] Selfie,"[4] but neither the Amended Infringement Contentions nor the link identifies the Accused Features to which the Palm Gesture relates so as to meet the claim limitations. Even assuming Air Gestures and/or Palm Gesture relates to "Gesture Detection" and GTP alleges (without stating so) that they constitute the claimed "gesture" for that Accused Feature, the Amended Infringement Contentions still fail to identify a single alleged gesture for any of the other Accused Features. Further, the Amended Infringement Contentions also provide no information regarding how determination of the claimed gesture relates to the other claim limitations of any of the Asserted Patents.

"[T]he breadth of the accused products does not excuse Plaintiff from the duty of providing infringement contentions that are reasonably precise and detailed to provide defendants with adequate notice of the plaintiff's theories of infringement." *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 U.S. Dist. LEXIS 200122, at *15-16 (E.D. Tex. May 28, 2013) (holding that plaintiff must supplement its infringement contentions to include a description of how *each* accused instrumentality meets *each* claim

---

[1] https://fortune.com/2016/10/27/facebook-live-masks/
[2] https://www.samsung.com/us/support/answer/ANS00062630/
[3] https://www.samsung.com/ie/support/mobile-devices/how-can-i-control-galaxy-s5-using-physical-gestures-instead-of-just-touch-or-voice/
[4] https://www.samsung.com/sg/support/mobile-devices/how-to-use-palm-gesture-to-take-selfie-on-samsung-mobile-device/

limitation.) GTP's Amended Infringement Contentions fall well short of Patent Rule 3-1(c)'s requirements, and should be supplemented (or stricken) accordingly.

*Fifth,* GTP's Amended Infringement Contentions fail to identify how any of the Accused Features allegedly meet the claim limitations of the Asserted Patents. GTP must specify how the Accused Features allegedly meet the limitations of the asserted claims. P.R. 3-1(c). *See also Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 U.S. Dist. LEXIS 80327, at *21 (E.D. Tex. June 21, 2016) ("It is not a defendant's job to assume how a plaintiff believes each claim element is met or to assume how a plaintiff alleges the Accused Instrumentality infringes."). GTP's Amended Infringement Contentions provide **no** description of the Accused Features, **no** documentation or other information for the vast majority of the Accused Features, and **no** infringement analysis whatsoever with respect to the Accused Features. GTP's Amended Infringement Contentions do not allege that any Accused Feature is representative of others, such that its bare-bone allegations relating to a small handful of the Accused Features bears no relevance to other features for which GTP continues to provide no analysis at all. As you know, the local rules require "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c). GTP's Amended Infringement Contentions fail to do so and should be supplemented (or stricken) accordingly. In fact, GTP's Amended Infringement Contentions are unchanged in this regard, and fail to address in any way Samsung's previously articulated concerns. *See, e.g.*, May 7, 2021 Letter from C. Kennerly to F. Williams at 2.

As we have repeatedly raised these same concerns both in written correspondence and in multiple meet and confer discussions, and as GTP has repeatedly declined to address these deficiencies other than to disagree that they exist, we believe the parties are clearly at an impasse on these issues. However, if GTP believes in good faith that additional meet and confer discussions may be productive in resolving the parties' dispute, in that GTP may be willing to provide additional information to address Samsung's stated concerns, please let us know. Samsung would strongly prefer to resolve these issues without the Court's assistance, and its repeated good faith efforts to bring about such resolution attest to that; however, absent GTP's agreement to promptly provide the requested supplementation, Samsung expects to bring a Motion to Strike and/or Compel.

We kindly request GTP's response, in writing, no later than Wednesday, June 23.

Regards,

Chris Kennerly
of PAUL HASTINGS LLP

CK