# Exhibit 9



**Fred I. Williams**
Williams Simons & Landis PLLC
Direct: 512.543.1356
fwilliams@wsltrial.com

June 28, 2021

Chris Kennerly
Paul Hastings LLP
1117 S. California Avenue
Palo Alto, CA 94304

Re:     *Gesture Technology Partners LLC v. Samsung Electronics Co. LTD., et al.*, Plaintiff's
        Amended Infringement Contentions

Dear Mr. Kennerly,

On behalf of Gesture Technology Partners LLC ("GTP"), we write in response to Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") letter dated June 21, 2021, regarding GTP's Amended Infringement Contentions with respect to U.S. Patents 8,194,924 ("'924 Patent"); 7,933,431 ("'431 Patent"); 8,878,949 ("'949 Patent"); and 8,553,079("'079 Patent") (collectively, the "Asserted Patents").

Again, we disagree with your assertion that GTP has failed to comply with local Patent Rule 3-1(b) regarding GTP's Amended Infringement Contentions. GTP has provided ample information in its Amended Infringement Contentions to place Samsung on notice of GTP's allegations under any proper reading of the local patent rules.

After reviewing the Samsung Galaxy Note Fan Edition, GTP agrees that it should not have been included and should no longer be considered part of GTP's operative infringement contentions. Regarding the Samsung Galaxy S5, GTP does not believe that its addition is improper. The complaint accuses the entire Galaxy S line, and GTP's original infringement contentions included the Galaxy S5 Neo, a variation of the Galaxy S5, but unintentionally excluded the Galaxy S5. The addition of the Galaxy S5 does not prejudice Samsung.

Regarding "Live Masks Track/Apply" and the other listed feature, the features are merely examples. Samsung is again attempting to categorize GTP's infringement theories using "Accused Features," but GTP has not labeled anything as an "Accused Feature" in its infringement contentions. GTP's Amended Infringement Contentions make it clear that it is the "gestures associated with" the example listed features, along with hardware and software components, that meet the claim limitations. Furthermore, GTP has provided numerous example links, including links from Samsung's website, that discuss how gestures are used with the Accused Products.

GTP has made good faith efforts to satisfy Samsung's concerns about GTP's infringement contentions yet, Samsung continues to improperly demand that GTP marshal all its evidence and layout its infringement case at this juncture of the case. GTP has adequately satisfied the local patent rules and is not under any obligation to continue to amend its infringement contentions at this time.

Sincerely,

Fred I. Williams