# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br>           Plaintiff<br>v.<br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>       Defendants. | **JURY TRIAL DEMANDED**<br><br>C.A. NO. 2:21-cv-00040-JRG<br><br>LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD.<br>AND SAMSUNG ELECTRONICS AMERICA, INC.,<br>       Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**PLAINTIFF GTP'S RESPONSE TO SAMSUNG DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND/OR COMPEL INFRINGEMENT CONTENTIONS COMPLYING WITH THE <u>COURT'S PATENT RULES</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................. 1

II.     BACKGROUND .................................................................................................... 2

III.    ARGUMENT .......................................................................................................... 4

        A.      GTP's AICs Comply With The Local Rules And Provide Fair And Adequate
                Notice Of GTP's Infringement Theories By Charting Every Component Of
                The Accused Products To the Asserted Claims. ....................................................... 4

                1.      GTP's AICs Comply With Local Patent Rule 3-1(c) And Provide Fair
                        And Adequate Notice Of GTP's Infringement Theory For Each
                        Accused Product. ........................................................................................ 5

                2.      GTP's AICs Provide Fair And Adequate Notice For Every Charted
                        Claim. ......................................................................................................... 8

                3.      Samsung's Fundamental Misunderstanding Of The Claims Does Not
                        Force GTP To Chart Features As The Accused Products. ............................. 9

                4.      GTP Has Not Used Representative Products. .................................. 10

        B.      GTP's Addition Of Two Inadvertently Omitted Products And Reference To
                A Non-Samsung Application Should Not Be Stricken. ......................................... 10

                1.      Good Cause Existed For GTP's Addition Of One Phone And One
                        Tablet. ....................................................................................................... 11

                2.      GTP's Reference To A Non-Samsung Branded Application Should Not
                        Be Stricken. .............................................................................................. 12

        C.      Samsung Is Not Materially Prejudiced Because The AICs Comply With The
                Local Rules. ..................................................................................................... 12

        D.      In The Alternative, GTP Should Be Granted Leave To Amend. .......................... 13

IV.     CONCLUSION ..................................................................................................... 13

i

## TABLE OF AUTHORITIES

### Cases

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
   359 F. Supp. 2d 558 (E.D. Tex. 2005) ....................................................................... 9

*Computer Acceleration Corp. v. Microsoft Corp.*,
   503 F. Supp. 2d 819 (E.D. Tex. 2007) ................................................................... 1, 9

*DataTreasury Corp. v. Wells Fargo & Co., C.A.*,
   No. 2:06-CV-72-DF, 2010 U.S. Dist. LEXIS 110658 (E.D. Tex. Sep. 13, 2010) ..................... 4

*Dynamic Applet Techs., LLC v. Mattress Firm, Inc.*,
   Case No. 4:17-cv-00860-ALM-KPJ, Dkt. No. 123, 2019 U.S. Dist. LEXIS 50125 (E.D. Tex.
   Mar. 26, 2019) ......................................................................................................... 5

*Eolas Tech. Inc. v. Amazon.com, Inc.*,
   6:15-cv-1038, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) ................................................... 12

*Estech Sys. v. Target Corp.*,
   No. 2:20-cv-00123-JRG-RSP, 2020 U.S. Dist. LEXIS 150768 (E.D. Tex. Aug. 20, 2020) .... 11

*Gree, Inc. v. Supercell Oy*,
   No. 2:19-cv-00311-JRG-RSP, 2021 U.S. Dist. LEXIS 26073 (E.D. Tex. Feb. 11, 2021) ......... 9

*Lunareye, Inc. v. Airiq, Inc.*,
   No. 9:07CV-113, 2010 U.S. Dist. LEXIS 160718 (E.D. Tex. Apr. 1, 2010) .......................... 11

*Orion IP, LLC v. Staples, Inc.*,
   407 F. Supp. 2d 815 (E.D. Tex. 2006) ..................................................................... 5

*Realtime Data, LLC v. Packeteer, Inc.*,
   No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217 (E.D. Tex. 2009) ....................................... 4, 5

*Sol IP, LLC v. AT&T Mobility, LLC*,
   2020 U.S. Dist. LEXIS 68468 (E.D. Tex. Apr. 20, 2020) ......................................... 9

*STMicroelectronics, Inc. v. Motorola, Inc.*,
   308 F. Supp. 2d 754 (E.D. Tex. 2004) ........................................................... 4, 5, 6

*Team Worldwide Corp. v. Academy, Ltd.*,
   2020 U.S. Dist. LEXIS 143339, 2020 WL 4601635 (E.D. Tex. Aug. 11, 2020) ............. 1, 6, 12

*Thomas Swan & Co. v. Finisar Corp.*,
   No. 2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 194431 (E.D. Tex. Apr. 29, 2014) ................ 11

*Tivo Inc. v. Samsung Elecs. Co.,*
　Case No. 2:15- cv-1503, 2016 U.S. Dist. LEXIS 96299 (E.D. Tex. July 22, 2016)................ 10

*Vertical Computer Sys. v. Interwoven, Inc.,*
　2013 U.S. Dist. LEXIS 207181 (E.D. Tex. Sept. 13, 2013) ...................................................... 6

## I.    INTRODUCTION

Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") improperly seek to force Plaintiff Gesture Technology Partners, LLC ("GTP") to marshal all of its evidence of infringement and try its case through amended infringement contentions.  That is a common tactic employed by defendants, and the Court has consistently held that it is improper.  *See, e.g.*, *Team Worldwide Corp. v. Academy, Ltd.,* 2020 U.S. Dist. LEXIS 143339, *14, 2020 WL 4601635 (E.D. Tex. Aug. 11, 2020) (Payne, J.) ("the Court will not resolve the substantive issue of infringement on pre-discovery contentions.")

Although GTP believed that its initial Infringement Contentions ("IIC") were sufficient to put Samsung on notice of what is accused, GTP amended its IICs in response to multiple meet and confer requests from Samsung.  GTP's Amended Infringement Contentions ("AIC") comply with the Local Rules and put Samsung on sufficient and reasonable notice of what is accused.  GTP has provided Samsung with 64 pages of charts and a detailed, 17-page table of components of various Samsung phones and tablets (the "Accused Products") that set out GTP's theory of infringement based on publicly available information.  Samsung continues to try to make this a case about features, but it is not.  But the asserted claims do not claim "gestures"—they claim devices that have components that respond to "gestures."  GTP has exhaustively identified those components for which publicly available information could be obtained.

The purpose of the Court's Patent Rules is "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.,* 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)

(Clark, J.).[1]  GTP has provided Defendants with adequate notice of its theories of infringement, and Defendants' arguments should be rejected.

## II.    BACKGROUND

GTP filed its complaint against Samsung on February 4, 2021, alleging infringement of U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent") (collectively, the "Asserted Patents").  *See* Dkt. No. 1.  The Asserted Patents are generally directed to innovations in using mobile phone cameras to assist a user to interact with their smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions.  *Id*. at ¶ 21. GTP has asserted a mixture of apparatus and method claims (the "Asserted Claims").  *See* Ex. E.

GTP served its IICs on April 28, 2021, in accordance with the Local Rules.[2]  GTP served the required preliminary infringement contentions on Samsung, disclosing GTP's theories of infringement, including the internal components that GTP contends—based on publicly available information--meet the claim limitations for each asserted claim.  GTP also identified various applications that use these components, along with the non-publicly available software associated with the components, that operate the Accused Products through the use of gestures.  Those components and their related software allow the detection of detect numerous types of gestures to perform various functions and commands, depending on the application being used such as

---

[1] Samsung filed its discovery-related motion to strike GTP's infringement contentions using well over the limit of 7 pages of briefing and 5 pages of attachments set by the Court's Joint Discovery Order.  *See* Dkt. No. 43 at 9.
[2] A true and correct copy of GTP's initial Infringement Contentions are attached as Exhibit 1.

scrolling through a webpage without touching the Accused Products' screen[3] or taking photos and videos.[4]

On May 7, 2021,[5] and May 19, 2021,[6] Samsung sent letters detailing alleged deficiencies in GTP's IIC. After carefully reviewing Samsung's letters and the IICs, GTP sent Samsung a letter on May 25, 2021[7] disagreeing with Samsung's contentions that the IICs did not satisfy the Local Rules. After subsequent correspondence and multiple meet-and-confer teleconferences, GTP served its AICs at Samsung's request on June 16, 2021, to address numerous issues that Samsung had raised about GTP's initial infringement contentions.[8] GTP attempted to clarify any ambiguity in the IICs by serving the AICs at Samsung's request.[9] The AICs removed multiple phones that Samsung claims were not sold in the United States, added one phone and one tablet that were unintentionally omitted from the IICs, and clarified its infringement theories to respond to Samsung's complaints.[10] The IICs and AICs also contained numerous example links to Samsung website pages and documentation explaining how the components and related software of the Accused Products respond to gestures within the Accused Products.

On June 30, 2021, Samsung filed Samsung Defendants' Motion to Strike Plaintiff's Infringement Contentions and/or Compel Infringement Contentions Complying with the Court's Patent Rules (the "Motion") (Dkt. No. 21).

---

[3] Samsung Electronics Co., Ltd., *What is the Smart Scroll™ feature on my Samsung Galaxy Alpha®?*, available at https://www.samsung.com/za/support/mobile-devices/what-is-the-smart-scroll-feature-on-my-samsung-galaxy-alpha/#:~:text=Smart%20Scroll%E2%84%A2%201%20From%20the%20Home%20screen%2C%20Touch,conditio ns%20for%20Smart%20Scroll%20use.%20Then%20touch%20OK (last accessed July 8, 2021).

[4] Samsung Electronics Co., Ltd., Use motions and gestures to control your Galaxy phone, available at https://www.samsung.com/us/support/answer/ANS00086302/ (last accessed July 8, 2021).

[5] A true and correct copy of the May 7, 2021 letter is attached hereto as Exhibit 2.

[6] A true and correct copy of the May 19, 2021 letter is attached hereto as Exhibit 3.

[7] A true and correct copy of the May 25, 2021 letter is attached hereto as Exhibit 4.

[8] A true and correct copy of GTP's Amended Infringement Contentions are attached as Exhibit 5

[9] Samsung sent a letter on June 21, 2021 alleging additional deficiencies with GTP's AICs. A true and correct copy of the June 21, 2021 letter is attached hereto as Exhibit 6.

[10] GTP responded to Samsung's June 21, 2021 letter on June 28, 2021 disagreeing with Samsung's contentions. A true and correct copy of the June 28, 2021 letter is attached hereto as Exhibit 7.

## III.    ARGUMENT

The Motion seeks to litigate infringement on its merits and impose a standard that does not exist for infringement contentions.  Infringement contentions do not provide a forum for litigation of the substantive issues, such as infringement; they merely streamline the discovery process. *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004).  All that P.R. 3-1 requires is "sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent[s] themselves."  *DataTreasury Corp. v. Wells Fargo & Co., C.A.*, No. 2:06-CV-72-DF, 2010 U.S. Dist. LEXIS 110658, at *21 (E.D. Tex. Sep. 13, 2010) (Folsom, J.) (citing *STMicroelectronics, Inc.*, 308 F. Supp. 2d at 755). Infringement contentions "need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement."  *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, at *5 (E.D. Tex. 2009) (Love, J.).   Under these principles, the Motion fails because GTP has complied with the local rules as detailed below.

### A.    GTP's AICs Comply With The Local Rules And Provide Fair And Adequate Notice Of GTP's Infringement Theories By Charting Every Component Of The Accused Products To the Asserted Claims.

GTP has complied with the Local Rules by charting every Accused Product, listing out the various components that meet the claim limitations of the Asserted Claims.  Despite multiple meet and confers, Samsung continues to try to make this case about "features," but it is not.  The Asserted Claims comprise predominantly apparatus claims.  The limitations of those apparatus claims claim components that have functional aspects.  Part of the functional aspects is the components having the ability to respond to gestures.  Samsung's attempt to re-direct the Court to passive limitations of the claims is a veiled effort to force GTP to marshal all of the evidence that it might use to prove infringement at trial, in its infringement contentions.  Marshalling all evidence

4

of infringement is not required at this stage of the case.  This type of "rigorous, pre-discovery analysis" has been rejected by the Court in *STMicroelectronics* and other cases.  *See STMicroelectronics,* 308 F. Supp. 2d at 755 ("the Court is unwilling to pre-try the case at this procedural stage by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions");  *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 73217, at *2 (E.D. Tex. Aug. 18, 2009) ("Notice is the core function of P.R. 3-1 contentions and although such' contentions must be reasonably precise and detailed . . . they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement.'").

1.      **GTP's AICs Comply With Local Patent Rule 3-1(c) And Provide Fair And Adequate Notice Of GTP's Infringement Theory For Each Accused Product.**

The Local Patent Rules require "specific theories of infringement and representative examples of the alleged infringement so as to give defendants fair notice." *Orion IP, LLC v. Staples, Inc.,* 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (Davis, J).  This is precisely what GTP has already provided to Samsung.  For each Asserted Claim and each Accused Product, GTP has provided a detailed table listing the components of the Accused Products by category and charted those components to the elements of each Asserted Claim, with a descriptive explanation.  *See e.g.* Ex. 5.

Infringement contentions are "not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof." *Dynamic Applet Techs., LLC v. Mattress Firm, Inc.,* Case No. 4:17-cv-00860-ALM-KPJ, Dkt. No. 123, 2019 U.S. Dist. LEXIS 50125, at *8 (E.D. Tex. Mar. 26, 2019) (Johnson, J.).  Yet Samsung claims entitlement to more, demanding  GTP's

trial evidence and arguments without discovery.  Samsung plainly has notice of GTP's infringement theories.  *See* Dkt. No. 21. at pp. 6-8.

Samsung's complaints are premature attempts to litigate substantive issues of infringement, again without discovery.  Samsung has ample notice from which to conduct and streamline discovery in this case—the exact purpose of infringement contentions.  *See Team Team Worldwide Corp. v. Acad., Ltd.*, No. 2:19-cv-00092-JRG-RSP, 2020 U.S. Dist. LEXIS 143339, at *14 (E.D. Tex. Aug. 11, 2020) (Payne, J.) ("While there are likely details that need to be developed, these developments will occur throughout discovery and claim construction. . . the Court will not resolve the substantive issue of infringement on pre-discovery contentions"); *Vertical Computer Sys. v. Interwoven, Inc.,* 2013 U.S. Dist. LEXIS 207181, *5 (E.D. Tex. Sept. 13, 2013) (Gilstrap, J.) (infringement contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process.") (quoting *STMicroelectronics,* 308 F. Supp. 2d).

GTP performed exhaustive pre-suit and post-filing investigations to identify Samsung's infringing products.  Only those products that GTP believed infringe, based on publicly available information, were listed in the IICs and AICs.  GTP's claim charts describe Samsung's Accused Products on an element-by-element basis.  They include where possible (1) an explanation of GTP's infringement theory; (2) example website links—many from Samsung websites—that provide information on how the Accused Products satisfy each element of the claims; and (3) Samsung product documentation about how its products work.  *See* Ex 1; Ex. 5.  For example, GTP has provided the following excerpt regarding the Samsung Galaxy S6 Edge in its AICs:

| Samsung Galaxy S6 Edge | Front Camera7 – SM-G920FR051585  Rear Camera8 – G920F_16_L  Front Proximity/Light sensor  Top infrared port[13] | 5.1" Quad HD (2560 x 1440) Super AMOLED Dual Edge Display[14] | Front Proximity/Light sensor  Top infrared port  Rear flash led[15] | Samsung Exynos 7420 (64-bit, 14nm) Octa core (2.1GHz Quad + 1.5GHz Quad)[16] | 2015 |

Ex. 5 at p. 3.  The table of Accused Products consists of the "Phone Model," the "Cameras and/or Sensors," "Light Sources," "Processors or Systems-On-Chips," and the "Year" the Accused Product was released.  *Id*.  GTP also provided a claim chart that maps the components from the table of Accused Products to the elements of the Asserted Claims:

| U.S. Patent No. 8,878,949 Claim Elements | Evidence of Use |
|---|---|
| 8[a] providing a portable device including a forward facing portion encompassing a digital camera and an electro-optical sensor, the electro-optical sensor having an output and defining a field of view; | Defendants provide the Accused Products, which are portable devices including a forward facing portion encompassing a digital camera and an electro-optical sensor, the electro-optical sensor having an output and defining a field of view.  Specifically, each of the Accused Products includes a camera means including, but not limited to, the Camera(s) specified in AIC, Section P.R. 3-1(b) and associated hardware and software.  One or more of the Cameras and/or Sensors operate as an electro-optical sensor, the electro-optical sensor having an output and defining a field of view. |
| 8[b] determining, using a processing unit, a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, wherein the determined gesture corresponds to an image capture command; and | Defendants, through the Accused Products, determine using a processing unit a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output, wherein the determined gesture corresponds to an image capture command.  Specifically, each of the Accused Products uses its Processors or Systems-On-Chips and Cameras and/or Sensors and associated hardware and software (*see* AIC, Section P.R. 3-1(b)) to determine a gesture has been performed in the electro-optical sensor field of view based on the electro-optical sensor output.  The gestures that can be determined by the Accused Products include, but are not limited to, gestures associated with:  Gesture Detection, Iris Scan Unlock, Face recognition (face unlock), Intelligent Scan Unlock, Tracking Autofocus (AF), Selfie Focus, Smart OIS, Smart Stay, Smart Pause, Smart Scroll, Blur Background, Internet Transfer After Sense (E.G., QR Code), Bixby Vision, Live Masks Track/Apply, Live Stickers Track, AR Emoji, Beauty Mode, and Portrait Mode.  *See, e.g.*:  https://www.samsung.com/us/support/answer/ANS00062630/  https://www.samsung.com/ie/support/mobile-devices/how-can-i-control-galaxy-s5-using-physical-gestures-instead-of-just-touch-or-voice/ |

Ex. 5, Ex. C at p. 6 (annotated).  As boxed in red, GTP mapped the "Processors or Systems-On-Chips" and "Cameras and/or Sensor" elements from the Accused Products table to claim element 8[b].  *Id*.  GTP also included a brief explanation for the charted claims.  *See id*.  If a claim element referred a "gesture" that was detected by the components (boxed in green), GTP listed applications on the Accused Products that use gestures to which the recited components respond.  *Id*. Additionally, GTP provided sample website links (boxed in orange) that explain how gestures are used by the Accused Products within the cited applications.  *Id*.  However, the applications that use "gestures" are not the Accused Products.  GTP's claims are to apparatuses (devices) that claim components of the devices, and GTP has identified those components in its claim charts.

### 2.    GTP's AICs Provide Fair And Adequate Notice For Every Charted Claim.

Samsung's argument that "GTP's AICs only provide adequate notice for one claim" is plainly wrong.  The Motion at pp. 9-10.  For each of the Accused Products, GTP repeated the process explained above of identifying components and mapping the components to the Asserted Claims.  *Supra*.  Samsung's argument that GTP provided notice of only "one claim" is, again, anchored on mistaken notion that GTP is accusing software "features" of infringement.  *See id*. To reiterate, the charts asserted by GTP are predominantly to apparatuses (devices), not applications.  And GTP's AICs chart every the infringing components of every accused product to every element of every Asserted Claim.  *See e.g.,* Ex. 5.

GTP has identified, for certain claim elements, that software may be involved, but only as a supplement to its infringement contentions.  GTP has never invoked the Court's procedure for identifying a limitation as a purely software limitation.  GTP has simply alerted Samsung and, through this brief, the Court that non-publicly available source code may additionally inform how

the Accused Products infringe the claims.  Although the Court has recognized that the lack of source availability may affect a plaintiff's ability to provide fulsome infringement contentions, GTP has not invoked that protect and, instead, has provided clear and complete infringement contentions.  *See generally Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00311-JRG-RSP, 2021 U.S. Dist. LEXIS 26073, at *11 (E.D. Tex. Feb. 11, 2021) (Payne, J.)  (citing *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (Davis, J.)) ("For example, in software cases, the Court has recognized the pragmatic limitation on infringement contentions when plaintiffs do not have the necessary access to non-public software, which is needed to make detailed infringement contentions.").

### 3. Samsung's Fundamental Misunderstanding Of The Claims Does Not Force GTP To Chart Features As The Accused Products.

As explained above, the claims are about devices, not applications and not gestures.  But Samsung fails to understand this simple fact, seeking myopically to require GTP to list every possible gesture that could be detected by components of the Accused Products, even though that is irrelevant.  The claims simply require that the components have the capability to perform certain functions based upon a gesture.  Nothing more.

When discussing claimed components that respond to gestures, GTP identifies the components and provides an exemplary list of applications on the Accused Products through which those components respond to gestures.  Additionally, GTP has provided example links to webpages that further explain this process (*supra* p. 7, orange box).  *See e.g.,* Ex. E.  This is sufficient notice under the Local Patent Rules.  *See Computer Acceleration Corp.,* 503 F. Supp. 2d at 822; *Sol IP, LLC v. AT&T Mobility*, *LLC*, 2020 U.S. Dist. LEXIS 68468, at *18 (E.D. Tex. Apr. 20, 2020) (Payne, J.) ("[t]his disclosure is intended to put defendants on reasonable notice of what products

are accused.") (quoting *Tivo Inc. v. Samsung Elecs. Co.,* Case No. 2:15- cv-1503, 2016 U.S. Dist. LEXIS 96299, at *3 (E.D. Tex. July 22, 2016) (Gilstrap, J.)).

### 4. GTP Has Not Used Representative Products.

Samsung's entire argument on this point is based on the same mistaken premise as their previous arguments, namely that GTP is accusing features as opposed to products. It plainly is not. GTP accused Samsung products. GTP has provided a claim chart for <u>each individual Accused</u> Product. As discussed above, part of those charts includes a reference to applications from which the components of the Accused Products respond to gestures. Nothing more is required. And nothing in the charts is representative.

Samsung's demolition of its own strawman affects nothing. The claims are to apparatuses, and GTP's charts identify and chart every Samsung device accused of infringement.

### B. GTP's Addition Of Two Inadvertently Omitted Products And Reference To A Non-Samsung Application Should Not Be Stricken.

The AIC's added two Samsung products to the Accused Product list because they were unintentionally omitted from the IICs. The two products were added to GTP's AICs promptly upon discovery of their omission. Additionally, GTP's reference to a non-Samsung branded application is irrelevant to whether the infringement contentions are complete. It is GTP's contention that this non-Samsung application is pre-loaded onto the Accused Products and that the accused components of the Accused Products respond to gestures used within that application. The fact that the application is a third party application is irrelevant.

### 1.      Good Cause Existed For GTP's Addition Of One Phone And One Tablet.

GTP inadvertently omitted the Samsung Galaxy S5 and the Samsung Galaxy Tab A 8.0 (2019) from the IICs.  But GTP did include variants of those popular devices—the Samsung Galaxy S5 Neo and the Samsung Galaxy Tab A Kids 8.0 (2019)—in the IICs.  *See* Ex. 1 at pp. 4, 12-13.   GTP's complaint accuses the entire Galaxy S and Galaxy Tab product lines of infringement.  *See* Dkt. No. 1 at pp. 5-6.  And both the IICs and AICs accused multiple variations of the Galaxy S phones and Galaxy Tab A 8.0 tablets.  Ex. 1 at pp. 2-16; Ex. 5 at pp. 2-18.  GTP removed the Samsung Galaxy S5 Neo on receiving information from Samsung that it was never sold in the United States, and replaced it with the Samsung Galaxy S5, which was sold in the United States.  Ex. 1 at p. 4; Ex. 5 at p. 2.  GTP also added the Samsung Galaxy Tab A 8.0 (2019) upon discovering its inadvertent omission.  Ex. 5 at p. 3.  The Court has previously held that the inadvertent omission of materials from contentions combined with diligence in fixing the omission weighs in favor of allowing amendment.  *See Estech Sys. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, 2020 U.S. Dist. LEXIS 150768, at *7 (E.D. Tex. Aug. 20, 2020) (Payne, J.) (granting leave to amend infringement contentions to include an entire chart where the omission was a "simple oversight and mistake.");  *Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 194431, at *3-4 (E.D. Tex. Apr. 29, 2014) (Gilstrap, J.) (the inadvertent omission of an invalidity chart where the omitted chart was served "just weeks" after the original contentions supported good cause to amend);  *Lunareye, Inc. v. Airiq, Inc*., No. 9:07CV-113, 2010 U.S. Dist. LEXIS 160718, at *6- 7 (E.D. Tex. Apr. 1, 2010) (Clark, J.) ("the inadvertent omission of an entire set of contentions against a defendant for an eight-day period supported good cause to allow amendment.").  Here, GTP seeks to add only two products to the infringement contentions. Therefore, GTP respectfully submits that the Samsung Galaxy S 5 and the Samsung Galaxy Tab

A 8.0 (2019) should remain part of the AICs, or in the alternative, respectfully requests leave to add these two devices.

### 2. GTP's Reference To A Non-Samsung Branded Application Should Not Be Stricken.

Samsung requests that the Court strike GTP's reference to the Facebook application "Live Masks Track/Apply" from GTP's AICs because it is a "non-Samsung feature."  The Motion at p. 14.  Whether "Live Masks Track/Apply" is a Samsung-branded feature is irrelevant.  Samsung ignores the fact that Facebook is a developer for Samsung, and the referenced Facebook application is pre-installed on the Accused Products.[11]  In fact, many users are unable to uninstall the pre-installed Facebook application from the Accused Products.[12]  The Accused Products use the Facebook application and the feature "Live Masks Track/Apply" to track users by their facial features and gestures.[13]

### C. Samsung Is Not Materially Prejudiced Because The AICs Comply With The Local Rules.

"Striking infringement contentions is an extreme decision comparable to determining 'whether evidence should be excluded for discovery violations.'"  *Team Worldwide Corp*., No. 2:19-cv-00092-JRG-RSP, at *10 (quoting *Eolas Tech. Inc. v. Amazon.com, Inc.*, 6:15-cv-1038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016) (Schroeder III, J)).  "Courts are thus hesitant to strike contentions without evidence of unreasonable delay and prejudice." *Id*.  Samsung has not

---

[11] SamMobile, *Facebook being pre-installed on Galaxy phones is neither new nor a major problem*, available at https://www.sammobile.com/2019/01/09/facebook-app-pre-installed-galaxy-phones-not-a-problem  (last accessed July 13, 2021)

[12] Time USA LLC, *Some Samsung Users Are Finding They Can't Delete Facebook From Their Phones*, available at https://time.com/5497200/samsung-facebook-app-delete/ (last accessed July 13, 2021)

[13] Insider, Inc., *Facebook is copying Snapchat again*, available at https://www.businessinsider.com/facebook-live-masks-snapchat-like-selfie-video-filters-2016-10 (last accessed July 13, 2021)

been prejudiced with regard to GTP's infringement theories because GTP has provided more than sufficient information to satisfy the Local Patent Rules.  *See* Ex. 1.  When Samsung raised its issues with the IICs, the parties held multiple meet and confer teleconferences from which GTP voluntarily amended its infringement contentions. *See* Ex. 5.  As explained above, the AICs comply with the Local Patent Rules, placing Samsung on notice of GTP's infringement.  On July 6, 2021, Samsung served its invalidity and subject matter contentions, which included 110 claim charts that clearly evidence Samsung is aware of what is accused of infringement.  Accordingly, Samsung cannot demonstrate no prejudice.

### D.     In The Alternative, GTP Should Be Granted Leave To Amend.

Samsung has sufficient notice of GTP's infringement theories and the scope of this case, as discussed *supra*.  But if the Court holds otherwise, GTP respectfully requests leave to amend its infringement contentions to respond to the Court's holding.

## IV.     CONCLUSION

For the foregoing reasons, GTP respectfully submits that the Motion should be denied in its entirety.

Dated: July 14, 2021                    Respectfully submitted,


                                        By: */s/ Fred I. Williams*
                                        Fred I. Williams
                                        Texas State Bar No. 00794855
                                        Michael Simons
                                        Texas State Bar No. 24008042
                                        WILLIAMS SIMONS & LANDIS PLLC
                                        327 Congress Ave., Suite 490
                                        Austin, TX 78701
                                        Tel: 512-543-1354
                                        fwilliams@wsltrial.com
                                        msimons@wsltrial.com

                                        Todd E. Landis
                                        State Bar No. 24030226
                                        WILLIAMS SIMONS & LANDIS PLLC
                                        2633 McKinney Ave., Suite 130 #366
                                        Dallas, TX 75204
                                        Tel: 512-543-1357
                                        tlandis@wsltrial.com

                                        John Wittenzellner
                                        Pennsylvania State Bar No. 308996
                                        WILLIAMS SIMONS & LANDIS PLLC
                                        1735 Market Street, Suite A #453
                                        Philadelphia, PA 19103
                                        Tel: 512-543-1373
                                        johnw@wsltrial.com

                                        *Attorneys for Plaintiff*
                                        *Gesture Technology Partners, LLC.*

14

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 14, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail and the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

By: */s/ Fred I. Williams*
Fred I. Williams