# EXHIBIT 4



**Fred I. Williams**
Williams Simons & Landis PLLC
Direct: 512.543.1356
fwilliams@wsltrial.com

May 25, 2021

Chris Kennerly
Paul Hastings LLP
1117 S. California Avenue
Palo Alto, CA 94304

Re:   *Gesture Technology Partners LLC v. Samsung Electronics Co. LTD., et al.*, Plaintiff's Disclosure of Asserted Claims and Infringement Contentions

Dear Mr. Kennerly,

On behalf of Gesture Technology Partners LLC ("GTP"), we write in response to Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") letter dated May 7, 2021 regarding GTP's infringement contentions with respect to U.S. Patents 8,194,924 ("'924 Patent"); 7,933,431 ("'431 Patent"); 8,878,949 ("'949 Patent"); and 8,553,079("'079 Patent") (collectively, the "Asserted Patents") and follow-up letter dated May 19, 2021.

We disagree with your assertion that GTP has failed to comply with local Patent Rule 3-1(b) regarding GTP's infringement contentions. GTP has not accused representative products, but rather has provided detailed charts listing the products accused of infringing the Asserted Patents based on publicly available information.

Nothing in GTP's infringement contentions is labeled "Accused Feature." GTP has described how each of the asserted claims is met by Samsung's products, the specific component of the products that meet the claim elements, and the applications used in conjunction with that hardware. GTP provided a 19-page chart detailing the hardware portion for each product. Samsung seeks disclosure of GTP's infringement case, which is not required at this stage. Samsung is on sufficient notice of GTP's allegations under any proper reading of the local patent rules.

After reviewing the products and applications cited in GTP's preliminary infringement contentions, we agree that the Motion Sense and Smile Shutter features, and the Galaxy M Series product, should not have been included and should no longer be considered part of GTP's operative infringement contentions. Additionally, only the '924 Patent expressly requires two cameras. Therefore, GTP agrees that the Samsung Metro 360 and Samsung Xcover 550 should not have

been included in the infringement contentions for the '924 Patent and that they are no longer part of the operative infringement contentions. As for the '079 Patent and '924 Patent infringement contentions, GTP believes it would be premature to remove the Samsung Metro 360 and Samsung Xcover 550 before claim construction.

Regarding claims 1, 11, and 21 of the '079 Patent and claims 1, 8, and 13 of the '949 Patent, GTP has identified all cameras and sensors used to identify gestures. GTP has also identified in claim element 1[a] of the '079 Patent and claim element of 1[c] of the '949 Patent the applications that are believed to use gestures as part of their operations with such use being in conjunction with the associated hardware as the infringement contentions set out in great detail. Furthermore, for both the '079 Patent and the '949 Patent, GTP has identified limitations that may implicate source code, which Samsung has not yet produced.

Regarding claim 1 of the '924 Patent, GTP has identified the features responsible for controlling functions on the Samsung devices. GTP has also identified that source code may be implicated in meeting the limitations of the infringed claims. Regarding the remaining dependent claims 4-6, 8, 9, and 14, GTP has identified the hardware and associated software that infringe.

Regarding claim 1 of the '431 Patent and similar claims 7 and 13, GTP has identified the features and the corresponding controls that meet the claims' limitations. As with the other Asserted Patents, GTP has identified that source code, which Samsung has not produced, may be implicated in meeting the limitations of the claims, including the "transmitting of data" in claim 25.

Accordingly, GTP has adequately identified the Samsung products accused of infringement along with the mechanisms by which they infringe. This satisfies the local patent rules. GTP is not under an obligation to marshal its infringement case at this stage.

Sincerely,

Fred I. Williams