# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00041-JRG (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**SAMSUNG DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND/OR COMPEL INFRINGEMENT CONTENTIONS COMPLYING WITH THE COURT'S PATENT RULES**

**I.      INTRODUCTION**

For three months, Samsung has attempted unsuccessfully to obtain fair and adequate notice of GTP's theory of infringement as to each Accused Instrumentality, pursuant to the Court's local rules.  GTP's Response concedes that its Amended Infringement Contentions ("AICs") do not identify GTP's theory of infringement for *each* Asserted Claim, do not provide documentation or other explanation of how *each* Accused Feature when used by the Accused Products is alleged to infringe, and do not identify any claimed "gesture" (even as an example) allegedly performed in connection with *each* Accused Feature.  GTP excuses these omissions by arguing that because the Asserted Claims are "predominantly" apparatus claims, and GTP now purports not to accuse any *features* of infringement, GTP has no obligation to identify its theory of infringement for each Accused Feature with respect to each Asserted Claim.  GTP's position is untenable.

GTP asserts many method claims, which allegedly implicate the Accused Features when used by the Accused Products.  GTP cannot ignore the method claims to justify failure to comply with the requirements of the local rules.  In its Complaint, GTP itself designated the features at issue as "Accused Features," which when used by the Accused Products allegedly infringe the Asserted Patents. Dkt. No. 1 ¶ 25.  GTP cannot reasonably argue now that the "Accused Features" are somehow not accused, such that its disclosure obligations under the local rules do not apply.  Moreover, GTP's refusal to provide fair and adequate notice of its theory of infringement as to each Accused Instrumentality (*i.e.*, Accused Feature) has frustrated Samsung's ability to provide timely discovery and prepare its defenses.  Despite diligent efforts, Samsung is unable to ascertain GTP's theory as to how *each* Asserted Claim is infringed when *each* Accused Feature is used by the Accused Products.  More is required of GTP than it has been willing to provide.[1]

---

[1] GTP cites no supporting authority that Samsung's Motion is discovery-related under the Court's Joint Discovery Order. This Court regularly rules on similar motions exceeding seven pages.  *See,*

## II.     ARGUMENT

### A.     GTP's Response Concedes That It Has Not Properly Accused or Charted the Asserted Method Claims

GTP argues that because the "Asserted Claims comprise *predominantly* apparatus claims," GTP is somehow excused from satisfying the local rules as to the asserted method claims. Resp. at 4 (emphasis added). GTP fails to provide a single authority in support. GTP asserts 39 method claims across three of the four Asserted Patents.[2] For each asserted method claim, GTP's AICs fail to identify how the Accused Features "when used allegedly result in the practice of the claimed method or process" as required by Patent Rule 3-1(c). Instead of addressing this deficiency, GTP's Response instead focuses on an uncontested issue—that GTP has provided sufficient notice as to the relevant *components* of the Accused Products. But GTP's listing of components does not excuse its further obligation to identify specifically where each element of each asserted claim is found within "each . . . process, method, [or] act" as required by P.R. 3-1(b). By GTP's admission, its AICs are deficient at least as to the asserted method claims. At a minimum, GTP's AICs as to those claims should be supplemented to comply or be struck for non-compliance.

### B.     GTP's Response Concedes That GTP Has Not Provided Fair and Adequate Notice of GTP's Theory of Infringement for *Each* Accused Feature

GTP's AICs fail to provide fair and adequate notice of GTP's theory of infringement for each Accused Instrumentality as required by the Court's local rules. Accused Instrumentalities include "*each* accused apparatus, product, device, *process, method, act*, or other instrumentality."

---

*e.g.*, *Scorpcast, LLC v. Boutique Media*, No. 20-cv-00193, Dkt. Nos. 108, 111, 114, 116, 118, 120, 152 (E.D. Tex.).

[2] Asserted method claims include: Claims 1-6, 8, 9, 21-26, 28, and 30 of the '079 Patent; Claims 8, 9, 11, and 12 of the '949 Patent; and Claims 1-4, 6, 14-22, 25-28, and 30 of the '431 Patent. While GTP asserts no method claims for the '924 Patent, it alleges Samsung infringes that patent by "advising or directing end users and other third-parties to *use the Accused Features* in the Accused Products in an infringing manner." Dkt. No. 1 ¶ 46 (emphasis added).

P.R. 3-1(b) (emphasis added). Each of the 18 "Accused Features" identified in GTP's Complaint (and that GTP has not voluntarily withdrawn) is unique, having its own individual functions and operation as used by the Accused Products. Yet GTP's AICs fail to describe how *each* Accused Feature, when used by the Accused Products, allegedly infringes *each* Asserted Claim.

GTP's Response does not dispute these critical deficiencies but instead attempts to excuse them by asserting that "GTP is [not] accusing software 'features' of infringement." Resp. at 8. GTP's argument is belied by its own Complaint explicitly designating these features as "Accused Features" alleged to infringe when used by the Accused Products.[3] But even aside from GTP's attempt to distance itself here from the live allegations in its Complaint, each of these software features constitutes or involves a "process, method, or act" that must be charted as to each Asserted Claim (including the method claims) under P.R. 3-1(b). Unless and until GTP formally withdraws all infringement allegations with respect to the Accused Features, the Court should compel GTP to provide AICs compliant with the local rules or strike those allegations altogether.

Further, GTP's Response concedes it has not identified documentation for each of the 18 Accused Features, *i.e.*, for each Accused Instrumentality. The only documentation in the AICs as to the Accused Features, across all of the Asserted Claims, consists of the same three website links. Neither the links nor anything else in the AICs specify what Accused Features the links allegedly relate to or how *any* Accused Feature, when used by the Accused Products, allegedly infringes *any* Asserted Claim. See Motion at 8-9. GTP's Response provides, for the first time, five more

---

[3] GTP's Complaint lists the features under the heading "Examples of Samsung's Marketing of the ***Accused Features***." Dkt. No. 1 ¶ 25 (emphasis added). GTP's Complaint accuses Samsung of infringing the '924 Patent, for example, by "advising or directing end users and other third-parties ***to use the Accused Features*** in the Accused Products in an infringing manner." Dkt. No. 1 ¶ 46 (emphasis added). Even GTP's Response asserts that "components ***and their related software*** allow the detection of detect [sic] numerous types of gestures." Resp. at 2 (emphasis added).

links describing some, but not all, of the Accused Features and how they relate to the Asserted Claims. *See* Resp. at nn. 3-4, 11-14. Notably, GTP did not include any of these newly-identified links in its Complaint, its PICs, its AICs, or in response to Samsung's repeated requests. The fact that GTP is able to provide this further detail to explain how some Accused Features allegedly infringe the Asserted Claims highlights the failure of the AICs to provide the requisite detail with respect to *each* Accused Feature and *each* Asserted Claim. Resp. at 3. While GTP's refusal to provide this information for all of the Accused Features remains unexplained (as is its refusal to voluntarily provide this information for *any* of the Accused Features before requiring Samsung to involve the Court), "The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit." *Connectel, LLC v. Cisco Sys.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (citation omitted). GTP's deficient AICs should be supplemented to comply or struck.

        **C.**        **GTP's AICs and Response Fail to Identify Any Claimed "Gesture"**

GTP argues that the "asserted claims do not claim 'gestures'—they claim only devices that have components that respond to 'gestures.'" Resp. at 1. From this assertion, GTP posits that it need not identify any "gesture" that purportedly causes the Accused Features, when used by the Accused Products, to infringe the claims. However, as detailed in Samsung's Motion, three of the Asserted Patents have Asserted Claims explicitly requiring the recited devices to determine that a "gesture" has been performed. *See* Mot. at 10-12. Thus, GTP must at least identify a purported "gesture" for each Accused Feature. Yet, GTP refuses to do so.

For example, none of GTP's website links, whether in its AICs or its Response, identifies any "gesture" for the Iris Scan Unlock, Bixby Vision, or QR Codes Accused Features, nor do they identify how these Accused Features determine any gesture as the Asserted Claims require. After diligent investigation, Samsung is unable to discern what possible "gesture" can be determined for a human eye, a restaurant in the world, or a barcode such that these Accused Features, when used

by the Accused Products, allegedly satisfy the Asserted Claims. GTP's failure to provide fair and adequate notice of its theory of infringement exists similarly for the remainder of the 18 Accused Features. As a result, Samsung is left to speculate regarding the claimed "gesture" with respect to each Accused Feature and each Asserted Claim.

GTP's arguments that Samsung is "demanding GTP's trial evidence and arguments without discovery" and "requir[ing] GTP to list every possible gesture that could be detected" (Resp. at 5-6, 9) are red herrings. Samsung merely requests that GTP be ordered to comply with the local rules by identifying "at least one 'gesture' for each Accused Feature" to provide "reasonable notice of GTP's theory of infringement for *each* Accused Feature as used by the Accused Products." Mot. at 12, 15. It is revealing that GTP must distort Samsung's request for relief and supporting arguments rather than confront their merits.

D.     **GTP's Has Not Shown Good Cause to Accuse Two Additional Products**

GTP had a duty to limit its allegations to products it reasonably believes infringe based on diligent pre-suit investigation. The two devices GTP seeks to add, the Galaxy S5 and the Galaxy Tab A 8.0, are both flagship models. GTP's Complaint, which accuses the entire Galaxy S and Galaxy Tab product lines, and GTP's PICs, which accused variants of both products, show that GTP was or should have been aware of both models when it served its PICs. GTP has not shown good cause to allow the amendments now. GTP amended its PICs to include these models only after Samsung informed GTP that certain other Accused Products were not sold in the United States, and until GTP's Response it had never sought leave to add these models as the local rules require, evidencing a lack of diligence that undermines GTP's arguments as to good cause.

**III.    CONCLUSION**

Accordingly, Samsung respectfully requests that the Court compel GTP to supplement its AICs to comply with Patent Rule 3-1(c) or strike all allegations that do not comply.

DATED:  July 21, 2021                    Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 21, 2021.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

  */s/ Christopher W. Kennerly*
  Christopher W. Kennerly
