# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>        Plaintiff<br>v.<br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>        Defendants. | **JURY TRIAL DEMANDED**<br><br>C.A. NO. 2:21-cv-00040-JRG<br><br>LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**PLAINTIFF GTP'S SUR-REPLY TO SAMSUNG DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S INFRINGEMENT CONTENTIONS AND/OR COMPEL INFRINGEMENT CONTENTIONS COMPLYING WITH THE COURT'S PATENT RULES**

I.  **INTRODUCTION**

GTP has provided Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") fair and adequate notice of its infringement theories from the day it served its Initial Infringement Contentions ("IIC").  After numerous meet and confers and at Samsung's request, GTP served Amended Infringement Contentions ("AIC") to resolve any potential ambiguity that Samsung saw in GTP's IICs.  Yet Samsung continues to ask for more and attempts to make this case about something it is not.  GTP has repeatedly informed Samsung that the features used by the various infringing phones and tablets ("Accused Products") are not part of GTP's infringement theories.  GTP has identified the hardware components relevant to its infringement theory for each asserted method and apparatus claim (the "Asserted Claims").  GTP has also provided Samsung with example articles discussing how the hardware in the Accused Products detects gestures or other control commands using various features.  GTP does not need to provide additional documentation on the features because the features themselves are not part of GTP's infringement theories.

GTP has properly and adequately charted every Asserted Claim.  Samsung blatantly misquotes the Complaint in a smoke-and-mirror effort to divert the Court's attention from the issue at hand.  In its complaint, GTP identified the Accused Products as having "features including, but not limited to, at least the following: Gesture Detection . . . Smile Shot (the 'Features')" that "drive the popularity and sales of the Accused Products." (Dkt. No. 1 at ¶¶ 25-26).  GTP did not, and has not, accused the features of infringement.  GTP has never defined the term "Accused Features"— it is a red herring offer by Samsung in an effort to waste judicial and party resources and time.[1]

---

[1] Samsung cites to two typographical errors in the Complaint that reference "Accused Features," (Reply at p.1 and fn. 2 (citing Dkt. No. 1 at ¶¶ 25, 46 )) but the term "Accused Features" is not a

1

## II.     ARGUMENT

The Motion seeks to makes the case about features, but it is not.  GTP has not conceded any position to Samsung but, rather, has adequately charted every claim and provided fair notice of its infringement theories.  Additionally, GTP's AICs are not required to identify "gestures" because the infringement theories are not based on "gestures," and GTP has shown good cause to add the two originally omitted Samsung products to its AICs. The AICs comply with the Local Patent Rules, and the Motion should be denied as explained below.

### A.     The AICs Properly Accuse And Chart The Asserted Method Claims.

GTP's AICs satisfy and comply with all of the applicable provisions and requirements regarding a method patent, pursuant to Local Patent Rule 3-1 (hereinafter "P.R. 3-1").  Rule 3.1 requires the party alleging infringement of a method patent to provide information that includes "each method or process… identified by name, if known, or by any product, device, or apparatus which when used, allegedly results in the practice of the claimed method or process." (*See* P.R. 3-1).  GTP's AICs comply with the requirements of P.R. 3-1 by identifying the components, by name, and the manner in which they perform the claimed methods.  (*See* Dkt. No. 54-5, Ex. B pp. 1-6, 11-30; Ex. C at pp. 5-9; Ex. D at pp. 1-6, 10-15).  Where necessary, GTP identified Samsung features, by name, that use gestures to meet the implemented methods.  *See Id*. Ex. C. pp. 1-2 ("The gestures that can be determined by the Accused Products include, but are not limited to gestures associated with: Gesture Detection . . . Beauty Mode, and Portrait Mode.")

As required by P.R. 3-1, GTP's AICs identify each method step, or claim element, of the Asserted Claims, that Samsung has used, and continues to use, in manufacturing and selling the

---

defined term in the complaint.  *See* Dkt. No. 1.  In every other instance when referencing Samsung features, GTP uses the defined term "Features."  *See* Dkt. No. 1 at ¶¶ 26, 41, 56, and 71.

Accused Products that implement the various patented methods. The Asserted Claims clearly set forth the sequencing of steps and the components used in performing the claimed methods. GTP should not be further obligated to explain those sequencing of steps and claimed components to Samsung. For method claims, P.R. 3-1 requires identification of the "accused method" name or the equipment used in performing the steps of the "accused method," if known. GTP provided both in its AICs. *See Whipstock Servs. v. Schlumberger Oilfield Servs.*, No. 6:09-cv-113, 2010 U.S. Dist. LEXIS 1395, at *6 (E.D. Tex. Jan. 8, 2010) (Love, J.) (denying defendant's motion to strike plaintiff's infringement contentions and finding that plaintiff adequately charted the method claims under the local rules.).

    **B.    GTP's AICs Properly Provide Fair And Adequate Notice Of GTP's Infringement Theory For Each Accused Product.**

GTP has complied with the Local Rules by charting every Accused Product. Samsung's continuing effort to make this case about "Accused Features" is a red herring that seeks to waste judicial and party resources and time. As discussed above, GTP has never defined the term "Accused Features." That is a term that Samsung seeks to force into GTP's infringement theories. Despite Samsung's reply argument, GTP cannot concede something it has never done. GTP's Complaint defines the term "Features" as shown below:

> 25. The Accused Products have features including, but not limited to, at least the following: Gesture Detection, Smile Shutter, Iris Scan Unlock, Face ID Unlock, Intelligent Scan Unlock, Tracking Autofocus, Selfie Focus, Smart OIS, Smart Stay, Smart Pause, Smart Scroll, Blur Background, Adjust Blur, Face Location, Active Shape Connection, Internet Transfer After Sense (E.G., QR Code), Bixby Vision, Control Exposure Based On Location, Live Masks Track/Apply, Live Stickers Track, AR Emoji, Beauty Mode, Portrait Mode, and Smile Shot (the "Features").

Dkt. No. 1, ¶ 25 (annotated).  To the extent GTP's AIC's reference the Features, it is only to identify gestures or other control commands used by said Features.  *See e.g.,* Dkt. No. 54-5, Ex. C at p. 6 ("The gestures that can be determined by the Accused Products include, but are not limited to, gestures associated with: Gesture Detection . . . and Portrait Mode.).  As discussed in the Response, GTP has listed every hardware component and charted them in its AICs.  Resp. at p. 5-8.  Only were appropriate, GTP has made the foregoing reference to gestures or other similar commands.  GTP has complied with the Local Rules.

GTP has not conceded that it failed to provide documentation for each Feature because it is under no obligation to do so.  As GTP has reiterated to Samsung numerous times, this case is not about "Accused Features" because it is about the combination of hardware components and software implementation that meet the limitations of the Asserted Claims.  All of the links provided by GTP in its AICs are merely examples of Samsung articles discussing how the Features use gestures or other commands and interact with the components from the Accused Products that are charted with respect to the elements of each claim.  Furthermore, Samsung's allegation that GTP has provided "five more" new links is inaccurate.  Reply at p. 3.  Two of the links provided in the Response were also cited in the Complaint.  Dkt. No. 1 at fn. 3-4; Dkt. No. 54 at fn. 3-4.  The remaining three links discussing "Live Masks Track/Apply" are equally accessible to Samsung with a simple search engine query.  Resp. at p. 12.  GTP is under no obligation to hand-walk Samsung through the development of its defense theories.

    **C.**    **GTP's AICs Do Not Need To Identify Any Claimed Gestures Because The Claims Are Not Directed Towards Specific Gestures.**

The Asserted Claims are about devices, not gestures. The Complaint does not rely on "Accused Features" to allege infringement of the patents in this case.  To the extent gestures or commands are used by the Features, GTP has properly referenced those gestures or commands in

4

its AICS.  Apparently, Samsung wants GTP to list every permutation of any gesture or other command that could possibly be used by the Features in Samsung's products.  That level of detail is not required because GTP's infringement theories, and the claims themselves ,do not require specific gestures or commands for infringement.  Nevertheless, even if GTP's infringement theories relied on various individual gestures, which they do not, GTP cannot list all of the various gestures or commands without discovery, nor is it required to do so in its infringement contentions. *Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00311-JRG-RSP, 2021 U.S. Dist. LEXIS 26073, at *11 (E.D. Tex. Feb. 11, 2021) (Payne, J.) (quoting *Orion IP, LLC v. Staples, Inc.,* 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (Davis, J)) ("[A] plaintiff need not provide evidence for 'every possible manifestation of the alleged infringement' in its infringement contentions.")

### D. GTP Has Shown Good Cause To Add The Two Inadvertently Omitted Products To Its AICs.

GTP inadvertently omitted the Samsung Galaxy S5 and the Samsung Galaxy Tab A 8.0 (2019) from its IICs.  The omission was discovered after confirming information from Samsung that certain variations of these products were not sold in the United States.  Upon discovery of the omission, GPT promptly added the two devices to its AICs.  Samsung is aware that this was an accidental omission by GTP, it cannot show any prejudice by the addition of the two devices at this stage, and GTP has demonstrated good cause.  GTP respectfully requests that the Court permit the Samsung Galaxy S5 and the Samsung Galaxy Tab A 8.0 (2019) to remain part of the AICs, or in the alternative, respectfully requests leave to supplement with these two devices.

### III. CONCLUSION

For the foregoing reasons, GTP respectfully submits that the Motion should be denied.

Dated: July 28, 2021							Respectfully submitted,

											By: */s/ Fred I. Williams*
											Fred I. Williams
											Texas State Bar No. 00794855
											Michael Simons
											Texas State Bar No. 24008042
											WILLIAMS SIMONS & LANDIS PLLC
											327 Congress Ave., Suite 490
											Austin, TX 78701
											Tel: 512-543-1354
											fwilliams@wsltrial.com
											msimons@wsltrial.com

											Todd E. Landis
											State Bar No. 24030226
											WILLIAMS SIMONS & LANDIS PLLC
											2633 McKinney Ave., Suite 130 #366
											Dallas, TX 75204
											Tel: 512-543-1357
											tlandis@wsltrial.com

											John Wittenzellner
											Pennsylvania State Bar No. 308996
											WILLIAMS SIMONS & LANDIS PLLC
											1735 Market Street, Suite A #453
											Philadelphia, PA 19103
											Tel: 512-543-1373
											johnw@wsltrial.com

											*Attorneys for Plaintiff*
											*Gesture Technology Partners, LLC.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 28, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

By: */s/ Fred I. Williams*
Fred I. Williams