IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>   Plaintiff<br><br>   v.<br><br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>   Defendants. | §§§§§§§§§§§§§ CASE NO. 2:21-cv-00040-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>   Plaintiff<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>AND SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>   Defendants. | §§§§§§§§§§§§§§ CASE NO. 2:21-cv-00041-JRG<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**JOINT MOTION FOR ENTRY OF DISPUTED E-DISCOVERY ORDER**

Defendants Huawei Device Co., LtD., Huawei Device USA, Inc. (together "Huawei"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together "Samsung") (collectively "Defendants") and Plaintiff Gesture Technology Partners, LLC ("Plaintiff" or "GTP") (collectively "the Parties") submit the Proposed Disputed E-Discovery Order attached as **Exhibit A** (the Parties' respective proposals with respect to disputed provisions being indicated with Plaintiff's Proposal and Defendants' Proposal). Through their meet and confer efforts, the Parties were able to reach agreement on almost all provisions of the E-Discovery Order, but were unable to reach agreement and are at an impasse regarding provisions for (1) identifying proper

-1-

custodians within Section 7; and (2) limits for email discovery within Section 9. The Parties' competing proposals and arguments are presented below:

I. **PLAINTIFF'S POSITION**

    A. **Identifying Proper Custodians ¶ 7**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(A). "The burden is on the party resisting discovery to establish the discovery is not proportional." *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2017 U.S. Dist. LEXIS 221766, at *4-5 (E.D. Tex. Dec. 21, 2017); *see also Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, No. 3:15-CV-4108-D, 325 F.R.D. 578, 2017 U.S. Dist. LEXIS 31662, 2017 WL 896897, at *11 (N.D. Tex. Mar. 7, 2017) ("a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by [Fed. R. Civ. P. 26(b)]")

GTP believes that Defendants' proposal would impose unreasonable restrictions on GTP's ability to conduct discovery. Defendants have not shown a compelling reason to deviate from the Court's Model Order Regarding E-Discovery in Patent Cases (the "Model Order"). The burden is on Defendants to demonstrated that "a specific identification of the fifteen most significant listed e-mail custodians" and "tak[ing] one deposition per producing party" is not proportional to the needs of this case. In fact, it is quite the opposite. Defendants are large corporations with teams of individuals working on different portions of the accused phones and tablets. For GTP to properly discover the scope of Defendants' infringement, GTP cannot agree to limit its discovery

efforts preemptively. "Generally, the party seeking to limit discovery bears the burden of showing good cause." *Smartflash LLC v. Apple Inc.*, No. 6:13cv447, 2014 U.S. Dist. LEXIS 185186, at *18 (E.D. Tex. May 12, 2014) citing *GeoTag v. Frontier Commn's Corp., et al.*, No. 10-cv-00570, 2013 U.S. Dist. LEXIS 25774, *2 (E.D. Tex. Jan. 8, 2013). Defendants have offered no reason why the burden should be shifted to GTP, nor have they shown good cause.

### B. Limits for Email Discovery ¶ 9

For the same reasons discussed above, Defendants have not demonstrated why there is a need to limit the search hits to 2,000 hits per custodian. The Model Order does not place any such restrictions, nor is one necessary. A limit on the number of hits, as proposed by Defendants, would hamper GTP's ability to obtain relevant discovery and would arbitrarily allow Defendants to dictate the number of relevant documents. GTP has accused numerous phones, and tablets produced and manufactured by the Defendants and believes that any predetermined limit will hamper GTP's discovery efforts.

## II. DEFENDANTS' POSITION

### A. Identifying Proper Custodians ¶ 7

Defendants respectfully request that the Court (1) not require a party deposition merely to identify e-mail custodians, (2) limit the required identification of e-mail custodians to "up to" 15 custodians; and (3) require an accompanying translation for any search terms that require it.

GTP has failed to explain how additional "discovery about discovery" will assist the Parties in identifying how to efficiently proceed with e-mail collection. The Parties have already agreed on up to five written requests to identify custodians and search terms. GTP accuses 18 Accused Features across 33 Accused Products for the Samsung Defendants and a comparable number of features and products for the Huawei Defendants. These products and features are likely to involve a number of different custodians, and no single deponent (or even a very limited set of deponents)

would possess the requisite personal knowledge or other information to provide fact testimony regarding all of the potential custodians, except as told to the deponent by Defendants' attorneys following appropriate investigation.  As a result, a deposition to identify e-mail custodians would be nothing more than a memory exercise having very little if any practical usefulness to GTP despite imposing a disproportionately high burden on Defendants.  Such a deposition would be a gross misuse of resources in the particular circumstances of this case.  Accordingly, Defendants respectfully request that the Court approve Defendants' Proposal and not require a deposition to identify e-mail custodians.

Further, Defendants respectfully request that the Court limit the required identification of e-mail custodians to "up to" 15 custodians.  Defendants request this modification in the event any Party is unable to identify a total of 15 relevant custodians for e-mail discovery.  The Parties have already committed to identifying up to 15 of the most relevant e-mail custodians.  Defendants' proposed modification is intended to streamline e-mail discovery by avoiding potential disputes over whether there are, in fact, 15 relevant e-mail custodians or some fewer number.  Although GTP has identified numerous "Accused Features," GTP has repeatedly stated in motion papers and otherwise that it "has not accused the features of infringement" (2:21-cv-00041 Dkt. 57 at 1), acknowledging that the numerosity of "Accused Features" does not warrant a large number of e-mail custodians.  In the particular circumstances of this case, there is simply no need to require the identification of 15 e-mail custodians if a fewer number is appropriate.  Accordingly, Defendants respectfully request that the Court adopt Defendants' Proposal and limit the required identification of e-mail custodians to "up to" 15 custodians.

Lastly, Defendants respectfully request that the Court require an accompanying translation for any search terms that require it.  Defendants include international companies with employees

speaking different languages.  If GTP proposes search terms that requires a translation, Defendants request that GTP be required to provide an accompanying translation of those search terms.

### B. Limits for Email Discovery ¶ 9

The Parties have agreed that each Party may select up to a total of 8 custodians per producing party and request a total of 10 search terms per custodian.  Defendants respectfully request that the Court impose an additional limit that if any 10 search terms yield combined results of greater than 2,000 hits for a single custodian, the parties will then meet and confer to narrow the scope of the search terms to yield fewer than 2,000 hits.

The value of e-mail discovery in this case is especially limited because there is no allegation that Defendants had pre-suit knowledge of the Asserted Patents, such that e-mail might be relevant to Defendants' pre-suit interactions with Plaintiff or predecessors or Defendants' states of mind with respect to the Asserted Patents.  The burden imposed on Defendants to collect, review, store, and produce e-mail from 8 custodians per producing party and 10 search terms per custodian would be significant, whereas there is likely to be very little if any practical usefulness to GTP from such e-mail discovery.  The 2,000 hits per custodian limit provides an equitable way to mitigate the burden on Defendants while allowing for streamlined discovery appropriate to the needs of the case.  Accordingly, Defendants respectfully request that the Court limit the total hits per custodian to no greater than 2,000.

Date: July 29, 2021

/s/ Fred I. Williams
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Jonathan L. Hardt
Texas State Bar No. 24039906
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
jhardt@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff*
*Gesture Technology Partners, LLC*

Respectfully submitted,

/s/ Christopher W. Kennerly
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN TINDEL & THOMPSON**
201 E. Howard Street
903.657.8540
903.657.6003 (fax)
*AND*
Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

*Attorneys for Defendants Huawei Device Co., LtD., Huawei Device USA, Inc.,*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

  */s/ Christopher W. Kennerly*
Christopher W. Kennerly

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 29, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                */s/ Christopher W. Kennerly*
                                                Christopher W. Kennerly