# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**SUPPLEMENTAL DECLARATION OF DEFENDANTS' EXPERT ROBERT LOUIS STEVENSON, PH.D., ON CLAIM CONSTRUCTION**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

VI. DISPUTED CLAIM TERMS ....................................................................................... 2

    A. '431 Patent ........................................................................................................ 2

        1. "means for controlling a function of said apparatus using said information" .............................................................................................. 2

I, Robert Louis Stevenson, Ph.D., hereby state and declare:

## I.   INTRODUCTION

1.     I am over the age of 18 and am competent to make this declaration. I have personal knowledge, or have developed knowledge, of these technologies based upon my education, training, and/or experience, of the matters set forth herein.

2.     I have been retained by counsel for Defendants Huawei Device Co., Ltd., Huawei Device USA, Inc., Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants"), in the above captioned matter to offer opinions as to the scope and meaning that would have been given to certain disputed terms and phrases in U.S. Patent No. 7,933,431 (the "'431 Patent"), U.S. Patent No. 8,194,924 (the "'924 Patent"), U.S. Patent No. 8,553,079 (the "'079 Patent"), and U.S. Patent No. 8,878,949 (the "'949 Patent") (collectively, the "Asserted Patents") by one of ordinary skill in the art at the time of the invention.  I previously submitted a declaration in this case regarding claim construction for the Asserted Patents.

3.     I have been asked to provide my opinions concerning GTP's modified construction for the "means for controlling" claim limitation that was provided to Defendants for the first time on July 16, 2020.

4.     I reserve the right to supplement and/or amend my opinions in this declaration based on future opinions taken by the parties, their experts, additional documents, testimony, or other information provided by the parties or their witnesses, any orders from the Court, or as otherwise necessary.

## VI. DISPUTED CLAIM TERMS

### A. '431 Patent

#### 1. "means for controlling a function of said apparatus using said information"

| Claim Term | Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "means for controlling a function of said apparatus using said information" | Structure: a control system associated with a camera<br><br>(previously, "A computer with at least one microprocessor specially programmed for controlling said apparatus using said information").<br><br>Function: "controlling a function of said apparatus using said information" | Means-plus-function<br><br>**Function**: "controlling a function of said [handheld computer] apparatus using said information [concerning a position or movement of said object positioned by a user operating said object]"<br><br>The dependent claims currently asserted by Plaintiff further add to the function, including:<br>(1) wherein said object is a finger (Claim 8)<br><br>**Structure**: Indefinite |

5.  Plaintiff's newly proposed structure ("a control system associated with a camera") is not clearly linked to the claimed function in the specification and still does not identify the necessary algorithm for performing the claimed function.

6.  The patent only refers to a "control system" in two portions of the '431 Patent: (1) generically when referring to "the robustness of control systems built on such camera based acquisition," and (2) in an embodiment wherein a control system positions a robot for purposes of 3D acoustic imaging.  In the first instance, the patent discloses that the potential for target acquisition in a millisecond or two using pixel addressable CMOS cameras "has major ramifications for the robustness of control systems built on such camera based acquisition, be

they for controlling displays, or machines or whatever." '431 Patent at 5:50-60. This disclosure says nothing about using a control system for controlling a function of a *handheld device* using *position or movement information*, and thus does not clearly link a control system to the claimed function. In the second instance, the patent describes a control system as part of the FIG. 17B embodiment wherein a robot is used for 3D acoustic imaging. '431 Patent at 25:5-35. Specifically, the patent discloses that "data obtained by TV camera 1775 . . . can be used advantageously by the control system 1782 to position the robot and sensor with respect to the surface, in order to provide a fully automatic inspection of object 1764." '431 Patent at 25:22-27. Again, this disclosure does not describe controlling a function of a *handheld device* using *position or movement information*, but instead describes controlling a robot using unspecified data obtained by a TV camera. Thus, the patent does not clearly link a control system to the claimed function.

7. Furthermore, a control system is still not sufficient structure for performing the claimed function as it does not identify the algorithm that it is programmed with. As I previously explained, the function of controlling a function of a handheld device using position or movement information of an object positioned by a user is a computer-implemented function. A "control system" does not connote any particular structure in the context of a handheld computer apparatus, and certainly does not bring to mind any particular structure for controlling a handheld computer apparatus using position or movement information. The closest thing to a control system in a handheld device—to the extent it may even be called a "control system"—is a processor or computer. Plaintiff's proposed structure appears to be a revised attempt to claim any computer programmed to perform the claimed function. It does not limit the control system to any particular algorithm. As previously explained, the claimed function is not itself an

algorithm.  At best, it describes the input that would be provided to the algorithm (position and movement information of an object positioned by a user operating said object), but it does not describe how the computer uses the input to control the handheld computer apparatus, and thus does not describe an algorithm for performing the claimed function.  As I previously explained, the patent does not disclose any algorithm for controlling a handheld computer apparatus using position or movement information of an object positioned by a user, nor does Plaintiff's proposed construction identify any such algorithm.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: July 23, 2021

Robert Louis Stevenson, Ph.D.