# Exhibit Q

*Doc Code:* AP.PRE.REQ                                                    *Customized Form PTO/SB/33 (07-09)*

| | |
|---|---|
| | Application #  11/349,350 |
| **PRE-APPEAL BRIEF** | Confirmation #  7508 |
| | Filing Date  02/08/2006 |
| **REQUEST FOR REVIEW** | First Inventor  PRYOR, Timothy R. |
| | Art Unit  2629 |
| | Examiner  CHOWDHURY |
| | Docket #  P08562US01/RFH |

Applicant requests review of the final rejection in the above-identified application.

No amendments are being filed with this request.

This request is being filed with a NOTICE OF APPEAL.

The review is requested for the reason(s) stated on the attached sheet(s).

    Note:  No more than five (5) pages may be provided.

I am the Attorney of Record.

Date:   May 12, 2010

                                  */Douglas E. Jackson/*

                    Signed By    Name:  Douglas E. Jackson

          Attorney of Record,    Registration No.:  28,518

**STITES & HARBISON PLLC** ◆ 1199 North Fairfax St. ◆ Suite 900 ◆ Alexandria, VA 22314
TEL: 703-739-4900 ◆ FAX: 703-739-9577 ◆ CUSTOMER NO. 881

DEFTS_00000001

## REMARKS AND ARGUMENTS IN SUPPORT OF
## PRE-APPEAL BRIEF REQUEST FOR REVIEW

In the *Claim Rejections - 35 USC § 102* section of the final rejection, independent claim 1 and dependent claims 2, 26 and 28 were all rejected under 35 USC § 102 as being anticipated by (or obvious over) the newly cited Jaeger patent.  In the following *Claim Rejections - 35 USC § 103* section, the remaining claims 3-5, 21-25, 27 and 29 which are all dependent on independent claim 1 were rejected as being obvious over the Jaeger patent with or without additional references as noted.  However, for the following reasons, it is submitted that independent claim 1 is allowable over the cited Jaeger patent; and thus all of the remaining claims which are dependent on claim 1 are likewise allowable.

As recited in independent claim 1, the present invention is particularly directed to a control system for a manually operated device (e.g., automobile) having a control surface (e.g., a finger touch screen 120) used as an input for control variables of the manually operated device.  A rotating control knob (e.g., knob 101) for input of a separate control variable of the manually operated device is mounted to the control surface.  An optical source is then provided which projects a) image information on the control surface of the control variables <u>and</u> b) light onto a portion of the rotating control knob; and an associated optical detector is provided which optically detects a) light reflected from the control surface to signal an input for one of the control variables <u>and</u> b) light reflected from the rotating control knob mounted to said control surface which provides rotational position information thereof.  Then, by use of a means for analyzing the rotational position information, there is provided a means for controlling the separate control variable of the manually operated device as a result of said analysis.

As noted above, independent claim 1 specifically requires the following limitations:

A) an <u>optical</u> source which projects a) <u>image information</u> on the control surface
of the control variables AND b) <u>light</u> onto a portion of the rotating control
knob; and

DEFTS_00000002

SN 11/349,350
Docket # P08562US01/RFH

B) an optical detector which <u>optically</u> detects a) <u>light</u> reflected <u>from the control surface</u> to signal an input for one of the control variables AND b) <u>light</u> reflected <u>from the rotating control knob</u> mounted to said control surface which provides rotational position information thereof (emphasis added).

In the Action, the examiner has rejected claim 1 over the Jaeger patent, however this patent does not have all the above noted elements, let alone all of the claimed elements in combination.

In particular, the examiner states with respect to limitations A) that these are shown in the Jaeger patent at 8/56-65 and 16/64-17/17.  However, 8/56-65 recites as follows:

The points at which the row and column busbars 21 and 26 cross each other define an array of image pixels 29 at which the phosphor layer 23 emits light when a voltage difference is applied across the row and column busbars that cross each other at a particular pixel location.  Thus any desired image can be produced by applying a voltage difference across the particular row busbars 21 and column busbars 26 that define image pixels 29 at which light needs to be emitted to form the image.

This is simply defining one form of an electroluminescent flat panel.  The light from this panel is not used to illuminate the knob 12 at all or as claimed in claim 1.  That illumination for the control knob 12 is the LED as set forth in 16/64-17/17, which was also referenced by the examiner and which recites:

An LED (light emitting diode) 163 or other light source is secured to the center of layer 162 to direct light towards mirror 161.  Returned light is detected by two phototransistors 164A and 164B or other light sensors which are secured to layer 162 at opposite sides of LED 163, the photodiodes being equidistant from the axis of rotation of knob 12j.  The angular spacing of the phototransistors 164A and 164B from each other, relative to the axis of rotation of the knob, is less than 180°.  Light in passage from LED 163 to the phototransistors 164 is modulated by an opaque disk 166 which extends across chamber 159 at a location between the mirror 161 and phototransistors 164.  Disk 166 has an opening 167 or transparent region at its center to provide a light path from LED 163 to the mirror.  The disk also has an annular array of uniformly spaced apart slots 168 or transparent zones through which reflected light is received by phototransistors 164.  Slots 168 are shaped and positioned to create a quadrature code of the kind known to the art which enables a digital data processor to track rotary motion of a knob around a series of angular settings and to output a signal which is indicative of the current setting.

From the above, it is thus evident that there is no teaching of using an optical device to project an image on a surface AND a knob as claimed in A) above.

DEFTS_00000003

With respect to limitations B), the examiner asserts in page 3 of the rejection that those limitations are shown in figure 42 of the Jaeger patent and are taught as well at the same location at 16/64-17/17 quoted above.  However, figure 42 shows hall effect sensors 194-1 and 194-2, and thus contains nothing optical at all or any teaching relating thereto.  And while the Jaeger patent does have an optical knob rotation sensor, there is no teaching of sensing optically anything from the control surface as well as specifically claimed in claim 1.  Thus, there is also no teaching or suggestion in the Jaeger patent of using an optical detector to detect light reflected from the control surface to signal an input AND light reflected from the rotating control knob mounted to the control surface.

Therefore, for all of the foregoing reasons, it is submitted that independent claim 1 is neither disclosed nor made obvious by the Jaeger patent, so that claim 1 is allowable over the Jaeger patent.  And for at least these same reasons, it is submitted that dependent claims 3-5 and 21-29 are also allowable.

For all of the foregoing reasons, it is submitted that the present application is in condition for allowance and such action is solicited.

DEFTS_00000004