# Exhibit S

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/961,452 | 08/07/2013 | Timothy R. Pryor | 135873.152189-0003 | 3753 |

24335          7590          05/14/2014
WARNER NORCROSS & JUDD LLP
INTELLECTUAL PROPERTY GROUP
900 FIFTH THIRD CENTER
111 LYON STREET, N.W.
GRAND RAPIDS, MI 49503-2487

| EXAMINER |
|---|
| HO, TUAN V |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2661 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 05/14/2014 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patents@wnj.com

PTOL-90A (Rev. 04/07)

| | Application No. 13/961,452 | Applicant(s) PRYOR, TIMOTHY R. |
|---|---|---|
| **Office Action Summary** | Examiner TUAN HO | Art Unit 2661 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on _3/27/14_.

   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☒ This action is **FINAL**.    2b)☐ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5)☒ Claim(s) _1-20_ is/are pending in the application.

   5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6)☐ Claim(s) _____ is/are allowed.

7)☒ Claim(s) _1-20_ is/are rejected.

8)☐ Claim(s) _____ is/are objected to.

9)☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10)☐ The specification is objected to by the Examiner.

11)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a)☐ All   b)☐ Some**  c)☐ None of the:

   1.☐ Certified copies of the priority documents have been received.

   2.☐ Certified copies of the priority documents have been received in Application No. _____.

   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
   Paper No(s)/Mail Date _____.

3)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

4)☐ Other: _____.

Application/Control Number: 13/961,452                                           Page 2
Art Unit: 2661

1.      The present application is being examined under the pre-AIA first to invent

provisions.


2.      Applicant's arguments filed 3/27/14 have been fully considered but they are not

persuasive.

        With respect to claims 1-8, Applicant argues that " Sengupta does not disclose,

teach or suggest a device housing including a forward facing portion having an electro-

optical sensor and a digital camera.". In response to the arguments, the examiner notes

that claimed device housing is not clearly defined in claim 1; therefore, the examiner

tale a broader interpretation and notes that the housing of the cameras and sensors

including forward portion so as to take pictures object images such as a human being

within a cameras field of view (col. 3, lines 30-37).

        With respect to claims 9-20, Applicants argues that "Sengupta does not disclose,

teach or suggest a processing unit to determine a gesture in a camera field of view,

wherein the determined gesture is identified by the processing unit apart from a plurality

of gestures as corresponding to an image capture command.". The examiner notes that

when a an object image is a human being, his movements are considered as gestures

since the term "gesture" is not clearly defined in the claim.

        For the above reasons, the rejections are repeated.


3.      The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

Application/Control Number: 13/961,452                                      Page 3
Art Unit: 2661

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees. A nonstatutory double

patenting rejection is appropriate where the claims at issue are not identical, but at least

one examined application claim is not patentably distinct from the reference claim(s)

because the examined application claim is either anticipated by, or would have been

obvious over, the reference claim(s). See, e.g., In re Berg, 140 F.3d 1428, 46 USPQ2d

1226 (Fed. Cir. 1998); In re Goodman, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir.

1993); In re LongL 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); In re Van Ornum,

686 F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422 F.2d 438, 164 USPQ 619

(CCPA 1970); and In re Thorington, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321 (c) or 1.321 (d) may

be used to overcome an actual or provisional rejection based on a nonstatutory double

patenting ground provided the reference application or patent either is shown to be

commonly owned with this application, or claims an invention made as a result of

activities undertaken within the scope of a joint research agreement. A terminal

disclaimer must be signed in compliance with 37 CFR 1.321 (b).

        The USPTO internet Web site contains terminal disclaimer forms which may be

used. Please visit http://www.uspto.gov/forms/. The filing date of the application will

determine what form should be used. A web-based eTerminal Disclaimer may be filled

out completely online using web-screens. An eTerminal Disclaimer that meets all

requirements is auto-processed and approved immediately upon submission. For more

Application/Control Number: 13/961,452                                                                 Page 4

Art Unit: 2661

information about eTerminal Disclaimers, refer to http ://www. u spto. g

ov/patents/process/file/efs/g u idan ce/eTD-i nfo-l.jsp.

Claims 1-20 are rejected on the ground of nonstatutory double patenting as being

unpatentable over claims 1-33 of U.S. Patent No. 7,015,950 . Although the claims at

issue are not identical, they are not patentably distinct from each other because claims

1-7 and 9-20 are obvious variants and encompassed by claims 1-33 of the Patent' 950.

With regard to claim 8, Official Notice is taken for a CCD detector to be used to covert

light into electrical signals.

Therefore, it would have been obvious to one of ordinary skill in the art at the

time the invention was made to use a CCD sensor in the electro-optical sensor so as to

convert light into electrical signals because the replacement with a CCD sensor would

reduce manufacturing cost and easily to be fabricated.


4.      Claims 1-20 are rejected on the ground of nonstatutory double patenting as being

unpatentable over claims 1-23 of U.S. Patent No. 7,804,530 . Although the claims

atissue are not identical, they are not patentably distinct from each other because

claims 1-7 and 9-20 are obvious variants and encompassed by claims 1-23 of the

Patent' 530.

With regard to claim 8, Official Notice is taken for a CCD detector to be used to

covert light into electrical signals.

Therefore, it would have been obvious to one of ordinary skill in the art at the

time the invention was made to use a CCD sensor in the electro-optical sensor so as to

Application/Control Number: 13/961,452                                                    Page 5
Art Unit: 2661

convert light into electrical signals because the replacement with a CCD sensor would

reduce manufacturing cost and easily to be fabricated.

5.      Claims 1-20 are rejected on the ground of nonstatutory double patenting as being

unpatentable over claims 1-20 of U.S. Patent No. 8,189,053 . Although the claims at

issue are not identical, they are not patentably distinct from each other because claims

1-7 and 9-20 are obvious variants and encompassed by claims 1-20 of the Patent' 053.

With regard to claim 8, Official Notice is taken for a CCD detector to be used to covert

light into electrical signals.

        Therefore, it would have been obvious to one of ordinary skill in the art at the

time the invention was made to use a CCD sensor in the electro-optical sensor so as to

convert light into electrical signals because the replacement with a CCD sensor would

reduce manufacturing cost and easily to be fabricated.6.

6.      The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C.

102 that form the basis for the rejections under this section made in this Office action:

        (e) the invention was described in a patent granted on an application for patent

by another filed in the United States before the invention thereof by the applicant for

patent, or on an international application by another who has fulfilled the requirements

of paragraphs (1), (2), and (4) of section 371 (c) of this title before the invention thereof

by the applicant for patent.

Application/Control Number: 13/961,452                                                    Page 6

Art Unit: 2661

The changes made to 35 U.S.C. 102(e) by the American Inventors Protection Act of 1999 (AIPA) and the Intellectual Property and High Technology Technical Amendments Act of 2002 do not apply when the reference is a U.S. patent resulting directly or indirectly from an international application filed before November 29, 2000. Therefore, the prior art date of the reference is determined under 35 U.S.C. 102(e) prior to the amendment by the AIPA (pre-AIPA 35 U.S.C. 102(e)).

Claims 1-7 and 9-20 are rejected under pre-AIA 35 U.S.C. 102(e) as being anticipated by Sengupta et al (US 6,359,647) cited by Applicant.

With regard to claim 1, Sengupta et al discloses in Fig. 1, a camera system that comprises the portable device comprising: a device housing including a forward facing portion (camera system 120, col. 3, line 14), the forward facing portion of the device housing including an electro-optical sensor having a field of view (camera 103, col. 3, line 40) and a digital camera separate from the electro- optical sensor (camera 101 or 102, col. 3, line 41); and a processing unit within the device housing and operatively coupled to electro- optical sensor (camera system 120 includes data base 160, col. 3, line 45), wherein the processing unit is adapted to control the digital camera in response to a gesture performed in the electro-optical sensor field of view (camera 103 detects movements ofan object inherently including a gesture so as to control cameras 101 or 102, col. 3, lines 54+ and col. 4, lines 1-35).

With regard to claims 2, Sengupta et al discloses in Fig. 1, a camera system that comprises the gesture corresponds to an image capture command (movements of an object are detected by camera 103 corresponding to control commands from system

Application/Control Number: 13/961,452                                                           Page 7
Art Unit: 2661

120).

With regard to claims 3 and 4, Sengupta et al discloses in Fig. 1, a camera system that

comprises the determined gesture includes a hand motion or pose (the movement of an

object inherently include hand motion or pose of an object).

With regard to claim 5, Sengupta et al discloses in Fig. 1, a camera system that

comprises the electro-optical sensor is fixed in relation to the digital camera (camera

103 is fixed in relation to the camera system 120 as shown in Fig. 1 ).

With regard to claim 6, Sengupta et al discloses in Fig. 1, a camera system that

comprises a forward facing light source (a forward light source id inherently included in

the camera system since the source is used to illuminate an object in order to generate

an optical image on a camera sensor).

With regard to claim 7, Sengupta et al discloses in Fig. 1, a camera system that

comprises the electro-optical sensor defines a resolution less than a resolution defined

by the digital camera (camera 103 inherently includes an image sensor that has

resolutions less than camera 101 or 102 since camera is used to detect a field of view in

general).

Claims 9-14 recites what was previously discussed with respect to claims 1-7.

I should be noted that claimed "the determined gesture is identified by the

processing unit apart from a plurality of gestures" in claim 9 is met by controller 130

which identified the movement of an object and activate the cameras, col. is met by

controller 130 which identified the movement of an object and activate the cameras,

cols. 3 and 4 .

Application/Control Number: 13/961,452                                          Page 8

Art Unit: 2661

With regard to claim 15, Sengupta et al discloses the same subject matter as

discussed with respect to claim 1. It should be noted that claimed "processing unit is

adapted to correlate a gesture detected by the sensor with an image capture function

and subsequently capture an image using the digital camera, wherein the detected

gesture is indentified by the processing unit apart from a plurality of gestures." is met by

camera system correlates movements of an object received by camera 103 so as to

control movement of camera 101 or 102, Col. 3 and Col. 4, lines 1-46).

Claims 16-20 recites what was discussed with respect to claims 2-6.


7.     The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis

for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described
> as set forth in section 102 of this title, if the differences between the subject matter sought to
> be patented and the prior art are such that the subject matter as a whole would have been
> obvious at the time the invention was made to a person having ordinary skill in the art to which
> said subject matter pertains.  Patentability shall not be negatived by the manner in which the
> invention was made.

Claim 8 is rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over

Sengupta et al.

Sengupta et al discloses the same subject matter as discussed with respect to

claim1, except for the electro-optical sensor includes at least one of a CCD detector and

a CMOS detector.

Official Notice is taken for a CCD detector to be used to covert light into electrical

signals.

Application/Control Number: 13/961,452                                    Page 9
Art Unit: 2661

Therefore, it would have been obvious to one of ordinary skill in the art at the

time the invention was made to use a CCD sensor in the electro-optical sensor so as to

convert light into electrical signals because the replacement with a CCD sensor would

reduce manufacturing cost and easily to be fabricated.


8.      **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the mailing date of this final action.


9.      Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Tuan Ho whose telephone number is (571) 272-7365.

The examiner can normally be reached on Mon-Fri 7:00AM-4:00PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Sinh Tran can be reached on (571) 272-7564. The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 13/961,452                                     Page 10
Art Unit: 2661

Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published

applications may be obtained from either Private PAIR or Public PAIR. Status

information for unpublished applications is available through Private PAIR only. For

more information about the PAIR system, see http://pair-direct.uspto.gov. Should you

have questions on access to the Private PAIR system, contact the Electronic Business

Center (EBC) at 866-217-9197 (toll-free).If you would like assistance from a USPT©

Customer Service Representative or access to the automated information system, call

800-786-9199 (IN USA OR CANADA) or 571-272-1000.


        /TUAN HO/

        Primary Examiner, Art Unit 2661