IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO., LTD.,<br>HUAWEI DEVICE USA, INC.,<br><br>    Defendants. | CASE NO. 2:21-cv-00040-JRG<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>AND SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br>    Defendants. | CASE NO. 2:21-cv-00041-JRG<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Defendants Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Huawei Device Co., Ltd.; and Huawei Device USA, Inc. ("Defendants") seek leave, pursuant to Local Patent Rule 3-6(b), to amend their Invalidity & Subject-Matter Eligibility contentions ("Invalidity Contentions") for good cause.  Plaintiff opposes this motion.

This is Defendants' first request to amend their Invalidity Contentions.  These amendments do not seek to add any new prior art to the case, but rather provide further background and support regarding two prior art systems Defendants disclosed previously: (1) TV Controller Using Hand Gestures and Related Interactive Computer Graphics Applications ("MERL"), and (2) 3D Image

Control with Hand Gestures, including Control of Molecular Biology Modeling ("MDScope"). These amendments consist of six publications and one video clip, all of which Defendants obtained only recently in response to their third-party subpoenas.

Good cause exists for Defendants to amend their Invalidity Contentions because they were diligent in discovering the additional evidence and in seeking to amend. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). Further, Defendants believe the publications and video clip are important evidence supporting their previously disclosed invalidity positions, and Plaintiff will not suffer any unfair or other prejudice as a result of the amendments. Defendants' motion thus satisfies the factors this Court considers in determining whether a party has shown good cause under P.R. 3-6(a).

## I.     THE LENGTH OF THE DELAY AND THE IMPACT ON THE PROCEEDINGS

Defendants file this motion ten weeks after serving their original Invalidity Contentions on July 6, 2021. Fox Decl., ¶ 2. Defendants served third-party subpoenas to the Mitsubishi Electric Research Laboratories, Inc. ("Mitsubishi Labs") and the Beckman Institute at the University of Illinois at Urbana-Champaign ("Beckman Institute") on August 3 and 4, respectively. Defendants received the subject materials in response to their subpoenas on August 16 (Beckman Institute) and September 1 (Mitsubishi Labs). On September 10, after appropriate analysis of the subject materials, Defendants advised Plaintiff of their intent to seek leave to amend and requested Plaintiff's position. Fox Decl., ¶ 6. Defendants followed up diligently and repeatedly with Plaintiff on September 15 and again on September 17. *Id.* ¶¶ 8–9. Plaintiff, however, did not respond until today and merely stated that it opposes. *Id.* ¶ 9. Moreover, neither the publications nor the video clip will impact the parties' claim construction positions. Rather, the publications and video clip provide further background and support for the prior art systems disclosed previously.

## II.     THE REASON FOR THE DELAY AND EXERCISE OF DILIGENCE

Defendants discovered the publications and video clip only after receiving responses to their subpoenas to third-parties Mitsubishi Labs and the Beckman Institute, the respective creators of the MERL and MDScope systems. Defendants provided the subpoenas to Plaintiff on the day they were served (August 3 and 4, respectively). Defendants received the third-party discovery from the Beckman Institute on August 16, and from Mitsubishi Labs on September 1. Fox Decl., ¶¶ 4–5. Defendants immediately produced the discovery to Plaintiff. On September 10, shortly over one week after receiving the third-party discovery in full and following appropriate analysis, Defendants informed Plaintiff of their intent to seek leave to amend. *Id.* ¶ 6. Defendants have exercised diligence from the outset and any delay is solely the result of Plaintiff's foot-dragging as to its position on the proposed amendments.

## III.    THE IMPORTANCE OF THE MATTER

These amendments are important, as Defendants expect to rely on MERL and MDScope for their invalidity positions at trial. The publications and video clip will help further explain and clarify for the jury how these two prior art systems either anticipate or render obvious the alleged inventions of the Asserted Patents. Specifically regarding the video clip, it will provide jurors a visual representation of the MERL prior art system, helping the trier-of-fact understand how that system invalidates the alleged inventions.

## IV.    DANGER OF UNFAIR PREJUDICE

As noted above, the publications and video clip do not disclose any new prior art. Rather, they provide further background and support for the MERL and MDScope prior art systems that Defendants disclosed previously in their original Invalidity Contentions. These amendments will not unfairly or otherwise prejudice Plaintiff. *See Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-00036-RWS, 2020 WL 10456917, at *3 (E.D. Tex. Feb. 24, 2020).

## V. CONCLUSION

For the reasons set forth herein and for any others that may appear to the Court, Defendants respectfully request that the Court grant their Unopposed Motion for Leave to Amend Invalidity Contentions.

DATED: September 17, 2021

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris Lubarsky
borislubarsky@paulhastings.com
David M. Fox
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP

200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN TINDEL & THOMPSON**
201 E. Howard Street
903.657.8540
903.657.6003 (fax)

Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

Matthew S Warren
Erika Hart Warren
Jennifer A Kash
**WARREN LEX LLP**
2261 Market Street, No. 606
San Francisco, CA 94114
415-895-2940

5

Fax: 415-895-2964
matt@warrenlex.com
erika@warrenlex.com
jen@warrenlex.com

*Attorneys for Defendants Huawei Device Co., Ltd., Huawei Device USA, Inc.,*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants attempted in good faith to resolve the matters raised by this motion. On September 10, 2021, Defendants provided their amended Invalidity Contentions to Plaintiff, and asked Plaintiff to provide its position by September 15. Fox Decl., ¶ 6. Plaintiff did not respond. On September 15, having received no response, Defendants followed-up with Plaintiff, again asking for its position and stating that Defendants would file their motion on September 17. *Id.* ¶ 8. Plaintiff did not respond. On September 17, having received no response, Defendants followed up with Plaintiff once again, asking for its position and stating that Defendants would file their motion on September 17. At 5:22 pm CT today, Plaintiff stated its opposition without explanation. Defendants respectfully submit that they have endeavored in good faith to satisfy the Court's meet and confer requirements with respect to this motion, and that these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

      */s/ Christopher W. Kennerly*
      Christopher W. Kennerly

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 17, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                */s/ Christopher W. Kennerly*
                                                Christopher W. Kennerly