# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., <br> HUAWEI DEVICE USA, INC., <br><br> Defendants. | CASE NO. 2:21-cv-00040-JRG <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | CASE NO. 2:21-cv-00041-JRG <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

### DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO SHORTEN TIME TO FILE RESPONSE

Pursuant to L.R. CV-7(e), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Defendants" or "Samsung") hereby move the Court to shorten the time for Plaintiff Gesture Technology Partners, LLC ("Plaintiff" or "GTP") to respond to Defendants' accompanying Motion for a Protective Order.

On September 8 and 14, 2021, GTP served discovery requests containing interrogatories and deposition topics, respectively, that purport to impose substantial undue burden and expense on Samsung (the "Discovery Requests"). Specifically, the Discovery Requests purport to require,

*inter alia*, that Samsung provide for deposition what Samsung estimates to be an additional 13 Rule 30(b)(6) witnesses to discuss software applications related to the Accused Products that, by GTP's own admissions, are at most negligibly relevant to this case and are not a part of GTP's infringement theories.  *See, e.g.*, Dkt. 57 at 1.

The parties met and conferred on September 24 and 28, 2021 in an attempt to resolve the issues related to the Discovery Requests, but no resolution was reached and the parties are at an impasse, thus necessitating Samsung's present motion.  A shortened briefing schedule is warranted with the close of fact discovery set to occur on October 15, 2021 and depositions of Samsung corporate representatives beginning this week.

THEREFORE, Samsung respectfully requests that the Court enter an Order that Plaintiff's response to Defendants' Motion for a Protective Order shall be filed on October 1, 2021.

DATED:  September 28, 2021

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700

Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on September 28, 2021 in a good faith attempt to resolve the issues raised by this motion.  Plaintiff confirmed that it opposes the relief requested by this motion.  Thus, these meet and confer efforts have conclusively ended in an impasse and leave an open issue for the Court to resolve.

       */s/ Christopher W. Kennerly*
       Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on September 28, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                     */s/ Christopher W. Kennerly*
                                                     Christopher W. Kennerly