**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG
ELECTRONICS AMERICA, INC.'S MOTION FOR A PROTECTIVE ORDER**

GTP recently served interrogatories and deposition topics on Samsung seeking discovery on "*every* Application" that can detect, process, interpret, respond to, or be controlled by Gestures.[1] *See, e.g.*, Exhibit A at 2.  These discovery requests came after GTP repeatedly represented to Samsung and the Court that its claims "are about devices, not applications . . . ."  Dkt. No. 54 at 9. *See also* Dkt. No. 57 at 1 ("GTP has repeatedly informed Samsung that the [Applications] . . . *are not part of GTP's infringement theories*.") (emphasis added).  Thus, GTP's litigation positions demonstrate that its requests seeking discovery on "*every* Application" relating to Gestures have negligible if any relevance to its infringement theories and the case as a whole.  In contrast, Samsung would incur substantial undue burden and expense responding to the full scope of GTP's discovery requests, making them disproportionate to the needs of the case.

Samsung respectfully requests that the Court issue a protective order limiting the scope of GTP's discovery requests to the *seven* Applications for which GTP at least provided identifying information (*i.e.*, a website or other publicly available information) and some cursory explanation of its theory of infringement, which was arguably sufficient to satisfy its obligations under P.R. 3-1(c) and fairly put the seven Applications at issue.  In light of GTP's unequivocal representations, discovery as to "*every* Application" does not fall within the permissible scope of discovery under Rule 26(b)(1), and GTP has effectively waived any right to such discovery.  Particularly in light of the substantial undue burden and expense it would impose on Samsung, a protective order shielding Samsung from such discovery is warranted in these circumstances.

## I.      LEGAL STANDARD

A court "may, for good cause," protect a party from "undue burden or expense" by issuing an order limiting the scope of disclosure or discovery.  Fed. R. Civ. P. 26(c)(1).  To prevail on a

---

[1] GTP defined "Gestures" to mean "movement, position, or state of a body part, including, but not limited to, the whole body, any part thereof, and facial expressions."  Exhibit A at 1.

motion for protective order, a party must show that the requested discovery does not fall within Rule 26(b)(1)'s scope of discovery, or that a discovery request would impose an undue burden or expense. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). Further, "[a] district court has broad discretion in all discovery matters." *Weatherford Tech. Holdings LLC v. Tesco Corp.*, No. 2:17-cv-00456-JRG, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018) (citation omitted). Failure to raise arguments relating to a party's patent rights "should ordinarily result in waiver of the arguments." *Music Choice v. Stingray Digital Grp. Inc.*, No. 2:16-cv-00586, 2019 WL 8110069, at *3 (E.D. Tex. Nov. 19, 2019) (citation omitted).

## II.    BACKGROUND

The Accused Products are Samsung phones and tablets that run software Applications with widely varying functionalities.[2]  For example, one Application creates an animated version of the user in response to the user's head movement ("AR Emoji").[3]  Information regarding Applications is publicly available.  GTP filed its Complaint with citations to publicly available information for six Applications: "Iris Scan Unlock" (¶ 27 n.1); "Face ID Unlock" and "Intelligent Scan Unlock" (¶ 28 n.2); "Gesture Detection" (¶ 29 n.3);[4] and "Smart Stay" (¶ 30 n.4).  Then, in its preliminary

---

[2] In its Complaint, GTP referred to these Applications as "Features."  No. 2:21-cv-00041, Dkt. No. 1 ¶¶ 25–26; *id.* ¶ 71 ("[G]estures are used by the Features.").  Similarly, in its infringement contentions, GTP referred to these Applications as "Features."  Fox Decl. ¶ 3 ("The gestures detected . . . are associated with . . . the following features of the Accused Products: Gesture Detection . . . .").  In its Response to Samsung's motion to compel, GTP began referring to "Features" as "Applications."  *See, e.g.*, Dkt. No. 54 at 8 ("GTP listed applications on the Accused Products that use gestures").  During the parties' September 24, 2021 meet and confer, counsel for GTP refused to discuss whether or how "Features" and Applications" differed in meaning or scope. Fox Decl. ¶ 4.  For the avoidance of doubt and to simplify matters for the Court, Samsung will refer to "Features" and "Applications" interchangeably.

[3] *What is AR (Augmented Reality) Emoji And How Do I Use It?*, Samsung.com (last visited Sept. 25, 2021), available at: https://www.samsung.com/uk/support/mobile-devices/what-is-ar-augmented-reality-emoji-and-how-do-i-use-it/.

[4] GTP has continued to refer to "Gesture Detection" as an Application.  However, the websites GTP cited for "Gesture Detection" actually disclose two Applications: (1) Air Gestures and (2) Palm Gesture for Selfie.  Samsung has agreed to provide discovery on each.

infringement contentions, GTP listed a total of 25 Applications and again cited publicly available information for the above six Applications, plus a seventh: "AR Emoji."  GTP's contentions failed to provide any identifying information for the other 18 Applications beyond their supposed names (many of which were incorrect or ambiguous) and failed to explain GTP's theory of infringement for these 18 Applications as required under P.R. 3-1(c).

Samsung notified GTP that its failure to provide sufficient notice regarding the other 18 Applications left Samsung "unable to . . . provide discovery" on those Applications.  Fox Decl. ¶ 6.  After a meet and confer, GTP amended its contentions, decreasing the total number of identified Applications from 25 to 20.[5]  The amended infringement contentions once again cited to publicly available information about the seven Applications (*e.g.*, AR Emoji), but still failed to provide any information about the remaining 13 Applications, except for their supposed names, and failed to provide the required explanation of GTP's theory of infringement for these 13 Applications.

Samsung notified GTP yet again, stating that "failure to provide documentation or other identifying information for each Accused Feature continues to significantly hamper Samsung's ability to identify and provide discovery."  Fox Decl. ¶ 7.  GTP disagreed and refused to further amend its contentions to provide additional information on the other 13 Applications.  Further meet and confers between the parties did not resolve or narrow the parties' dispute.

With the parties at an impasse, Samsung filed a motion to compel and/or strike GTP's amended infringement contentions as to the 13 Applications in dispute, reiterating its concern that GTP's refusal to provide *any* meaningful information about these 13 Applications "significantly

---

[5] Samsung's May 7 letter referenced the "24" Applications that GTP accused.  Samsung's counsel has since learned that "Gesture Detection" encompasses two separate Applications (*i.e.*, Air Gestures and Palm Gesture for Selfie).  Also, Samsung's motion to compel and/or strike referred to a total of 18 Applications, not counting "Gesture Detection" as two separate Applications, and not accounting for "Control Exposure Based on Location."  Fox Decl. ¶ 8.

hampers Samsung's ability to identify and provide discovery." Dkt. No. 51 at 2.  In response, GTP represented that it already provided website links to generally "explain how gestures are used by the Accused Products within the cited applications," Dkt. No. 54 at 8, and that "GTP does not need to provide additional documentation on the [applications] because the [applications] themselves *are not part of GTP's infringement theories*."  Dkt. No. 57 at 1 (emphasis added).  Samsung's motion to compel and/or strike is currently pending before the Court.[6]

GTP served its first set of interrogatories and its notice of Rule 30(b)(6) deposition to Samsung on September 8 and September 14, 2021 respectively.  The specific discovery requests for which Samsung seeks a protective order are Interrogatory No. 3, Deposition Topic No. 3, and other requests that depend therefrom (collectively, "Discovery Requests").

Interrogatory No. 3 requests:

For the Accused Products and/or Devices identified in response to Interrogatory No. 1, identify *every* Application, that can detect, process, interpret, respond to, or be controlled by Gestures, that is (1) preloaded on the Accused Products and/or Devices or (2) available for download on the Accused Products using the table below.

Fox Decl. ¶ 3 (emphasis added).  In addition, at least Interrogatory Nos. 10, 11, 12, and 17 seek further information about the Applications responsive to Interrogatory No. 3.

Deposition Topic No. 3 similarly requests that a Samsung representative testify regarding "[t]he identity and description of *every* Application, that can detect, process, interpret, respond to, or be controlled by Gestures."  Exhibit A at 2–3 (emphasis added).  In addition, Deposition Topic No. 3 requests that, for each such Application, Samsung provide testimony about: (a) the name of the Application; (b) whether the Application was preloaded on the Accused Products and/or Devices or available for download on the Accused Products or Devices; (c) the Accused Products

---

[6] Also pending with the Court is Samsung's motion to dismiss under Rule 12(b)(6) focused in part on GTP's failure to sufficiently plead its direct infringement allegations as to the Applications at issue here.  Dkt. No. 23.

and/or Devices for which the Application was preloaded or available for download; (d) the Gestures that the Application can detect, process, interpret, respond to, or use for control; and (e) the function(s) of the Application that are controlled by Gesture(s).  *Id.*  At least Deposition Topic Nos. 10, 17, 19, 32, 35, 36, 38, and 40 seek further Samsung testimony about the Applications responsive to Deposition Topic No. 3.  The parties met and conferred on September 24, 2021 regarding the subject of this motion, wherein counsel for GTP refused to discuss whether or how "Features" and "Applications" differed in meaning or scope, or to otherwise compromise on the discovery GTP seeks through the Discovery Requests.[7]  Fox Decl. ¶ 5.

## III.   THE COURT SHOULD LIMIT DISCOVERY TO THE SEVEN APPLICATIONS FOR WHICH GTP HAS ARGUABLY SATISFIED ITS P.R. 3-1 OBLIGATIONS.

Pursuant to Fed. R. Civ. P. 26(c)(1)(D), "good cause" exists for the Court to limit discovery to the seven Applications for which GTP arguably provided sufficient identifying information and explanation of its infringement theories to satisfy P.R. 3-1(c), fairly putting those Applications at issue in this case.  In contrast, responding to the Discovery Requests as applied to the other 13 Applications would impose substantial undue burden and expense on Samsung.  Further, in light of GTP's representations and litigation positions, the Discovery Requests do not fall within the permissible scope of discovery under Rule 26(b), and GTP has effectively waived its right to such discovery in any event.  The Discovery Requests are disproportionate to the needs of the case and a protective order is warranted to shield Samsung from such discovery.

### A.   The Discovery Requests Impose Undue Burden and Expense on Samsung

Each Application at issue provides unique functionality and was developed by a Samsung engineer or engineers with specific expertise in that Application's functionality.  Consequently,

---

[7] Samsung's counsel asked whether the term "Features" was subsumed in the term "Applications." GTP's counsel responded that the word "Features" is not in the definition of "Applications," and stated that GTP did not need to answer whether the terms are co-extensive.  Fox Decl. ¶ 5.

there is very little overlap among Samsung engineers who can testify about each Application.  For example, to provide Rule 30(b)(6) testimony on the seven Applications not in dispute, Samsung determined that it must present five Samsung engineers to testify as to Deposition Topic 3 and the other topics that depend therefrom.  Fox Decl. ¶ 9.  The number would have been seven engineers (*i.e.*, one per Application) but for the coincidence that "Iris Scan," "Face Unlock," and "Intelligent Scan Unlock" involve the same or very similar underlying functionality (*i.e.*, Face Unlock and Intelligent Scan Unlock are variations of Iris Scan).

Samsung's reasonable expectation is that providing additional Rule 30(b)(6) witnesses for Deposition Topic 3, on just the other 13 Applications that are currently the subject of Samsung's motion to compel and/or strike, would require 13 additional engineers (*i.e.*, one per Application).  Even putting aside Samsung's internal burden and expense in terms of lost working time, business disruption, etc., presenting 13 additional engineers as Rule 30(b)(6) witnesses is estimated to cost Samsung ████████████████ in attorneys' fees alone.  Specifically, Samsung estimates that 24 hours per witness is required for preparation and deposition (4 hours of initial preparation; 8 hours of final preparation; and up to 12 hours for the deposition (as up to 10.5 hours of record testimony are permitted due to use of a Korean language interpreter)), not including background research, document analysis, transcript review, and other typical activities.  Assuming one partner and one associate are required for these tasks, and assuming conservatively a combined rate of ████ per hour for the two attorneys, the required attorney time equates to ████ per witness, and ██████ in total.  There can be no question that absent a protective order Samsung will be forced to spend significant sums responding to the Discovery Requests.

### B.     The Discovery Requests Go Beyond the Scope of Fed. R. Civ. P. 26(b)

The burden and expense to be imposed on Samsung far outweighs the minimal importance of the information GTP seeks through the Discovery Requests.  By its own admission, GTP's

claims "are about devices, ***not applications*** . . . ."  Dkt. No. 54 at 9 (emphasis added).  *See also* Dkt. No. 54 at 8 ("[T]he applications that use 'gestures' are not the Accused Products.  GTP's claims are to apparatuses (devices) . . .");  Dkt. No. 57 at 1 ("GTP has repeatedly informed Samsung that the [Applications] . . . ***are not part of GTP's infringement theories***.") (emphasis added).  Thus, GTP's representations and litigation positions demonstrate that its broad Discovery Requests as to "***every*** Application" have negligible if any relevance to its infringement theories and thus are not proportional to the needs of the case.

Proportionality takes into consideration, among other factors, "the importance of the issues at stake" and "the parties' relative access to relevant information."  Fed. R. Civ. P. 26(b)(1).  Here, GTP's representations and litigation positions belie any alleged importance of the discovery it seeks on "every" Application.  *See, e.g.*, Dkt. No. 54 at 9.  Moreover, other discovery requests can provide GTP with appropriate information.   For example, Deposition Topic No. 5 requests testimony about the algorithms used "to detect, process, interpret, respond to, or be controlled by Gestures."  *Cf.* Deposition Topic No. 3.  *See also* Deposition Topic Nos. 6, 7, 10.  Finally, fairness warrants the Court using its discretion to find that GTP has waived any right to discovery for Applications beyond the seven that are not in dispute.  *See, e.g.*, *Music Choice*, 2019 WL 8110069, at *3 ("The Court concludes that Stingray has waived its claim construction argument.").

## IV.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(D), shielding Samsung from discovery on Applications other than Iris Scan Unlock, Face ID Unlock, Intelligent Scan Unlock, Air Gesture, Palm Gesture for Selfie, Smart Stay, and AR Emoji.

DATED:  September 28, 2021                    Respectfully submitted,

                                              By: */s/ Christopher W. Kennerly*
                                              Christopher W. Kennerly (TX Bar No. 00795077)
                                              chriskennerly@paulhastings.com
                                              Radhesh Devendran (*pro hac vice*)
                                              radheshdevendran@paulhastings.com
                                              Boris S. Lubarsky (*pro hac vice*)
                                              borislubarsky@paulhastings.com
                                              David M. Fox (*pro hac vice*)
                                              davidfox@paulhastings.com
                                              PAUL HASTINGS LLP
                                              1117 S. California Avenue
                                              Palo Alto, CA 94304
                                              Telephone:  (650) 320-1800
                                              Facsimile:  (650) 320-1900

                                              Allan M. Soobert
                                              allansoobert@paulhastings.com
                                              PAUL HASTINGS LLP
                                              2050 M Street NW
                                              Washington, D.C. 20036
                                              Telephone: 202-551-1700
                                              Facsimile: 202-551-1705

                                              Elizabeth L. Brann
                                              elizabethbrann@paulhastings.com
                                              PAUL HASTINGS LLP
                                              4747 Executive Drive, 12th Floor
                                              San Diego, CA 92121
                                              Telephone: (858) 458-3000
                                              Facsimile: (858) 458-3005

                                              Robert Laurenzi
                                              robertlaurenzi@paulhastings.com
                                              PAUL HASTINGS LLP
                                              200 Park Avenue
                                              New York, NY 10166
                                              Telephone:  (212) 318-6000
                                              Facsimile:  (212) 319-4090

                                              Melissa R. Smith (TX Bar No. 24001351)
                                              GILLAM & SMITH, LLP
                                              303 S. Washington Ave.
                                              Marshall, TX 75670
                                              Telephone: (903) 934-8450
                                              Facsimile: (903) 934-9257

melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics*
*Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for Defendants met and conferred with counsel for the Plaintiff on September 24, 2021 in a good faith attempt to resolve the matters raised by this motion.  In seeking to clarify and/or narrow the dispute, Defendants' counsel asked whether the term "Features" was subsumed within the term "Applications."  Plaintiff's counsel responded that the word "Features" is not in the definition of "Applications," and stated that Plaintiff did not need to answer whether the terms are co-extensive.  Fox Decl. ¶ 5.  No agreement could be reached. The parties exchanged further emails on September 28, 2021, and Plaintiff confirmed it opposes the relief requested by this motion.  Thus, these meet and confer efforts have conclusively ended in an impasse and leave an open issue for the Court to resolve.

 */s/ Christopher W. Kennerly*
Christopher W. Kennerly

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

 */s/ Christopher W. Kennerly*
Christopher W. Kennerly

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via

email on all counsel of record on this 28th day of September, 2021.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly
