**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DECLARATION OF DAVID M. FOX IN SUPPORT OF DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR A PROTECTIVE ORDER**

I, David M. Fox, hereby declare as follows:

1.  I am an attorney at the law firm Paul Hastings LLP, counsel of record for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. in this action. I have personal knowledge of the facts herein and I could and would testify competently as to their truth.

2.  Attached hereto as Exhibit A are excerpts from GTP's interrogatories and Rule 30(b)(6) notice of deposition served on Samsung on September 8 and 14, 2021, respectively. Page 1 of Exhibit A includes GTP's definitions of the term "Gestures" and "Applications" for both its interrogatories and deposition topics. Pages 2–3 of Exhibit A include Deposition Topic No. 3.

3.  Interrogatory No. 3 requested: "For the Accused Products identifies in response to Interrogatory No. 1, identify every Application, that can detect, process, interpret, respond to, or be controlled by Gestures, that is (1) preloaded on the Accused Products and/or Devices or (2) available for download on the Accused Products using the table below.

| Application | Gestures Identified |
|---|---|
|  |  |

4.  In GTP's amended infringement contentions, GTP refers to software applications that run on the Accused Products for determining gestures by the term, "features." For example, GTP's amended infringement contentions chart for U.S. Patent 8,553,079, Exhibit D, stated for Claim 6 that "[t]he gestures detected . . . are associated with . . . the following features of the Accused Products: Gesture Detection . . . ."

5.  On September 24, 2021, the parties conducted a meet and confer to discuss various topics relating to the parties' recently served discovery requests. During the meet and confer, counsel for GTP refused to discuss whether or how "Features" and "Applications" differed in meaning or scope. More specifically, in seeking to clarify and/or narrow the dispute, Samsung's counsel asked whether the term "Features" was subsumed within the term "Applications." GTP's

-1-

counsel responded that the word "Features" is not in the definition of "Applications," and stated that GTP did not need to answer whether the terms are co-extensive.

6. On May 7, 2021, counsel for Samsung sent a letter to counsel for GTP notifying GTP that its deficient infringement contentions "leave Samsung "unable to prepare its defenses or to identify and provide discovery."

7. On June 21, 2021, counsel for Samsung sent a letter to counsel for GTP stating that "GTP's failure to provide documentation or other identifying information for each Accused Feature continues to significantly hamper Samsung's ability to identify and provide discovery or to prepare its defenses in this case."

8. Samsung's motion to compel and/or strike GTP's infringement contentions made reference to 18 Applications. *See, e.g.*, Dkt. No. 51 at 1. This was in part due to the mistaken omission of the "Control Exposure Based on Location" Application that GTP included as part of its amended infringement contentions for Claim 8 of U.S. Patent 8,553,079 and Claims 3 and 16 of U.S. Patent 7,933,431. At the time, Samsung also was not yet aware that "Gesture Detection" encompasses two distinct Applications: "Air Gestures" and "Palm Gesture for Selfie." In view of these two oversights, Samsung's motion to compel and/or strike GTP's infringement contentions should have referenced 20 Applications rather than 18 Applications.

9. To gather information relating to the seven Applications that are not the subject of the motion for a protective order, counsel for Samsung was required to interview five Samsung engineers identified as having knowledge regarding the seven Applications (*i.e.*, one engineer for each Application except for "Gesture Detection," "Air Gestures," and "Palm Gesture for Selfie," which involve the same or very similar underlying functionality and thus required only a single engineer to address the three Applications).

-3-

     I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed September 28, 2021 in Milpitas, California.

                                                                       */s/ David M. Fox*  
                                                                       David M. Fox