# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br>     Plaintiff <br> v. <br> HUAWEI DEVICE CO., LTD., <br> HUAWEI DEVICE USA, INC., <br>     Defendants. | **JURY TRIAL DEMANDED** <br><br> C.A. NO. 2:21-cv-00040-JRG <br><br> LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br>     Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**PLAINTIFF GESTRURE TECHNOLOGY PARTNERS, LLC'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS**

Plaintiff Gesture Technology Partners, LLC ("GTP") files this Response to Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Huawei Device Co., Ltd., and Huawei Device USA, Inc.'s ("Defendants") Motion for Leave to Amend Their Invalidity Contentions (the "Motion" or "Mot."), Dkt. No. 76. For the following reasons, the Motion should be denied in its entirety.

## I.     INTRODUCTION

The well-settled law of the Court provides that one of the four factors required to establish good cause to amend invalidity contentions is the importance of the evidence that would be added to the contentions. *See, e.g.*, *Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-00550-JRG, 2020 U.S. Dist. LEXIS 25675, at *5 (E.D. Tex. Jan. 16, 2020) (Gilstrap, C.J.). "When a proposed reference's disclosures **are substantively cumulative** of the disclosures in other references that have already been identified in a party's invalidity charts, such proposed reference offers **little or no value probative value and is unlikely to be important**." *Id.* at *10-11. Defendants concede on the first page of the Motion that their requested amendments "do not seek to add any new prior art to the case, but rather provide further background and support regarding two prior art systems Defendants disclosed previously." Mot. at 1. Having conceded that the proposed amendments are "substantively cumulative," Defendants nonetheless ask the Court to indulge their request based on unpersuasive arguments on the other three mandatory factors. Defendants fail to demonstrate that good cause exists to amend their contentions, and the Motion should be denied.

## II.    ARGUMENT

Amendments and additions to a party's invalidity contentions are governed by Local Patent Rule 3-6(b), which requires a showing of good cause. *See* P.R. 3-6(b) ("Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as

expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause."). The Court applies a four-factor test to evaluate good cause. *See e.g. Uniloc 2017 LLC v. Google LLC*, No. 2:18-CV-00550-JRG, 2020 U.S. Dist. LEXIS 25675, at *5 (E.D. Tex. Jan. 16, 2020) (Gilstrap, C.J.). The four factors are "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id.* All four factors, but particularly the lack of importance of the proposed additional material, weigh against granting Defendants' motion.

### a. Defendants Fail To Show That They Exercised Diligence In Discovering And Disclosing The Proposed Amendments.

Defendants try to justify their proposed amendment by arguing that their proposed amendments were "obtained only recently in response to . . . third-party subpoenas." Mot. at 2. The Motion also discloses that the third-party subpoenas in question were served on August 3 and 4, 2021, towards the end of the discovery period. *Id.* The materials were received on August 16 and September 1. *Id.* But Defendants did not advise Plaintiffs of their intent to seek leave to amend until September 10, nearly a month after the first materials were received, and over a week after the second materials. *Id.* Given that the proposed amendments consist of just "six publications and one video clip," it is unclear why Defendants needed so much time to decide whether they merited an amendment, particularly when, according to Defendants, the materials merely "provide further background and support for the prior art systems disclosed previously." *Id.* While Defendants attempt to cast their delay as one made by GTP, Defendants do not explain why it took their 15 counsel of record nearly a month to decide that "six publications and one video clip" were enough to seek leave to amend. *See, e.g.*, "A party's failure to provide an adequate justification for its diligence materially weighs in favor of rejecting the proffered amended

-3-

...
...
...

contentions, and 'may even be sufficient standing alone to support exclusion' in circumstances where a party offers *no* substantial justification for its untimeliness." *Uniloc 2017 LLC*, at *6 (emphasis in original). Defendants have not shown diligence in disclosing the proposed amendments. This factor therefore weighs against granting leave to amend.

    **b. Defendants Concede That The Amendments Are Not Important.**

Defendants have failed to demonstrate that the proposed amendments are important. From the outset of the Motion, Defendants themselves characterize the amendments as "further background and support" for the prior art systems they have already disclosed. Mot. at 1. The fact that these additions are only to provide "further background and support" is an admission that there is nothing new or unique about the additions that would make them important or necessary. Defendants claim these publications and video clip would "explain and clarify" issues for the jury. Mot. at 3. But if that is the goal, Defendants can seek to have these items admitted as evidence. Defendants have provided no reason of significance to disturb the invalidity contentions, which were served on July 6, 2021, and upon which GTP has been relying to prepare its case. Defendants have conceded the proposed amendments' lack of importance, demonstrating the Motion's lack of merit. This factor therefore weighs strongly against granting leave to amend.

    **c. GTP Would Be Unfairly Prejudiced By The Proposed Amendments.**

Defendants waited to try to amend until three days before the September 20, 2021 claim construction hearing and less than one month before the October 15, 2021 close of fact discovery—despite having had access to the materials since late August and early September. In an instructive case, where amendments were submitted after the Joint Claim Construction Statement (and two months <u>before</u> the claim construction hearing), the Court found that "[a]llowing Defendants to amend the invalidity contentions so close to the Claim Construction Hearing, and after the parties

have largely formulated their respective positions, would force Plaintiff to spend more time and resources in modifying its existing construction." *Innovative Display Techs. LLC v. Acer Inc.*, Civil Action No. 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 83196, at *7 (E.D. Tex. June 19, 2014) (Gilstrap, J.). Here, the claim construction hearing has already occurred. By the time the amendments would be effective, discovery in the case will have already closed, and expert reports will have been served. It would be prejudicial to GTP for Defendants to have the opportunity to shoehorn the amendments into their invalidity contentions without having the opportunity to present argument on these amendments to the Court in the context of the claim construction hearing, as Defendants' own cited authority plainly states. *See Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 U.S. Dist. LEXIS 257203, at *10 (E.D. Tex. Feb. 24, 2020) (Schroeder, J.) ("Amendments to invalidity contentions after parties have disclosed and argued for their claim constructions positions are prejudicial."). This factor therefore weighs against granting leave to amend.

    d.  **The Availability of a Continuance.**

The trial of this case is fast approaching. Discovery closes on October 15, 2021, and opening expert reports are due the same day. *See* Dkt. No. 69. Trial is set for March 7, 2022. *Id.* Neither party here seeks a revision of the discovery schedule, and the trial date would not allow for such a revision. A continuance would not be appropriate in these circumstances, given the Defendants' concession that the requested amendments are unimportant. This factor thus weighs in favor of denying the Motion.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to Amend Their Invalidity Contentions should be denied because Defendants have failed to show good cause for any amendment.

Dated: October 1, 2021          Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Robert Daniel Garza
Texas State Bar No. 24097730
Robert Rhodes
Texas State Bar No. 24116958
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
dgarza@wsltail.com
rrhodes@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

Kevin S. Kudlac
Texas Bar No. 00790089
Kudlac PLLC

-7-

1916 Wimberly Lane
Austin, TX 78735
Tel: 512-656-5743
kevin@kudlacIP.com

*Attorneys for Plaintiff Gesture Technology Partners, LLC*

-8-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via electronic mail, pursuant to the Federal Rules of Civil Procedure.

By: */s/ Fred I. Williams*