# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br>   Plaintiff <br> v. <br> HUAWEI DEVICE CO., LTD., <br> HUAWEI DEVICE USA, INC., <br><br>   Defendants. | **JURY TRIAL DEMANDED** <br><br> C.A. NO. 2:21-cv-00040-JRG <br><br> LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br>   Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**PLAINTIFF'S OPPOSED MOTION FOR
PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**

  Plaintiff Gesture Technology Partners, LLC ("GTP") files this Motion to obtain relief from multiple Rule 30(b)(6) deposition topics served by Defendants Huawei Device Co., Ltd., Huawei Device USA, Inc. (together "Huawei"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together "Samsung") (collectively "Defendants") because Defendants seek to discover information that is privileged and has no relevance to the claims or defenses at issue in this case. Specifically, GTP has lodged clear and well-grounded objections to topics 37, 38, and 40 of Defendant's 30(b)(6) Notice of Deposition (attached hereto as "Ex. A"), which seek information about litigation funding, communication with funders, and fee arrangements for the instant case. While Topics 31 and 39 are similarly broad and largely directed to irrelevant information that is beyond the scope of discovery, GTP has agreed to respond to those topics to disclose any witness who has a financial interest in the case.

1

Unfortunately, Defendants refuse to forego seeking to depose witnesses on topics 37, 38, and 40. GTP therefore respectfully submits that the Court should enter a protective order to limit Defendants' Notice of Deposition by preventing discovery on topics 37, 38, and 40.

## I. FACTUAL BACKGROUND

GTP filed its complaints against Huawei and Samsung in February 2021, alleging Defendants' infringement of U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent") (collectively, the "Asserted Patents"). *See generally* Compl., Dkt. No. 1.[1] The Asserted Patents are generally directed to innovations in using mobile phone cameras to assist a user to interact with their smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions.

Defendants served their Rule 30(b)(6) Notice of Deposition with 48 topics on September 1, 2021 (the "Notice"). GTP served its objections on October 6, 2021. GTP and Defendants held a telephonic meet-and-confer on September 24, 2021, during which counsel discussed GTP's concerns with the noticed topics in good faith. Counsel for GTP stated that the information sought in topics 31 and 37-40 is largely irrelevant to the claims and defenses in this case, but explicitly agreed to disclose the identity of any witness with a financial interest in the case. Counsel for Defendants have since refused to withdraw topics 37, 38, and 40. After further discussion of the issue over email correspondence, Defendants failed to withdraw topics 37, 38, and 40. GTP therefore files this Motion to seek relief from the Court in the form of a protective order, so that GTP is not required to provide testimony about litigation funding, communication with litigation funder(s), or its fee arrangements in the present case.

---

[1] Unless otherwise indicated, all citations to the Docket refer to the instant case.

## II. LEGAL STANDARD

Discovery requests must be "relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The party seeking discovery must first "establish the threshold burden of relevancy." *Leath v. Tracer Constr. Co.*, No. 1:08-CV-358, 2009 U.S. Dist. LEXIS 147937, at *9 (E.D. Tex. Apr. 8, 2009) (Giblin, J.). "<u>Even if relevant</u>, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990) (emphasis in original) (citing FED. R. CIV. P. 26(b)(1)); *American Standard, Inc. v. Pfizer Inc.*, 828 F.2d 734,739-42 (Fed. Cir. 1987)).

"As a general matter, courts across the country that have addressed the issue have held that litigation funding information is generally irrelevant to proving the claims and defenses in a case." *Fulton v. Foley*, No. 17-CV-8696, 2019 U.S. Dist. LEXIS 209585, at *5 (N.D. Ill. Dec. 5, 2019) (collecting cases); *see also United States ex rel. Fisher v. Homeward Residential, Inc.*, No. 4:12-CV-461, 2016 U.S. Dist. LEXIS 32910, at *15 (E.D. Tex. Mar. 15, 2016) (Mazzant, J.) (denying motion to compel in part and holding "litigation funding information is protected by the work product doctrine"); *Art Akiane LLC v. Art & SoulWorks LLC*, No. 19 C 2952, 2020 U.S. Dist. LEXIS 171682, at *6 (N.D. Ill. Sep. 18, 2020) (denying motion to compel). Courts including the Eastern District of Texas have also excluded litigation funding evidence from trial numerous times. *See, e.g.*, *CXT Sys., Inc. v. Academy, Ltd.*, No. 2:18-cv-00171-RWS-RSP, D.I. 424 (E.D. Tex. Jan. 27, 2020) (Payne, J.) (holding that all testimony evidence, testimony, or argument relating to any entity that provided litigation funding should be excluded at trial); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 U.S. Dist. LEXIS 157062, at *3 (E.D. Tex. May 26, 2017) (Love, J.)

(same). Moreover, courts have also held that certain litigation funding evidence, such as the identity of potential litigation funders, is not relevant whatsoever. *See, e.g.*, *Cont'l Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1019 (D. Ariz. 2020) ("the identifies of such persons or entities, if they exist, have nothing to do with the actual financial interests or resources in this litigation, the potential bias of witnesses, or possible disqualification of jurors."); *Space Data Corp. v. Google LLC*, No. 16-CV-03260 BLF (NC), 2018 U.S. Dist. LEXIS 228050, 2018 WL 3054797, at *1 (N.D. Cal. June 11, 2018) (denying motion to compel discovery as to litigation funding considered by plaintiff and holding that "*potential* litigation funding is a side issue at best.") (emphasis in original).

### III.     ARGUMENT

#### A. Defendants have not demonstrated that topics 37, 38, and 40 are relevant nor that Defendants have any legitimate need for the information sought by their topics.

During the September 24 meet-and-confer teleconference between the parties, GTP asked Defendants to demonstrate or justify the relevance of discovery about the financing or funding of the litigation, communication with the litigation funder(s), and fee arrangements.

Topic 37 is solely related to resources from litigation funders, rather than any substantive issue in the case. *See* Ex. A. Topic 37 seeks testimony about "All facts and circumstances relating to GTP's prospective or actual receipt of financial and/or other resources from litigation funders in connection with the assertion of any Patent-in-Suit."

Topic 38 is solely related to communications between GTP and litigation funders, rather than any substantive issue in the case. *See* Ex. A. Topic 38 seeks testimony about "All facts and circumstances relating to any communications between GTP and any prospective or actual litigation funder."

Topic 40 is solely related to fee arrangements, rather than any substantive issue in the case. See Ex. A. Topic 40 seeks testimony about "All facts and circumstances relating to GTP's fee

4

arrangements with external legal counsel, including litigation fees, success fees, and pre-filing investigation and analysis."

Defendants have been unable to articulate any specific reason why the requested testimony under these topics is relevant. Courts have rejected discovery requests seeking information on litigation funding due to the lack of relevance, despite a variety of rationales that have been urged by other defendants. *See, e.g.*, *Fulton*, 2019 U.S. Dist. LEXIS 209585, at *5-8 (rejecting defendant's arguments that litigation funding information was relevant to (1) plaintiff's claim of lost wages and financial damages, (2) determining a reasonable settlement, and/or (3) plaintiff's bias).[2]

And even if Defendants could show that the requested discovery were somehow relevant to the claims or defenses in this case, which it is not, they cannot show that they need the requested information to mount a defense against the asserted patents. *See, e.g.*, *United States ex rel. Fisher*, 2016 U.S. Dist. LEXIS 32910, at *17 (denying motion to compel litigation funding documents, in part because defendants did not demonstrate a "substantial need" for the documents). Defendants simply have no legitimate basis or need for seeking discovery about litigation funding, communications with litigation funder(s), or fee arrangements—and their efforts in this regard is a waste of Court and party resources.

---

[2] Courts have also generally held that litigation funding documents are protected by the work product doctrine, because the documents are used to aid in possible future litigation. *See, e.g.*, *Fulton*, 2019 U.S. Dist. LEXIS 209585, at *9-11 (collecting cases); *United States ex rel. Fisher*, 2016 U.S. Dist. LEXIS 32910, at *15 ("litigation funding information is protected by the work product doctrine").

### B. GTP is entitled to relief.

As discussed above, Defendants have refused to withdraw the topics from the Notice, despite their privileged nature and lack of relevance, and the resulting conflict with the cited authorities. It is well-settled that discovery is a tool to assist the parties in focusing the case and identifying evidence that is relevant to the dispute. *See* FED. R. CIV. P. 26 Advisory Committee Note, 1983 amend. It is not a mechanism for Defendants to depose witnesses about any subject in which Defendants have a keen but irrelevant interest. Accordingly, GTP respectfully requests a protective order limiting Defendants' Notice from inquiring into topics 37, 38, and 40.

### IV. CONCLUSION

For the foregoing reasons, GTP respectfully requests that the Court issue a protective order striking topics 37, 38, and 40 of Defendants' Notice and preventing discovery into any litigation funding or fee agreement issues.

Dated: October 6, 2021

Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Robert Daniel Garza
Texas State Bar No. 24097730
Robert Rhodes
Texas State Bar No. 24116958
WILLIAMS SIMONS & LANDIS PLLC
327 Congress Ave., Suite 490
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
dgarza@wsltrial.com
rrhodes@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

Kevin S. Kudlac
Texas Bar No. 00790089
Kudlac PLLC
1916 Wimberly Lane
Austin, TX 78735
Tel: 512-656-5743
kevin@kudlacIP.com

*Attorneys for Plaintiff*
*Gesture Technology Partners, LLC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 6, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

By: */s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on October 6, 2021, counsel for GTP (D. Garza) and Defendants (Boris Lubarsky) met and conferred pursuant to CV-7(h).  Defendants' counsel indicated that Defendants are opposed to the relief sought in this motion.

By: */s/ Fred I. Williams*
Fred I. Williams