# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | CASE NO. 2:21-cv-00040-JRG <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | CASE NO. 2:21-cv-00041-JRG <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

### NOTICE OF DEPOSITION OF PLAINTIFF GESTURE TECHNOLOGY PARTNERS, LLC PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Fed. R. Civ. P. 30(b)(6), PLEASE TAKE NOTICE that on September 10, 2021 Defendants Huawei Device Co., Ltd., Huawei Device USA, Inc. (together "Huawei"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together "Samsung") (collectively "Defendants") by their undersigned attorneys, will take the oral and videotaped deposition of Plaintiff Gesture Technology Partners LLC ("GTP"), by one or more officers, directors, or managing agents or other person(s) designated to testify on its behalf, regarding the Deposition Topics identified below.

The deposition will be reported and recorded by a duly authorized court reporter and certified videographer. The deposition will be conducted before an officer authorized to administer oaths and will continue from day-to-day, weekends and legal holidays excluded, until completed, or according to an agreed or Court-ordered schedule. The deposition will be taken for the purpose of discovery, for use at trial or any hearing in this matter, and for any other purpose permitted by the Federal Rules of Civil Procedure.

In accordance with Fed. R. Civ. P. 30(b)(6), GTP is required to designate one or more of its principals, officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to all information that is known or reasonably available to GTP concerning the subjects set forth in the Deposition Topics identified below.

No later than five (5) business days before the noticed deposition, GTP shall identify in writing each witness that will testify in response to this notice and the specific topics on which each such witness will testify. To the extent each identified witness will rely on documents or information not yet produced in this Litigation, GTP shall produce those documents or information as soon as possible, and no less than five (5) business days prior to the date of the deposition.

This deposition is noticed, and will be taken, without prejudice to Defendants' right to depose any witness in his or her individual capacity, irrespective of whether such witness is also designated to testify on behalf of GTP in response to this notice. Defendants reserve the right to ask related or follow-up questions to any testimony provided whether or not such questions fall within the scope of the topics set forth in this Notice.

## DEFINITIONS

1.  As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

2. As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

3. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

4. As used herein, "referring," "relating," or "related" to any given subject shall mean, without limitation, identifying, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

5. As used herein, "Document" has the same meaning as the term "document" as used and defined in Fed. R. Civ. P. Rule 34 and therefore includes electronically stored data as well as tangible things.

6. As used herein, "Plaintiff," "You," or "Your" shall mean Plaintiff Gesture Technology Partners, LLC ("GTP"), any corporate or other predecessor or successor, any entity that controls or has controlled GTP, any entity that is or has been commonly controlled with GTP, any joint venture to which GTP is or has been a party, any past or present division, department, parent, subsidiary, affiliate, member, director, officer, principal, agent, employee, consultant, representative, or other person acting or who has acted on GTP's behalf, or who is or has been under GTP's control in whole or in part, including but not limited to Timothy R. Pryor..

7. As used herein, "affiliate" or "affiliated entities" shall mean all predecessors, successors, acquisitions, parents, subsidiaries, and divisions or departments thereof, and all past and present directors, officers, agents, employees, and representatives (including consultants or attorneys).

8. As used herein, "this Litigation" shall mean the above-captioned litigation, pending in the United States District Court for the Eastern District of Texas.

9. As used herein, "Patents-in-Suit" shall mean all patents asserted by GTP in this Litigation, including U.S. Patent Nos. 8,194,924 ("'924 Patent"); 7,933,431 ("'431 Patent"); 8,553,079 ("'079 Patent"); and 8,878,949 ("'949 Patent").

10. As used herein, "Asserted Claim(s)" shall mean all claims of the Patents-in-Suit that GTP contends are infringed by Defendants in this Litigation.

11. As used herein, "Accused Product(s)" shall mean all instrumentalities, products, activities, services, processes, systems, apparatuses, or things that GTP accuses of infringing one or more of the Patents-in-Suit in this Litigation.

12. As used herein, "Related Application(s)" shall mean all patent applications related directly or indirectly to the Patents-in-Suit, including all provisional or non-provisional patent applications to which any of the Patents-in-Suit claims priority, all patents or provisional or non-provisional patent applications incorporated by reference by any of the Patents-in-Suit, all patents or provisional or non-provisional patent applications identified as co-pending by any of the Patents-in-Suit, all continuations, continuations-in-part, divisions, reexaminations, reissues, international and foreign counterpart applications, and any other patent applications disclosing, describing or claiming any invention disclosed, described or claimed in any Patents-in-Suit, or claiming the benefit of the filing date of any application whose benefit is claimed in any Patent-in-Suit, whether or not abandoned and whether or not issued.

13. As used herein, "Related Patent(s)" shall mean all patents issued from or based upon any Related Application.

14. As used herein, "Portfolio Patent(s)" shall mean all patents listing Timothy R. Pryor as a named inventor that are not asserted in this Litigation and are not Related Patent(s).

15. As used herein, "Other GTP Defendants" shall mean any and all companies that GTP has sued in patent litigation matters, including Apple, Inc., LG Electronics, Inc., Lenovo Group Ltd., and their affiliates.

The use of terms, phrases, and definitions herein is for convenience and shall not be construed as an admission—factual, legal, or otherwise—by Defendants.

## DEPOSITION TOPICS

1. The conception and reduction to practice (including any alleged actual reduction to practice) of each claim of each Patent-in-Suit, including any alleged diligence between the dates of conception and reduction to practice on which GTP intends to rely.

2. All facts and circumstances relating to the prosecution of each Patent-in-Suit and all Related Patents.

3. All facts and circumstances relating to actual or potential prior art known to GTP or the alleged inventor named on each Patent-in-Suit, including all patents, publications, systems, or other materials or events that any person or entity has stated, claimed, or suggested are or may be prior art to one or more Patents-in-Suit.

4. All facts and circumstances relating to any research, testing, or analysis comparing the claims of the Patents-in-Suit to actual or potential prior art.

5. All facts and circumstances relating to any alleged unexpected results, commercial success, long-felt but unsolved needs, failure of others, skepticism of experts, advantages and disadvantages, industry recognition, praise of an alleged invention claimed in any Patent-in-Suit, and/or any other considerations that GTP contends supports the nonobviousness of one or more claims of the Patents-in-Suit.

6. Any foreign or U.S. litigation, opposition proceeding, interference, reexamination, reissue proceeding, nullity proceeding, revocation proceeding, arbitration, or dispute involving any Patent-in-Suit or any Related Patent anywhere in the world.

7. All facts and circumstances relating to any research, design, development, testing, configuration, manufacture, assembly, engineering, features, function, structure, operation, use, or performance of hardware or software (including prototypes), developed, made, used, sold, or offered for sale by You, any licensee of any Patent-in-Suit, or any predecessor in interest of any Patent-in-Suit at any time that practiced, used, or embodied, in whole or in part, an alleged invention claimed in any Patent-in-Suit.

8. Research efforts, whether published or unpublished, authored, co-authored, edited, or revised by Timothy R. Pryor ("Mr. Pryor") or any of his agents, employees, or representatives that relate in any way to the subject matter recited in any claim of any Patent-in-Suit or any Related Patent anywhere in the world.

9. The identity of any persons who collaborated with Mr. Pryor in any way on any research efforts (including, but not limited to, Peter H. Smith), whether published or unpublished, authored, co-authored, edited, or revised by Mr. Pryor, that relate in any way to the subject matter recited in any claim of any Patent-in-Suit or any Related Patent anywhere in the world.

10. The contribution or alleged contribution of Peter H. Smith to the subject matter of any Patent-in-Suit or any Related Patent.

11. All facts and circumstances relating to any communications prior to the filing of this Litigation relating to the subject matter of any claim of any Patent-in-Suit.

12. The underlying factual bases for GTP's positions that each Patent-in-Suit is valid and enforceable.

13. All facts and circumstances relating to research testing, or analysis comparing the claims of any Patent-in-Suit to the products, services, or activities of any third party.

14. All facts and circumstances relating to GTP's contention, if any, that there is any quantitative benefit from the alleged inventions claimed in the Patents-in-Suit, including evidence of any difference in performance, marketability, or sales of a device incorporating the alleged inventions as compared to a device that does not incorporate the alleged inventions.

15. The underlying factual bases for preparing GTP's pleadings in this case, including those demonstrating GTP's alleged good faith basis to bring suit against Defendants, and those demonstrating GTP's good faith basis to identify each Accused Product.

16. All facts and circumstances relating to GTP's decision to file this Litigation.

17. All facts and circumstances relating to GTP's first awareness of each Defendant's products allegedly relating to the technology of any Patent-in-Suit and GTP's decision not to file suit during the time that elapsed between that awareness and the filing of suit against Defendants, including the Accused Products.

18. All facts and circumstances relating to GTP's understanding and knowledge of the Accused Products, including the features, functions, and operation of the Accused Products.

19. All facts and circumstances relating to statements by GTP or any of its directors, officers, agents, employees, and representatives (including consultants or attorneys) that any of the Patents-in-Suit would not be enforced.

20. The underlying factual bases for GTP's contention, if any, that Defendants' alleged infringement of each Patent-in-Suit has been and continues to be willful.

21. All facts and circumstances relating to the manufacture, cost, pricing, valuation, distribution, promotion, marketing, offer for sale, and sale of any product, system, or technology

that practices, uses, embodies in whole or in part, or incorporates any alleged invention claimed in the Patents-in-Suit, including the first prototype, first experimental use, first demonstration, first manufacture, first use, first offer for sale, first sale, first public use, first shipment, first announcement, and first public disclosure of subject matter claimed in any Patent-in-Suit, and the first written description of each alleged invention claimed in the Patents-in-Suit.

22. All facts and circumstances relating to actual or potential ownership, title, transfer, or assignment of each Patent-in-Suit, Related Patent, and Portfolio Patent.

23. All facts and circumstances relating to Your relationship, including any past and/or present ownership or other financial interest, with respect to the following entities: Digital Dash; Motion Games, LLC; Great Lakes Intellectual Property, Ltd.; LMI Technologies USA, Inc.; LMI Technologies, Inc.; PTSP Technologies, LLC; Sensor Adaptive Machines, Ltd.; Deffracto Ltd.; and Tactile Feedback Technology, LLC.

24. GTP's efforts to license, enforce, or monetize each Patent-in-Suit or any Related Patent anywhere in the world.

25. All licenses, agreements, negotiations, offers, or proposals with any third party regarding each Patent-in-Suit, Related Patent, and Portfolio Patent anywhere in the world.

26. All facts and circumstances relating to any communications between GTP and any prospective or actual licensee to any Patent-in-Suit.

27. All facts and circumstances relating to compliance with 35 U.S.C. § 287(a) by any owner or licensee of any Patent-in-Suit, and any efforts made to ensure compliance with 35 U.S.C. § 287(a).

28. All facts and circumstances relating to the amount of damages that GTP alleges to have suffered as a result of each Defendant's alleged infringement, including any evaluation,

calculation, or determination of the value of a license to any Patent-in-Suit and the royalty rate(s) to be used in determining such a license value.

29. All facts and circumstances relating to GTP's current and historical licensing practices, efforts to license its patents, and licenses to its patents, including the Patents-in-Suit and any Related Patents anywhere in the world, and the circumstances under which GTP will grant or has granted licenses, the identity of all licenses to each Patent-in-Suit, the factors GTP considers when deciding the terms of such licenses, the structure for such licenses, the amounts and royalty rates that GTP has offered or accepted for such licenses, any license agreements, correspondence, negotiations, or discussions that have resulted from these efforts, and any other license agreements that concern patents comparable to any Patent-in-Suit.

30. All facts and circumstances relating to any studies, analyses, evaluations, opinions, and communications with third parties concerning the valuation of any alleged invention claimed in any Patent-in-Suit, including any evaluation of return on investment(s) made in any Patent-in-Suit or related technology or subject matter.

31. All facts and circumstances relating to the division of recoveries from licensing or enforcing each Patent-in-Suit.

32. All facts and circumstances relating to licensing, enforcement, or monetization of any Patent-in-Suit with respect to Digital Dash.

33. All financial analyses, opinions, or valuations of each Patent-in-Suit or any Related Patent anywhere in the world, including but not limited to information for determining a royalty rate for purposes of licensing or tax accounting.

34. All royalties, revenues, or financial consideration received by GTP from the licensing, enforcement, or monetization of any Patent-in-Suit or any Related Patent anywhere in the world.

35. All facts and circumstances relating to any communications between GTP and any prospective purchaser of any Patent-in-Suit.

36. All facts and circumstances relating to any communications between GTP and any prospective broker of any Patent-in-Suit.

37. All facts and circumstances relating to GTP's prospective or actual receipt of financial and/or other resources from litigation funders in connection with the assertion of any Patent-in-Suit.

38. All facts and circumstances relating to any communications between GTP and any prospective or actual litigation funder.

39. All facts and circumstances relating to the identity and location of all persons or entities with a direct or indirect financial stake in this litigation.

40. All facts and circumstances relating to GTP's fee arrangements with external legal counsel, including litigation fees, success fees, and pre-filing investigation and analysis.

41. All facts and circumstances relating to the corporate structure and ownership of GTP and any affiliated entities.

42. GTP's formation, including but not limited to articles of incorporation, bylaws, appointment of directors, officers or employees, and Board of Directors.

43. GTP's financial statements, tax returns, audit reports, and annual reports.

44. All facts and circumstances relating to the rights of any person or entity in each Patent-in-Suit.

45. All facts and circumstances relating to GTP's agents, employees, or other persons performing services for or on behalf of GTP pursuant to an agreement, including the identification of those persons, the services they have performed, and any agreements concerning those persons or the services they have performed.

46. All facts and circumstances relating to GTP's past and present document retention and destruction policies, including any action(s) taken in violation of any document retention and destruction policies.

47. All facts and circumstances relating to any communications with one or more of the Other GTP Defendants concerning GTP, the Asserted Patents, or the Portfolio Patents.

48. The identity and location of documents evidencing or relating in any way to any of the preceding topics.

DATED:  September 1, 2021            Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

        By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN TINDEL & THOMPSON**
201 E. Howard Street
903.657.8540
903.657.6003 (fax)
*AND*
Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

*Attorneys for Defendants Huawei Device Co., Ltd., Huawei Device USA, Inc.,*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via email on all counsel of record on this 1st day of September, 2021.

        */s/ Christopher W. Kennerly*
        Christopher W. Kennerly

-13-