# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br> Defendants. | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

It is undisputed that the MERL and MDScope prior art systems were described and charted in Defendants' original invalidity contentions, and the supplementations at issue here are based on materials newly-obtained from third-party subpoenas. Defendants were as diligent as could have been expected in discovering and disclosing the materials, and GTP cannot articulate any actual prejudice. Unable to challenge these facts, GTP misstates Defendants' position to argue that the supplementations are not "important" because they are "substantively cumulative." Opp. at 2. The materials are not "cumulative" additional prior art, but rather are additional evidence to help explain and clarify how MERL and MDScope invalidate the Asserted Patents. Defendants have endeavored to proceed as the letter and spirit of the Court's local rules require, undertaking diligent and sincere efforts to ensure "timely discovery" and providing GTP more than "adequate notice and information with which to litigate . . . ." *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-01366-JRG, 2021 U.S. Dist. LEXIS 16909, at *10–11 (E.D. Tex. Jan. 29, 2021). Defendants request that the Court grant their motion for leave to amend.

I.     **DEFENDANTS HAVE DEMONSTRATED DILIGENCE**

Defendants were ***diligent in discovering*** the new materials, serving third-party subpoenas on the creators of MERL and MDScope just a month after serving Defendants' original invalidity contentions. Mot. at 2. GTP claims Defendants served the subpoenas "towards the end of the discovery period," Opp. at 3, but the calendar refutes that claim. Defendants served the subpoenas ***11 weeks before*** the close of fact discovery.[1] Further, unlike patents and technical publications, information on physical systems like MERL and MDScope is difficult to obtain because there is no centralized database cataloging such systems. *See Maxell Ltd. v. Apple, Inc.*, No. 5:19-cv-00036-RWS, 2020 U.S. Dist. LEXIS 257203, at *6–7 (E.D. Tex. Feb. 24, 2020). There were thus

---

[1] This is only 4 weeks into the 15 week period separating the original invalidity contentions (week of July 4) and the close of fact discovery (week of October 11).

"practical limitations" to Defendants' diligent efforts to discover the full set of available materials on these two systems. *See CEATS, Inc. v. Cont'l Airlines, Inc.*, No. 6:10-cv-00120, Dkt. 633 at 4 (E.D. Tex. Aug. 5, 2011). This Court is familiar with the challenges defendants face when discovering relevant art held and controlled by third-parties. *Seven Networks, LLC v. Google LLC*, No. 2:17-cv-004442-JRG, 2018 U.S. Dist. LEXIS 112210 (E.D. Tex. Jul. 6, 2018).

Defendants were also ***diligent in disclosing*** the new materials. GTP fails to mention that Defendants disclosed the new materials to GTP just ***nine days*** (MDScope) and ***one day*** (MERL) after obtaining the materials. Mot. at 3. The "relative speed" with which Defendants passed along the third-party production to GTP demonstrates diligence. *Seven*, 2018 U.S. Dist. LEXIS 112210, at *8. Rather than pursuing serial motions for leave to amend (*i.e.*, one for MERL and one for MDScope), Defendants prepared a single proposed supplementation and provided it to GTP on September 10, 2021, ***less than two weeks*** after obtaining the materials in full. *Id. See Maxell*, 2020 U.S. Dist. LEXIS 257203, at *7–8 (finding disclosure within "three weeks" to be diligent).[2]

GTP's argument that Defendants were not diligent in pursuing discovery, or in disclosing the newly-obtained materials, rests on the misguided notion that if Defendants had been ***even more diligent*** they might have discovered and disclosed the materials a few days earlier. But perfection is neither possible nor required. Defendants have exhibited ample good faith and diligence.

## II. THE NEWLY OBTAINED MATERIALS ARE IMPORTANT

The newly-obtained MERL and MDScope materials do not "only" provide background and support for Defendants' existing contentions on those prior art systems. Opp. at 4. Rather,

---

[2] While diligence in filing their motion is not strictly a factor, Defendants note that GTP waited a full week to state its opposition to the supplementation, during which time Defendants followed up with GTP twice for a response. Mot. at 6 (Certificate of Conference). Defendants prepared and filed their motion within roughly a week. GTP's claim that "Defendants waited to try to amend until three days before" the September 20 claim construction hearing is misleading.

2

the materials will help explain and clarify for the jury just how MERL and MDScope invalidate the Asserted Patents. Mot. at 3. "Clarity to the trier of fact is important." *Maxell*, 2020 U.S. Dist. LEXIS 257203, at *10. For example, the MERL video clip will give the jury "a plain and understandable explanation of [Defendants'] invalidity defense." *Id.* at *9. Both MERL and MDScope are prior art systems created over twenty years ago. Prototypes do not exist. The video clip will bring the MERL system to life and provide powerful evidence for the trier of fact.[3]

Moreover, both Dr. William Freeman (one of the inventors of MERL) and Dr. Vladimir Pavlovic (one of the inventors of MDScope) will provide deposition testimony before the close of fact discovery. The MERL video clip relates directly to Dr. Freeman's work, and two of the MDScope publications were authored by Dr. Pavlovic. While Drs. Freeman and Pavlovic will certainly testify about other publications that were included in Defendants' original invalidity contentions, their testimony regarding the newly-obtained materials is no less important, as the video clip and these two publications provide unique perspectives on the MERL and MDScope systems. The other three MDScope publications[4] also offer unique contributions to Defendants' already-disclosed theories: "Prototype Speech Recognition Interface for VMD" describes speech recognition technology, which can be used in contradistinction to gesture recognition technology;

---

[3] GTP suggests that, rather than seek leave pursuant to the Court's local rules, Defendants should simply seek to have the new materials admitted into evidence at trial. Opp. at 4. But if GTP will not object to their admission, its opposition to Defendants' supplementation serves no purpose but to consume Court and party resources; and if GTP will (as expected) object to their admission, its suggestion that Defendants should try to do so without seeking leave is non-serious. Defendants timely "crystallized" their invalidity theories with respect to MERL and MDScope in their original invalidity contentions, and seek to supplement with newly-obtained materials that further support and evidence those theories, thereby ensuring that GTP is "sufficiently notified" as to the materials and their importance. *Personalized Media*, 2021 U.S. Dist. LEXIS 16909, at *10–12.

[4] Defendants have determined that the sixth publication, "Dynamic Bayesian Networks for Information Fusion with Applications to Human-Computer Interfaces," is included in their original invalidity contentions and thus, while maintaining it in their contentions, withdraw that publication from their requested supplementation. Exhibit C (video clip); Exhibit D (publications).

3

"Molecular Dynamics Studies of the Protein Bacteriohodopsin" and "Simplified Expression of Message-Driven Programs and Quantification of Their Impact on Performance" describe biological structures and computations abilities, respectively, for the molecular modeling system that was the subject of Dr. Pavlovic's gesture detection system.

In sum, the supplemental video clip and publications (1) will bring clarity to the trier of fact, (2) will be the subject of live testimony for two key fact witnesses; and (3) will offer unique contributions to Defendants' invalidity theories. The supplemental materials are important.

### III.   DEFENDANTS' SUPPLEMENTATION DOES NOT PREJUDICE GTP

The newly-obtained materials can be both "important" and not prejudicial. *Cf. Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00550-JRG-RSP, 2020 U.S. Dist. LEXIS 25675, at *8–11 (E.D. Tex. Jan. 16, 2020). Despite the materials' importance, GTP's prejudice claims are notably weak.

First, the new materials do not alter Defendants' invalidity theories with respect to MERL and MDScope, which were timely described and charted in their original invalidity contentions. GTP's opposition ignores the crucial fact that the video clip and publications ***do not add a single new theory*** to Defendants' original invalidity contentions. GTP's reliance on *Innovation Display* is thus grossly inapt. Opp. at 4-5. There, defendant sought to add four prior art references that would result in "five new claim charts." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG-RSP, Dkt. 63 at 4–5 (E.D. Tex. May 20, 2014). The new prior art affected 22 claims across four asserted patents and required plaintiff "to develop its case anew." *Id.*, Dkt. 65 at 6–7 (E.D. Tex. Jun. 3, 2014). Here, in contrast, the video clip and publications will not affect "the scope and combination of the specific prior arts disclosed in [Defendants'] invalidity contentions." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 83196, at *7 (E.D. Tex. Jun. 19, 2014). Plaintiff also misreads *Maxell*. Opp. at 5. There, the defendant sought to add a wholly new item of prior art (*i.e.*, the Casio Camera). *Maxell*, 2020 U.S.

4

Dist. LEXIS 257203, at *8–9. Here, in contrast, the video clip and publications are not new items of prior art. There is no risk that GTP will need to account for additional or different obviousness combinations. *Cf. Uniloc*, No. 2:18-cv-00550-JRG-RSP, Dkt. 102 at 1–2 (E.D. Tex. Dec. 3, 2019) ("Google's requested addition . . . results in Google's invalidity contentions jumping from a timely disclosed 60 combinations to a new 120 total combinations. This is prejudicial to Uniloc . . . ."); *Seven*, 2018 U.S. Dist. LEXIS 112210, at *5 ("[T]he prejudice faced by SEVEN will be minimal, as this prior art will be in the case regardless.").

Second, GTP cannot credibly allege its claim construction or other substantive positions have been or would be affected by the supplementation. Indeed, GTP made no effort to change any such positions on this basis. Despite hand waving about claim construction, Opp. at 5, GTP has not provided any clue as to which of its claim construction or other positions would supposedly be affected by the supplementation. Nor could it credibly do so.[5]

## IV. A CONTINUANCE IS AVAILABLE BUT UNNECESSARY

While Defendants would of course be amenable to a continuance of any deadline should the Court find it necessary or appropriate, Defendants see no need for any continuance.

## V. CONCLUSION

For the reasons set forth herein and in their motion, Defendants respectfully request that the Court grant their Motion for Leave to Amend Invalidity Contentions.

---

[5] GTP either provided a boilerplate excuse or wholly failed to account for this Court's precedent when considering supplementations that do not alter a defendant's invalidity theories. *Uniloc*, 2020 U.S. Dist. LEXIS 25675, at *10 n.3 ("Uniloc does not explain how the Three Proposed References would have changed its claim construction briefing or otherwise had a prejudicial effect."); *Maxell*, 2020 U.S. Dist. LEXIS 257203, at *11–12 ("Maxell did not allege any specific claim construction arguments that would be affected by the supplemental invalidity contentions."); *Seven*, 2018 U.S. Dist. LEXIS 112210, at *8 ("Given that the prior art will be in the case regardless, and SEVEN will have accounted for its teachings in developing its claim construction positions, the Court finds that there is minimal prejudice.").

DATED:  October 12, 2021                    Respectfully submitted,

By: /s/ *Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris Lubarsky
borislubarsky@paulhastings.com
David M. Fox
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450

6

Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

By: */s/ J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
**MANN TINDEL & THOMPSON**
201 E. Howard Street
903.657.8540
903.657.6003 (fax)

Kent E. Baldauf, Jr. (PA ID No. 70793)
Bryan P. Clark (PA ID No. 205708)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

Matthew S Warren
Erika Hart Warren
Jennifer A Kash
**WARREN LEX LLP**
2261 Market Street, No. 606
San Francisco, CA 94114
415-895-2940
Fax: 415-895-2964
matt@warrenlex.com
erika@warrenlex.com
jen@warrenlex.com

*Attorneys for Defendants Huawei Device Co., Ltd., Huawei Device USA, Inc.,*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 12, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ *Christopher W. Kennerly*
Christopher W. Kennerly