# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00041-JRG (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANTS' MOTION TO COMPEL
SUPPLEMENTATION OF PLAINTIFF'S PRIVILEGE LOG**

**I.     INTRODUCTION**

Pursuant to Rule 37, Defendants request the Court to compel Plaintiff Gesture Technology Partners ("GTP") to provide a privilege log that complies fully with Rule 26(b)(5) and this Court's Discovery Order, including at least (1) providing a description of each document sufficient to allow Defendants to assess whether privilege is applicable; (2) identifying and providing the affiliations of all authors, recipients, and custodians of each document; and (3) identifying the entries removed and the clawed-back documents added since GTP's initial privilege log.

Pursuant to the Court's Docket Control Order, GTP served its privilege log on August 15, 2021. On August 23, 2021, Defendants sent GTP a letter that described in detail the fundamental deficiencies in the privilege log, such as failing to provide adequate description of each document sufficient for Defendants to assess the claim of privilege. In the two months since, the parties have met and conferred twice and Defendants have sent repeated letters requesting a compliant privilege log. Although GTP supplemented and amended its privilege log once in that period, the changes did not correct the deficiencies Defendants raised, but instead added hundreds more insufficiently supported privilege claims. Defendants respectfully request that the Court order GTP to produce immediately a privilege log complying with Rule 26(b)(5).

**II.    FACTUAL BACKGROUND**

On August 15, 2021, GTP served its privilege log. On August 23, Defendants sent GTP a letter identifying fundamental deficiencies in GTP's privilege log and requesting a supplemental privilege log that (1) provides a brief description of each document's subject matter; (2) provides a sufficient description of each document to allow Defendants to assess whether any privilege is applicable, including for any attachments; (3) identifies the affiliations of the authors, recipients, or custodians of each document; and (4) provides a complete list of all authors and recipients of each document. On August 31, GTP sent a claw-back letter requesting that Defendants delete

thirteen documents allegedly containing privileged information and destroy all copies. Defendants complied. However, GTP did not respond to the substance of Defendants' August 23 request for appropriate detail as to GTP's claim of privilege for each document. On September 9, Defendants sent GTP a letter confirming deletion and destruction of the clawed-back documents and again requesting a supplemental privilege log correcting the noted deficiencies. On September 24, the parties conducted a first meet and confer discussion in which GTP committed to supplementing its privilege log.

On September 28, 2021, GTP served a supplemental and amended privilege log, adding a column providing a boilerplate privilege description, adding 650 documents alleged to contain privileged information, and deleting numerous other documents. Like its initial privilege log, GTP's supplemental and amended privilege log did not provided sufficient description of each document to allow Defendants' to assess whether privilege is applicable; did not identify the affiliations of the authors, recipients, or custodians of each document; and did not provide a complete list of all authors and recipients of each document. On October 5, Defendants sent GTP another letter again highlighting these still-unaddressed deficiencies. Defendants also requested that GTP identify which documents had been removed from the initial privilege log and confirm those had been produced, and identify in the supplemental and amended privilege log the thirteen clawed-back documents so Defendants could assess those claims of privilege.

On October 6, 2021, rather than addressing any of the noted deficiencies, GTP requested that Defendants delete and destroy seven more documents on the basis of privilege and committed that GTP would provide a supplemental privilege log including those clawed-back documents. To date, GTP still has not served the promised supplemental privilege log nor has GTP committed to addressing the fundamental deficiencies first raised in Defendants' August 23 letter. On October

12, Defendants again requested that GTP provide a supplemental privilege log and again requested to meet and confer.

On October 15, the parties met and conferred for the second time on these issues. GTP committed to serving a further supplemented privilege log that identifies all documents removed from and the clawed-back documents added since GTP's initial privilege log, and identifies and provides the affiliations of all authors and recipients of the documents listed in GTP's most recent privilege log; however, GTP would not commit to serving this further amended privilege log by the close of fact discovery (*i.e.*, by October 15). (Later in the day on October 15, GTP nonetheless served a second supplemental privilege log containing additional entries but still failing to include all previously clawed-back documents.) Further, at the meet and confer GTP would not commit to resolving the other noted deficiencies. Thus, the parties are at an impasse.

### III.   LEGAL STANDARD

Should a party fail to produce documents or respond to discovery obligations under Rule 34, the court may compel production of the requested discovery. *See* Fed. R. Civ. P. 37(a)(3)(B); *Shumpert v. City of Tupelo*, 905 F. 3d 310, 325 (5th Cir. 2018). The party asserting privilege has the burden of proving its applicability and thus that discovery should not be allowed. *See id.* at *10–11; *U.S. v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985). A party claiming privilege must (1) expressly claim privilege; and (2) sufficiently describe the nature of the subject documents or communications to allow the opposing party "to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). A privilege log must "provide[] facts that would suffice to establish each element of the privilege or immunity that is claimed." *Smartphone Techs. LLC v. Apple, Inc.*, Case No. 6:10-cv-74, 2013 U.S. Dist. LEXIS 28220, at *12–13 (E.D. Tex. Mar. 1, 2013) (internal quotations omitted).

IV.     ARGUMENT

GTP has failed to produce an adequate privilege log despite Defendants' repeated letters and two meet and confers between the parties, which has severely prejudiced Defendants' ability to conduct and complete discovery, including the deposition of GTP's principal and the named inventor on the Asserted Patents. GTP's September 28, 2021 supplemental and amended privilege log (excerpted in Exhibit A[1]) spans more than 1600 log entries (after dropping 86 documents from which it previously claimed privilege[2]) and suffers from at least the following fundamental deficiencies: (1) it does not provide sufficient description of each document to allow Defendants' to assess whether privilege is applicable, including for any attachments; (2) it does not identify the affiliations of the authors, recipients, or custodians of each document; and (3) it does not provide a complete list of all recipients and senders of each document. Indeed, GTP's recent removal of 86 previously-identified entries from its supplemental and amended privilege log only confirms that GTP has improperly withheld documents from discovery. Defendants respectfully request an order compelling GTP to provide a privilege log complying with Rule 26(b)(5).

### A.     GTP Has Failed to Provide Sufficient Descriptions to Allow Defendants to Assess GTP's Claims of Privilege

GTP's supplemental and amended privilege log does not provide sufficient description of the documents to allow Defendants to assess whether privilege is applicable. Over 200 entries provide mere boilerplate descriptions of why privilege applies and provide no information from which to evaluate why the document is privileged. *See, e.g.*, Exhibit A at Entries 73–84 (which only identify the date of the document and the applicable privilege, but do not identify the title of

---

[1] Defendants here supply only representative excerpts due to the Discovery Order's page limits for discovery motions.
[2] GTP has not identified how many documents it dropped from its initial privilege log, whether it has produced those documents, nor what the corresponding Bates ranges are.

the document, its author other than "Owner," its recipients, or any description of why the document is alleged to be privileged). For example, ███████████████████████████████████████████████████████████████████████████████ Exhibit A at Entry 80. No title is provided, no author is provided, no recipients are provided, and no attorney is identified as receiving, being cc'd, or making any communication in regards to this entry. On the information provided, the attorney-client privilege does not apply—no author appears to be an attorney and the entry does not indicate the document was ever sent to an attorney. Defendants are unable to determine the applicability of privilege to such entries.

### B. GTP Has Failed to Identify and Provide Affiliations of All Authors, Recipients, and Custodians of Each Document

GTP's supplemental and amended privilege log does not provide the affiliations of the authors, recipients, or custodians of the listed documents sufficient to enable Defendants to assess applicability of privilege for all 1665 documents listed. *See Eon Corp. IP Holdings LLC v. Verizon Clinton Center Drive Corp.*, No. 6:08-cv-00385, Dkt. No. 456 (E.D. Tex. Aug. 23, 2010) (granting motion to compel privilege log and ordering plaintiff to provide "(a) a description of the documents to enable Defendant to meaningfully assess the applicability of privilege and (b) the affiliations of the authors, recipients and/or custodians of the documents").

For example, for multiple document entries GTP's supplemental and amended privilege log provides no substantive information as to the author of the document. *See* Exhibit A at Entries 73–79, 82–84 ████████████████████████████████████████ ████████. GTP does not identify with sufficient detail the documents' author(s) or the affiliation of any of the authors, recipients, or custodians of the documents, which prevents Defendants from assessing applicability of privilege. As a further example, many entries list ████████ as the sole author but provide no information regarding who ████████ is or why they are entitled to

attorney-client privilege.  *See* Exhibit A at Entries 4–8. *Smartphone Techs.* 2013 U.S. Dist. LEXIS 28220, at *12–13 ("[Plaintiff's] privilege log is deficient. . . . [Plaintiff] does not identify the positions of the senders or recipients of documents such that one can deduce a common interest. *Without a description of a person's occupation or job title, [defendant] cannot determine whether the claim of privilege is justified.*" (emphasis added)).

Further, GTP's supplemental and amended privilege log does not identify all authors and recipients of the listed documents.   Exhibit A at Entry 238. This issue is present in numerous entries.  *See Smartphone Techs.*, 2013 U.S. Dist. LEXIS 28220, at *13 ("[Plaintiff] uses '*et al.*' to indicate further dissemination of the documents.  Such broad use of '*et al.*' to indicate further communication to other parties is not helpful.  One may simply assume that an '*et al.*' dissemination implies waiver of the privilege due to communication to third parties.  *Thus, [plaintiff] should avoid the use of 'et al.' and specifically identify all recipients.*" (emphasis added)).  GTP failure to specifically identify all authors and recipients of the documents prevents Defendants from assessing applicability of privilege.

C.   **GTP Has Failed to Identify Removed Entries and Clawed-Back Documents**

On two occasions, GTP requested that Defendants delete and destroy a total of twenty previously produced documents as allegedly containing attorney-client privileged information. GTP's supplemental and amended privilege log fails to identify each document that was clawed back.  This prevents Defendants from assessing the applicability of privilege for the clawed-back

documents.  On October 15, 2021, GTP served a second supplemental privilege log containing additional entries which included the Bates ranges under which the documents were originally produced.  However, GTP's second supplemental privilege log remains deficient, because (1) it fails to include 14 other previously clawed-back documents—including all thirteen documents GTP clawed back in its August 31 letter; and (2) it fails to disclose any basis for GTP's privilege claim, or even a description, for one of the previously clawed-back documents. *See* Exhibit B at Entry 1679.

Lastly, GTP's supplemental and amended privilege log removes 86 entries that were identified in GTP's initial privilege log.  On October 15, 2021, GTP served a letter identifying 43 Bates ranges for the previously deleted documents.  However, GTP did not state which of the 86 deleted entries correspond to those Bates ranges, and did not confirm that all 86 corresponding documents have been produced.  Defendants' highlighted this deficiency in a responsive letter also dated October 15.  GTP has failed to rectify this deficiency.

## V.     CONCLUSION

With the close of fact discovery, GTP's failure to provide an adequate privilege log has severely prejudiced Defendants.  Thus, Defendant's respectfully request an order compelling GTP to provide immediately a privilege log that complies with Rule 26(b)(5), including (1) providing sufficient description of each document to allow Defendants' to assess the alleged applicability of privilege; (2) identifying and providing the affiliations of all authors, recipients, and custodians of each document; and (3) identifying entries removed from and clawed-back documents added since GTP's initial privilege log.

DATED: October 15, 2021            Respectfully submitted,

By: /s/ *Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on October 15, 2021 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 15, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly