IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF RESPONSIVE DOCUMENTS**

**I.      INTRODUCTION**

Defendants hereby move the Court to compel Plaintiff Gesture Technology Partners ("GTP") to produce documents pursuant to Rule 26, the Court's Local Rule CV-26(d), and the agreed Discovery Order entered by the Court regarding patent licensing efforts, valuations, and prior licensing agreements related to the Asserted Patents or other "Portfolio Patents," *i.e.*, patents within other portfolios owned or controlled by GTP's principal and the sole named inventor of the Asserted Patents (Dr. Pryor).  These documents may be highly relevant to the damages analysis, at a minimum, and GTP's refusal to produce them prejudices Defendants' ability to prepare their defense in this case.

**II.     FACTUAL BACKGROUND**

On April 28, 2021, GTP made an initial production of just over 900 pages of documents. On August 15, GTP additionally produced over 7,000 pages of documents.  On September 1, Defendants sent GTP a letter identifying categories of relevant documents that Defendants would expect to be included in GTP's production pursuant to Rule 26, the Court's Local Rule CV-26(d), and the agreed Discovery Order entered by the Court.  For example, Defendants identified "all licenses or other agreements . . . that relate to rights to the Patents-in-Suit, Related Patents, and/or Portfolio Patents" (Category 13) and "All documents relating in any way to any valuation or appraisal of the Patents-in-Suit, Related Patents, and/or Portfolio Patents" (Category 17).  Exhibit A at 4.  Further, on September 15, Defendants sent one additional request for production of "[a]ll documents and communications relating to any negotiations . . . and/or agreements relating to the actual or potential licensing of the Portfolio Patents[.]" (Category 21).  Exhibit B at 1.

On October 1, 2021, GTP produced another 23,000 pages of documents.  On October 5, Defendants sent GTP a letter regarding deficiencies in GTP's document production, specifically

as to licensing and valuation documents including documents referenced in GTP's production but that had not been produced.

On October 15, 2021, the parties met and conferred. GTP stated that it had performed a reasonable search as to licensing negotiations regarding the Asserted Patents, but that it objected to any request regarding licensing of "Portfolio Patents," *i.e.*, patents within other portfolios owned or controlled by GTP's principal and the sole named inventor of the Asserted Patents (Dr. Pryor). GTP would not state whether a search for such documents had been made. Thus, the parties are at an impasse.

### III. LEGAL STANDARD

As this Court has noted, "[t]he rules of discovery 'are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials.'" *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-CV-00144-JRG, 2019 WL 5388442, at *1 (E.D. Tex. May 3, 2019) (citing *Herbert v. Lando*, 441 U.S. 153, 176 (1979)). To that end, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." *Id*. (citing Fed. R. Civ. P. 26(b)(1)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-TJW, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010).

### IV. ARGUMENT

GTP's production fails to include relevant documents specifically requested in Defendants' letters of September 1 and 15, 2021 requesting all licensing, other agreements, or valuations related to the Asserted Patents, Related Patents, and/or Portfolio Patents. These documents may be highly

relevant to the damages analysis, at a minimum, and GTP's non-production prejudices Defendants ability to prepare their defense in this case.

As the Federal Circuit instructs, "[l]icense agreements can be pertinent to the calculation of a reasonable royalty. . . . Our cases appropriately recognize that settlement agreements can be pertinent to the issue of reasonable royalties." *In re MSTG, Inc.*, 675 F.3d 1337, 1339, 1348 (Fed. Cir. 2012). There is no question that such documents are relevant to damages, at a minimum, and should be produced. *See PerdiemCo, LLC v. Industrack LLC*, Nos. 2:15-cv-727-JRG-RSP, *et al.*, 2016 WL 6611488, at *4 (E.D. Tex. Nov. 9, 2016) (Payne, M.J.); *see also Allegran, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 132265, at *1 (E.D. Tex. Jan. 12, 2017) ("Courts have frequently ordered the production of such agreements . . . .") (collecting cases).

Here, GTP's production omits documents that are referenced explicitly in other produced materials and that are themselves responsive to Defendants' discovery requests. For example, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

GTP's production is similarly deficient with respect to at least the following documents relating to licensing: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



The above are but a few examples of GTP's failure to abide by its discovery obligations. Licenses and settlement agreements, and any associated negotiations or offers to license and/or settle, are particularly relevant because GTP does not practice the Asserted Patents—as Dr. Pryor confirmed in his recent deposition, ▮▮▮▮▮▮▮▮▮▮. In such circumstances, this Court makes clear that licensing and settlement documents must be produced because "Plaintiff's business is to litigate and license[,]" not to "openly compete with Defendants in the marketplace." *Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 430 (E.D. Tex. 2012) (Gilstrap, J.). Similarly, any licensing or settlement documents regarding patents included in other portfolios owned or controlled by Dr. Pryor, *i.e.*, "Portfolio Patents," may be comparable and thus highly relevant to the damages analysis. Defendants request that the Court compel GTP to produce all documents responsive to the categories identified above.

## V.     CONCLUSION

For at least the foregoing reasons, Defendants respectfully request an order compelling GTP to produce all documents related to licensing, settlement negotiations, and valuation of the Asserted Patents or other "Portfolio Patents," *i.e.*, patents within other portfolios that are owned or controlled by Dr. Pryor.

DATED: October 15, 2021

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendants met and conferred with counsel for the Plaintiff on October 15, 2021 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

                                                */s/ Christopher W. Kennerly*
                                                Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 15, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                                */s/ Christopher W. Kennerly*
                                                Christopher W. Kennerly

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                                */s/ Christopher W. Kennerly*
                                                Christopher W. Kennerly