# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER**

Defendants Huawei Device Co., Ltd. and Huawei Device USA, Inc. (together "Huawei"), and Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together "Samsung") (collectively "Defendants") file this Response in Opposition to Plaintiff Gesture Technology Partners, LLC's ("GTP") Motion for Protective Order ("Motion" or "Mot."). Defendants do not oppose the Motion as to Topics 37, 38, and 40, but do oppose as to Topics 31 and 39. At the deposition of GTP's Rule 30(b)(6) witness Dr. Timothy Pryor, GTP's counsel improperly limited the scope of testimony on Topics 31 and 39 to exclude highly relevant information regarding the extent of Dr. Pryor's financial interest in the outcome of this litigation. Defendants respectfully request that the Court deny GTP's Motion to the extent it would prevent Defendants from seeking discovery or eliciting testimony regarding the extent of Dr. Pryor's financial interest.

## I.   BACKGROUND

Defendants served their Rule 30(b)(6) Deposition Notice to GTP on September 1, 2021. The Deposition Notice included, *inter alia*, Topic 31, "All facts and circumstances relating to the division of recoveries from licensing or enforcing each Patent-in-Suit," and Topic 39, "All facts and circumstances relating to the identity and location of all persons or entities with a direct or indirect financial stake in this litigation." Mot., Ex. 9 at 9–10.

On October 6, 2021, GTP served its objections and responses to the Deposition Notice. As to each of Topics 31 and 39, GTP responded that "GTP will present a witness to testify to the relevant and non-privileged scope of the topic, *i.e.*, **the identify [sic] of any witness with a financial interest in the outcome of the case**."[1]

Also on October 6, GTP filed this Motion where it reiterated its unilateral limitation of the

---

[1] Unless otherwise noted, all emphases are added. Pursuant to the Discovery Order's page limits for discovery motions, Defendants have not attached excerpts of GTP's objections and responses to Defendants' Deposition Notice but can supply those to the Court upon request.

-1-

scope of Topics 31 and 39.  *See* Mot. at 1 ("While Topics 31 and 39 are similarly broad and largely directed to irrelevant information that is beyond the scope of discovery, GTP has agreed to respond to those topics ***to disclose any witness who has a financial interest in the case***.").

On October 7–8, 2021, Defendants took the deposition of GTP's Rule 30(b)(6) witness Dr. Timothy Pryor, the named inventor on all four Asserted Patents and the sole owner of GTP since its formation.  Dr. Pryor testified that ████████████████████████████████ ████████████, Ex. A at 33:7–34:3; ████████████████████████████████████████████████████████████, *id.* at 37:10–18; and ████████████████████████████████████████████████████████████████████████████ ████████████, *id.* at 41:10–15; *see also id.* at 54:11–55:8.  ████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████.  *Id.* at 37:14–43:5.

## II.   LEGAL STANDARD

A court "may, for good cause," protect a party from "undue burden or expense" by issuing an order limiting the scope of disclosure or discovery.  Fed. R. Civ. P. 26(c)(1).  To prevail on a motion for protective order, a party must show that the requested discovery does not fall within Rule 26(b)(1)'s scope of discovery, or that a discovery request would impose an undue burden or expense.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  "The party resisting discovery has the burden to show specifically how each discovery request at issue is not relevant or is overly broad, unduly burdensome, or oppressive."  *Banett v. Stafford Transp. of La.*, No. 1:20-CV-280, 2021 U.S. Dist. LEXIS 127407, at *5 (E.D. Tex. Mar. 8, 2021).  The resisting party must also establish that the discovery is not proportional to the needs of the case.  *Id.*

**III.  ARGUMENT**

The extent of Dr. Pryor's financial interest in the outcome of this litigation is directly relevant to the issue of bias, and GTP's actions to prevent discovery and/or testimony on this issue are improper.

This Court has found "that a witness's financial interest in the outcome of this case may be relevant . . . for the factfinder to assess bias, and such elicitations of bias are not excluded. . . ." *Infernal Tech., LLC v. Sony Interactive Entm't LLC*, No. 2:19-CV-00248-JRG, 2021 U.S. Dist. LEXIS 23633, at *13 (E.D. Tex. Feb. 3, 2021).  *See also St. Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-CV-349-JRG, 2017 U.S. Dist. LEXIS 228923, at *10 (E.D. Tex. Mar. 2, 2017) ("This *limine* ***shall not prohibit the parties from eliciting testimony regarding a witness' financial interest*** in the case."); *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-JRG, 2012 U.S. Dist. LEXIS 198173, at *6 (E.D. Tex. May 23, 2012) ("The parties ***shall be permitted, however, to introduce evidence regarding any testifying witnesses' financial interest*** in any of the companies that are parties to this suit."); *DataQuill Ltd. v. Huawei Techs. Co*, No. 2:13-CV-00633-JRG-RSP, 2015 U.S. Dist. LEXIS 179475, at *7 (E.D. Tex. Jun. 11, 2015) ("This limine ***shall not preclude the parties from examining witnesses' financial interests in the outcome of this case***.").  Other courts have similarly explained that "***[i]nquiry into a witness' financial interest in the outcome of a case, and the extent of that interest, is essential if bias is to be uncovered***.  Personal motives must be factored in when assessing a witness' credibility." *United States v. Int'l Bus. Machs. Corp.*, 84 F.R.D. 651, 652 (S.D.N.Y. 1979).

GTP's position that Defendants are only entitled to know that Dr. Pryor has some financial stake in the outcome of the litigation, but not the extent of that financial interest, does not permit the factfinder to fully assess Dr. Pryor's potential bias.  For example, if Dr. Pryor stands to receive 50% of any recoveries in this litigation, the factfinder may well conclude that Dr. Pryor's potential

bias is much more significant than if Dr. Pryor stands to receive only 5% of any recoveries. GTP's objections and responses to Defendants' Rule 30(b)(6) notice, GTP's objections and instructions during the deposition, and GTP's Motion all fail to provide any argument or legal citation that the extent of Dr. Pryor's stake in the outcome of the ligation is either irrelevant or not proportional to the needs of the case. GTP has not met the good cause standard for the Court to issue a Protective Order precluding discovery and/or testimony on the extent of Dr. Pryor's financial interest in the outcome of this litigation. Accordingly, the Motion should be denied.

## IV.   CONCLUSION

For at least the foregoing reasons, Defendants respectfully request that the Court deny the Motion to the extent it would prohibit Defendants from seeking discovery or eliciting testimony as to the extent of Dr. Pryor's financial interest in the outcome of this litigation.

DATED:  October 21, 2021

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*


By: */s/ Bryan P. Clark*
Bryan P. Clark
bclark@webblaw.com
Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
THE WEBB LAW FIRM
420 Ft. Duquesne Blvd. Suite 1200
Pittsburgh, PA 15222
Tel: 412-471-8815

Mark Mann
SBN: 12926150
mark@themannfirm.com
G. Blake Thompson
SBN:  24042033
blake@themannfirm.com
MANN TINDEL THOMPSON
300 West Main Street

Henderson, Texas 75652
Tel: 903-657-8540

Matthew S. Warren
Erika Warren
Jennifer A. Kash
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
(415) 895-2940
(415) 895-2964 facsimile
21-040@cases.warrenlex.com

*Attorneys for Defendants Huawei Device Co., LTD and Huawei Device USA, Inc.*

### CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

      */s/ Christopher W. Kennerly*
      Christopher W. Kennerly

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via email on all counsel of record on this 21st day of October, 2021.

      */s/ Christopher W. Kennerly*
      Christopher W. Kennerly