# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER (DKT. 93) ON THE "FORWARD FACING" TERMS**

**I.     INTRODUCTION**

In its Claim Construction Order, the Court found with respect to the "forward facing" claim terms that "the claims here at issue can be readily understood as using 'forward facing' merely as a label." Dkt. 93 at 72.  With this understanding of the claims, the Court rejected Defendants' indefiniteness argument and construed the "forward facing portion" and "forward facing light source" terms to have their plain meaning.  However, statements GTP made during parallel IPR proceedings to overcome prior art make clear that "forward facing" as used in the claims is not merely a label.  GTP's IPR statements were made after the close of briefing and just six days before the claim construction hearing and were not before the Court for consideration.  Thus, Samsung[1] respectfully requests that the Court reconsider its claim construction ruling on the "forward facing" terms in view of this additional evidence.[2]

**II.    ARGUMENT**

Motions to reconsider serve the limited purpose of "permit[ting] a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002); *accord Tex. Instruments, Inc. v. Hyundai Elecs. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999).  A motion for reconsideration may be granted on the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

---

[1] GTP and the Huawei Defendants reported that they have reached a settlement in principle with respect to all accused products other than the Nexus 6P (Dkt. 101); this motion for reconsideration is filed on behalf of the Samsung Defendants only.

[2] While Samsung does not address the Court's constructions of the remaining claim terms in this motion for reconsideration, Samsung reserves its right to appellate review as appropriate.

In this case, there is new evidence not previously available, specifically statements GTP made in a parallel IPR proceeding to overcome prior art two weeks after Defendants' responsive claim construction brief was filed and six days before the claim construction hearing.  Neither side had argued to the Court that "forward facing" as used in the claims is just a label, and thus GTP's IPR statements were not apparently relevant prior to the Court's Claim Construction Order.  It is also necessary for the Court to fully consider GTP's IPR statements to prevent manifest injustice, because GTP would otherwise benefit by improperly relying on inconsistent claim interpretations for infringement in district court and validity in the PTAB.

During claim construction briefing, both sides agreed the phrase "forward facing" refers to a particular side.  Specifically, GTP stated that "when read in light of the specification, a POSITA would understand that the term is referring to a ***certain side*** of the claimed apparatus."  GTP's Opening Claim Construction Brief (Dkt. 64) at 23-24 (emphasis added).  Defendants agreed and pointed out in their responsive brief that the patent does not explain which "certain side" is the forward facing side.  Dkt. 70 at 27.  GTP's reply brief argued only that Defendants did not cite to expert opinion on the issue.  Dkt. 72 at 9.  At the hearing, GTP still did not argue that "forward facing" is just a label, but instead repeated the arguments from its briefing.  Markman Tr. at 94:1-15.  Defendants responded to GTP's arguments by pointing out that their expert did opine that the "forward facing" terms are indefinite, and that one could not determine how to, *e.g.*, identify a forward facing side from a backward facing side.  *Id*. at 94:21-96:25.

The Court construed the terms to have their plain meaning, rejecting Defendants' argument that "the phrase 'forward facing' must refer to a particular identifiable direction" and instead finding that "the claims here at issue can be readily understood as using 'forward facing' merely as a label."  Dkt. 93 at 72.  The Court stated that "[t]his is useful because, for example, dependent

Claim 5 recites '[t]he portable device of claim 1 further including a forward facing light source,' so in that context the phrase 'forward facing' provides a common reference that helps the reader understand the relationships among the recited components." Dkt. 93 at 72-73.

However, neither side had argued to the Court that "forward facing" is just a label, and for good reason. On June 3, 2021, Apple, Inc. filed an IPR Petition on the '949 Patent contending that the claims are invalid over certain prior art references. One of those references (Numazaki) discloses, among other things, a laptop with a photo-detection sensor unit 702 next to the keyboard as depicted below.



Ex. A, IPR2021-00921, Patent Owner's Preliminary Response at 8. On September 15, 2021, just six days before the claim construction hearing and two weeks after Defendants filed their responsive claim construction brief, GTP filed its preliminary response in the IPR. In its response, GTP did not contend that the photo-detection sensor unit 702 is not in the same "portion" of the laptop housing. Rather, GTP argued repeatedly that the prior art does not disclose the claimed "***forward facing*** portion" because the photo-detection sensor unit 702 is in an "***upward facing*** portion" of the laptop (*i.e.*, the keyboard). Specifically, GTP argued:

> This <u>upward facing</u> portion of the laptop, by the unambiguous language of Numazaki, is not forward facing, as required by claim element [1(a)]. Even assuming, *arguendo*, that photo-detection

> sensor unit (702) (i.e., reflected light extraction unit (102) or visible light photo detection sensor unit (351)) has a field of view that is forward facing, photo-detection sensor unit (702) itself is not located on a forward-facing portion of the laptop, as required by claim element [1(a)]."
>
> . . .
>
> As discussed above in reference to claim element [1(a)], Numazaki fails to teach a forward facing portion with an electro-optical sensor. Specifically, Numazaki's photo-detection sensor unit (702) is located on the upward facing portion, <u>not</u> the forward facing portion, of the laptop.
>
> . . .
>
> As discussed above in reference to claim element [1(a)], Numazaki fails to teach a forward facing portion with a sensor. Specifically, Numazaki's photo-detection sensor unit (702) is located on the upward facing portion, <u>not</u> the forward facing portion, of the laptop.

*Id*. at 9, 20, 24 (emphasis in original).

These clear and unequivocal statements by GTP treat the phrase "forward facing" as much more than just a label that provides a common reference for the "forward facing light source" in Claim 5. These statements treat the phrase "forward facing" as a point of distinction over the prior art that serves as a basis for why the claims are not invalid over the prior art.

The intrinsic evidence provides no guidance allowing a person of ordinary skill in the art to figure out whether a particular side of a device is forward facing, backward facing, upward facing, or downward facing, and this issue is only compounded for handheld devices that can be placed flat on a table such that the display and camera are facing upward, similar to the keyboard in the Numazaki prior art reference that GTP distinguished from the claims.

### III.   CONCLUSION

In view of GTP's IPR statements that rely on the term "forward facing" to overcome prior art and thus treat the claim term as a patentable distinction rather than merely a label, Samsung

respectfully requests that the Court reconsider its construction of the "forward facing" terms.  In view of the intrinsic evidence and the unrebutted opinions of Defendants' expert, as explained by Defendants in their briefing and at the hearing, the "forward facing" terms are indefinite.

DATED:  October 26, 2021                                    Respectfully submitted,

By: /s/ *Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

        Melissa R. Smith (TX Bar No. 24001351)
        GILLAM & SMITH, LLP
        303 S. Washington Ave.
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257
        melissa@gillamsmithlaw.com

        *Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 26, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

        */s/ Christopher W. Kennerly*
        Christopher W. Kennerly