**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION**

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br>    Plaintiff <br> v. <br> HUAWEI DEVICE CO., LTD., <br> HUAWEI DEVICE USA, INC., <br><br>    Defendants. | **JURY TRIAL DEMANDED** <br><br> C.A. NO. 2:21-cv-00040-JRG <br><br> LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br>    Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
SAMSUNG'S MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM
CONSTRUCTION ORDER ON THE "FORWARD FACING" TERMS**

Plaintiff Gesture Technology Partners, LLC ("GTP") responds in opposition to Defendants Samsung Electronics Co. Ltd.'s and Samsung Electronics America, Inc.'s (collectively, "Samsung") Motion for Reconsideration of the Court's Claim Construction Order on the "Forward Facing" terms (Dkt. 107, the "Motion"). For the following reasons, GTP respectfully submits that the Motion should be denied.

I.  **ARGUMENT**

The Court has instructed parties seeking reconsideration that "Only three grounds permit granting a motion to reconsider: '(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.'" *KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG, 2018 U.S. Dist. LEXIS 234954, at *5 (E.D. Tex. Sep. 6, 2018) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Samsung's Motion seeks reconsideration based solely on statements that GTP made in its Preliminary Patent Owner Response in IPR2021-00921. *See* Motion at 3. The Motion should be denied because (i) the Preliminary Patent Owner Response is not new evidence and (ii) there is no "manifest injustice" to be prevented because the statements in the Patent Owner Response do not constitute a disclaimer with respect to the "forward facing" terms, as Samsung argues.

    **1.**    **The Preliminary Patent Owner Response is not new evidence because it was available to Samsung before the claim construction hearing.**

Apple filed its IPR2021-00921 on June 2, 2021. *Apple, Inc. v. Gesture Technology Partners LLC* ("*Apple IPR*"), Paper 1 (P.T.A.B. Jun. 2, 2021). On June 15, 2021, the Patent and Trial Appeal Board issued a Notice of Filing Date Accorded and to Petition and Time for Filing Patent Owner Preliminary Response, which set the deadline of September 15, 2021, for GTP to file its Preliminary Patent Owner Response. *Apple IPR*, Paper 3 (P.T.A.B. Jun. 15, 2021). As

required, GTP filed the response on September 15, 2021, six days before the claim construction hearing in this case. *Apple IPR*, Paper 6 (P.T.A.B. Sep. 15, 2021).

Samsung concedes that it was not only aware of the Preliminary Patent Owner Response before the claim construction hearing, but that it considered the response before the hearing and found GTP's statements to be not relevant to construction of the "forward facing" terms:

> Neither side had argued to the Court that "forward facing" as used in the claims is just a label, and thus GTP's IPR statements were not apparently relevant prior to the Court's Claim Construction Order.

Motion at 3. Thus, the Preliminary Patent Owner Response is not new evidence that was not previously available to Samsung.

The Court's claim construction order (Dkt. 93) does not change the result for at least two reasons. First, the Court's claim construction order is not new evidence. Second, the Court rejected Samsung's construction positions (i.e., that the terms are indefinite) and adopted GTP's constructions—the same constructions under which Samsung had already determined that "GTP's IPR statements were not apparently relevant" before the claim construction hearing. *See* Motion at 3. Accordingly, the Motion should be denied.

**2. Reconsideration is not necessary to prevent "manifest injustice" because the statements in the Patent Owner Response do not support Samsung's requested relief.**

The Motion is unclear about which principles of claim construction supposedly support Samsung's requested relief. On the one hand, Samsung characterizes GTP's statements in the Preliminary Patent Owner Response as "clear and unequivocal." *See* Motion at 5. That characterization would seem to indicate that Samsung is contending that GTP disavowed claim scope or acted as its own lexicographer. *See Poly-America, L.P. v. API Indus., Inc.*, 839 F.3d 1131, 1136 (Fed. Cir. 2016) ("the standard for disavowal is exacting, requiring clear and unequivocal evidence that the claimed invention includes or does not include a particular feature");

*Thorner v. Sony Comput. Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) ("To act as its own lexicographer, a patentee must 'clearly set forth a definition of the disputed claim term' other than its plain and ordinary meaning."). But on the other hand, Samsung requests that the Court find the "forward facing" terms indefinite, which would require clear and convincing evidence that the terms do not "inform those skilled in the art about the scope of the invention with reasonable certainty." *See* Motion at 6; *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910 (2014). Samsung does not reconcile how GTP's statements can be clear and unequivocal regarding the scope of the terms, but also so unclear that the statements would necessitate finding the terms indefinite. Samsung cannot reconcile its conflicting positions because its reliance on the Preliminary Patent Owner Response is nothing more than an improper excuse to rehash arguments that were previously considered and rejected by the Court. *See Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) ("Motions to reconsider 'based on recycled arguments only [serve] to waste the resources of the court. . . ."); Motion at 6 ("In view of the intrinsic evidence and the unrebutted opinions of Defendants' expert, as explained by Defendants in their briefing and at the hearing, the 'forward facing' terms are indefinite.").

### 3. Conclusion

The Court considered the intrinsic record, the extrinsic evidence submitted by the parties, and argument during the claim construction hearing, then provided a well-reasoned opinion rejecting Samsung's proposed constructions for the "forward facing" terms. Reconsideration is not warranted here because the Preliminary Patent Owner Response is not new evidence, and Samsung has failed to demonstrate that reconsideration is necessary to prevent manifest injustice. Accordingly, GTP respectfully submits that the Motion should be denied.

Dated: November 1, 2021                             Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff*
*Gesture Technology Partners, LLC.*

-5-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2021 the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

By: */s/ Fred I. Williams*
Fred I. Williams