IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER (DKT. 93) ON THE "FORWARD FACING" TERMS**

I.  **INTRODUCTION**

GTP's opposition fails to explain why Samsung should have been expected to present at the Markman hearing evidence that only came into existence six days earlier to rebut a position opposite from that taken by GTP and stated for the first time in the Court's Claim Construction Order.  Further, GTP mischaracterizes disclaimer and indefiniteness as two competing inquiries when in actuality, certainty as to what a claim term does ***not*** mean does not then provide certainty as to what the claim term ***does*** mean.  As a result, a claim term can be found indefinite even where disclaimer applies, as is true here.

II.  **ARGUMENT**

GTP does not deny that it never took the position that the "forward facing" terms are used in the claims merely as a label.  Nor does GTP deny that it actually took the opposite position, that "forward facing" refers to "a certain side of the claimed apparatus." Dkt. 64 at 23–24.  Although the Court ruled that the "forward facing" terms should be given their plain meaning, the Court did not adopt GTP's view on what that plain meaning is.  The Court instead stated that the "forward facing" terms are used in the claims merely as a label, rejecting any notion that "forward facing" refers to a "particular identifiable direction."  *Id.*

Samsung did not have an opportunity to present GTP's IPR statements to address the Court's statement that the "forward facing" terms are used in the claims merely as a label because GTP had never taken that position and the Court's statement was not issued prior to the Claim Construction Order.  Rather, GTP had consistently taken the opposite position, *i.e.*, that "forward facing" is ***not*** merely a label but is material to patentability because it refers to a "certain side of the claimed apparatus." Dkt. 64 at 23–24.  There was no reason for Samsung to address a position opposite from the one GTP had consistently taken, especially in the mere six days between GTP's

IPR statements and the Markman hearing. As a result, the Court did not have the benefit of GTP's IPR statements when it held that the claims use "forward facing" merely as a label.

Further, GTP is incorrect that a disclaimer contradicts indefiniteness. First, GTP's IPR statements are clear and unambiguous that "upward facing" is not forward facing: "This <u>upward facing</u> portion of the laptop, by the unambiguous language of Numazaki, is not forward facing, as required by claim element [1(a)]." Dkt. 107, Ex. A (IPR2021-00921, Patent Owner's Preliminary Response) at 9 (emphasis in original). This amounts to prosecution disclaimer, and it contradicts the Court's finding that the claims use "forward facing" merely as a label. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F. 3d 1353 (Fed. Cir. 2017) ("Accordingly, we hold that statements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer.").

GTP does not dispute that this is disclaimer, but instead argues that a finding of disclaimer is inconsistent with Samsung's indefiniteness position. However, disclaimer only provides clarity as to what "forward facing" is ***not***. It still leaves lack of clarity as to what "forward facing" ***is***. In fact, carving out "upward facing" from "forward facing" ***adds*** uncertainty to the scope of the claim term. First, it means that "forward facing" is not just a label and that it must refer to a particular identifiable side. Second, while it is clear that upward facing is not forward facing, it remains unclear how one determines whether a portion of a device housing is forward facing as opposed to upward facing. This is an acute issue for handheld devices such as the accused smartphones, where a user can reorient the device to face any number of different directions while still being able to operate the device in a customary manner. This confusion is compounded for the accused foldable devices where the housing can be folded or unfolded.

### III.  CONCLUSION

Samsung therefore respectfully requests that the Court reconsider its construction of the "forward facing" terms in view of GTP's unequivocal disclaimer made during IPR proceedings and find that (1) because there is disclaimer, the claims do not use "forward facing" merely as a label, and (2) in light of GTP's disclaimer, the "forward facing" terms are indefinite because it is unclear how to determine which side of a device, if any, is the "forward facing" side.

DATED:  November 8, 2021

Respectfully submitted,

By: /s/ *Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue

New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 8, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

    */s/ Christopher W. Kennerly*
Christopher W. Kennerly