IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00041-JRG (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**SAMSUNG DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF
THEIR MOTION TO COMPEL PRODUCTION OF RESPONSIVE DOCUMENTS
(DKT. 100)**

Pursuant to Local Rule CV-7(k), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") respectfully request leave to file a Reply in support of their Motion to Compel Production of Responsive Documents. Dkt. 100 ("Motion").[1] The Motion sought to compel production of documents regarding patent licensing efforts, valuations, and prior licensing agreements relating to (1) the Asserted Patents or (2) "Portfolio Patents," *i.e.*, patents within other portfolios owned or controlled by Dr. Pryor. Mot. at 1. Specifically, Samsung sought the production of documents and communications relating to Dr. Pryor's attempts to license the "▉ Portfolio," which includes the four Asserted Patents in this action. Mot. at 3–4. GTP opposed with a blanket assertion of privilege. Dkt. No. 113 at 3 ("[D]ocuments regarding the negotiation of potential patent licenses . . . are presumptively privileged . . . .").

Good cause exists to grant Samsung leave to file a Reply in light of new evidence GTP disclosed in its damages expert report. GTP's damages expert, Mr. David Kennedy, explicitly referenced and relied on aspects of Dr. Pryor's strategy "regarding the negotiation of potential patent licenses" for the ▉ Portfolio. For example, when discussing Factor 1 for his *Georgia-Pacific Analysis*, Mr. Kennedy attempted to explain why Dr. Pryor offered ▉ a license to the ▉ Portfolio (including all four Asserted Patents) for just ▉ in 2016, stating:



---

[1] Samsung and co-defendants Huawei Device Co., Ltd. and Huawei Device USA, Inc. ("Huawei") filed the present Motion to Compel on October 15, 2021. On October 19, 2021, GTP and Huawei filed a Notice of Partial Settlement. Dkt No. 101. In light of the Partial Settlement, Samsung files this Motion for Leave without the Huawei Defendants.

Ex. A, ¶¶ 223–27 (emphasis added). None of the documents GTP has produced to date, however, evidence the understandings Mr. Kennedy claims to have obtained from Dr. Pryor.

Similarly regarding Dr. Pryor's purported strategy with respect to license negotiations, Mr. Kennedy made an effort to explain the amount Dr. Pryor might accept from a willing licensee for a license to the ▮▮▮▮ Portfolio (including all four Asserted Patents), stating:



*Id.* ¶¶ 174–75 (citing "Discussion with Dr. Pryor") (emphasis added). None of the documents GTP has produced to date evidence the understandings Mr. Kennedy claims to have obtained from Dr. Pryor. Additional Negotiation Documents between Dr. Pryor and potential licensees may support or undermine these assertions. GTP cannot rely on back-channel information from Dr. Pryor about license negotiations and at the same time flatly refuse to provide discovery as to those same negotiations. *See In re MSTG, Inc.*, 675 F.3d 1337, 1348 (Fed. Cir. 2012).

To conserve the Court's resources, Samsung limits this Reply to the issue of its request for documents and communications relating to Dr. Pryor's attempts to license the ▮▮▮▮ Portfolio. Mot. at 3–4.[2] These documents and communications are crucial to this litigation; at the very least, Dr. Pryor offered ▮▮▮▮ a license to the ▮▮▮▮ Portfolio (including the four Asserted Patents) for ▮▮▮▮ in 2016, squarely within the period of alleged infringement by Samsung, yet now GTP demands ▮▮▮▮ in damages from Samsung for alleged infringement of the same

---

[2] Samsung does not move for leave to file a Reply regarding the portion of its Motion seeking to compel the production of documents regarding the patent licensing efforts, valuations, and prior licensing agreements of Dr. Pryor's *other* "Portfolio Patents."

Asserted Patents. Mr. Kennedy had the luxury of a full and frank conversation with Dr. Pryor about his approach to the very license negotiations that are the subject of Samsung's Motion. Samsung respectfully requests that the Court grant its motion for leave to file a Reply so that it may have an equal chance to address the new evidence raised by GTP's damages expert.

For the foregoing reasons, Samsung respectfully requests that the Court grant its motion for leave to file a Reply in support of its Motion to Compel Responsive Documents, Dkt. 100.

DATED: November 10, 2021

Respectfully submitted,

By: /s/ Christopher W. Kennerly
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for Defendants met and conferred with counsel for Plaintiff.  On November 8, 2021, Defendants emailed Plaintiff stating their intention to file the present motion, and requested Plaintiff's position and its availability to meet and confer.  On November 9, having received no response from Plaintiff, Defendants followed up with the same requests.  Plaintiff responded, asking for Defendants' position in writing, and Defendants provided it.  On November 10, Plaintiff stated that is opposes the present motion.  The parties are thus at an impasse.  No agreement could be reached after good faith attempts to resolve the matters raised by this motion, leaving an open issue for the Court to resolve.

/s/ Christopher W. Kennerly
Christopher W. Kennerly

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                          /s/ Christopher W. Kennerly
                                          Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 10, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                          /s/ Christopher W. Kennerly
                                          Christopher W. Kennerly