# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | CASE NO. 2:21-cv-00040-JRG (Lead Case) |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| Plaintiff | § § § | |
| v. | § § | CASE NO. 2:21-cv-00041-JRG (Member Case) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**SAMSUNG DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL PRODUCTION OF RESPONSIVE DOCUMENTS**

Samsung[1] limits this Reply to the issue of its request for documents and communications ("Negotiation Documents") relating to Dr. Pryor's attempts to license the " ▬▬ Portfolio," which included the four Asserted Patents in this case. Samsung seeks Negotiation Documents stemming from letters Dr. Pryor sent to other companies similarly situated to Samsung to initiate license negotiations: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬[2] These Negotiation Documents will provide relevant evidence of the "underlying value" of the Asserted Patents. *Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 429–30 (E.D. Tex. 2012). Further, these Negotiation Documents will reflect what GTP's damages expert calls "arm's length transaction[s]" between Dr. Pryor and potential licensees, and therefore provide particularly relevant evidence for the Hypothetical Negotiation. GTP should be compelled to make a complete production of Negotiation Documents relating to any attempts to license the Asserted Patents and/or to provide a declaration stating that GTP (including its principal Dr. Pryor) has produced all such Negotiation Documents.

## I.   NEGOTIATION DOCUMENTS REGARDING PATENT LICENSES ARE NOT "PRESUMPTIVELY PRIVILEGED"

Documents and communications regarding negotiation of potential patent licenses are not "presumptively privileged," as GTP claims. *Compare* Dkt. 113 ("Opp.") at 3 *with Charles E. Hill*, 854 F. Supp. 2d at 429 (taking a "case-by-case approach" to discoverability). GTP misstates the applicable law and should not be permitted to hide behind its blanket assertion of privilege.

GTP's misunderstanding appears to be reflective of a broader confusion surrounding the discoverability of license negotiations. Since 2004, courts in the Eastern District of Texas have

---

[1] Samsung and co-defendants Huawei Device Co., Ltd. and Huawei Device USA, Inc. ("Huawei") filed the present Motion to Compel on October 15, 2021. On October 19, 2021, GTP and Huawei filed a Notice of Partial Settlement. Dkt. 101. In light of the Partial Settlement, Samsung files this Reply without the Huawei Defendants.

[2] It is unclear whether Dr. Pryor sent a similar letter to other companies, as well.

cited a Sixth Circuit decision as authority for the discoverability of negotiation documents. *See Intergraph Hardware v. Dell*, No. 2:02-cv-00312-TJW, Dkt. 348 (E.D. Tex. Jun. 3, 2004) (relying on *Goodyear Tire v. Chiles Power*, 332 F.3d 967 (6th Cir. 2003)); *Tyco Healthcare v. E-Z-EM*, No. 2:07-cv-262-TJW, 2010 WL774878, at *2 (E.D. Tex. Mar. 2, 2010) (citing *Intergraph Hardware*); *Mondis Tech. v. LG Elecs.*, No. 2:07-cv-565-TJW, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011) (citing *Tyco*); *SOL IP v. AT&T*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020) (citing *Mondis*). But the discoverability of Negotiation Documents is an issue of substantive patent law. *In re MSTG, Inc.*, 675 F.3d 1337, 1341–42 (Fed. Cir. 2012). Consequently, Federal Circuit law—not Sixth Circuit law—governs. *Goodyear Tire* is not controlling on the question of whether the Negotiation Documents are discoverable.

The Federal Circuit addressed this as a matter of first impression in 2012, and found that "settlement negotiations related to reasonable royalties and damage calculations are not protected by a settlement negotiation privilege." *In re MSTG*, 675 F.3d at 1348. The Court held that Federal Rule of Evidence 408 does not protect settlement negotiations from discovery, *id.*, and a district court's proper use of discretion to limit discovery of such negotiations satisfies Congress's public policy goal of protecting confidential communications. *Id.* at 1347. It follows that GTP's reliance on *SOL IP* is misplaced.[3] There is no bright-line rule that "offers and negotiations that have not resulted in an executed license or agreement are not discoverable." Opp. at 3.

---

[3] Even if the Court finds *SOL IP* applicable, the concerns raised by the Magistrate Judge Payne in that case do not apply to the present Motion. There, the Court denied discovery for "ongoing or unconsummated" licensing negotiations because discovery of the negotiation documents (1) would be unreliable, and (2) might have had "a chilling effect on ongoing settlement negotiations." 2020 WL 60140, at *3 (citation omitted). Setting aside whether a document's alleged unreliability is an appropriate consideration for its discoverability, there is no "chilling effect on ongoing settlement negotiations" in the present case. The Negotiation Documents that Samsung seeks are not related to ongoing negotiations, but rather relate to past licensing efforts in 2016–2018.

## II. NEGOTIATION DOCUMENTS REGARDING THE ▮▮▮▮ PORTFOLIO FALL WITHIN THE SCOPE OF DISCOVERY

As this Court properly noted in *Charles E. Hill*, discoverability of Negotiation Documents requires a "case-by-case approach" and depends in part on whether negotiations "are an accurate reflection of the patents' underlying value." 854 F. Supp. 2d at 429. Negotiation Documents that provide an "accurate reflection of the patents' underlying value" fall within the proper scope of discovery in this case. Fed. R. Civ. P. 26(b). Here, Negotiation Documents that Samsung seeks will provide an "accurate reflection" of the Asserted Patents' underlying value. Even more, they will likely provide the best evidence of a real-world, "arms-length" transaction. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). *See also* Ex. C (Expert Report of Mr. David Kennedy), ¶ 248 ▮▮▮▮ Here, there is likely ***no better evidence*** of how Dr. Pryor entered into ▮▮▮▮ than the documents and communications reflecting his licensing attempts with ▮▮▮▮.

## III. FAIRNESS REQUIRES PRODUCTION OF ALL NEGOTIATION DOCUMENTS REGARDING THE ▮▮▮▮ PORTFOLIO

GTP's damages expert, Mr. David Kennedy, explicitly referenced and relied on aspects of Dr. Pryor's purported licensing strategy in order to downplay the significance of the financial terms Dr. Pryor offered to potential licensees. For example, when discussing Factor 1 for his *Georgia-Pacific Analysis*, Mr. Kennedy attempted to explain why Dr. Pryor offered ▮▮▮▮ a license to the ▮▮▮▮ Portfolio (including all four Asserted Patents) for just ▮▮▮▮ in 2016, stating:



Ex. C, ¶¶ 223–27 (emphasis added).  None of the documents GTP produced to date, however, evidence Mr. Kennedy's assertions.  Additional Negotiation Documents with ▉ may tend to support or undermine these assertions.

Similarly, Mr. Kennedy made an effort to explain the amount Dr. Pryor might accept from a willing licensee for a license to the ▉ Portfolio. *Id.* at ¶¶ 174–75 (describing Dr. Pryor's strategy to ▉ Additional Negotiation Documents between Dr. Pryor and ▉ may tend to support or undermine these assertions.  Without additional Negotiation Documents, however, it remains unclear whether Dr. Pryor viewed any of these four companies as a potential ▉ and if so, which qualities or characteristics might apply similarly to Samsung in the context of the Hypothetical Negotiation.  GTP cannot rely on back-channel talks with Dr. Pryor about license negotiations and at the same time flatly refuse to provide discovery on those same negotiations.  *See In re MSTG*, 675 F.3d at 1348.

Moreover, GTP has waived any argument that it need not produce Negotiation Documents relating to the ▉ Portfolio.  GTP has already produced a number of Negotiation Documents and presented Dr. Pryor to testify about them as GTP's Rule 30(b)(6) witness; GTP cannot now claim privilege as the basis for not providing further discovery on the same subject matter.  GTP also cannot selectively produce an email here and an email there but refuse to produce the rest of the story.  Fairness (in addition to GTP's legal obligation) requires that GTP provide a full record with respect to license negotiations relating to the Asserted Patents.

IV.   **GTP'S RECENT DOCUMENT PRODUCTIONS ARE INSUFFICIENT TO CURE THE ONGOING PREJUDICE TO SAMSUNG**

GTP continues to assert alleged "settlement privilege" while trickling out an incomplete record of Dr. Pryor's license negotiations as to the ▉ Portfolio, and its recent document

-4-

productions do not cure the prejudice Samsung continues to face as a result of GTP's selective omissions. *See* Opp. at 3-4; Dkt. 100 ("Mot.") at 3. GTP has a legal obligation to produce these documents and communications. *Cf.* Opp. at 4 (suggesting that Samsung should have obtained the Negotiation Documents from the third parties Dr. Pryor negotiated with).

GTP's improper assertion of alleged "settlement privilege" has the effect of unilaterally narrowing the scope of Samsung's request for Negotiation Documents. Samsung's September 1, 2021 letter to GTP requested, in part, "[a]ll documents relating in any way to any license or attempt to license the Patents-in-Suit." Mot. at 1 (Ex. A at 4). While Samsung knows of five companies to which Dr. Pryor sought to license the ▮▮▮▮ Portfolio, Samsung remains in the dark about other companies to which Dr. Pryor may have sent similar licensing letters. GTP's admission that it cannot locate a 2012 licensing communication between Dr. Pryor's counsel and ▮▮▮▮ masks the potential severity of its discovery omissions. Mot. at 3–4 ("The above are ***but a few examples*** of GTP's failure to abide by its discovery obligations.") (emphasis added). The Court should require GTP to produce all Negotiation Documents as Samsung requested.

## V.     CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant its Motion and compel GTP's complete production of documents and communications relating to attempts to license the Asserted Patents. Alternatively, or in addition, Samsung respectfully requests that the Court compel GTP to provide a declaration stating that GTP (including its principal Dr. Pryor) has produced all such documents and communications.

DATED: November 10, 2021

Respectfully submitted,

By: /s/ Christopher W. Kennerly
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                           */s/ Christopher W. Kennerly*
                           Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on November 10, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                           */s/ Christopher W. Kennerly*
                           Christopher W. Kennerly