# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| Plaintiff | § § | |
| v. | § § § | CIVIL ACTION NO. 2:21-cv-00041-JRG |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**DEFENDANTS SAMSUNG ELECTRONICS CO., LTD.
AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO STAY PENDING
*INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION PROCEEDINGS**

**I.     INTRODUCTION**

As of December 13, 2021, the PTAB has instituted *Inter Partes* Review ("IPR") as to all claims of the four Patents-in-Suit, and the USPTO has instituted *Ex Parte* Reexamination ("EPR") as to all asserted claims of two Patents-in-Suit, with EPR institution decisions on the other two Patents-in-Suit expected in the coming weeks.  Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") respectfully request that the Court stay this case pending the conclusion of these IPR and EPR proceedings, which present meritorious challenges to the validity of every claim asserted by Plaintiff Gesture Technology Partners, LLC ("GTP").  *See* 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. 42.107.  All three of the factors this Court typically considers favor granting the stay requested here.

*First*, GTP will not suffer undue prejudice from a stay.  Courts consistently hold that the delay inherent in staying a case for the duration of an IPR or EPR proceeding does not constitute undue prejudice, especially where plaintiff does not practice the patents-in-suit.  Here, GTP does not and has never made or sold a product practicing any of the Patents-in-Suit (nor any product whatsoever), GTP does not and has never competed with Samsung, and all four of the Patents-in-Suit expired before this case was filed.  Moreover, GTP's delay in filing the present action—*seven years* after it claims to have become concerned about Samsung's alleged infringement—belies any purported prejudice GTP may claim here.

*Second*, Samsung has demonstrated diligence in timely filing this motion, doing so within a week after the PTAB issued its decision instituting the IPR as to the fourth and final Patent-in-Suit.  Although trial is less than three months away, the parties will expend substantial resources in the immediate future and over the coming months on their pretrial, trial, and post-trial efforts, both in the district court and potentially on appeal, all of which would very likely be conserved by staying the case until the IPRs and EPRs reach their conclusions.

*Third*, a stay will very likely simplify the issues before this Court because the PTAB has instituted IPRs as to all claims asserted in this case across all four Patents-in-Suit. Further, the USPTO has already instituted EPRs as to two of the four Patents-in-Suit, with institution decisions as to the other two Patents-in-Suit expected in the coming weeks. Together, these IPRs and EPRs present multiple meritorious challenges to *every claim asserted* in this case and are very likely to invalidate all of those claims. Moreover, because the primary prior art references in the IPRs are different from those in the EPRs, every asserted claim is likely to be declared invalid on multiple independent grounds. In the unlikely event that any asserted claims survive these challenges the issues in the case very likely will, at a minimum, be greatly simplified.

Accordingly, as all three governing factors weigh in favor of granting a stay here, Samsung respectfully requests that the Court stay this case in its entirety until final non-appealable decisions issue with respect to all of the applicable IPRs and EPRs.

## II.   BACKGROUND

GTP brought this action on February 4, 2021, alleging Samsung infringes U.S. Patent Nos. 8,194,924 ("'924 Patent"); 7,933,431 ("'431 Patent"); 8,878,949 ("'949 Patent"); and 8,553,079 ("'079 Patent") (together, "Patents-in-Suit"). Dkt. 1. GTP is currently asserting Claims 1–7, 10, 12, and 14 of the '924 Patent; Claims 1–3, 6–9, 11–22, 25–28, and 30 of the '431 Patent, Claims 13–14, 16, and 18 of the '949 Patent; and Claims 1–6, 8–9, 11, 14–15, 19, 21–25, and 30 of the '079 Patent. Dkt. 136 at 5, 11, 16, 23. The Court held a claim construction hearing on September 21 and issued its Claim Construction Order on October 12.

On November 29, 2021, the PTAB granted institution of Apple's IPR Petition as to Claims 1–30 of the '079 Patent. Ex. 1 (IPR2021-00922). On November 22, the PTAB granted institution of Unified Patents' IPR Petition as to Claims 7–13 of the '431 Patent, Ex. 2 (IPR2021-00917), and on December 6, the PTAB granted institution of Apple's IPR Petition as to Claims 1–31 of the

'431 Patent, Ex. 3 (IPR2021-00920). Further on December 6, the PTAB granted institution of Apple's IPR Petition as to Claims 1–14 of the '924 Patent. Ex. 4 (IPR2021-00923). On December 13, the PTAB granted institution of Apple's IPR Petition as to Claims 1–18 of the '949 Patent. Ex. 5 (IPR2021-00921). In total, the PTAB granted institution of IPR Petitions as to all claims of the four Patents-in-Suit (including two petitions as to Claims 7-13 of the '431 Patent).

Following the Claim Construction Order, on November 11, 2021, Samsung filed four EPR Requests presenting substantial new questions of patentability ("SNQs") as to the asserted claims of the Patents-in-Suit: (1) fourteen SNQs for the '924 Patent, (2) eight SNQs for the '431 Patent, (3) two SNQs for the '949 Patent; and (4) six SNQs for the '079 Patent. *See* Ex. 6 ('924 EPR Request); Ex. 7 ('431 EPR Request); Ex. 8 ('949 EPR Request); Ex. 9 ('079 EPR Request). On December 2, the USPTO ordered reexamination of the '924 and '949 Patents, finding Samsung's EPR Requests raised fourteen SNQs as to Claims 1–14 of the '924 Patent, and two SNQs as to Claims 1–18 of the '949 Patent. Ex. 10 at 2 (Order Granting Request for *Ex Parte* Reexamination, Control Number 90/014,902); Ex. 11 at 2 (Order Granting Request for *Ex Parte* Reexamination, Control Number 90/014,903). *See also* 35 U.S.C. § 302; 37 C.F.R. §§ 1.515(a), 1.525. Samsung expects USPTO decisions on the other two EPR Requests, for the '431 and '079 Patents, in the coming weeks and will notify the Court when those issue.

Fact discovery closed October 15, 2021, expert discovery closed November 30, and the parties filed dispositive motions and motions to strike (including *Daubert* motions) on December 1. Briefing on those motions will not be completed until January 10, 2022 (assuming the parties file replies and sur-replies as permitted). Numerous other motions are pending. The parties will begin serving pretrial disclosures on December 20, culminating with objections to rebuttal pretrial disclosures due January 10, 2022. Motions *in limine* are also due January 10. The Joint Pretrial

Order and accompanying filings are due January 24, the Pretrial Conference is set for January 31, and Jury Selection is set for March 7.

### III.   LEGAL STANDARD

The Court "has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). In deciding how to manage its docket, a court "must weigh competing interests and maintain an even balance." *Customedia Techs., LLC v. Dish Network Corp.*, No. 2:16-CV-129-JRG, Dkt. No. 187, slip op. at 1 (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). In deciding whether to stay a case pending IPR and EPR proceedings, this Court considers "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)) (discussing factors for IPR); *see also AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00359-JRG, 2021 WL 465424, at *2 (E.D. Tex. Feb. 9, 2021) (discussing factors for EPR). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *NFC Tech.*, 2015 WL 1069111, at *2. A stay pending IPR is especially justified where the outcome of the proceedings will likely simplify the case by helping the court determine validity issues or by eliminating the need to try infringement issues. *Ericsson,* 2016 WL 1162162, at *1 (citing *NFC Tech.*, 2015 WL 1069111, at *2).

### IV.   ARGUMENT

The instituted IPR and EPR proceedings present meritorious challenges to the validity of every claim asserted in this case, and institution decisions expected in the coming weeks are likely

to compound those challenges. All three factors this Court typically considers weigh in favor of staying this case until those proceedings have concluded. *First*, GTP will not suffer any undue prejudice from a stay. *Second*, a stay will very likely conserve significant resources of the Court and the parties. *Third*, a stay will very likely simplify the issues before the Court. Accordingly, this case should be stayed in its entirety pending conclusion of the IPRs and EPRs directed to the Patents-in-Suit.

### A. A Stay Will Not Unduly Prejudice GTP

GTP will not suffer undue prejudice, favoring a stay. "[T]he mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay." *E-Watch, Inc. v. Lorex Can., Inc.*, No. CIV.A. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013). Instead, the Federal Circuit has held that the question of "whether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original). The lack of undue prejudice is especially evident here because GTP does not and has never made or sold a product practicing any of the Patents-in-Suit (nor any product whatsoever), GTP does not and has never competed with Samsung, and all four Patents-in-Suit expired before this case was filed so there is no concern of ongoing infringement. In the event GTP ultimately proves an entitlement to past damages, a "stay will not diminish" those damages but "only delays realization of those damages." *Id*. As this Court has held, "mere delay in collecting those damages does not constitute undue prejudice." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 6:14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) (citation omitted).

In contrast, Samsung would be prejudiced if the case is not stayed. Samsung will continue to incur the burden and expense of defending infringement allegations on patent claims that may and likely will be invalidated in one or more of the pending IPRs and/or EPRs. *See infra* Section

IV.C. The extent of that burden and expense will only increase in the coming months as Samsung is forced to ramp up for its pretrial, trial, and post-trial efforts. The IPRs (and EPRs), in contrast, will "limit unnecessary and counterproductive litigation costs." *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1290–91 (Fed. Cir. 2015) (quoting H.R. Rep. No. 112-98, 2011 U.S.C.C.A.N. 67, 69, at 39–40). Samsung has demonstrated diligence, promptly filing this motion as soon as IPR Petitions had been instituted on all four Patents-in-Suit, the last of which occurred on December 13, 2021. Ex. 5 (IPR2021-00921).

GTP's own delay in filing the present action belies any purported prejudice. GTP claims that it became concerned about Samsung's alleged infringement in 2014, Ex. 12 (Pryor Depo Day 1), at 61:5–63:3, but never contacted Samsung about alleged infringement, *id.* at 81:19–84:20. GTP instead waited *seven years* to file this action in February 2021, after all four Patents-in-Suit had already expired. Dkt. 1. These facts undermine any assertion of prejudice to GTP, and the absence of undue prejudice weighs in favor of a stay.

**B.  A Stay Will Conserve Significant Resources**

Although this case is at an advanced stage, absent a stay the parties and the Court will be required to expend significant additional resources in the immediate future and over the coming months on pretrial, trial, and post-trial efforts, both in the district court and potentially on appeal. Jury selection will not occur until March 7, 2022, nearly three months from now. Substantial work remains for the parties and the Court with respect to dispositive/*Daubert* motion briefing, pretrial disclosures, motions *in limine*, the Joint Pretrial Order and accompanying filings, and the Pretrial Conference, not to mention the tremendous amount of work remaining for trial preparation, the trial itself, and post-trial activities, potentially including appeal.

This Court has stayed cases at similar stages where an IPR had been instituted, including less than one month before trial in both *Image Processing Techs., LLC v. Samsung Electronics*

*Co.*, No. 2:16-cv-505- JRG, 2017 WL 7051628, at *1–2 (E.D. Tex. Oct. 25, 2017), and *Customedia Techs*, No. 2:16-cv-129-JRG. Similarly, in *AGIS Software*, this Court granted a stay pending EPR and recognized that while it was very late in the case—with discovery complete, pretrial briefing submitted, and jury selection pending—there remained significant party and court resources to be expended. *AGIS*, 2021 WL 465424, at *3. Here, it is apparent that if the Court stays this case and the IPRs and/or EPRs invalidate all of even the bulk of the asserted claims of the Patents-in-Suit, as is highly likely, the Court and parties will have saved significant time, costs, and other resources. *See id.* (If "the case were to proceed to trial on the current claims, as is, there is a serious risk of wasted resources as between both the parties and the Court.")

    **C.**    **The IPR and EPR Proceedings Will Simplify the Issues**

Invalidation of all or even most of the asserted claims of the Patents-in-Suit in the IPRs and/or EPRs will simplify or eliminate the issues before the Court. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. Similarly, a stay is warranted when there is a "significant likelihood that the outcome of the [*ex parte*] reexamination proceeding will streamline the scope of th[e] case to an appreciable extent if not dispose of it entirely." *Veraseal LLC v. Wal-Mart Stores, Inc.*, No. 2:17-cv-00527-JRG, 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018). Here, the PTAB instituted IPRs as to all asserted claims across all four Patents-in-Suit. Further, the USPTO has already instituted EPRs as to two of the four Patents-in-Suit, with institution decisions as to the other two Patents-in-Suit expected in the coming weeks. Moreover, because the primary prior art references in the IPRs are different from those in the EPRs, every asserted claim is likely to be found invalid on multiple independent grounds. Even in the unlikely event that *any* asserted claims survive this gauntlet, the issues before the Court are very likely to be greatly simplified. *AGIS*, 2021 WL 465424, at *2 (collecting cases)

("[W]here the PTAB has instituted IPR proceedings or the PTO has granted EPR's as to *all claims of all asserted patents*, this Court has . . . routinely stayed cases because the Court there does not retain before it any intact (as originally asserted) claims that are ready to move forward toward trial. In the context where all claims have been instituted upon, the Court understands that all the claims may potentially be modified, dropped, or canceled in light of such parallel proceedings.") (emphasis in original).

Statistically, it is undeniable that the IPRs and/or EPRs are likely to invalidate most if not all asserted claims of the Patents-in-Suit. According to USPTO statistics, from September 2012 to September 2020, 62% of Final Written Decisions ("FWDs") in IPRs found all claims invalid, and 18% of FWDs found some claims invalid. See Ex. 13 (PTAB Trial Statistics September 2020) at 11. In total, 80% of FWDs have invalidated some or all challenged claims. The latest USPTO statistics show essentially the same thing; from October 1, 2020 to September 30, 2021, 78% of FWDs invalidated some or all challenges claims. See Ex. 15 (PTAB Trial Statistics FY21 End of Year Outcome Roundup) at 15. Similarly, USPTO statistics show that 79% of EPRs filed by third party requesters result in invalidation of all claims or amendments to the claims. Ex. 14, at 2 (Ex Parte Reexamination Filing Data, last updated September 30, 2020). The USPTO already granted Samsung's EPR Requests challenging the '924 and '949 Patents, determining that they presented fourteen substantial new questions of patentability as to every claim of the '924 Patent, and two substantial new questions of patentability as to every claim of the '949 Patent. See supra Section II. There is no reason to expect anything different when the USPTO soon issues its decisions on Samsung's EPR Requests challenging the '431 and '079 Patents. Moreover, claim amendments are not possible here given that the Patents-in-Suit are all expired. Thus, it is highly likely that

most if not all asserted claims of the Patents-in-Suit will be invalidated by the IPRs and/or EPRs, greatly simplifying the issues before the Court.

Although Samsung is not a party to the IPRs and thus will not be subject to estoppel in the unlikely event any asserted claims survive, the high likelihood of simplification as a consequence of claim invalidation nonetheless warrants a stay.  Courts in this district have granted a motion to stay where estoppel would not apply to the defendant:

> Spa argues it will suffer prejudice because the reexamination is *ex parte*, meaning VeriFone will not be estopped from relitigating validity of the patents at trial after reexamination. … Ultimately, *while Spa will suffer some prejudice because of the ex parte proceeding, the hardship is balanced by the many other factors allaying the prejudice in granting the stay discussed throughout this order, particularly the conservation of resources, potential simplification of the issues, and the presence of reexamination procedures ensuring as rapid a process as possible* since the '862 patent is involved in litigation. Spa is unlikely to suffer any undue prejudice if a stay is granted, and therefore the first factor weighs neutrally.

*Spa Syspatronic, AG v. Verifone, Inc.*, No. CIV.A. 2:07-CV-416, 2008 WL 1886020 *2 (E.D. Tex. Apr. 25, 2008) (emphasis added).  *See also Scorpcast, LLC v. Boutique Media*, No. 2:20-CV-00128-JRG-RSP, 2021 WL 3514751 at *3 (E.D. Tex. June 8, 2021) (finding PTAB's institution of IPR based on multiple grounds, which "in essence, indicated that the asserted claims are likely unpatentable," to be a factor supporting stay in addition to defendant's agreement to be bound to the PTAB's decision).  The inapplicability of estoppel here does not change the fact that the IPRs (and the EPRs as well) are very likely to result in significant simplification.

"A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Ericsson*, 2016 WL 1162162, at *1 (quotations omitted).  Here, resolution of the IPRs and EPRs will very likely simplify the issues in the case at least because any claim cancelled during those proceedings

is rendered void *ab initio*. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1346 (Fed. Cir. 2013). Accordingly, the simplification of issues factor also favors a stay.

## V.   CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court grant its motion to stay this case in its entirety until final non-appealable decisions have issued in *Inter Partes* Review and *Ex Parte* Reexamination proceedings directed to the Patents-in-Suit.

DATED:  December 16, 2021                      Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly (TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Melissa R. Smith (TX Bar No. 24001351)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), on December 16, 2021 counsel for the Defendants and Plaintiff made a good faith attempt to resolve the matters raised by this motion.  No agreement could be reached.  Plaintiff stated that it opposes the relief requested by this motion.  Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

       */s/ Christopher W. Kennerly*
       Christopher W. Kennerly

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on December 16, 2021. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

       */s/ Christopher W. Kennerly*
       Christopher W. Kennerly