# EXHIBIT 10

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/014,902 | 11/11/2021 | 8194924 | 75281.00085 | 3671 |

184036          7590          12/02/2021
Williams Simons & Landis PLLC/ GTP
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701

| EXAMINER |
|---|
| RALIS, STEPHEN J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/02/2021 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/014,902 | Patent Under Reexamination 8194924 | |
|---|---|---|---|
| | Examiner STEPHEN J RALIS | Art Unit 3992 | AIA (FITF) Status No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>11/11/2021</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,      b)☑   PTO/SB/08,      c)☐   Other: _____

1. ☑   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| | | | |
|---|---|---|---|
| | | | |

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)                    **Office Action in *Ex Parte* Reexamination**                    Part of Paper No. 20211124

Application/Control Number: 90/014,902                                          Page 2
Art Unit: 3992

## ORDER GRANTING REEXAMINATION OF U.S. PATENT 8,194,924

### I.    *Notice of Pre-AIA or AIA Status*

The present reexamination is being conducted under the pre-AIA first to invent

provisions.

### II.    *Decision on Request for Ex Parte Reexamination*

In the instant request for reexamination filed 11 November 2021 ("EP Request"),

reexamination of U.S. Patent No. 8,194,924 ("'924 Patent") with respect to claims 1-14 was

requested by a Third Party Requester *i.e.*, ***Samsung Electronics Co., Ltd.***, ("EP Requester")

under 35 U.S.C. §§ 302-307 and C.F.R. § 1.510. A substantial new question of patentability

("SNQ") is raised by the EP Request for reexamination and prior art cited therein for the reasons

set forth below. Accordingly, the EP Request for reexamination is **GRANTED**.

### III.    *Priority*

The '924 Patent issued on 05 June 2012, from U.S. Application No. 13/051,698 ("'698

Application") filed on 18 March 2011, which is a continuation of U.S. Application No.

12/834,281 ("'281 Application") filed on 12 June 2010, now U.S. Patent No. 7,933,431 ("431

Patent"), which is a continuation of U.S. Application No. 12/834,281 ("'281 Application") filed

on 12 June 2010, now U.S. Patent No. 7,933,431 ("431 Patent"), which is a continuation of U.S.

Application No. 11/980,710 ("'710 Application") filed on 31 October 2007, now U.S. Patent No.

7,756,297 ("297 Patent"), which is a continuation of U.S. Application No. 10/893,534 ("'534

Application/Control Number: 90/014,902                                        Page 3
Art Unit: 3992

Application") filed on 19 July 2004, now U.S. Patent No. 7,401,783 ("783 Patent"), which is a

continuation of U.S. Application No. 09/612,225 ("'225 Application") filed on 07 July 2000,

now U.S. Patent No. 6,766,036 ("036 Patent"), which claims benefit of U.S. Provisional

Application No. 60/142,777 ("'777 Prov Application") filed on 08 July 1999.

 The Examiner finds that in the original prosecution of the '698 Application, Owner

provided the Dec 2011 Owner Response that included both the Dec 2011 Drawings Amendment

and Dec 2011 Specification Amendment subject matter to overcome the 35 U.S.C. 112, first

paragraph, rejection. (See § IV *infra*). The Dec 2011 Owner Response asserted that the subject

matter of U.S. Application No. 09/433,297 ("'297 Application") filed on 03 November 1999,

now U.S. Patent No. 6,750,848 ("'848 Patent") was "previously incorporated by reference;" and

thus, "no new matter has been added." (Dec 2011 Owner Response at 7). However, in

examination of the continuity of the '698 Application, the Examiner finds that the "incorporated

by reference" statement of the '297 Application *was provided first* in the '225 Application and

*not in* the '777 Prov Application. From this perspective, the Examiner finds that sufficient

support for the claimed subject matter of the '698 Application, and the instant reexamination

proceeding, was first provided to the Office in the '225 Application.

 Thus, the Examiner concludes that for reexamination purposes the instant '924 Patent

qualifies for an effective filing date of 07 July 2000, and not 08 July 1999.


### IV. *Original Prosecution History*

 Owner filed the '698 Application with claims 1-30.

Application/Control Number: 90/014,902                                       Page 4
Art Unit: 3992

On 14 October 2011, the original examiner issued a non-Final Office action ("Oct 2011

Non Final Office Action") rejecting claims 1-30 under 35 U.S.C. 112, first paragraph, as failing

to comply with the written description requirement. (Oct 2011 Non Final Office Action at 2).

On 14 December 2011, Owner filed a "Response" to the Oct 2011 Non Final Office

Action ("Dec 2011 Owner Response") including Remarks, a Drawings Amendment ("Dec 2011

Drawings Amendment"), and a Specification Amendment ("Dec 2011 Specification

Amendment") to overcome the 35 U.S.C. 112, first paragraph, rejection. The "Dec 2011

Drawings Amendment and Dec 2011 Specification Amendment specifically included

information incorporated by reference from U.S. Application No. 09/433,297 ("'297

Application") filed on 03 November 1999, now U.S. Patent No. 6,750,848 ("848 Patent") in the

'698 Application. (See '924 Patent at c.1, ll.46-48, 57-59).

On 18 January 2012, the original examiner issued a non-Final Office action ("Jan 2012

Non Final Office Action") rejecting claims 1-4 and 9 under 35 U.S.C. 103(a) as being

unpatentable over *Silverbrook* (U.S. Patent No. 6,788,336) in view of *Sumi et al.* (U.S. Patent

No. 5,845,006)("*Sumi*"); claims 5, 7, 8, 10-14 and 16-22 under 35 U.S.C. 103(a) as being

unpatentable over *Silverbrook*, *Sumi* and *Kumar et al.* (U.S. Patent No. 6,204,852)("*Kumar*");

claim 6 under 35 U.S.C. 103(a) as being unpatentable over *Silverbrook*, *Sumi* and *Umezawa et

al.* (U.S. Patent No. 5,491,507)("*Umezawa*"); claims 15 and 23 under 35 U.S.C. 103(a) as being

unpatentable over *Silverbrook*, *Sumi*, *Kumar* and *Umezawa*; claims 24 and 26-28 under 35

U.S.C. 103(a) as being unpatentable over *Silverbrook* and *Kimura* (U.S. Patent No. 5,940,126);

claim 25 under 35 U.S.C. 103(a) as being unpatentable over *Silverbrook*, *Kimura* and *Umezawa*;

and claims 29-30 under 35 U.S.C. 103(a) as being unpatentable over *Silverbrook*, *Kimura* and

*Kumar*.

Application/Control Number: 90/014,902                                         Page 5
Art Unit: 3992

On 18 April 2012, Owner filed a "Response" to the Jan 2012 Non Final Office Action

("April 2012 Owner Response") including Remarks, and a Claim Amendment ("April 2012

Claim Amendment"). The April 2012 Claim Amendment canceled claims 1-23; amended claims

24, 26, 29 and 30; and provided new claims 31-37. Specifically, the April 2012 Claim

Amendment amended independent claim 24[1] to now require: the first and second camera to have

respective first and second outputs; *the first and second camera including non-overlapping*

*views, and the computer being adapted to perform control functions of the handheld device*

*based on at least one of the first and second camera outputs* (emphasis added). In addition, the

April 2012 Owner Response asserted that *Silverbrook*, nor *Kimura*, disclose, teach or suggest a

computer adapted to perform a control function based upon the output of first or second cameras

having non-overlapping fields of view. (April 2012 Owner Response at 5-6).

The original examiner issued a Notice of Allowance ("April 2012 Notice of Allowance")

on 27 April 2012 providing a "reasons for allowance" stating,

> Independent claim 24 is allowed *based upon convincing arguments* presented in
> the remarks dated 4/18/2012.

(April 2012 Notice of Allowance at 2; emphasis added).

Thus, it appears from the record that the key features missing from the prior art at the

time of allowance of independent claim 1 was the computer being adapted to perform a control

function based upon the output of at least one of the first or second cameras, which have non-

overlapping fields of view.

---

[1] The Examiner finds that original claim 24 was renumbered to claim 1 in the April 2012 Notice of Allowance.

Application/Control Number: 90/014,902                                           Page 6
Art Unit: 3992

## V.     *Other Proceedings*

### A.     *IPR2021-00923*

On 26 May 2021, a First Petitioner (*i.e.*, ___Apple, Inc.___) filed a Petition for *Inter Partes*

review of claims 1-14 of the '924 Patent, pursuant to 35 U.S.C. §§ 311-319 and 37 C.F.R. §

42.100 *et seq*. (See *Apple, Inc.* vs *Gesture Technology Partners LLC.*  IPR2021-00923-1635

("923 IPR Proceeding). A decision on whether to institute an *inter partes* review has not yet been

determined. Thus, the 923 IPR Proceeding is not yet a "concluded examination(s) or review(s) of

the patent." (See MPEP § 2242.II.A)

### B.     *IPR2022-00093*

On 10 September 2020, a Second Petitioner (*i.e.*, ___LG Electronics, Inc.___) filed a Petition

for *Inter Partes* review of claims 1-14 of the '924 Patent, pursuant to 35 U.S.C. §§ 311-319 and

37 C.F.R. § 42.100 *et seq*. (See *LG Electronics, Inc. et al.* vs *Gesture Technology Partners LLC.*

IPR2021-00923-1635 ("93 IPR Proceeding). In addition, Second Petitioner filed a Motion for

Joinder with the 923 IPR Proceeding. (93 IPR Proceedings, Motion for Joinder). A decision on

whether to: institute an *inter partes* review; and/or grant the motion to join the 923 IPR

Proceeding have not yet been determined. Thus, the 93 IPR Proceeding is not yet a "concluded

examination(s) or review(s) of the patent." (See MPEP § 2242.II.A)

## VI.     *Information Disclosure Statement(s)*

EP Requester's Information Disclosure Statement, filed on 11 November 2021, ("Nov

2021 IDS) has been received and entered into the record.

### VII.    *References Cited in EP Request*

A total of six references, in certain combinations, have been asserted in the EP Request as providing teachings relevant to the claims of the '924 Patent. The proposed references which make up the combinations are as follows:

- U.S. Patent No. 5,982,853 to *Liebermann* ("***Liebermann***") – **NEW**. [2]

- U.S. Patent No. 6,622,015 to *Himmel et al.* ("***Himmel***") – **NEW**. [3]

- U.S. Patent No. 6,115,482 to *Sears et al.* ("***Sears***") – **NEW**. [4]

- U.S. Patent No. 5,880,732 to *Tryding* ("***Tryding***") – **NEW**. [5]

- U.S. Patent No. 6,401,085 to *Gershman et al.* ("***Gershman***") – **NEW**. [6]

- U.S. Patent No. 5,953,322 to *Kimball* ("***Kimball***") – **NEW**. [7]

### VIII.    *Substantial New Questions (SNQ) of Patentability*

In view of the prosecution history asserted above, the April 2012 Owner Response and "reasons for allowance" from the '698 Application, as applied to the requested claims, will be utilized to determine whether the cited references raise an SNQ.

---

[2] *Liebermann* has not been previously cited/considered in the original prosecution, nor the IPR proceedings above (*i.e.*, 923 and 093 IPR Proceedings). Thus, the prior art is considered new art and not "old art." (See MPEP § 2242).
[3] *Himmel* has not been previously cited/considered in the original prosecution, nor the IPR proceedings above (*i.e.*, 923 and 093 IPR Proceedings). Thus, the prior art is considered new art and not "old art." (See MPEP § 2242).
[4] *Sears* has not been previously cited/considered in the original prosecution, nor the IPR proceedings above (*i.e.*, 923 and 093 IPR Proceedings). Thus, the prior art is considered new art and not "old art." (See MPEP § 2242).
[5] *Tryding* has not been previously cited/considered in the original prosecution, nor the IPR proceedings above (*i.e.*, 923 and 093 IPR Proceedings). Thus, the prior art is considered new art and not "old art." (See MPEP § 2242).
[6] *Gershman* has not been previously cited/considered in the original prosecution, nor the IPR proceedings above (*i.e.*, 923 and 093 IPR Proceedings). Thus, the prior art is considered new art and not "old art." (See MPEP § 2242).
[7] *Kimball* has not been previously cited/considered in the original prosecution, nor the IPR proceedings above (*i.e.*, 923 and 093 IPR Proceedings). Thus, the prior art is considered new art and not "old art." (See MPEP § 2242).

Application/Control Number: 90/014,902                                          Page 8
Art Unit: 3992

The italicized/underlined sections of claim 1 below is utilized by the Examiner to

determine whether specific teachings of the cited references create a substantial new question of

patentability in light of the prosecution history above.

Claim 1:

*A handheld device* comprising:

(a) a housing;

(b) *a computer within the housing*;

(c) a first camera oriented to view a user of the handheld device and having a first camera
output; and

(d) a second camera oriented to view an object other than the user of the device and
having a second camera output, *wherein the first and second cameras include non-
overlapping fields of view*, and *wherein the computer is adapted to perform a control
function of the handheld device based on at least one of the first camera output and
the second camera output*.

The Examiner finds that prior art which teaches at least one of the italicized/underlined

sections of the claim above which is **different** than that taught by the prior art cited in the '698

Application would provide a new, non-cumulative technological teaching raising a substantial

new question of patentability.

A.     *Liebermann; Liebermann and Tryding; Liebermann and Gershman;*

*Liebermann and Himmel; Liebermann and Sears; and Liebermann and Kimball*

**(SNQ for SNQ1 – SNQ3, SNQ10, SNQ13 and SNQ14 EP Requester designated – See**

**EP Request at §§ V.A-C, J, M, N; VI.B.1-3, 10, 13, 14)**

In the present instance, there exists a SNQ based the publication of *Liebermann*. A

discussion of the specifics now follows:

The Examiner finds that *Liebermann* was filed on 23 May 1996, which predates the filing

of the '924 Patent. As such, *Liebermann* qualifies as prior art under 35 U.S.C. 102(e) and 102(a).

Application/Control Number: 90/014,902                                    Page 9
Art Unit: 3992

[8] *Liebermann* was not of record in the original prosecution of the '924 Patent (*i.e.*, see § IV

*supra*). Similarly, *Liebermann* is not present before the PTAB in the 923 IPR Proceeding, nor the

093 IPR Proceeding. (See § V.A-B *supra*).

The EP Request alleges to show that *Liebermann*, for claim 1, teaches *[a] __handheld__*

*__device__ comprising: ... __a computer within the housing;__ ... wherein the first and second cameras*

*__include non- overlapping fields of view;__ and wherein __the computer is adapted to perform a__*

*__control function of the handheld device based on at least one of the first camera output and__*

*__the second camera output__*.

The EP Request specifically alleges to show that *Liebermann* teaches a handheld device

that utilizes one or more cameras to sense facial motion and hand gestures from which

processing hardware/software perform a control function based on at least one of the first and

second camera outputs (EP Request at §§ V.A.1; 2.c, e). The Examiner finds that *Liebermann*

teaches a handheld cellular telephone apparatus having image processing hardware/software

within the handheld cellular telephone that processes facial, hand and finger image data into

identifiers used to control the function of the handheld cellular telephone. (*Liebermann* at

Abstract; c.4, l.60 – c.5, l.5; c.5, l.62 – c.6, l.10; c.6, ll.30-52; c.7, ll.18-21; c.13, ll.4-28; claims

1-3; see Figures 6, 8). The Examiner finds that *Liebermann* teaches the utilization of multiple

cameras (*i.e.*, more than one) operating independently of the others with each camera covering a

separate angle and having no angle overlap according to certain configurations. (*Id*. at c.13, ll.4-

21).

---

[8] The Examiner finds that *Liebermann* was filed 23 May 1996 as a Non-Provisional application and published as a U.S. Patent on 09 November 1999. As set forth above, the instant '924 Patent qualifies for an effective filing date of 07 July 2000, and not 08 July 1999. (See § III *supra*). Thus, the Examiner finds that *Liebermann* qualifies as prior art under both 35 U.S.C. 102(e) and 102(a), respectively.

Application/Control Number: 90/014,902                                           Page 10
Art Unit: 3992

The EP Request appears to show that *Liebermann* presents a new, non-cumulative

technological teaching that was not previously considered and discussed on the record during the

prosecution of the application that resulted in the patent for which reexamination is requested.

The Examiner concludes that *Liebermann* sufficiently teaches the italicized/underlined

sections of claim 1 above to support an SNQ. In light of the conclusion that *Liebermann*

sufficiently teaches the italicized/underlined sections of claim 1, the Examiner concludes that an

SNQ is additionally raised for claim 2-5, 9, 11, 13 and 14 for the same reasons as set forth above.

Thus, it is **AGREED** that the consideration of *Liebermann* raises a substantial new question of

patentability of at least claim 1 as pointed out above. There is a substantial likelihood that a

reasonable examiner would consider these teachings important in deciding whether these claims

are patentable.


**B.**      *Liebermann* **and** *Himmel; Liebermann, Himmel* **and** *Tryding*; *Liebermann,*
*Himmel* **and** *Gershman,* **and** *Liebermann, Himmel* **and** *Kimball* **or** *Liebermann* **and**
*Sears; Liebermann, Sears* **and** *Tryding*; *Liebermann, Sears* **and** *Gershman,* **and**
*Liebermann, Sears* **and** *Kimball*

**(SNQ for: SNQ4 – SNQ6, SNQ 11 and SNQ13 EP Requester designated – See EP**

**Request at §§ V.D-F, K, M; VI.B.4-6, 11, 13; or SNQ7 – SNQ9, SNQ 12 and SNQ14 EP**

**Requester designated – See EP Request at §§ V.G-I, L, N; VI.B.4-6, 12, 14)**

In the present instance, there exists a SNQ based the publication of *Liebermann* when

taken with the publication of *Himmel* and/or *Sears*. A discussion of the specifics now follows:

As set forth above, the Examiner finds that *Liebermann* was filed on 23 May 1996, which

predates the filing of the '924 Patent. As such, *Liebermann* qualifies as prior art under 35 U.S.C.

Application/Control Number: 90/014,902                                  Page 11
Art Unit: 3992

102(e) and 102(a). [9] *Liebermann* was not of record in the original prosecution of the '924 Patent

(*i.e.*, see § IV *supra*). Similarly, *Liebermann* is not present before the PTAB in the 923 IPR

Proceeding, nor the 093 IPR Proceeding. (See § V.A-B *supra*).

The Examiner finds that *Himmel* was filed on 29 January 1999, which predates the filing

of the '924 Patent. As such, *Himmel* qualifies as prior art under 35 U.S.C. 102(e). [10] *Himmel* was

not of record in the original prosecution of the '924 Patent (*i.e.*, see § IV *supra*). Similarly,

*Himmel* is not present before the PTAB in the 923 IPR Proceeding, nor the 093 IPR Proceeding.

(See § V.A-B *supra*).

The Examiner finds that *Sears* was filed on 22 October 1998, which predates the filing of

the '924 Patent. As such, *Himmel* qualifies as prior art under 35 U.S.C. 102(e). [11] *Sears* was not

of record in the original prosecution of the '924 Patent (*i.e.*, see § IV *supra*). Similarly, *Sears* is

not present before the PTAB in the 923 IPR Proceeding, nor the 093 IPR Proceeding. (See §

V.A-B *supra*).

The EP Request alleges to show that *Liebermann* in view of *Himmel* and/or *Sears* for

claim 1, teaches *[a] handheld device comprising: ... a computer within the housing; ... wherein*

*the first and second cameras include non- overlapping fields of view; and wherein the computer*

*is adapted to perform a control function of the handheld device based on at least one of the*

*first camera output and the second camera output*.

---

[9] The Examiner finds that *Liebermann* was filed 23 May 1996 as a Non-Provisional application and published as a U.S. Patent on 09 November 1999. As set forth above, the instant '924 Patent qualifies for an effective filing date of 07 July 2000, and not 08 July 1999. (See § III *supra*). Thus, the Examiner finds that *Liebermann* qualifies as prior art under both 35 U.S.C. 102(e) and 102(a), respectively.

[10] The Examiner finds that *Himmel* was filed 29 January 1999 as a Non-Provisional application. As set forth above, the instant '924 Patent qualifies for an effective filing date of 07 July 2000, and not 08 July 1999. (See § III *supra*). Thus, the Examiner finds that *Himmel* qualifies as prior art under 35 U.S.C. 102(e), respectively.

[11] The Examiner finds that *Sears* was filed 22 October 1998 as a Non-Provisional application. As set forth above, the instant '924 Patent qualifies for an effective filing date of 07 July 2000, and not 08 July 1999. (See § III *supra*). Thus, the Examiner finds that *Sears* qualifies as prior art under 35 U.S.C. 102(e), respectively.

Application/Control Number: 90/014,902                                      Page 12
Art Unit: 3992

      The EP Request specifically alleges to show that *Liebermann* teaches a handheld device

that utilizes one or more cameras to sense facial motion and hand gestures from which

processing hardware/software perform a control function based on at least one of the first and

second camera outputs (EP Request at §§ V.A.1; 2.c, e). The Examiner finds that *Liebermann*

teaches a handheld cellular telephone apparatus having image processing hardware/software

within the handheld cellular telephone that processes facial, hand and finger image data into

identifiers used to control the function of the handheld cellular telephone. (*Liebermann* at

Abstract; c.4, l.60 – c.5, l.5; c.5, l.62 – c.6, l.10; c.6, ll.30-52; c.7, ll.18-21; c.13, ll.4-28; claims

1-3; see Figures 6, 8). The Examiner finds that *Liebermann* teaches the utilization of multiple

cameras (*i.e.*, more than one) operating independently of the others with each camera covering a

separate angle and having no angle overlap according to certain configurations. (*Id.* at c.13, ll.4-

21).

      In addition, the EP Request specifically alleges to show that *Himmel* teaches wireless

smartphones comprising computer units therein that handles a variety of sophisticated tasks. (EP

Request at §§ V.D.1; 2.c, e). The Examiner finds that *Himmel* teaches a wireless cellular

telephone apparatus having a computer platform therein, which includes the integration of

personal computing technology into phones. (*Himmel* at c.1, ll.23-35). Specifically, *Himmel*

teaches computer units within a wireless phone performing a variety of sophisticated tasks

including standard voice and texting communications. (*Id.* at c.5, ll.18-29, 42-63).

      Moreover, the EP Request specifically alleges to show that *Sears* teaches a system

including multiple cameras that capture hand and finger gesturing motion and a computer device

to process the captured images to perform certain controlling operations. (EP Request at §§

V.G.1; 2.c, e). The Examiner finds that *Sears* teaches a self-contained optical input reading

Application/Control Number: 90/014,902                                            Page 13
Art Unit: 3992

device, which captures image gestures of finger and/or hands and, via an included computer,

processes the captured images to interpret and provide command functionality therefrom. (*Sears*

at Abstract; c.5, ll.2-21, 35-43, 51-61; c.7, ll.1-7; c. 10, ll.29-30; c.11, ll.7-14; c.17, ll.55-58;

c.18, ll.9-18; c.20, ll.32-42; see Figures 1a, 1b, 2).

      The EP Request appears to show that *Liebermann* in view of *Himmel* and/or *Sears*

presents a new, non-cumulative technological teaching that was not previously considered and

discussed on the record during the prosecution of the application that resulted in the patent for

which reexamination is requested.

      The Examiner concludes that *Liebermann* in view of *Himmel* and/or *Sears* sufficiently

teaches the italicized/underlined sections of claim 1 above to support an SNQ. In light of the

conclusion that *Liebermann* in view of *Himmel* and/or *Sears* sufficiently teaches the

italicized/underlined sections of claim 1, the Examiner concludes that an SNQ is additionally

raised for claim 2-14 for the same reasons as set forth above. Thus, it is **AGREED** that the

consideration of *Liebermann* in view of *Himmel* and/or *Sears* raises a substantial new question of

patentability of at least claim 1 as pointed out above. There is a substantial likelihood that a

reasonable examiner would consider these teachings important in deciding whether these claims

are patentable.


### IX.     *Related Prior Art*

#### A.     *Tryding, Gershman, and Kimball*

      The Examiner finds that *Tryding* is utilized by EP Requester for reading on non-SNQ

claim requirements of claim 11. (See EP Request at §§ V.B, E, H). The non-SNQ claim

requirements depend on the SNQ claim requirement of *Liebermann*, *Liebermann* and *Himmel*,

and *Liebermann* and *Sears* which have raised SNQs as asserted above. (See §§ VIII.A-C *supra*).

    The Examiner finds that *Gershman* is utilized by EP Requester for reading on non-SNQ

claim requirements of claim 14. (See EP Request at §§ V.C, F, I). The non-SNQ claim

requirements depend on the SNQ claim requirement of *Liebermann*, *Liebermann* and *Himmel*,

and *Liebermann* and *Sears* which have raised SNQs as asserted above. (See §§ VIII.A-C *supra*).

    The Examiner finds that *Kimball* is utilized by EP Requester for reading on non-SNQ

claim requirements of claim 14. (See EP Request at §§ V.J-L). The non-SNQ claim requirements

depend on the SNQ claim requirement of *Liebermann*, *Liebermann* and *Himmel*, and

*Liebermann* and *Sears* which have raised SNQs as asserted above. (See §§ VIII.A-C *supra*).

    The Examiner finds that *Tryding* was filed on 29 April 1997, which predates the filing of

the '924 Patent. As such, *Tryding* qualifies as prior art under 35 U.S.C. 102(e) and 102(b). [12]

*Tryding* was not of record in the original prosecution of the '924 Patent (*i.e.*, see § IV *supra*).

Similarly, *Tryding* is not present before the PTAB in the 923 IPR Proceeding, nor the 093 IPR

Proceeding. (See § V.A-B *supra*).

    The Examiner finds that *Gershman* was filed on 05 March 1999, which predates the

filing of the '924 Patent. As such, *Gershman* qualifies as prior art under 35 U.S.C. 102(e). [13]

*Gershman* was not of record in the original prosecution of the '924 Patent (*i.e.*, see § IV *supra*).

Similarly, *Gershman* is not present before the PTAB in the 923 IPR Proceeding, nor the 093 IPR

Proceeding. (See § V.A-B *supra*).

---

[12] The Examiner finds that *Tryding* was filed 29 April 1997 as a Non-Provisional application and published as a U.S. Patent on 09 Mar 1999. As set forth above, the instant '924 Patent qualifies for an effective filing date of 07 July 2000, and not 08 July 1999. (See § III *supra*). Thus, the Examiner finds that *Tryding* qualifies as prior art under both 35 U.S.C. 102(e) and 102(b), respectively.

[13] The Examiner finds that *Gershman* was filed 29 January 1999 as a Non-Provisional application. As set forth above, the instant '924 Patent qualifies for an effective filing date of 07 July 2000, and not 08 July 1999. (See § III *supra*). Thus, the Examiner finds that *Gershman* qualifies as prior art under 35 U.S.C. 102(e), respectively.

Application/Control Number: 90/014,902                                          Page 15
Art Unit: 3992

The Examiner finds that *Kimball* was filed on 31 January 1999, which predates the filing

of the '924 Patent. As such, *Kimball* qualifies as prior art under 35 U.S.C. 102(e) and 102(a). [14]

*Kimball* was not of record in the original prosecution of the '924 Patent (*i.e.*, see § IV *supra*).

Similarly, *Kimball* is not present before the PTAB in the 923 IPR Proceeding, nor the 093 IPR

Proceeding. (See § V.A-B *supra*).


### X.     *Summary*

Claims 1-14 of the '924 Patent will be reexamined as requested in the instant Order.

---

[14] The Examiner finds that *Kimball* was filed 23 May 1996 as a Non-Provisional application and published as a U.S.
Patent on 09 November 1999. As set forth above, the instant '924 Patent qualifies for an effective filing date of 07
July 2000, and not 08 July 1999. (See § III *supra*). Thus, the Examiner finds that *Kimball* qualifies as prior art under
both 35 U.S.C. 102(e) and 102(a), respectively.

Application/Control Number: 90/014,902                                      Page 16
Art Unit: 3992

## XI.    *Conclusion*

**Extensions of Time**

Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination

proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in

ex parte reexamination proceedings are provided for in 37 CFR 1.550(c).


**Waiver of Right to File Patent Owner Statement**

In a reexamination proceeding, Patent Owner may waive the right under 37 C.F.R. 1.530

to file a Patent Owner Statement. The document needs to contain a statement that Patent Owner

waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement and proof of service in

the manner provided by 37 C.F.R. 1.248, if the request for reexamination was made by a third

party requester, see 37 C.F.R 1.550. The Patent Owner may consider using the following

statement in a document waiving the right to file a Patent Owner Statement:

Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent Owner Statement.


**Amendment in Reexamination Proceedings**

Patent owner is notified that any proposed amendment to the specification and/or claims

in this reexamination proceeding must comply with 37 CFR 1.530(d)-(j), must be formally

presented pursuant to 37 CFR § 1.52(a) and (b), and must contain any fees required by 37 CFR §

1.20(c). See MPEP § 2250(IV) for examples to assist in the preparation of proper proposed

amendments in reexamination proceedings.

Application/Control Number: 90/014,902                                    Page 17
Art Unit: 3992

**Service of Papers**

   After the filing of a request for reexamination by a third party requester, any document

filed by either the patent owner or the third party requester must be served on the other party (or

parties where two or more third party requester proceedings are merged) in the reexamination

proceeding in the manner provided in 37 CFR 1.248. See 37 CFR 1.550.

**Notification of Concurrent Proceedings**

   The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 8,194,924 throughout the course of this reexamination proceeding. The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282

and 2286.

   **All** correspondence relating to this ex parte reexamination proceeding should be directed:

By Mail to:      Mail Stop *Ex Parte* Reexam
                 Central Reexamination Unit
                 Commissioner for Patents
                 United States Patent & Trademark Office
                 P.O. Box 1450
                 Alexandria, VA 22313-1450

By FAX to:       (571) 273-9900
                 Central Reexamination Unit

By hand:         Customer Service Window
                 Randolph Building
                 401 Dulany Street
                 Alexandria, VA 22314

By EFS-Web:

Application/Control Number: 90/014,902                                    Page 18
Art Unit: 3992

    Registered users of EFS-Web may alternatively submit such correspondence via the
electronic filing system EFS-Web, at

    https://efs.uspto.gov/efile/myportal/efs-registered

    EFS-Web offers the benefit of quick submission to the particular area of the Office that
needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e.,
electronically uploaded) directly into the official file for the reexamination proceeding, which
offers parties the opportunity to review the content of their submissions after the "soft scanning"
process is complete.

    For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence

(except for a request for reexamination and a corrected or replacement request for

reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic

filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission

for each piece of correspondence stating the date of transmission, which is prior to the expiration

of the set period of time in the Office action.

Application/Control Number: 90/014,902                                    Page 19
Art Unit: 3992

     Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.


/Stephen J. Ralis/
Primary Examiner, Art Unit 3992




Conferees:

/JAMES A MENEFEE/
Reexamination Specialist, Art Unit 3992

/HETUL B PATEL/
Supervisory Patent Examiner, Art Unit 3992




SJR
29 November 2021

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 13051698 |
| | Filing Date | 2011-03-18 |
| | First Named Inventor | Timothy R. Pryor |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

**U.S.PATENTS**  Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code1 | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 5982853 | | 1999-11-09 | Liebermann | |
| | 2 | 6115482 | | 2000-09-05 | Sears et al. | |
| | 3 | 6622015 | | 2003-09-16 | Himmel et al. | |
| | 4 | 6434403 | | 2002-08-13 | Ausems et al. | |
| | 5 | 6401085 | | 2002-06-04 | Gershman et al. | |
| | 6 | 5880732 | | 1999-03-09 | Tryding | |
| | 7 | 5953322 | | 1999-09-14 | Kimball | |
| | 8 | 5454043 | | 1995-09-26 | Freeman | |

EFS Web 2.1.17

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | Application Number | 13051698 |
|---|---|---|
| | Filing Date | 2011-03-18 |
| | First Named Inventor | Timothy R. Pryor |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket  Number | |

| | 9 | 4988981 | 1991-01-29 | Zimmerman et al. | |
|---|---|---|---|---|---|
| | 10 | 6147678 | 2000-11-14 | Kumar et al. | |
| | 11 | 5594469 | 1997-01-14 | Freeman et al. | |
| | 12 | 6144366 | 2000-11-07 | Numazaki et al. | |
| | 13 | 6256033 | 2001-07-03 | Nguyen | |

| If you wish to add additional U.S. Patent citation information please click the Add button. | Add |
|---|---|

## U.S.PATENT APPLICATION PUBLICATIONS  Remove

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

| If you wish to add additional U.S. Published Application citation information please click the Add button. | Add |
|---|---|

## FOREIGN PATENT DOCUMENTS  Remove

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | 2175288 | CA | | 1997-10-30 | Bushnag | | |

| If you wish to add additional Foreign Patent Document citation information please click the Add button | Add |
|---|---|

## NON-PATENT LITERATURE DOCUMENTS  Remove

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | 13051698 | |
| Filing Date | 2011-03-18 | |
| First Named Inventor | Timothy R. Pryor | |
| Art Unit | | |
| Examiner Name | | |
| Attorney Docket  Number | | |

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| | 1 | MICROSOFT, Microsoft Announces Release of Windows CE 2.0 - Stories, Sept. 29, 1997. | |
| | 2 | ADVANCED MICRO DEVICES, Logic Reference Guide, June 1993. | |
| | 3 | V. PAVLOVIC et al., Visual Interpretation of Hand Gestures for Human-Computer Interaction: A Review, 19 IEEE TRANSACTIONS ON PATTERN ANALYSIS AND MACHINE INTELLIGENCE 677 (1997). | |
| | 4 | Bushnag Bibliographic Summary, Canadian Patents Database, accessed August 2021. | |

If you wish to add additional non-patent literature document citation information please click the Add button | Add |

| EXAMINER SIGNATURE | | | |
|---|---|---|---|
| Examiner Signature | /Stephen J. Ralis/ | Date Considered | 11/29/2021 |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

1 See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  2 Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  3 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 4 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  5 Applicant is to place a check mark here if English language translation is attached.

| | |
|---|---|
| | Application Number | 13051698 |
| **INFORMATION DISCLOSURE** | Filing Date | 2011-03-18 |
| **STATEMENT BY APPLICANT** | First Named Inventor | Timothy R. Pryor |
| ( Not for submission under 37 CFR 1.99) | Art Unit | |
| | Examiner Name | |
| | Attorney Docket  Number | |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

See attached certification statement.

The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒ A certification statement is not submitted herewith.

### SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Joseph E. Palys/ | Date (YYYY-MM-DD) | 2021-11-11 |
|---|---|---|---|
| Name/Print | Joseph E. Palys | Registration Number | 46508 |

This collection of information is required by 37 CFR 1.97 and 1.98.  The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application.  Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14.  This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO.  Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450.  DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS.  **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

# Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1.      The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2.      A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3.      A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4.      A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5.      A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6.      A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7.      A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8.      A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9.      A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.