# EXHIBIT 11

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/014,903 | 11/11/2021 | 8878949 | 752891.00085 | 2469 |

184036          7590          12/02/2021
Williams Simons & Landis PLLC/ GTP
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX 78701

| EXAMINER |
|---|
| MENEFEE, JAMES A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/02/2021 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Order Granting Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/014,903 | 8878949 |
| | Examiner | Art Unit | AIA (FITF) Status |
| | James Menefee | 3992 | No |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 11/11/2021 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☑ PTO/SB/08,    c)☐ Other: ____

1. ☑  The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

cc:Requester ( if third party requester )

Application/Control Number: 90/014,903                                                              Page 2
Art Unit: 3992

## ORDER GRANTING REEXAMINATION REQUEST

A substantial new question of patentability ("SNQ") affecting claims 1-18 of U.S. Patent No. 8,878,949 ("the '949 patent") is raised by the reexamination request filed 11/11/2021 ("Request"). The '949 patent was filed before March 16, 2013, and is being examined under the pre-AIA first to invent regime.

Based on the specific reference to earlier applications and the 0 day patent term adjustment on the face of the patent, the '949 patent is expired. This proceeding therefore will use the ordinary and customary meaning claim construction standard set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005). MPEP 2258 I.G. Furthermore, no amendments other than the cancellation of claims will be permitted in this proceeding. 37 CFR 1.530(j).

### *References Cited as Raising SNQs*

U.S. Patent 6,115,482 to Sears et al. ("Sears")

U.S. Patent 6,198,485 to Mack et al. ("Mack")

### *Prosecution History*

The '949 patent is drawn to a camera that is configured to automatically take pictures when a person makes a gesture, such as raising one's right hand. There is a camera for taking the picture, and there is a separate camera or sensor in the same housing for sensing the gestures. The '949 patent was filed on 8/7/2013 as application 13/961,452 and is part of a chain of several continuation application. In the first Office action on the merits the claims were rejected on several different grounds of double patenting, and also as anticipated or obvious over a reference to Sengupta. In a response filed 3/27/2014 the applicant amended some claims, filed a terminal

disclaimer to overcome the double patenting rejections, and argued that Sengupta did not show that the camera and sensor be disposed in the same housing. The terminal disclaimers were not approved as they identified a party who is not the applicant, and in a final rejection mailed 5/14/2014 the examiner maintained the double patenting and art rejections, arguing that the distinguishing features were not claimed.

On 8/14/2014 applicant filed a request for continued examination with new terminal disclaimers and claim amendments. The terminal disclaimers were again not approved for the same reason. In a non-final action mailed 8/26/2014 the examiner maintained the double patenting rejections but withdrew the art rejections without comment. Applicant filed new terminal disclaimers on 8/26/2014 that were subsequently approved. A notice of allowance was mailed 9/18/2014 without reasons for allowance.

Turning back to the 8/14/2014 amendments, applicant added the requirement that the housing/device encompasses the electro-optic sensor and digital camera, that the processing unit is adapted to determine a gesture has been performed in the sensor field of view based on the sensor output, and that the gesture corresponds to an image capture command that causes the digital camera to store an image to memory. Applicant argued that Sengupta hands off between separate cameras and therefore lacked a housing encompassing the sensor and camera. Applicant also argued that Sengupta merely reports the location of moving objects and does not determine that a gesture corresponds to an image capture command. Applicant stated that the examiner had agreed in a 8/7/2014 interview that these changes would overcome the rejections based on Sengupta. Accordingly, it is apparent the claims were allowable over the art due to these features that were lacking in Sengupta. These technical teachings were missing from the art during the

original prosecution, and art showing such features would have been important to a reasonable examiner in determining the patentability of the claims.

The '949 patent is also subject to currently pending IPRs IPR2021-00921 and IPR2022-00092. As of this writing a decision on institution has not yet been made in those proceedings and the petitioners used different art than that relied upon herein. These proceedings therefore are not a final decision or concluded review affecting the SNQ analysis.

The '949 patent has also been subject to a number of litigation proceedings, as set forth in the litigation search in the file and also in the Request. As far as the examiner can tell, none of these proceedings resulted in any final determination as to the validity of any of the patent claims. These proceedings therefore do not affect the SNQ analysis.

### *Proposed SNQs*

Requester proposes the following SNQs:

1. Claims 1-18 are obvious over Sears.

2. Claim 11 is obvious over Sears in view of Mack.

As described in the Request, Sears is a print reading device with voice output, so that people with impaired vision or difficulty reading may have words read to them by a computer. The user performs hand gestures that perform various commands on the system, such as to begin reading an entire page, speeding up or slowing down, stopping, etc. There is a camera that reads the text and also a sensor that interprets the gestures, and these may be in the same housing. This, a single housing including a camera that takes pictures and a sensor that interprets gestures is one of the features that was missing during the original prosecution. The text is further stored in memory so that it can be OCR'd, therefore the gestures might be considered to cause an image

capture command to store an image in memory. This is another feature that was missing during the original prosecution.

Sears therefore provides a new technical teaching that was not present during the original prosecution, and a reasonable examiner would have found the reference important in considering the patentability of the claims. A SNQ is raised by Sears alone. Mack is additionally provided to show that it was known for an electro-optic sensor to have first and second sensors fixed relative to a camera, as an alternative rejection of claim 11. The combination of Sears and Mack therefore provides a new technical teaching for the same reasons as Sears alone, and the combination would have been important to a reasonable examiner in considering the patentability of claim 11. A SNQ is raised by the combination of Sears and Mack.

The teachings of these references as discussed in the Request are not cumulative to any written discussion on the record of the teachings of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts.

### *Conclusion*

Patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any prior or concurrent proceeding involving the '949 patent. See MPEP §§ 2207, 2282 & 2286. Requester may also notify the Office of such proceedings.

**All** correspondence relating to this *ex parte* reexam proceeding should be directed as follows:

By **U.S. Postal Service Mail** to:

　　Mail Stop *Ex Parte* Reexam
　　ATTN: Central Reexamination Unit
　　Commissioner for Patents

Application/Control Number: 90/014,903                                                      Page 6
Art Unit: 3992

        P.O. Box 1450
        Alexandria, VA  22313-1450

By FAX to:   (571) 273-9900
                 Central Reexamination Unit

By hand to:  Customer Service Window
                Randolph Building
                401 Dulany St.
                Alexandria, VA  22314

Registered users of EFS-Web may alternatively submit correspondence via the electronic filing system at https://efs.uspto.gov/efile/myportal/efs-registered

Any inquiry concerning this communication or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

/JAMES A MENEFEE/
Reexamination Specialist, Art Unit 3992
(571) 272-1944
December 1, 2021

Conferees:

/LINH M NGUYEN/
Primary Examiner, Art Unit 3992

/HETUL B PATEL/
Supervisory Patent Examiner, Art Unit 3992

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | | 13961452 |
| Filing Date | | 2013-08-07 |
| First Named Inventor | Timothy R. Pryor | |
| Art Unit | | |
| Examiner Name | | |
| Attorney Docket Number | | |

### U.S.PATENTS                                                                 Remove

| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | 5982853 | | 1999-11-09 | Liebermann | |
| | 2 | 6115482 | | 2000-09-05 | Sears et al. | |
| | 3 | 6622015 | | 2003-09-16 | Himmel et al. | |
| | 4 | 6434403 | | 2002-08-13 | Ausems et al. | |
| | 5 | 5594469 | | 1997-01-14 | Freeman et al. | |
| | 6 | 6144366 | | 2000-11-07 | Numazaki et al. | |
| | 7 | 6256033 | | 2001-07-03 | Nguyen | |
| | 8 | 5454043 | | 1995-09-26 | Freeman | |

EFS Web 2.1.17

| | | | | Application Number | 13961452 |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | | | | Filing Date | 2013-08-07 |
| | | | | First Named Inventor | Timothy R. Pryor |
| | | | | Art Unit | |
| | | | | Examiner Name | |
| | | | | Attorney Docket Number | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 9 | 4988981 | | 1991-01-29 | Zimmerman et al. | |
| | 10 | 6147678 | | 2000-11-14 | Kumar et al. | |
| | 11 | 5748326 | | 1998-05-05 | Thompson-Bell et al. | |
| | 12 | 6262767 | | 2001-07-17 | Wakui | |
| | 13 | 6677996 | | 2004-01-13 | Chung et al. | |
| | 14 | 5534921 | | 1996-07-09 | Sawanobori | |
| | 15 | 5249053 | | 1993-09-28 | Jain | |
| | 16 | 6198485 | | 2001-03-06 | Mack et al. | |
| | 17 | 5475427 | | 1995-12-12 | Horowitz | |

If you wish to add additional U.S. Patent citation information please click the Add button. | Add |

**U.S.PATENT APPLICATION PUBLICATIONS** | Remove |

| Examiner Initial* | Cite No | Publication Number | Kind Code¹ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|

EFS Web 2.1.17

| | | Application Number | 13961452 |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Not for submission under 37 CFR 1.99) | | Filing Date | 2013-08-07 |
| | | First Named Inventor | Timothy R. Pryor |
| | | Art Unit | |
| | | Examiner Name | |
| | | Attorney Docket Number | |

| | 1 | | | | |
|---|---|---|---|---|---|

If you wish to add additional U.S. Published Application citation information please click the Add button. [Add]

### FOREIGN PATENT DOCUMENTS [Remove]

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2]i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | 2175288 | CA | | 1997-10-30 | Bushnag | | |

If you wish to add additional Foreign Patent Document citation information please click the Add button [Add]

### NON-PATENT LITERATURE DOCUMENTS [Remove]

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| | 1 | MICROSOFT, Microsoft Announces Release of Windows CE 2.0 - Stories, Sept. 29, 1997. | |
| | 2 | V. PAVLOVIC et al., Visual Interpretation of Hand Gestures for Human-Computer Interaction: A Review, 19 IEEE TRANSACTIONS ON PATTERN ANALYSIS AND MACHINE INTELLIGENCE 677 (1997). | |
| | 3 | Sony DXC-LS1 Brochure, 1997. | |
| | 4 | Bushnag Bibliographic Summary, Canadian Patents Database, accessed August 2021. | |

If you wish to add additional non-patent literature document citation information please click the Add button [Add]

### EXAMINER SIGNATURE

| Examiner Signature | /JAMES A MENEFEE/ | Date Considered | 11/17/2021 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EFS Web 2.1.17

| | Application Number | 13961452 |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Filing Date | 2013-08-07 |
| | First Named Inventor | Timothy R. Pryor |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04.  [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3).  [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.  [5] Applicant is to place a check mark here if English language translation is attached.

EFS Web 2.1.17

|  | Application Number | 13961452 |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Filing Date | 2013-08-07 |
| | First Named Inventor | Timothy R. Pryor |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | |

## CERTIFICATION STATEMENT

Please see 37 CFR 1.97 and 1.98 to make the appropriate selection(s):

☐ That each item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a counterpart foreign application not more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(1).

**OR**

☐ That no item of information contained in the information disclosure statement was cited in a communication from a foreign patent office in a counterpart foreign application, and, to the knowledge of the person signing the certification after making reasonable inquiry, no item of information contained in the information disclosure statement was known to any individual designated in 37 CFR 1.56(c) more than three months prior to the filing of the information disclosure statement. See 37 CFR 1.97(e)(2).

☐ See attached certification statement.

☐ The fee set forth in 37 CFR 1.17 (p) has been submitted herewith.

☒ A certification statement is not submitted herewith.

### SIGNATURE

A signature of the applicant or representative is required in accordance with CFR 1.33, 10.18. Please see CFR 1.4(d) for the form of the signature.

| Signature | /Joseph E. Palys/ | Date (YYYY-MM-DD) | 2021-11-11 |
|---|---|---|---|
| Name/Print | Joseph E. Palys | Registration Number | 46508 |

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1 hour to complete, including gathering, preparing and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

EFS Web 2.1.17

## Privacy Act Statement

The Privacy Act of 1974 (P.L. 93-579) requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether the Freedom of Information Act requires disclosure of these record s.

2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.

3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.

4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).

5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.

6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).

7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.

8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspections or an issued patent.

9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

EFS Web 2.1.17