IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC,<br><br>    Plaintiff<br><br>v.<br><br>HUAWEI DEVICE CO., LTD., AND HUAWEI DEVICE USA, INC.,<br><br>    Defendants. | **JURY TRIAL DEMANDED**<br><br>C.A. NO. 2:21-cv-00040-JRG<br><br>LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | C.A. NO. 2:21-cv-00041-JRG |

**PLAINTIFF GESTURE TECHNOLOGY PARTNERS, LLC'S
OPPOSED MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

**A.      MOTIONS *IN LIMINE*** .................................................................................................... 1

1. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiring about or eliciting any testimony regarding settlement discussions from any case. ................................................................... 1

2. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding any claims of privilege asserted by any party during discovery, privileged subject matter, or any communications between the parties and their attorneys, or any attempt to elicit any testimony that the party knows will, or is intended to, cause the responding party to invoke its right to attorney-client confidentiality, including advice of counsel relating to alleged infringement of the asserted patents. ........................................................................................................................ 2

3. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding withdrawn infringement allegations, claims never asserted or no longer asserted, or no longer accused products............................................................... 2

4. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony comparing the accused products to the preferred embodiments of the asserted patents. ............... 3

5. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding noninfringement based on alleged practice of the prior art. ................................. 3

6. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding whether any asserted claims of the asserted patents are unpatentable under 35 U.S.C. § 101 as an invalidity defense. .................................................................. 4

7. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding any pending and/or requested USPTO post-grant proceeding regarding the asserted patents, including IPRs or reexaminations or the success rate of such proceedings. .......................................................................................................... 4

8. Any reference, evidence, testimony (including expert testimony), or argument (or inquiry about or eliciting any testimony) about any matters that were not timely and properly disclosed pursuant to the Local Rules, the Federal Rules of Civil Procedure, the Court's Docket Control Order, or other Court Orders........................................................................................................................ 5

9. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony regarding equitable defenses or related issues. ...................................... 5

10. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding the prosecution history of the asserted patents. ............................................................. 6

11. Any reference, evidence, testimony (including expert testimony) or argument regarding other courts' opinions (or references thereto) that limited or excluded an expert's testimony or opinion. ........................................................ 6

12. Any arguments or testimony that GTP's infringement analysis is incomplete, inaccurate, or in any way deficient because GTP did not review or analyze 13 of the identified applications and/or features on which Samsung has refused discovery. ................................................................................................ 7

13. Any reference, evidence, testimony (including expert testimony) or argument indicating or suggesting that the case lacks merit or has less value because the patents-in-suit are expired. ................................................................ 7

14. Any reference, evidence, testimony (including expert testimony) or argument that any alleged delay in filing the lawsuit indicates any lack or diminution of value of the claims. ........................................................................ 8

15. Any reference to or argument regarding Defendants' patents or patent applications as related to, being practiced by, or implemented in, the accused products or as a defense to infringement. .............................................................. 8

16. Any argument or testimony regarding alleged improperly named or omitted inventors. ..................................................................................................... 10

17. Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony concerning, the workload of the USPTO or of its examiners or otherwise disparaging the USPTO or its employees in any way. ................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
  265 F.3d 1294 (Fed. Cir. 2001) .................................................................................................. 11

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
  No. 5:09-CV-135, 2010 U.S. Dist. LEXIS 145630 (E.D. Tex. Mar. 31, 2010)
  (Folsom, J.) .................................................................................................................................. 3

*Berkheimer v. HP Inc.*,
  881 F.3d 1360 (Fed. Cir. 2018) .................................................................................................... 5

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*,
  80 F.3d 1553 (Fed. Cir. 1996) .................................................................................................... 10

*Blanchard v. Putnam*,
  75 U.S. 420 (1869) ..................................................................................................................... 11

*Brown & Brown of Miss., LLC v. Baker*,
  No. 1:16CV327-LG-RHW, 2017 U.S. Dist. LEXIS 225637 (S.D. Miss. Dec. 6, 2017) ............. 6

*Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.*,
  No. CIV. A. 92-3158, 1995 WL 468234 (E.D. La. July 27, 1995) ............................................ 11

*Catalina Lighting v. Lamps Plus*,
  295 F.3d 1277 (Fed. Cir. 2002) .................................................................................................... 3

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
  2016 U.S. Dist. LEXIS 126811 (E.D. Tex. July 12, 2016) (Payne, J.) ........................................ 5

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
  C.A. No. 2:14-cv-911-JRG-RSP, 2016 U.S. Dist. LEXIS 121075
  (E.D. Tex. Sep. 8, 2016) (Gilstrap, J.) .......................................................................................... 6

*Cybergym Research, LLC v. Icon Health & Fitness, Inc.*,
  No. 2:05-CV-527 (DF), 2007 U.S. Dist. LEXIS 102199 (E.D. Tex. Oct. 7, 2007)
  (Folsom, J.) .................................................................................................................................. 8

*Datatreasury Corp. v. Wells Fargo & Co.*,
  No. 2:06-CV-72 DF, 2010 U.S. Dist. LEXIS 15205583 (E.D. Tex. Feb. 26, 2010) ................. 14

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp, LLC*,
  879 F.3d 1332 (Fed. Cir. 2018) .................................................................................................. 10

*HVLPO2, LLC v. Oxygen Frog, LLC,*
  949 F.3d 685 (Fed. Cir. 2020) .................................................................................................... 12

*Implicit, LLC v. NetScout Sys.*,
  2019 U.S. Dist. LEXIS 218468 (E.D. Tex. Nov. 21, 2019) (Gilstrap, C.J.) ................................ 5

*Intellectual Ventures I LLC v. Symantec Corp.,*
  C.A. No. 10-1067-LPS, 2015 WL 82052 (D. Del. Jan. 6, 2015) ............................................... 12

*L.C. Eldridge Sales Co. v. Azen Mfg. Pte.*,
   No. 6:11cv599, 2013 U.S. Dist. LEXIS 186151 (E.D. Tex. Nov. 13, 2013)
   (Schneider, J.) ........................................................................................................................ 13

*Mediatek Inc. v. Freescale Semiconductor, Inc.*,
   No. 11-cv-5341 YGR, 2014 U.S. Dist. LEXIS 31461 (N.D. Cal. Mar. 5, 2014) ....................... 7

*Metaswitch Networks, Ltd. v. Genband US LLC*,
   No. 2:14-cv-744-JRG-RSP, 2016 U.S. Dist. LEXIS 25420 (E.D. Tex. Mar. 1, 2016)
   (Payne, J.) ................................................................................................................................ 4

*Mobile Telcomms. Techs. v. ZTE United States, Inc.*,
   No. 2:13-CV-946-JRG, 2016 U.S. Dist. LEXIS 184653 (E.D. Tex. July 21, 2016)
   (Gilstrap, J.) ............................................................................................................................. 1

*Mobile Telcoms. Techs., LLC v. Clearwire Corp.*,
   No. 2:12-CV-308-JRG-RSP, 2014 U.S. Dist. LEXIS 11355 (E.D. Tex. Jan. 29, 2014)
   (Payne, J.) ................................................................................................................................ 8

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-CV-213-JRG-RSP, 2015 U.S. Dist. LEXIS 20306 (E.D. Tex. Jan. 30, 2015)
   (Payne, J.) ................................................................................................................................ 4

*Retractable Techs. Inc. v. Becton, Dickinson & Co.*,
   No. 2:07-CV-250, 2009 U.S. Dist. LEXIS 131236 (E.D. Tex. Oct. 8, 2009) (Folsom, J) ....... 12

*Saffran v. Johnson & Johnson*,
   No. 2:07-CV-451 (TJW), 2011 U.S. Dist. LEXIS 157505 (E.D. Tex. Jan. 13, 2011)
   (Ward, J.) ................................................................................................................................. 3

*Salazar v. HTC Corp.*,
   No. 2:16-cv-01096-JRG-RSP, Dkt. 236 (E.D. Tex. Apr. 16, 2018) ......................................... 7

*Smartflash LLC v. Apple Inc.*,
   No. 6:13-CV-447-JRG-KNM, 2015 U.S. Dist. LEXIS 179336 (E.D. Tex. Jan. 29, 2015)
   (Mitchell, J.) ............................................................................................................................ 2

*SSL Servs., LLC v. Citrix Sys.*,
   No. 2:08-cv-158-JRG, 2012 U.S. Dist. LEXIS 198173 (E.D. Tex. May 23, 2012) ................ 14

*Stark v. Advanced Magnetics, Inc.*,
   119 F.3d 1551 (Fed. Cir. 1997) .............................................................................................. 13

*ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*,
   No. 2:14-cv-203-JRG-RSP, 2015 U.S. Dist. LEXIS 191430 (E.D. Tex. Oct. 28, 2015)
   (Payne, J.) ................................................................................................................................ 8

**Statutes**

35 U.S.C. § 101 ............................................................................................................................. 4

35 U.S.C. §256 ............................................................................................................................ 10

Plaintiff Gesture Technology Partners, LLC ("GTP") hereby moves the Court for an order *in limine* to instruct counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants") not to mention, comment on, allude to, refer to, or elicit testimony (including from experts) in the presence of the jury—on each of the following categories of evidence discussed below without first approaching the Bench and seeking permission from the Court.

**A.    MOTIONS *IN LIMINE***

**1.    Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiring about or eliciting any testimony regarding settlement discussions from any case.**

Defendants should be precluded from introducing any reference, evidence, testimony, or argument regarding settlement discussions of any type, including in this case. The testimony and evidence that Defendants seek to introduce is not relevant to any issue in the case. Any such argument or testimony would confuse the jury, and would be more prejudicial than probative. Fed R. Evid. 403. The Court has granted similar motions. *See Mobile Telcomms. Techs. v. ZTE United States, Inc.*, No. 2:13-CV-946-JRG, 2016 U.S. Dist. LEXIS 184653, at *3-4 (E.D. Tex. July 21, 2016) (Gilstrap, J.) (granting motion *in limine* to exclude "any argument, evidence, testimony, or reference to settlement discussions in this case"); Ex. A, *Estech Sys. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *2 (E.D. Tex. July 21, 2021) (Payne, J.).

2.   **Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding any claims of privilege asserted by any party during discovery, privileged subject matter, or any communications between the parties and their attorneys, or any attempt to elicit any testimony that the party knows will, or is intended to, cause the responding party to invoke its right to attorney-client confidentiality, including advice of counsel relating to alleged infringement of the asserted patents.**

The parties should be precluded from introducing any argument or testimony about any claims of privilege asserted by any party during discovery, privileged subject matter, or any communications between the parties and their attorneys, or any attempt to elicit any testimony that the party knows will, or is intended to, cause the responding party to invoke its right to attorney-client confidentiality. By purposely seeking testimony regarding privileged subject matter (and the witness asserting privilege), Defendants would confuse the jury. Moreover, privileged subject matter is not relevant to any issue in the case. The Court has granted similar motions. *See, e.g.*, *Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447-JRG-KNM, 2015 U.S. Dist. LEXIS 179336, at *10 (E.D. Tex. Jan. 29, 2015) (Mitchell, J.); Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *9.

3.   **Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding withdrawn infringement allegations, claims never asserted or no longer asserted, or no longer accused products.**

Defendants should be precluded from introducing any argument or testimony about withdrawn infringement allegations, patent claims never asserted or no longer asserted, or products that are no longer accused of infringement. Such argument or testimony is not relevant to any issue submitted to the jury, and it presents a substantial danger of confusing the issues and misleading the jury. The Court has granted similar motions. *See, e.g.,* Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *8; *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 U.S. Dist. LEXIS 145630, at *7 (E.D. Tex. Mar. 31, 2010) (Folsom, J.) ("On

balance, the Court agrees with ATI that permitting 'sideshow' litigation about dropped claims and instrumentalities would cause undue prejudice, jury confusion, and waste of time.").

> 4. **Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony comparing the accused products to the preferred embodiments of the asserted patents.**

Defendants should be precluded from introducing any argument or testimony that compares the accused products to the preferred embodiments of the patents-in-suit. "[I]nfringement is to be determined by comparing the asserted claim to the accused device, not by comparing the accused device to the figures of the asserted patent." *Catalina Lighting v. Lamps Plus*, 295 F.3d 1277, 1286 (Fed. Cir. 2002). Argument or testimony about any other comparison would be confusing and highly prejudicial. The Court has granted similar motions. *See, e.g.,* Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *9; *Saffran v. Johnson & Johnson*, No. 2:07-CV-451 (TJW), 2011 U.S. Dist. LEXIS 157505, at *4 (E.D. Tex. Jan. 13, 2011) (Ward, J.).

> 5. **Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding noninfringement based on alleged practice of the prior art.**

Defendants should be precluded from introducing any argument or testimony that they do not infringe because they practice the prior art. Arguments or testimony on this issue have no probative value to the claims and defenses in these actions and would serve only to confuse and prejudice the jury. The Court has granted similar motions. *See, e.g., Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 U.S. Dist. LEXIS 20306, at *15 (E.D. Tex. Jan. 30, 2015) (Payne, J.) ("It would be improper for Samsung to argue that the accused products do not infringe merely because they practice the prior art."); *Metaswitch Networks, Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 U.S. Dist. LEXIS 25420, at *12 (E.D. Tex. Mar. 1, 2016) (Payne, J.); Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *5.

> 6. **Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding whether any asserted claims of the asserted patents are unpatentable under 35 U.S.C. § 101 as an invalidity defense.**

Defendants should be precluded from introducing any argument, testimony, or evidence that the asserted patents are unpatentable under 35 U.S.C. § 101. Subject matter eligibility under 35 U.S.C. § 101 is a question of law. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). The Court has granted similar motions. *Implicit, LLC v. NetScout Sys.*, 2019 U.S. Dist. LEXIS 218468, at *6 (E.D. Tex. Nov. 21, 2019) (Gilstrap, C.J.) (granting motion *in limine* " Defendants will not offer, solicit, or refer to testimony, evidence, or argument regarding any alleged invalidity of any patent-in-suit for being directed to unpatentable subject matter under 35 U.S.C. § 101.").

> 7. **Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding any pending and/or requested USPTO post-grant proceeding regarding the asserted patents, including IPRs or reexaminations or the success rate of such proceedings.**

GTP moves to preclude any reference to any ongoing post-grant proceedings involving the Asserted Patents. During the pendency of this case, Defendants filed four currently pending *ex parte* reexamination petitions against the Asserted Patents, and non-parties Unified Patents, LLC and Apple, Inc. have filed five currently pending IPRs against the Asserted Patents. Non-parties LG Electronics Inc., LG Electronics Inc. U.S.A., and Google LLC have filed motion for joinders to those IPRs. Those proceedings, including any reference to their institution, are not relevant to the issues to be decided by the jury in this case, and any limited probative value would be outweighed substantially by the danger of jury confusion and unfair prejudice to GTP. *See* FED. R. EVID. 401-403. Courts including this one have routinely kept such information about parallel post-grant proceedings from the jury. *See, e.g., Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2016 U.S. Dist. LEXIS 126811, at *9 (E.D. Tex. July 12, 2016) (Payne, J.) ("The parties may

not refer to the existence, pendency, or outcome of post-grant proceedings at the USPTO"), *report and recommendation adopted*, *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, C.A. No. 2:14-cv-911-JRG-RSP, 2016 U.S. Dist. LEXIS 121075, at *6 (E.D. Tex. Sep. 8, 2016) (Gilstrap, J.); Ex. B, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-308-ADA, ECF No. 332, at 4 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion in *limine* as to IPRs); *see also* Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *2.

> **8. Any reference, evidence, testimony (including expert testimony), or argument (or inquiry about or eliciting any testimony) about any matters that were not timely and properly disclosed pursuant to the Local Rules, the Federal Rules of Civil Procedure, the Court's Docket Control Order, or other Court Orders.**

This case is now less than two months from trial. At this late date, any matters that have not been timely and properly disclosed under the applicable rules, the Docket Control Order, and other orders of the Court, would cause undue prejudice to GTP if Defendants were allowed to introduce them at trial to the jury, for any reason other than impeachment. *See, e.g.*, *Brown & Brown of Miss., LLC v. Baker*, No. 1:16CV327-LG-RHW, 2017 U.S. Dist. LEXIS 225637, at *5 (S.D. Miss. Dec. 6, 2017) ("The parties will be prohibited from presenting evidence, fact witnesses, and/or expert testimony that were not timely disclosed during discovery."); Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *82

> **9. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony regarding equitable defenses or related issues.**

Defendants should be precluded from introducing any argument or testimony about equitable issues. Defendants have stipulated that they will not plead or otherwise assert that GTP's claims are "barred by the doctrines of prosecution history estoppel, judicial estoppel, laches, patent exhaustion, implied license, or ensnarement." Dkt. No 134 at ¶ 2. There is no right to a jury trial on any equitable claims or defenses. The Court has granted similar motions. *See Salazar v. HTC*

*Corp.*, No. 2:16-cv-01096-JRG-RSP, Dkt. 236, *6 (E.D. Tex. Apr. 16, 2018);  Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *5.

  **10.**   **Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony regarding the prosecution history of the asserted patents.**

Defendants should be precluded from introducing any argument or testimony about the prosecution history of the asserted patents.  The Court has already construed the claims, and it is improper for experts to opine on claim construction using the prosecution history.  *See, e.g., Mediatek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 YGR, 2014 U.S. Dist. LEXIS 31461, at *18 (N.D. Cal. Mar. 5, 2014) (excluding expert testimony that "relies heavily on the prosecution history, specifications, and even provisional applications to explain and expound upon a specific meaning and/or requirements of the terms identified.").  The prosecution history is not relevant to any of the issues in the case.  Accordingly, any such arguments or testimony would confuse the jury and be highly prejudicial.  The Court has granted similar motions.  *See, e.g.*, *ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-cv-203-JRG-RSP, 2015 U.S. Dist. LEXIS 191430, at *8-9 (E.D. Tex. Oct. 28, 2015)(Payne, J.); *Cybergym Research, LLC v. Icon Health & Fitness, Inc.*, No. 2:05-CV-527 (DF), 2007 U.S. Dist. LEXIS 102199, at *7-8 (E.D. Tex. Oct. 7, 2007) (Folsom, J.); Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *89

  **11.**   **Any reference, evidence, testimony (including expert testimony) or argument regarding other courts' opinions (or references thereto) that limited or excluded an expert's testimony or opinion.**

Defendants should be precluded from introducing any argument or testimony about court opinions limiting or excluding an expert's testimony or opinions.  Any such argument or testimony would be irrelevant, confuse the jury, and create unfair prejudice.  The Court has granted similar motions.  *See, e.g., Mobile Telcoms. Techs., LLC v. Clearwire Corp.*, No. 2:12-CV-308-JRG-RSP, 2014 U.S. Dist. LEXIS 11355, at *2 (E.D. Tex. Jan. 29, 2014) (Payne, J.) ("The Court finds that

allowing evidence that an expert has been excluded in other cases carries a significant risk of juror confusion and unfair prejudice.").

12. **Any arguments or testimony that GTP's infringement analysis is incomplete, inaccurate, or in any way deficient because GTP did not review or analyze 13 of the identified applications and/or features on which Samsung has refused discovery.**

Defendants should be precluded from using their discovery conduct as both a sword and shield. GTP served interrogatories and sought production of documents related to 20 different software applications and/or features that implement hardware components to infringe the Asserted Patents. Defendants only provided discovery on seven of the 20 identified applications and/or features and they refused to provide discovery on the remaining 13 applications and/or features. Discovery related to those 13 applications and/or features are the subject of pending discovery motions and are critical to GTP's infringement and damages claims.[1]

Defendants thus shielded themselves from disclosing relevant discovery by refusing to provide the relevant information to GTP. They should not be permitted at the trial to use their obstructive discovery conduct as a sword to attack GTP's infringement analysis. Nor should Defendants be permitted to argue that evidence they previously characterized as irrelevant to infringement, would now be relevant.

13. **Any reference, evidence, testimony (including expert testimony) or argument indicating or suggesting that the case lacks merit or has less value because the patents-in-suit are expired.**

Defendants apparently intend to introduce evidence, testimony, or argument that this case lacks merit because the patents-in-suit are expired. The testimony or evidence that Defendants

---

[1] The 13 applications are the subject of Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion for Protective Order (Dkt. No. 84) and Plaintiff Gesture Technology Partners, LLC's Motion and Brief in Support of its Motion to Compel Discovery from Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (Dkt. No. 99).

seek to introduce is not relevant to any issue in the case. Any such argument or testimony would confuse the jury, and would be more prejudicial than probative. Fed R. Evid. 403.

>    14.   **Any reference, evidence, testimony (including expert testimony) or argument that any alleged delay in filing the lawsuit indicates any lack or diminution of value of the claims.**

Defendants should be precluded from introducing any argument or testimony about any alleged delay by GTP in filing suit against Defendants as relevant to the value of the claims. Such evidence "is not relevant to damages, even when considering the *Georgia-Pacific* factors" because "'[t]he argument that the delay in bringing suit somehow establishes [patent owner's] perception of the value of its invention is specious.'" *See Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp, LLC*, 879 F.3d 1332, 1352 (Fed. Cir. 2018). The Court has granted similar motions. *See, e.g.,* Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *5.

>    15.   **Any reference to or argument regarding Defendants' patents or patent applications as related to, being practiced by, or implemented in, the accused products or as a defense to infringement.**

Under Federal Rules of Evidence 401-403, 602, and 701-702, GTP moves to exclude any reference to Defendants' patents or patent applications as related to, being practiced by the accused products or implemented in, the accused products, or as a defense to infringement. Argument by Defendants that their patents or patent applications are related to, practiced by, or implemented in, the accused products is not relevant to any of the issues before the jury. A defendant's patents cannot be a basis for non-infringement. *See, e.g., Bio-Tech. Gen. Corp. v. Genentech, Inc.,* 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent."); *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.,* 265 F.3d 1294, 1309 (Fed. Cir. 2001) ("The fact that [accused infringer's] patent might read on the [accused device] is totally irrelevant to the question of whether [the accused infringer] willfully infringed another patent."). Moreover, to the extent Defendants might argue that their

own patents could be relevant to damages, they have not offered any expert opinions regarding those patents or any purported relevance.

Moreover, introduction of such arguments or evidence about Defendants' patents would only unfairly prejudice GTP and confuse or mislead the jury regarding the patents at issue in the case, as well as suggest that Defendants cannot infringe because they have their own patents. The Supreme Court, Federal Circuit, and trial courts have all recognized that introduction of an infringer's own patents poses an exceptionally high risk of confusion and prejudice. *See Blanchard v. Putnam,* 75 U.S. 420, 425 (1869) (reversing judgment for accused infringer and remanding for new trial, as such evidence would "was well calculated to mislead the jury by withdrawing their attention from the real subject-matter in controversy"); *Glaros v. H.H. Robertson Co.,* 797 F.2d 1564, 1572–73 (Fed. Cir. 1986) (affirming exclusion of accused infringer's patents because they "would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues."); *Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.,* No. CIV. A. 92-3158, 1995 WL 468234, at *6 (E.D. La. July 27, 1995) (granting motion *in limine*).

To avoid that risk, this Court and others have granted motions *in limine* excluding such evidence when there is no specific showing of relevance. *See, e.g., Retractable Techs. Inc. v. Becton, Dickinson & Co.,* No. 2:07-CV-250, 2009 U.S. Dist. LEXIS 131236, at *23 (E.D. Tex. Oct. 8, 2009) (Folsom, J) (granting motion *in limine* to exclude "any argument by Defendant that it does not infringe because the accused product is purportedly covered by patents that Defendant owns or licenses.")*;* Ex. B, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-308-ADA, ECF No. 332, at 4 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion *in limine* to exclude "[a]llegations that any of Roku's Patents are Related to and/or Cover the Accused Products") (Albright, J.);

*Intellectual Ventures I LLC v. Symantec Corp.,* C.A. No. 10-1067-LPS, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015). Moreover, any evidence related to Defendants' own patents being related to, practiced by, or implemented in the accused products should be excluded under FRE 602, 701, and 702. As discussed above, Defendants have not offered any expert opinion that the accused products embody any of Defendants' patents or other opinions regarding the relevance of any of Defendants' patents. The determination of whether a patent covers a product generally requires specialized expert knowledge. *See, e.g., HVLPO2, LLC v. Oxygen Frog, LLC,* 949 F.3d 685, 688-89 (Fed. Cir. 2020) (issues of infringement and validity "are analyzed in great part from the perspective of a person of ordinary skill in the art," such that a witness who is "not 'qualified as an expert… in the pertinent art ... [cannot] 'assist the trier of fact to understand the evidence ….). As such, there is no witness who could provide evidence of the relevance of any of Defendants' patents to the accused product. Defendants should be precluded from arguing that their products practice their patents or patent applications.

**16. Any argument or testimony regarding alleged improperly named or omitted inventors.**

Defendants apparently intend to introduce testimony or argument that the patents-in-suit improperly name or omit inventors. The testimony that Defendants seek to introduce is not relevant to any jury issue in the case. Any such argument or testimony would confuse the jury, and would be more prejudicial than probative. Fed R. Evid. 403. The incorrect listing or omission of an inventor does not affect validity. *See* 35 U.S.C. §256; *see also Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1553 (Fed. Cir. 1997) (discussing 35 U.S.C. §256). Nor is it relevant to infringement or damages. The Court has granted similar motions. *See, e.g*; Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *6; *L.C. Eldridge Sales Co. v. Azen Mfg. Pte.*, No. 6:11cv599, 2013 U.S. Dist. LEXIS 186151, at *9 (E.D. Tex. Nov. 13, 2013) (Schneider, J.).

**17.     Any reference, evidence, testimony (including expert testimony), or argument regarding, or inquiry about or eliciting any testimony concerning, the workload of the USPTO or of its examiners or otherwise disparaging the USPTO or its employees in any way.**

Defendants should be precluded from introducing any argument or testimony about the workload of the USPTO or of its examiners or otherwise disparaging the USPTO or its employees in any way. Arguments or testimony on this issue have no probative value to the claims and defenses and would serve only to confuse and prejudice the jury. The Court has granted similar motions. *See, e.g.,* Ex. A, *Estech Sys.*, No. 2:20-cv-00123-JRG-RSP, Dkt. No. 304, at *5; *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 U.S. Dist. LEXIS 152055, at *82-83 (E.D. Tex. Feb. 26, 2010); *SSL Servs., LLC v. Citrix Sys.*, No. 2:08-cv-158-JRG, 2012 U.S. Dist. LEXIS 198173, at *7-8 (E.D. Tex. May 23, 2012).

Dated:  January 10, 2022                                         Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855
Michael Simons
Texas State Bar No. 24008042
Robert Daniel Garza
Texas State Bar No. 24097730
Robert Rhodes
Texas State Bar No. 24116958
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 601
Austin, TX 78701
Tel: 512-543-1354
fwilliams@wsltrial.com
msimons@wsltrial.com
dgarza@wsltrial.com
rrhodes@wsltria.com

Todd E. Landis
State Bar No. 24030226
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366

Dallas, TX 75204
Tel: 512-543-1357
tlandis@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite A #453
Philadelphia, PA 19103
Tel: 512-543-1373
johnw@wsltrial.com

Kevin S. Kudlac
Texas Bar No. 00790089
Kudlac PLLC
1916 Wimberly Lane
Austin, TX 78735
Tel: 512-656-5743
kevin@kudlacIP.com

*Attorneys for Plaintiff*
*Gesture Technology Partners, LLC*

-12-

## CERTIFICATE OF CONFERENCE

I certify that on January 10, 2022, Plaintiff's counsel, Fred Williams, and Defendants' counsel, Chis Kennerly, met and conferred by telephone regarding these motions *in limine*. Counsel for Defendants indicated that they oppose these motions.

> */s/ Fred I. Williams*
> Fred I. Williams

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2022, the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF System, pursuant to the Federal Rules of Civil Procedure.

> */s/ Fred I. Williams*
> Fred I. Williams