# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00040-JRG |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA INC., | § § § | (LEAD CASE) |
| *Defendants*. | § § § | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | CIVIL ACTION NO. 2:21-CV-00041-JRG (CONSOLIDATED CASE) |
| *Defendants*. | § § | |

## ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 23) (the "Motion"). In the Motion, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") request that the Court dismiss Plaintiff Gesture Technology Partners, LLC's ("Gesture") Complaint (Dkt. No. 1) for failure to plead a claim on which relief can be granted.

Also before the Court is the parties' Joint Motion and Stipulation Regarding Certain Claims and Defenses (Dkt. No. 134) (the "Stipulation"). In the Stipulation, the parties inform the Court that they have agreed that Gesture will dismiss with prejudice all claims and allegations against Samsung of indirect infringement, infringement under the doctrine of equivalents, and willful infringement. In return, Samsung agrees not to plead or otherwise assert that Gesture's remaining

claims of direct, literal infringement are barred by the doctrines of prosecution history estoppel, judicial estoppel, laches, patent exhaustion, implied license, or ensnarement. Samsung also agrees not to plead or otherwise assert that damages, if any, for Gesture's remaining claims of direct, literal infringement are limited by 35 U.S.C. § 287.

Having consider the Stipulation, and noting its joint nature, the Court **ACKNOWLEDGES** and **ACCEPTS** the Stipulation. Accordingly, it is **ORDERED** that Gesture's claims of indirect infringement, infringement under the doctrine of equivalents, and willful infringement in the above-captioned case are **DISMISSED WITH PREJUDICE**. Further, Samsung is **BARRED** from asserting that Gesture's claims of direct, literal infringement are barred by the doctrines of prosecution history estoppel, judicial estoppel, laches, patent exhaustion, implied license, or ensnarement and from asserting that any damages are limited by 35 U.S.C. § 287.

Having considered the Motion, the associated briefing, and for the reasons set forth below, the Court finds that the Motion should be and hereby is **DENIED**.

I.  BACKGROUND

Gesture filed the above-captioned suit against Samsung on February 24, 2021, alleging infringement of U.S. Pat. Nos. 8,194,924 (the "'924 Patent"); 7,933,431 (the "'431 Patent"); 8,878,949 (the "'949 Patent"); and 8,553,079 (the "'079 Patent") (collectively, the "Asserted Patents"). (Case No. 2:21-cv-41, Dkt. No. 1.) Gesture alleged that Samsung's smartphones and tablets, including the Samsung Galaxy Note Series, S Series, Z Series, A Series, M Series, Galaxy Tab S7/7+, S6, S5, and S4 products. Samsung moves to dismiss the Complaint on the grounds that Gesture had failed to adequately plead infringement of any of the Asserted Patents.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 826 (E.D. Tex. 2019). In evaluating a motion to dismiss, the Court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *Id.* at 827 (citation omitted). The "plaintiff is generally required to provide 'only a plausible "short and plain" statement of the plaintiff's claim . . .'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936 (E.D. Tex. 2016) (Bryson, J.); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the Fifth Circuit, a "motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## III. ANALYSIS

Samsung argues that Gesture's Complaint does not provide sufficient detail as to how the allegedly infringing features meet the limitations of the asserted claims of the four Asserted Patents. Rather than providing a breakdown of how an exemplary claim from each Asserted Patent is met by the accused features, Samsung contends that "[t]he only factual evidence GTP submits [are] four screenshots from Samsung's website covering only a fraction of the Accused Features" and "does not allege how these screenshots meet the language of the exemplary claims, which claim elements the screenshots purportedly satisfy, or which features allegedly infringe which claims." (Dkt. No. 23 at 4-5.) Samsung cites *Chapterhouse, LLC v. Shopify, Inc.*, 2018 WL 6981828 (E.D. Tex. Dec. 10, 2018) for the proposition that a plaintiff's Complaint must provide "[an] explanation linking the screenshot(s) to the claim element(s) they purportedly illustrate[]." (Dkt. No. 23 at 3-4.)

Gesture responds that Samsung is attempting to impose an improperly high pleading standard. Gesture argues that Samsung is "asking the Court to require that detailed infringement contentions be included in the Complaint." (Dkt. No. 33 at 4.) Gesture further contends that Samsung concedes that the "Complaint identifies the specific patents, specific exemplary claims, and the Accused Products, including their features and capabilities." (*Id*. at 5.) Regarding *Chapterhouse*, Gesture argues that the case is distinguishable because in that case the Complaint provided only screenshots with no accompanying factual allegations. In contrast, Gesture contends that its Complaint "details how the accused products infringe each exemplary asserted claim." (Dkt. No. 36 at 3.)

The Court agrees with Gesture. Given the relative simplicity of the patents in this case, the Court is of the opinion that the Complaint contains sufficient factual allegations to "provide [Samsung] fair notice of infringement of the asserted patents." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Samsung is incorrect that this Court's opinion in *Chapterhouse* created a *per se* rule that screenshots and accompanying explanatory text are not sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly*. In *Chapterhouse*, the Complaint asserted "13 independent claims [] cover[ing] the hardware and software involved in an electronic transaction receipt system that allows digital receipts to be generated from information electronically read from the product and provides additional purchase opportunities to customers." *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018). The Court specifically contrasted the technology at issue in *Chapterhouse* with that in *Disc Disease*, where the Federal Circuit had approved of a pleading that did little more than allege that the accused products meet each and every element of at least one claim. *Chapterhouse*, 2018 WL 6981828, at *2 (citing *Disc Disease*, 888 F.3d at 1260). The

Court concluded that given the more complex technology at issue, the plaintiff's use of the particular screenshots in the Complaint failed to put the defendant on notice of "how the screenshots meet the text of the exemplary claim." *Chapterhouse*, 2018 WL 6981828, at *2.

Here, the technology at issue is closer in complexity to *Disc Disease* than *Chapterhouse*. The claims cover "using mobile phone cameras to assist a user to interact with their smartphone, including, for example, but not limited to unlocking their phone, taking and using photos or videos, and providing other functions." (Dkt. No. 1 at 4.) The screenshots and explanatory text in the Complaint specifically identify features that plausibly embody such functions. In this context, the Court concludes that the screenshots provided by the plaintiff, in addition to the explanatory text in the Complaint, are sufficient to provide Samsung fair notice of infringement of the asserted patents. For that reason, Samsung's arguments as to direct infringement fail.

Samsung's remaining arguments directed towards Gesture's claims of indirect and willful infringement are now moot in light of the Stipulation dismissing those claims with prejudice.

### IV.  CONCLUSION

For the reasons stated herein, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 23) is **DENIED**.

**So ORDERED and SIGNED this 14th day of January, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE