IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00040-JRG |
| HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA INC., | § § § § | (LEAD CASE) |
| Defendants. | § § § | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | CIVIL ACTION NO. 2:21-CV-00041-JRG (CONSOLIDATED CASE) |
| Defendants. | § | |

# ORDER

Before the Court is the Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion to Stay Pending Inter Partes Review and Ex Parte Reexamination Proceedings (Dkt. No. 157) (the "Motion"). In the Motion, the Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") request the Court stay the above-captioned case pending completion of ongoing *ex parte* reexamination and *inter partes* review proceedings before the United States Patent and Trademark Office.

Having considered the Motion, the associated briefing, and for the reasons set forth below, the Court finds that the Motion should be **DENIED**.

   **I.   BACKGROUND**

Plaintiff Gesture Technology Partners, LLC ("Gesture") filed the above-captioned suit against Samsung on February 4, 2021, alleging infringement of U.S. Pat. Nos. 8,194,924 (the "'924

1

Patent"); 7,933,431 (the "'431 Patent"); 8,878,949 (the "'949 Patent"); and 8,553,079 (the "'079 Patent") (collectively, the "Asserted Patents"). (Case No. 2:21-cv-41, Dkt. No. 1.) Gesture alleged that Samsung's smartphones and tablets, including the Samsung Galaxy Note Series, S Series, Z Series, A Series, M Series, Galaxy Tab S7/7+, S6, S5, and S4 products infringe certain claims of the Asserted Patents.

On November 22, 2021, the Patent Trial and Appeal Board ("PTAB") instituted an *inter partes* review ("IPR") proceeding petitioned by Unified Patents as to a portion of the asserted claims of the '431 Patent. On November 29, 2021, the PTAB instituted an IPR proceeding petitioned by Apple, Inc. ("Apple") as to the asserted claims of the '079 Patent. On December 6, 2021, the PTAB instituted an IPR proceedings petitioned by Apple as to all asserted claims of the '431 Patent and all asserted claims of the '924 Patent. Finally, on December 13, 2021, the PTAB instituted an IPR proceeding petitioned by Apple as to all asserted claims of the '494 Patent.

Samsung is not a party to any of the instituted IPR proceedings related to the Asserted Patents. However, on November 11, 2021, Samsung filed four *ex parte* reexamination ("EPR") requests with the United States Patent and Trademark Office ("PTO") requesting the PTO reopen prosecution of the Asserted Patents in light of substantial new questions of patentability. On December 2, 2021, the PTO granted Samsung's request as to the '924 and '949 Patents. On December 20, 2021, and January 11, 2022, the PTO granted Samsung's requests as to the '079 and '431 Patents, respectively.

II.     **LEGAL STANDARD**

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016). "In deciding whether to stay litigation pending

reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

The Court may grant a stay where "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). However, in a proceeding such as an IPR or an EPR, the Court will not stay a case "based solely on speculation of what might possibly happen," because such a stay "would be inefficient and inappropriate." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys.*, No. 2:19-CV-00225, Dkt. No. 205 at 4 (E.D. Tex. Nov. 23, 2020); *see also Soverain*, 356 F.Supp.2d at 662. With regard to EPR proceedings, before an Office Action of any kind has issued in the proceeding, "the *potential* to simplify the issues in question and the trial. . . is [] more speculative than factual." *Ramot*, No. 2:19-CV-00225, Dkt. No. 205 at 4 (emphasis in original). Regarding IPR proceedings, where the party seeking the stay is not a party to the IPR—and has not agreed to be estopped in a manner equivalent to a party to the IPR—the issue simplification factor does not favor a stay. *Intell. Ventures II LLC v. Kemper Corp.*, No. 6:16-CV-0081, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016) (finding the issue simplification factor "neutral or weigh[ing] slightly against a stay" where the movant did not agree to be bound by "full statutory estoppel").

### III.   ANALYSIS

Samsung contends that all of the factors to be considered by the Court favor granting a stay in this case because all of the asserted claims case are subject to instituted IPR proceedings and prosecution of all asserted claims has been reopened subject to EPR proceedings.

First, Samsung argues that Gesture will not be unduly prejudiced by a stay because Gesture does not practice any of the Asserted Patent or compete with Samsung in the marketplace and all four Assert Patents expired before the case began. Samsung also contends that it would be prejudiced by the denial of a stay because it will "incur the burden and expense of defending infringement allegations on patent claims that may and likely will be invalidated in one or more of the pending IPRs and/or EPRs." (Dkt. No. 157 at 5.) Lastly, Samsung argues that Gesture's "delay in filing the present action belies any purported prejudice" because it allegedly waited seven years to file the present action after it "became concerned about Samsung's alleged infringement in 2014." (*Id*. at 6.) Gesture responds that it would be unduly prejudiced by a stay in this case because "the timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive." *Intell. Ventures I LLC v. T Mobile USA, Inc.,* No. 2:17-CV-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018). Gesture also cites the advanced age of the inventor of the Asserted Patents and sole member of Gesture as weighing against a stay because the EPR and IPR proceedings could go on for several years. (Dkt. No. 186 at 5.)

Samsung next argues that a stay in this case will conserve judicial resources because "the parties and the Court will be required to expend significant additional resources in the immediate future and over the coming months on pretrial, trial, and post-trial efforts, both in the district court and potentially on appeal." (Dkt. No. 157 at 6) Gesture responds that the case is already in a very advanced stage, i.e., "[c]laim construction is completed, fact discovery is complete, expert reports have been served, the experts were deposed, and the parties have filed *Daubert* challenges and dispositive motions." (Dkt. No. 186 at 6.) Gesture argues that it would be inappropriate and inefficient to stay a case when "nearly all of the heavy lifting in this case is already complete, trial preparation is underway, and the trial is just over two months hence." (*Id*.)

4

Finally, Samsung contends that a stay will simplify the issues in this case because "[s]tatistically, it is undeniable that the IPRs and/or EPRs are likely to invalidate most if not all asserted claims of the Patents-in-Suit." (Dkt. No. 157. at 8.) Samsung does not dispute that it will not be subject to any estoppel resulting from the either proceedings, instead arguing that "the high likelihood of simplification as a consequence of claim invalidation nonetheless warrants a stay." (*Id*. at 9.) Gesture responds that any simplification at this point is purely speculative. Gesture argues that the IPR proceedings do not favor a stay because "Samsung is not estopped from challenging the validity of the asserted claims on the grounds that were raised or could have reasonably been raised in Apple's *inter partes* reviews." (*Id*.)  Regarding the EPR proceedings, Gesture also notes that such proceedings do not trigger any estoppel.  Gesture further contends any simplification that could arise from the EPR is purely speculative at this point because the proceedings are "far from complete." (*Id*. at 10)

The Court agrees with Gesture.  With regard to the IPR proceedings, Gesture is correct that the absence of any estoppel binding on Samsung as a result of those proceedings renders the issue simplification factor either neutral or slightly against a stay.  Likewise, for the EPR proceedings, Samsung's motion is at best premature.  While Samsung has informed the Court that EPR requests were granted as to all four Asserted Patents, it does not report that any Office Actions have issued rejecting any of the asserted claims.  It is particularly true that, prior to an Office Action issuing which rejects some or all of the asserted claims, any potential simplification of the issues is far too speculative to favor granting a stay.[1]

---

[1] The Court further notes that a stay is not guaranteed even in the event that an Office Action does issue, particularly in a case as advanced as this.  *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *3 (E.D. Tex. Jan. 6, 2022).

The Court concludes that the remaining factors are neutral or slightly disfavor a stay. While Gesture is correct that it is likely to suffer some prejudice from a delay in potentially enforcing its patent rights, such considerations alone are not sufficient to warrant a stay. Similarly, the stage of this case—with pretrial motions having been filed and briefing complete, but the pretrial conference yet to be held and the trial more than two months away—does not alone carry the day. However, on balance, all factors in the analysis are either neutral or disfavor granting a stay in this case. It is the movant's burden to demonstrate that a stay is warranted, and the Court concludes that Samsung's Motion fails to meet that burden in this case.

## IV.   CONCLUSION

For the reasons stated above, and in an effort to efficiently manage its docket, the Court hereby **DENIES** Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion to Stay Pending Inter Partes Review and Ex Parte Reexamination Proceedings (Dkt. No. 157).

**So ORDERED and SIGNED this 19th day of January, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE