IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.  2:21-CV-00040-JRG (LEAD CASE) |
| HUAWEI DEVICE CO., LTD.,  HUAWEI DEVICE USA INC., | § § § | |
| *Defendants*. | § § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § | CIVIL ACTION NO.  2:21-CV-00041-JRG (CONSOLIDATED CASE) |
| *Defendants*. | § § § | |

## ORDER

Before the Court is the Defendants' Motion For Leave To Amend Invalidity Contentions (Dkt. No. 76) (the "Motion").  In the Motion, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") request leave to supplement their Invalidity & Subject-Matter Eligibility contentions ("Invalidity Contentions").  Samsung further informs the Court that Plaintiff Gesture Technology Partners, LLC ("Gesture") opposes the Motion.

Having considered the Motion, the associated briefing, and for the reason stated herein, the Court finds that the Motion should be **GRANTED**.

## I.     BACKGROUND

Gesture filed the above-captioned suit against Samsung on February 4, 2021, alleging infringement of U.S. Pat. Nos. 8,194,924 (the "'924 Patent"); 7,933,431 (the "'431 Patent"); 8,878,949 (the "'949 Patent"); and 8,553,079 (the "'079 Patent") (collectively, the "Asserted

Patents").  (Case No. 2:21-cv-41, Dkt. No. 1.)  Gesture alleged that Samsung's smartphones and tablets, including the Samsung Galaxy Note Series, S Series, Z Series, A Series, M Series, Galaxy Tab S7/7+, S6, S5, and S4 products.  Samsung served its Invalidity Contentions on Gesture on July 6, 2021 and filed this Motion for leave to serve amended invalidity contentions on September 17, 2021.

## II.    LEGAL STANDARD

Under the Local Rules of the Eastern District of Texas, leave to amend invalidity contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause."  P.R. 3-6(b).  "Good cause," according to the Federal Circuit, "requires a showing of diligence."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 1366 (Fed. Cir. 2006).  The Court weighs multiple factors in determining whether good cause exists for leave to amend invalidity contentions, including but not limited to: (1) the length of the delay and its potential impact on judicial proceedings; (2) The reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the offending party was diligent in seeking an extension of time; (4) the importance of the particular matter; and (5) the danger of unfair prejudice to the non-movant.  *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 540-41 (E.D. Tex. 2015) (quoting *Comput. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007)).

## III.    ANALYSIS

Samsung requests leave to supplement its original invalidity contentions with additional information obtained from third-party subpoenas regarding the TV Controller Using Hand Gestures and Related Interactive Computer Graphics Applications ("MERL") and 3D Image Control with Hand Gestures, including Control of Molecular Biology Modeling ("MDScope")

prior art systems that it disclosed and charted in its original invalidity contentions.  (Dkt. No. 76 at 1-2.)  Samsung further informs the Court that the supplement does not seek to introduce new theories of invalidity or to alter the substance of existing theories.  (*Id*. at 3.)  Rather, Samsung contends that the supplement will merely serve to better explain and clarify for the jury the existing invalidity theories in this case.  (*Id*.)  Gesture does not dispute that Samsung's proposed supplement is limited to "background and support" for systems disclosed in the original contentions.  (Dkt. No. 90 at 4.)

Samsung argues that it has good cause to supplement its invalidity contentions because it was diligent in obtaining and disclosing the new information to Gesture, the supplement is important to the case as it will provide clarity to the jury regarding Samsung existing invalidity theories, and it will not prejudice Gesture to allow Samsung to supplement the contentions. Regarding diligence and the reason for the delay, Samsung notes that it served the third-party subpoenas on Mitsubishi Electric Research Laboratories, Inc. and the Beckman Institute at the University of Illinois at Urbana-Champaign—the respective creators of the MERL and MDScope systems—roughly eleven weeks before the close of fact discovery.  (Dkt. No. 76 at 3.)  Samsung also states that it disclosed the new information on MDScope and MERL to Gesture nine days and one day, respectively, after receiving the materials in response to the subpoenas.  (Dkt. No. 94 at 2.)  Gesture responds that Samsung fails to explain why it waited roughly a month after receiving the first new materials to propose its supplement.  (Dkt. No. 90 at 3-4.)

With regard to prejudice, Samsung contends that Gesture will not be prejudiced by the supplement because it merely adds additional support to prior art systems that were disclosed in the original contentions.  (Dkt. No. 76 at )  Gesture responds that it would be prejudiced because

of the delay and because the supplement would take effect after the claim construction hearing. (Dkt. No. 90 at 4-5.)

Lastly, Samsung argues that the supplement is important to the case because it will provide clarity and further explanation of two prior art systems to the jury.  Gesture responds that Samsung has conceded that the supplements are not important because they are "nothing new or unique" and are merely cumulative of existing information.  (Dkt. No. 90 at 4.)

The Court agrees with Samsung.  In this particular situation, Samsung appears to have been diligent in supplementing its contentions.  It informed Gesture of the new information in a timely fashion and any delay appears to have been caused by the inevitable time necessary for third parties to respond to subpoenas and the lack of publicly available information regarding the prior art systems.  Samsung is also not seeking to introduce new invalidity theories via its supplement and, as a result, the relative lack of prejudice also weighs in favor of granting the Motion.  Finally, the Court agrees with Samsung that the ability of the new information to clarify and explain the references disclosed in the original contentions renders it sufficiently important to this case. Gesture's arguments to the contrary are not persuasive.

## IV.    CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion For Leave To Amend Invalidity Contentions (Dkt. No. 76).

**So ORDERED and SIGNED this 24th day of January, 2022.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE