# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA INC., <br><br> *Defendants*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00040-JRG <br> (LEAD CASE) |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | § § § § § § | CIVIL ACTION NO. 2:21-CV-00041-JRG <br> (CONSOLIDATED CASE) |

## ORDER

Before the Court is the Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion for Reconsideration of the Court's Claim Construction Order (Dkt. 93) On The "Forward Facing" Terms (Dkt. No. 107) (the "Motion"). In the Motion, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") request the Court reconsider its construction of the "forward facing" claim terms as addressed in its Claim Construction Order. (Dkt. No. 93.)

Having considered the Motion, the associated briefing, and for the reasons set forth below, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

Plaintiff Gesture Technology Partners, LLC ("Gesture") filed the above-captioned suit against Samsung on February 4, 2021, alleging infringement of U.S. Pat. Nos. 8,194,924 (the "'924

1

Patent"); 7,933,431 (the "'431 Patent");  8,878,949 (the "'949 Patent"); and 8,553,079 (the "'079 Patent") (collectively, the "Asserted Patents").  (Case No. 2:21-cv-41, Dkt. No. 1.)  Gesture accused certain Samsung's smartphones and tablets, including the Samsung Galaxy Note Series, S Series, Z Series, A Series, M Series, Galaxy Tab S7/7+, S6, S5, and S4 products.

The Court held a claim construction hearing on September 21, 2021 and issued its Claim Construction Order on October 12, 2021.  (Dkt. No. 93.)

## II.     LEGAL STANDARD

A motion for reconsideration may be granted on the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

## III.    ANALYSIS

Samsung argues that the Court should reconsider its claim constructions of the terms "forward facing portion" and "forward facing light source," which the Court found to have their plain meanings.  (Dkt. No. 107 at 2.)  Samsung contends that it did not know the Court would conclude that "forward facing" is "just a label" in the context of the claims.  Further, Samsung says, had it known that, it would have brought up statements made by Gesture in a parallel *inter partes* review ("IPR") proceeding before the United States Patent and Trademark Office ("PTO") which allegedly contradict such a conclusion.  (*Id*. at 3-5.)  These statements include Gesture's alleged position that an "upward facing" portion of a prior art device was not the same as a "forward facing" portion.  (*Id*. at 4.)

Gesture responds that, as an initial matter, the Motion is improper because the IPR statements Samsung relies on in the Motion were available to and known by Samsung before the

2

claim construction hearing was held in this case.  (Dkt. No. 110 at 1-2.)  Gesture further responds that none of the statements it made during the IPR contradict the Court's conclusions, there was no clear or unequivocal disavowal of claim scope, and nothing in the Claim Construction Order constitutes a "manifest injustice" requiring reconsideration.  (Dkt. No. 110 at 2.)

The Court agrees with Gesture.  A motion for reconsideration is not merely a chance for one party to relitigate claim construction.  The statements Samsung seeks to rely upon in the Motion were made before the claim construction hearing and Samsung was aware of those statements.  The fact that Samsung regrets not having referenced the statements does not convert them into new evidence not previously available.  Samsung says it did not know that the Court might conclude that "forward facing" is "just a label."  This seems to say that unless a party knows precisely what the Court may conclude at claim construction it gets another chance.  If that were true, every claim construction hearing would always be the first of several hearings and the claim construction process would rapidly become a never-ending quagmire.  This court has no desire to signal the same to these parties in particular or the entire bar in general.

In addition, on the merits, the Court finds that the statements cited by Samsung are merely additional evidence that may have weighed, to some degree, towards Samsung's position.  However, none of the statements directly contradict the Court's rationale or ultimate constructions and certainly do not rise to the level of rendering the Court's constructions a "manifest injustice."  Parties with clever lawyers can always think of something more to say, if given the opportunity.  That is not the test for reconsideration.

## IV. CONCLUSION

For the reasons stated herein, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion for Reconsideration of the Court's Claim Construction Order (Dkt. 93) On The "Forward Facing" Terms (Dkt. No. 107) is **DENIED**.

**So ORDERED and SIGNED this 25th day of January, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE