# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., HUAWEI DEVICE USA, INC., <br><br> Defendants. | CASE NO. 2:21-cv-00040-JRG (Lead Case) <br><br> JURY TRIAL DEMANDED |
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | CASE NO. 2:21-cv-00041-JRG (Member Case) <br><br> JURY TRIAL DEMANDED |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF GESTURE TECHNOLOGY PARTNERS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), by and through the undersigned attorneys hereby respond to the Complaint for Patent Infringement ("Complaint") filed February 4, 2021 by Plaintiff Gesture Technology Partners, LLC ("GTP" or "Plaintiff"). Samsung denies all allegations set forth in the Complaint unless expressly admitted in the following paragraphs. In so doing, Samsung denies any allegations contained in Plaintiff's headings.

Samsung's specific responses to the numbered allegations of the Complaint are in the below numbered paragraphs as follows:

## PARTIES

1. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them.

2. Samsung admits that SEC is a corporation organized and existing under the laws of South Korea. It has its principal place of business at 129 Samsung- Ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea. Samsung admits that SEC manufactures products that are available for purchase in the United States, including within this district. The remaining allegations of Paragraph 2 of the Complaint are legal conclusions which do not require a response by Samsung. To the extent a response is required, Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 2.

3. Samsung admits that SEA is a New York corporation with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660. Samsung admits that SEA is a wholly-owned subsidiary of SEC. Samsung admits that SEA markets, sells, commercializes, and distributes Samsung's consumer electronic products in the United States. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Samsung incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

5. To the extent that the allegations of Paragraph 5 set forth legal conclusions, no response is required. Samsung admits the Complaint purports to set forth a patent infringement action arising under the patent laws of the United States. Samsung admits that this Court has

subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 35 U.S.C. §§ 271, 281, 284–285; and 28 U.S.C. §§ 1331 and 1338(a).

6. Samsung admits, for the purposes of this action only, that venue is proper for SEC and SEA.  Samsung denies that this venue is convenient or in the interests of justice under 20 U.S.C. § 1404(a).  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 6.

7. Samsung admits it has transacted business in the state of Texas and in this district.  Samsung, for purposes of this case only, will not challenge personal jurisdiction in this Court.  Samsung denies committing any acts of infringement.  The remaining allegations of Paragraph 7 regard jurisdiction, which is an issue of law for which no response is required.  To the extent a response is required, Samsung is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 7.

8. Samsung admits that SEA is registered to conduct business in Texas.  Samsung admits that Samsung devices are sold in the state of Texas, including the Eastern District of Texas.  Samsung denies committing any acts of infringement and further denies inducing others to commit any acts of infringement.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 8.

9. Samsung admits that it has an office and/or facilities located at 1000 Klein Road, Plano, Texas.  Samsung admits CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201 is a registered agent of SEA for certain purposes.  To the extent the allegations of Paragraph 9 set forth legal conclusions, no response is required.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 9.

10. Samsung admits that it did not dispute that this Court had personal jurisdiction in the four cases GTP cites, but only for purposes of those cases. *See, e.g.*, Answer ¶ 10, *Barkan Wireless v. Samsung Elecs. Co.*, No. 2:18-cv-00028-JRG, Dkt. 25 (E.D. Tex. Apr. 23, 2018) ("Samsung does not contest, ***solely for the purpose of the present litigation***, whether personal jurisdiction over it properly lies in this District."); Answer ¶ 9, *Immersion Corp. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-572 (E.D. Tex. Oct 24, 2017) ("Samsung does not contest, ***solely for the purpose of the present litigation***, whether personal jurisdiction over them properly lies in this District."); Answer ¶ 10, *Richardson v. Samsung Elecs. Co.*, No. 6:17-cv-428 (E.D. Tex. Oct. 20, 2017) ("Samsung does not dispute personal jurisdiction over SEC and SEA ***for purposes of this action***."); Answer ¶ 8, *Spacetime3D, Inc. v. Samsung Elecs. Co., Ltd. & Samsung Elecs. Am., Inc.*, No. 2:19-cv-00372 (E.D. Tex. Mar. 16, 2020) ("Samsung does not contest, ***solely for the purpose of the present litigation***, whether personal jurisdiction over it properly lies in this District.") (emphases added).

11. To the extent that the allegations of Paragraph 11 set forth legal conclusions, no response is required. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 11.

12. To the extent that the allegations of Paragraph 12 set forth legal conclusions, no response is required. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 12.

13. Samsung admits that it did not dispute that venue was proper in this Court in the four cases GTP cites, but only for the purposes of those cases. *See, e.g.*, Answer ¶ 14 *Richardson v. Samsung Elecs. Co.*, No. 6:17-cv-428 (E.D. Tex. Oct. 20, 2017) ("Samsung admits venue is proper in this judicial district ***for this case***."); Answer ¶ 10, *Immersion Corp. v. Samsung Elecs.*

*Am., Inc.*, No. 2:17-cv-572 (E.D. Tex. Oct. 24, 2017) ("Samsung does not contest, ***solely for purposes of the present action***, whether venue over them properly lies in this District, but Samsung denies that venue in this District is convenient."); Answer ¶ 12, *Barkan Wireless v. Samsung Elecs. Co.*, No. 2:18-cv-00028-JRG (E.D. Tex., Apr. 23, 2018) ("Samsung does not contest, ***solely for the purpose of the present litigation***, whether venue over it properly lies in this District, but Samsung denies that venue in this District is convenient."); Answer ¶¶ 9–10 *Spacetime3D, Inc. v. Samsung Elecs. Co. & Samsung Elecs. Am., Inc.*, No. 2:19-cv-00372 (E.D. Tex. Mar. 16, 2020) ("SEC does not contest at this time, and ***solely for the purpose of the present litigation***, whether venue over it properly lies in this District, but SEC denies that venue in this District is convenient and SEC reserves the right to seek transfer to a more appropriate or convenient forum.") (emphases added).

14. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, the website https://planotexas.org/765/Samsung-moving-1000-jobs-to-Legacy-Centr is no longer available, and Samsung therefore denies them.

15. Samsung admits that the website https://www.dallasnews.com/business/real-estate/2020/03/20/samsung-plans-for-plano-office-expansion/ is titled "Samsung plans for Plano office expansion." Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and therefore denies them.

## THE TECHNOLOGY

16. Samsung incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

17. Samsung admits Dr. Pryor is the sole named inventor on the four Patents-in-Suit. Samsung denies that Dr. Pryor is the sole inventor of the four Patents-in-Suit. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and therefore denies them.

18. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them.

19. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21. Samsung admits the Patents-in-Suit are U.S. Patent Nos. 8,194,924 (the "'924 patent"), 7,933,431 (the "'431 patent"), 8,878,949 (the "'949 patent"), and 8,553,079 (the "'079 patent") (collectively, the "Patents-in-Suit"). Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 21.

22. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

## THE ACCUSED PRODUCTS

23. Samsung incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

24. Samsung denies committing any acts of infringement and denies inducing others to commit any acts of infringement. Samsung admits that SEC has manufactured smartphones and tablets including the Samsung Galaxy Note Series, S Series, Z Series, A Series, M Series, Galaxy Tab S7/7+, S6, S5, and S4. Samsung admits that SEA has marketed, sold, commercialized, and distributed such products in the United States. Samsung denies that all such products are Accused Products in this case. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 24.

## EXAMPLES OF SAMSUNG'S MARKETING OF THE ACCUSED FEATURES

25. Samsung admits certain Accused Products have features including but not limited to Air Gestures, Palm Solution, AR Emoji, Iris Scan Unlock, Face ID Unlock, Intelligent Scan Unlock, and Smart Stay. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 25.

26. Denied.

27. Samsung admits that the website https://www.samsung.com/global/galaxy/what-is/iris-scanning/ states "Iris scanning is a way of securely keeping the contents of your phone from prying eyes, first introduced on the Galaxy S8 and S8+. It uses the biometric information of your irises to identify you. And because virtually no two irises are alike as well as being almost impossible to replicate, scanning your irises is a fool-proof method of mobile security. To set up iris scanning, go to Settings > Lock screen and security > Iris Scanner and enter your PIN, pattern, or password. Hold your phone up and align your eyes with the highlighted area. Once set up, you can use iris scanning to securely access the private files and apps you have on your Secure Folder as well as use Samsung Pass to log in to your accounts quickly and safely." Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 27.

28. Samsung admits the website https://www.samsung.com/us/samsung-pay/ states, "Get an extra layer of security. With Samsung Pay, each transaction is covered by your bank's fraud protection and authenticated by your fingerprint, PIN or iris scan. Plus, Samsung Knox and tokenization add extra layers of security." Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 28.

29. Samsung admits that the website https://www.samsung.com/us/support/answer/ ANS00086302/ states, "Use Motions and gestures to control your Galaxy phone – Motions and gestures are here to make life simpler. With a few hand movements, you can tell your phone to

turn on, mute your alerts, or take a screenshot.  You can even make your phone vibrate when you pick it up after receiving a message, so you'll be reminded to reply right away.  Play around with the different features until you find the ones you're comfortable with, and turn them off or on to have more control over your phone.  Note: Available motions and gestures may vary by model."  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 29.

30. Samsung admits that the website https://www.samsung.com/za/support/mobile-devices/what-is-the-smart-stay-feature-on-my-samsung-galaxy-note2/ states, "The Smart stay feature uses the front camera to sense when you are looking at your device, and it keeps the screen from turning off regardless of the screen timeout setting."  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 30.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,194,924

31. Samsung incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

32. Samsung admits what purports to be a copy of the '924 Patent is attached to the Complaint.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 32.

33. Samsung admits that the '924 Patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices."  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 33, including all characterizations beyond the text of the patent.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Samsung admits the Accused Products include at least two cameras with fields of view that do not completely overlap. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore denies them.

45. Samsung admits that it had knowledge of the '924 Patent after receiving Plaintiff's Complaint. Samsung denies that it had knowledge of the '924 Patent at any time before receiving Plaintiff's Complaint. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 45.

46. Denied.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,933,431

47. Samsung incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

48. Samsung admits what purports to be a copy of the '431 Patent is attached to the Complaint. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 48.

49. Samsung admits the '431 Patent is titled "Camera Based Sensing in Handheld, Mobile, Gaming, or Other Devices." Except as expressly admitted, Samsung denies the remaining

9

allegations of Paragraph 49, including all characterizations of the claims beyond the text of the patent.

50. Denied.

51. Denied.

52. Denied.

53. Samsung admits the Accused Products have a housing.

54. Samsung admits the Accused Products have one or more cameras that can obtain images of objects using reflected light.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, and therefore denies them.

60. Samsung admits that it had knowledge of the '431 Patent after receiving Plaintiff's Complaint. Samsung denies that it had knowledge of the '431 Patent at any time before receiving Plaintiff's Complaint. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 60.

61. Denied.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 8,878,949

62. Samsung incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

63. Samsung admits what purports to be a copy of the '949 Patent is attached to the Complaint. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 63.

64. Samsung admits the '949 Patent is titled "Camera Based Interaction and Instruction." Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 64, including all characterizations of the claims beyond the text of the patent.

65. Denied.

66. Denied.

67. Samsung admits the Accused Products are portable devices.

68. Samsung admits the Accused Products have a housing. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 68.

69. Samsung admits that within the housing is a processing unit with at least one System on Chip. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 69.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, and therefore denies them.

75. Samsung admits that it had knowledge of the '949 Patent after receiving Plaintiff's Complaint. Samsung denies that it had knowledge of the '949 Patent at any time before receiving

Plaintiff's Complaint.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 75.

76. Denied.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,553,079

77. Samsung incorporates by reference its responses contained in the foregoing paragraphs, as if fully set forth herein.

78. Samsung admits what purports to be a copy of the '079 Patent is attached to the Complaint.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 78.

79. Samsung admits the '079 patent is titled "More Useful Man Machine Interfaces and Applications."  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 64, including all characterizations of the claims beyond the text of the patent.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Samsung admits that the Accused Products have one or more cameras.  Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 84.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Samsung admits that it had knowledge of the '079 Patent after receiving Plaintiff's Complaint. Samsung denies that it had knowledge of the '079 Patent at any time before receiving Plaintiff's Complaint. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 89.

90. Samsung denies committing any acts of infringement and denies inducing others to commit acts of infringement. To the extent that the allegations of Paragraph 90 set forth legal conclusions, no response is required. Except as expressly admitted, Samsung denies the remaining allegations of Paragraph 90.

91. Denied.

## RESPONSE TO GTP'S JURY DEMAND

To the extent a response is required Samsung admits that the Complaint contains a request for a jury trial.

## RESPONSE TO GTP'S PRAYER FOR RELIEF

To the extent a response is required, Samsung denies that GTP is entitled to any relief sought in its Prayer for Relief and denies that GTP is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Samsung bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Samsung please the following defenses:

## FIRST DEFENSE
(Non-Infringement)

Samsung has not engaged in any acts that would constitute willful, direct or indirect infringement of any valid claim of the '924 Patent, either literally or under the doctrine of equivalents.

Samsung has not engaged in any acts that would constitute willful, direct or indirect infringement of any valid claim of the '431 Patent, either literally or under the doctrine of equivalents.

Samsung has not engaged in any acts that would constitute willful, direct or indirect infringement of any valid claim of the '949 Patent, either literally or under the doctrine of equivalents.

Samsung has not engaged in any acts that would constitute willful, direct or indirect infringement of any valid claim of the '079 Patent, either literally or under the doctrine of equivalents.

### SECOND DEFENSE
### (Invalidity)

The '924 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, 112, pre-AIA 112(f), and 264.

The '431 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, 112, pre-AIA 112(f), and 264.

The '949 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, 112, pre-AIA 112(f), and 264.

The '079 Patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., including at least sections 101, 102, 103, 112, pre-AIA 112(f), and 264.

### THIRD DEFENSE
### (Not an Exceptional Case)

GTP is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power. GTP's claims for enhanced damages,

if any, and an award of fees and costs against Samsung have no basis in fact or law and should be denied.

### FOURTH DEFENSE
### (Limitation on Damages)

GTP's right to seek damages, if any, is limited by 35 U.S.C. §§ 286 and 288.

### FIFTH DEFENSE
### (Territoriality)

To the extent GTP's claims are direct to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq. including but not limited to § 271(a) and (c).

### SIXTH DEFENSE
### (No Attorneys' Fees)

GTP is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

### SEVENTH DEFENSE
### (Failure to State a Claim)

GTP has failed to state a claim upon which relief can be granted.

### EIGHTH DEFENSE
### (Obvious-Type Double Patenting)

One or more of the asserted claims is invalid because of the judicially–created doctrine of obviousness-type double patenting.

### NINTH DEFENSE
### (Statutory Double Patenting)

One or more of the asserted claims is invalid under the doctrine of statutory double patenting.

## TENTH DEFENSE
### (Lack of Standing)

To the extent GTP lacks all substantive right to bring suit and to exclude others from practicing the claims of one or more the Patents-in-Suit, GTP's claims are barred by a lack of standing.

DATED:  January 28, 2022

Respectfully submitted,

By: */s/ Christopher W. Kennerly*
Christopher W. Kennerly
(TX Bar No. 00795077)
chriskennerly@paulhastings.com
Radhesh Devendran (*pro hac vice*)
radheshdevendran@paulhastings.com
Boris S. Lubarsky (*pro hac vice*)
borislubarsky@paulhastings.com
David M. Fox (*pro hac vice*)
davidfox@paulhastings.com
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA 94304
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Allan M. Soobert
allansoobert@paulhastings.com
PAUL HASTINGS LLP
2050 M Street NW
Washington, D.C. 20036
Telephone: 202-551-1700
Facsimile: 202-551-1705

Elizabeth L. Brann
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi
robertlaurenzi@paulhastings.com

PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090

Harry Lee Gillam, Jr. (TX Bar No. 07921800)
gil@gillamsmithlaw.com
Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmithlaw.com
James Travis Underwood (TX Bar No. 24102587)
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on January 28, 2022.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Christopher W. Kennerly*
Christopher W. Kennerly