# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GESTURE TECHNOLOGY PARTNERS, LLC, <br><br> Plaintiff <br><br> v. <br><br> HUAWEI DEVICE CO., LTD., AND HUAWEI DEVICE USA, INC., <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> C.A. NO. 2:21-cv-00040-JRG <br><br> LEAD CONSOLIDATED CASE |
| SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | C.A. NO. 2:21-cv-00041-JRG |

## [PROPOSED] AGREED ORDER ON PENDING MOTIONS

Before the Court are the following motions: (1) Samsung Defendants' Motion for Summary Judgment of Invalidity Under § 101 (Dkt. 136); (2) Samsung Defendants' Motion to Preclude the Opinions and Testimony of Plaintiff's Technical Expert Benedict Occhiogrosso (Dkt. 137); (3) Plaintiff's Daubert Motion to Exclude Portions of the Expert Report and Proffered Testimony of Defendants' Expert Witness, Dr. Robert Stevenson (Dkt. 138); and (4) Samsung Defendants' Motion for Partial Summary Judgment of No Infringement and No Damages (Dkt. 140). Having considered the motions in view of the parties' agreements as represented to the Court in the parties' Joint Stipulation Regarding Outstanding Motions (Dkt. 219) and Joint Stipulation Regarding Asserted Patents and Prior Art References (Dkt. 222), the Court enters this Agreed Order.

**Samsung Defendants' Motion for Summary Judgment of Invalidity Under § 101 (Dkt. 136)**

**DENIED-IN-PART as Moot** by agreement between the parties:

The following asserted grounds for summary judgment are denied as moot by agreement between the parties:

1. Summary judgment that the Asserted Claims of the '079 Patent are Patent Ineligible Under § 101 (Dkt. 136 at Section V.A).

2. Summary judgment that claims 1, 2, 3, 6, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, and 30 of the '431 Patent are Patent Ineligible Under § 101 (Dkt. 136 at Section V.C). The agreement between the parties does not render moot Section V.C as it pertains to claims 7, 8, 9, 11, 12, and 13 of the '431 Patent.

All other relief sought in the motion is still pending before the Court.

**Samsung Defendants' Motion to Preclude the Opinions and Testimony of Plaintiff's Technical Expert Benedict Occhiogrosso (Dkt. 137)**

**DENIED-IN-PART as Moot by agreement between the parties.**

The following asserted grounds for precluding opinions and testimony are denied as moot by agreement between the parties:

1. Motion to preclude opinions and testimony that Samsung performed the method claims in the United States (Dkt. 137 at Section IV.A);

2. Motion to preclude opinions and testimony regarding Contested Applications (Dkt. 137 at Section IV.B); and

3. Motion to preclude opinions and testimony regarding new infringement theories not disclosed in infringement contentions for Claims 19, 27, and 28 of the '431 Patent, and Claim 30 of the '079 Patent (Dkt. 137 at Section IV.D 2, 3, 4, 7).

All other relief sought in the motion is still pending before the Court.

**Plaintiff's Daubert Motion to Exclude Portions of the Expert Report and Proffered Testimony of Defendants' Expert Witness, Dr. Robert Stevenson (Dkt. 138)**

**DENIED-IN-PART as Moot by agreement between the parties.**

The following asserted grounds for precluding opinions and testimony are denied as moot by agreement between the parties:

1. Motion to preclude opinions and testimony based on impermissible claim construction of the term "determining from said sensed light the movement of said finger" in claim 1 of the '431 Patent (Dkt. 138 at Section II.A.2);

2. Motion to preclude opinions and testimony based on impermissible claim construction of the term "light source" in the '079 Patent (Dkt. 138 at Section II.A.4);

3. Motion to preclude opinions and testimony for failure to identify applicable subsection of 35 U.S.C. § 102 (Dkt. 138 at Section II.B);

4. Motion to preclude opinions and testimony regarding asserted method claims for failure to apply the correct standard (Dkt. 138 at Section II.C); and

5. Motion to preclude opinions and testimony regarding anticipation for which Dr. Stevenson did not opine that each and every element is found within a single prior art reference (Dkt. 138 at Section II.E).

All other relief sought in the motion is still pending before the Court.

**Samsung Defendants' Motion for Partial Summary Judgment of No Infringement and No Damages (Dkt. 140)**

**DENIED-IN-PART as Moot by agreement between the parties:**

The following asserted grounds for summary judgment are denied as moot by agreement between the parties:

1. Summary judgment that Samsung does not directly infringe the method claims of the patents-in-suit (Dkt. 140 at Section V.A);

2. Summary judgment that the Asserted Claims of the '079 Patent are not infringed by the Accused Features other than Air Gestures (Dkt. 140 at Section V.B). The agreement between the parties does not render moot Section V.B as it pertains to Claim 6 of the '924 Patent and the Asserted Claims of the '949 Patent; and

3. Summary judgment that GTP cannot recover damages relating to 18 accused products (Dkt. 140 at Section V.E). The agreement between the parties does not render moot Section V.E as it pertains to summary judgment of no damages in the event the Court grants either or both of Samsung's *Daubert* motions as to Mr. Kennedy and Dr. Groehn.

All other relief sought in the motion is still pending before the Court.

**IT IS SO ORDERED.**